UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO ILLARRAMENDI, and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>Relief Defendants. | Civil Action No. |

**[proposed]**
**TEMPORARY RESTRAINING ORDER,**
**ORDER FREEZING ASSETS**
**AND ORDER FOR OTHER EQUITABLE RELIEF**

1.  Having considered the emergency motion for a temporary restraining order, order freezing assets, and order for other equitable relief filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the Commission's memorandum of law and accompanying evidentiary materials, and argument, the Court finds that the Commission has made a proper *prima facie* showing that: (1) defendants Francisco Illarramendi ("Illarramendi") and Michael Kenwood Capital Management ("MK Capital Management")

1

(together the "Defendants") have directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a reasonable likelihood that these violations will be repeated; (3) Relief Defendants Michael Kenwood Asset Management, LLC ("MK Asset Management"), MK Energy and Infrastructure, LLC ("MK Energy") and MKEI Solar, LP ("MKEI Solar") (together "Relief Defendants") have received investor funds under circumstances dictating that, in equity and good conscience, they should not be allowed to retain such funds; (4) unless restrained and enjoined by Order of this Court, the Defendants and the Relief Defendants may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or, in the case of the Defendants, an order to pay a civil monetary penalty in this action; and (5) entry of a temporary restraining order, order freezing assets, and order for other equitable relief, including an accounting and repatriation of assets, is necessary to preserve the status quo. In consideration of the foregoing, the Court being fully advised in the premises, and pending determination of the Commission's motion for a preliminary injunction:

## I.

**IT IS HEREBY ORDERED** that the Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to:

    (a)    employ any device, scheme, or artifice to defraud any client or prospective client;

      or

(b)     engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

## II.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to engage in any act practice or course of business which is fraudulent, deceptive, or manipulative, including

(a)     to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b)     to otherwise engage in act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

## III.

**IT IS HEREBY FURTHER ORDERED** that:

A.     the Defendants and the Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who

3

receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of the Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen;

   B. All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Defendants and the Relief Defendants or over which the Defendants and the Relief Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen; and,

   C. The above Paragraphs III.A and III.B shall immediately cease to apply to any asset, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be

filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States.

### IV.

**IT IS HEREBY FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

### V.

**IT IS HEREBY FURTHER ORDERED** that Defendants and Relief Defendants shall submit in writing and serve upon the Commission, within five (5) business days following service of this Order upon them, an accounting identifying:

1. all transfers or payments of funds to them or any other entity controlled by them from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response

to paragraph 1 above and all assets derived therefrom, including but not limited to:

    a.    the nature and results of any investment in which the funds were used;

    b.    any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

    c.    any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3.   by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

4.   assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendants, whether in the United States or elsewhere; and

5.   all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of the Defendants and the Relief Defendants, or in which the Defendants and the Relief Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2008 to the present.

## VI.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and the Relief Defendants and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from investors.

## VII.

**IT IS HEREBY FURTHER ORDERED** that Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that Defendants, Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained

from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Defendants or the misconduct described in the Complaint.

## IX.

**IT IS HEREBY FURTHER ORDERED** that the Commission, notwithstanding the provisions of Fed. R. Civ, P. 26(d) and the Local Rules of this Court, may commence discovery immediately. In the event the Commission chooses to depose any witnesses prior to any hearing on the Commission's requests for temporary or preliminary relief, such witnesses shall be required to appear for a deposition on three business days notice. Such depositions shall not count towards any of the limits on depositions set forth in the Federal Rules of Civil Procedure or the Local Rules, including but not limited to Fed. R. Civ. P. 30 (a)(2)(A) and 30(d)(2). Moreover, notwithstanding the provisions of Fed. R. Civ. P. 30(a)(2)(B), the Commission shall be entitled to depose these witnesses again during the discovery period.

_____
UNITED STATES DISTRICT JUDGE


Dated: January _____, 2011