UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>FRANCISCO ILLARRAMENDI, and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>            Defendants,<br><br>    and<br><br>MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>            Relief Defendants. | Civil Action No. 3:11-cv-00078-JBA |

## MODIFIED TEMPORARY ORDER FREEZING ASSETS

The Temporary Order Freezing Assets entered January 28, 2011 [Doc. # 36] is hereby modified to add Sections VI and VII.  The remaining provisions are unchanged.

1.     Having considered the emergency motion for a temporary restraining order, including an order freezing assets filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the parties' memoranda of law and accompanying evidentiary materials, and argument, the Court finds that the Commission has made a proper *prima facie* showing that:  (1) defendants Francisco Illarramendi ("Illarramendi") and Michael

1

Kenwood Capital Management ("MK Capital Management") (together the "Defendants") have directly or indirectly engaged in the violations alleged in the Complaint; (2) Relief Defendants Michael Kenwood Asset Management, LLC ("MK Asset Management"), MK Energy and Infrastructure, LLC ("MK Energy") and MKEI Solar, LP ("MKEI Solar") (together "Relief Defendants") have received investor funds under circumstances dictating that, in equity and good conscience, they should not be allowed to retain such funds; (3) unless restrained and enjoined by Order of this Court, the Defendants and the Relief Defendants may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or, in the case of the Defendants, an order to pay a civil monetary penalty in this action; and (4) entry of an order freezing assets is necessary to preserve the status quo.  In consideration of the foregoing, the Court being fully advised in the premises, and pending determination of the Commission's motion for a temporary restraining order, preliminary injunction and other equitable relief:

I.

**IT IS HEREBY ORDERED** that:

A. the Defendants and the Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of the Defendants and Relief Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to assets held in the accounts and/or by the MK Entities identified in

the attached Exhibit A, and shall prevent any withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen;

      B.      All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Defendants and the Relief Defendants or over which the Defendants and the Relief Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen; and,

      C.      The above Paragraphs I.A and I.B shall immediately cease to apply to any asset, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States.

## II.

**IT IS HEREBY FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds

or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, except insofar as the Court's previously-issued Orders in the above-captioned case permitting the expenditure of certain funds remain in effect, and are not superseded by this Order.

### III.

**IT IS HEREBY FURTHER ORDERED** that Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

### IV.

**IT IS HEREBY FURTHER ORDERED** that, notwithstanding Sections I, II and III of this Order, NuScale Power, Inc. ("NuScale") is permitted to use up to $1,000,000 to carry on its business operations, and may make application to the Court to seek the use of additional funds in its accounts over $1,000,000.  In addition, nothing in this Order shall prohibit NuScale from soliciting, accepting or depositing any monies obtained from any actual or prospective investors

or lenders, other than Defendants or Relief Defendants.

V.

**IT IS HEREBY FURTHER ORDERED** that, notwithstanding Sections I, II and III of this Order, Proterra, Inc. ("Proterra") is permitted to use any and all funding contained in its existing accounts and, in accordance with the terms of the Court's previous orders, is permitted to raise up to $1,017,431 in funding from its Series A investors in a first security position on all assets of Proterra for its operations.  Nothing in this Order shall prohibit Proterra from otherwise soliciting, accepting or depositing any monies obtained from any actual or prospective investors or lenders, other than Defendants or Relief Defendants.

VI.

**IT IS HEREBY FURTHER ORDERED** that, notwithstanding Sections I, II, and III of this Order, NuScale is permitted to use the remaining $1.1 million funding in its accounts for the purposes it has set forth.  (*See* Mot. [Doc. # 53].)

VII.

**IT IS HEREBY FURTHER ORDERED** that, notwithstanding Sections IV and V of this Order, NuScale and Proterra each may obtain $5 Million (total $10 million) from the Special Opportunities Fund administered by Defendants or Relief Defendants.


\_\_\_/s/_____
UNITED STATES DISTRICT JUDGE


Dated:  February 2, 2011

# EXHIBIT A

# EXHIBIT A

| MK Entity Subject to Freeze Order | Bank Name | Account Number | Account Name |
|---|---|---|---|
| Short Term Liquidity Fund, Ltd. | Deutsche Bank | 4800 | Short Term Liquidity Fund I, LTD |
| | Deutsche Bank | 4100 | Short Term Liquidity Fund I, LTD |
| | BSI | JBT6 | Short Term Liquidity Fund I, LTD |
| | MiBanco | 0316 | Short Term Liquidity Fund I, LTD |
| | Morgan Stanley | BDHV | SSF III Hedging, LP |
| | Societe Generale | 8340 | Short Term Liquidity Fund |
| | UBS | SD01 | Short Term Liquidity Fund I, LTD |
| | Credit Suisse | Unknown | Unknown |
| | Casa Propio | Unknown | Unknown |
| | Banco Occidental de Descuento ("BOD") | Unknown | Unknown |
| MK Special Opportunities Fund, Ltd. | Deutsche Bank | 4500 | MK Special Opportunities Fund LTD |
| | Deutsche Bank | 4100 | MK Special Opportunities Fund LTD |
| | Nomura | Unknown | Unknown |
| | UBS | 24 YA | ISI Special Opportunities Fund LTD |
| | UBS | 24-YJ | MK Special Opportunities Fund, LTD |
| | Atlas One Financial | 777 | MK Special Opportunities Fund LTD |
| | Citigroup Global Markets | 925-0 | MK Special Opportunities Fund LTD |
| | BNP Paribas | Unknown | MK Special Opportunities Fund LTD |
| | Barclays Capital | Unknown | MK Special Opportunities Fund |
| | Credit Suisse | Unknown | Unknown |
| | Wells Fargo Advisers | 0281 | Michael Kenwood Special Opportunities Fund |
| | Cantor Fitzgerald | 9112 | MK Special Opportunities Fund, LTD |
| MK Venezuela, Ltd. | Morgan Stanley | 09EH | Unknown |
| | Morgan Stanley | 0774 | MK Venezuela Limited Fund, LTD |
| | Credit Suisse | TVP6 | MK Venezuela Limited Fund, LTD |
| | CRT | 6674 | Unknown |
| | Deutsche Bank | 4218 and 4100 | Unknown |
| | Deutsche Bank | 1800 | Unknown |
| | Deutsche Bank | 7048 | Unknown |
| | UBS Cayman | SD01 | Unknown |
| | RBS | 2500 | MK Venezuela Limited Fund, LTD |
| | BCP Securities LLC | 4937 | MK Venezuela Fund, LTD |
| | Pellon Securities Corp. | 5248 | MK Venezuela Limited Fund, LTD |
| | StormHarbour | Unknown | Unknown |
| Michael Kenwood Asset Management, LLC | Citibank | 6677 | Michael Kenwood Asset Mgt LLC |
| | Citibank | 0541 | Michael Kenwood Asset Mgt LLC |
| | Wachovia Securities | 8671 | Michael Kenwood Asset Management LLC |
| Michael Kenwood Consulting, LLC | Citibank | 3432 | Michael Kenwood Consulting LLC |
| | Citibank | 2264 | Michael Kenwood Consulting LLC |
| | Citibank | 9646 | Michael Kenwood Consulting LLC |
| Michael Kenwood Capital Management, LLC | Citibank | 0613 | Michael Kenwood CPTL MGT LLC |
| | Citibank | 6669 | Michael Kenwood CPTL MGT LLC |
| | Knight Libertas LLC | 3276 | Michael Kenwood Capital Management |
| MK Energy and Infrastructure, LLC | Citibank | 3844 | MK Energy and Infrastructure LLC |
| MK International Advisory Services, LLC | Citibank | 2251 | MK International Advisory Services LLC |

# EXHIBIT A

| MK Entity Subject to Freeze Order | Bank Name | Account Number | Account Name |
|---|---|---|---|
| The Michael Kenwood Group, LLC | Unknown | Unknown | Unknown |
| MKCM Merger Sub, LLC | Unknown | Unknown | Unknown |
| MK Automotive, LLC | Unknown | Unknown | Unknown |
| MK Technology, LLC | Unknown | Unknown | Unknown |
| MKG-Atlantic Investment LLC | Unknown | Unknown | Unknown |
| Michael Kenwood Nuclear Energy, LLC | Unknown | Unknown | Unknown |
| MyTcart, LLC | Unknown | Unknown | Unknown |
| TUOL, LLC | Unknown | Unknown | Unknown |