UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO ILLARRAMENDI, and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>Relief Defendants. | Civil Action No. 11-0078 (JBA) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this memorandum of law in support of its Motion to File Second Amended Complaint. The Commission moves, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a) for leave to file the Second Amended Complaint, attached as Exhibit A to the Motion. As discussed in greater detail below, the Commission's ongoing investigation has recently revealed that Defendant Francisco Illarramendi ("Illarramendi") conducted the fraudulent scheme described in the First Amended Complaint through not one, but two different investments advisers,

victimizing investors in two sets of associated hedge funds. The First Amended Complaint described his conduct with respect to investment adviser Defendant Michael Kenwood Capital Management, LLC ("MK Capital Management") and three associated hedge funds (the "MK Funds"). The Second Amended Complaint alleges that, in addition to using MK Capital Management to conduct his fraud, Illarramendi also used proposed Defendant Highview Point Partners, LLC ("Highview Point Partners"), a registered investment adviser with whom he was associated from 2005 to 2010, and three hedge funds advised by Highview Point Partners (the proposed Relief Defendants Highview Point Master Fund, Ltd., Highview Point Offshore, Ltd. and Highview Point LP (collectively, the "Highview Funds")).

Because the Commission has proceeded with diligence, and has filed this Motion without delay or bad faith, it is in the interest of justice to allow this Motion.

## FACTUAL BACKGROUND

On January 14, 2011, the Commission filed the original Complaint in this matter, alleging that Defendants Illarramendi and MK Capital Management used $53 million of investor funds to make undisclosed, unauthorized investments in private equity deals in the names of the Relief Defendants. The Commission sought such emergency relief after learning that Illarramendi was imminently about to make additional unauthorized use of investor funds. This Court held a series of hearings over the following weeks, and appointed two Business Advisers to evaluate the proposed private equity investments. On January 28, 2011, the Court entered an order freezing the assets of Illarramendi, MK Capital Management and the Relief Defendants, and then held two additional hearings regarding the appointment of a receiver. On February 3, 2011, the Court appointed John J. Carney of Baker & Hostetler LLP as receiver ('Receiver"), an order which was subsequently expanded, upon motion of the Receiver, to cover a larger group of

related companies owned and controlled by Illarramendi.

Since that time, the Commission's investigation and a parallel criminal investigation by the United States Attorney's Office for the District of Connecticut (the "USAO") have revealed that the conduct described in the original Complaint was just a small subset of a broader investment fraud scheme by Illarramendi. In fact, Illarramendi has now admitted perpetrating an enormous Ponzi scheme from at least 2006 through 2010 that has resulted in losses of hundreds of millions of dollars. On March 7, 2011, Illarramendi entered a guilty plea to multiple counts of securities fraud, investment adviser fraud and wire fraud before the Honorable Stefan R. Underhill in connection with the same conduct, as well for obstructing justice by providing a false asset verification document to the Commission during this investigation. US v. Illarramendi, 3:11CR-41 (SRU). That same day, the Commission filed the First Amended Complaint in this matter to add additional factual allegations relating to the admitted Ponzi scheme and Illarramendi's attempt to obstruct the Commission's investigation with a phony document.

As described in the Second Amended Complaint, the Commission has determined that from 2005 through mid-2010, Illarramendi caused Highview Point Partners and the Highview Funds to engage in scores of extraordinarily complex and multi-layered transactions that are part of the Ponzi scheme to which he has pled guilty. Illarramendi conducted the fraud using both the Highview Funds and the MK Funds, essentially operating them in tandem, engaging in many related transactions between them, including purported loans and undocumented transfers of cash. The Second Amended Complaint alleges that, in a classic Ponzi-type scheme, Illarramendi and Highview Point Partners misappropriated investor money from the Highview Funds, and then Illarrmandi and MK Capital Management misappropriated investor money from the MK

Funds by transferring it to the Highview Funds so that Illarramendi could hide the misappropriation in the Highview Funds. The result of the scheme is that the Highview Funds are both victims and beneficiaries of the fraud and are now holding tainted assets.

## ARGUMENT

### I. THE COMMISSION SHOULD BE GRANTED LEAVE TO FILE THE SECOND AMENDED COMPLAINT.

#### A. Leave to Amend Is to Be "Freely Granted When Justice So Requires."

Motions to amend are generally governed by Fed. R. Civ. P. Rule 15(a), which provides that such motions "shall be freely granted when justice so requires." As the Supreme Court has written, the mandate of Rule 15(a) that motions to amend should be freely granted must be liberally construed, absent "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant[.]" *Forman v. Davis*, 371 U.S. 178, 1882 (1962).

However, where the plaintiff seeks to amend the Complaint to add new parties, Federal Rule of Civil Procedure Rule 21 governs. *See Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (permitting joinder of parties, even after a court-imposed deadline for the amendment of pleadings had elapsed). The language of Rule 21 explicitly permits the addition of parties "at any time, on just terms." Accordingly, courts apply "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Id.* (*quoting Soler v. G&U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (internal citations omitted).

Courts in the Second Circuit have routinely permitted the Commission to amend complaints to add parties or new claims, so long as there were no indicia of bad faith or undue delay in making such amendments. *See, e.g., SEC v. Cavanaugh*, et al., 98 Civ. 1818, 1998 U.S. Dist. LEXIS 11519 (S.D.N.Y. July 27, 1998) (granting leave to amend complaint to add multiple

4

defendants); *SEC v. DCI Telecommunications, Inc.*, et al., 207 F.R.D. 32 (S.D.N.Y. 2002) (permitting amendment of complaint more than six years after investigation began, and nearly 2 years after the action was commenced).

### B. The Commission Has Proceeded Diligently in This Matter and Has Not Acted With Undue Delay or Bad Faith

The Commission has proceeded diligently since filing the Original Complaint in this matter less than four months ago. After its December 2010 expedited, on-site review of the MK Capital Management books and records, the Commission promptly filed the Original Complaint and a motion seeking emergency relief to prevent the further dissipation of funds by Illarramendi and the entities he controlled. Then, in early March 2011, after uncovering extensive additional information in the course of its ongoing investigation and through coordination with the USAO, the Commission filed the First Amended Complaint, which broadened the scope of the claims to encompass the massive Ponzi scheme to which Illarramendi simultaneously entered a guilty plea in the related criminal case.

Since that time, through its ongoing investigation, and again in coordination with the USAO's parallel criminal investigation, the Commission determined that a substantial portion of Illarramendi's fraud was committed while he was associated with Highview Point Partners, and that both Highview Point Partners and the Highview Funds were used to perpetrate the fraud. While the investigation into this complex, multi-year scheme is still ongoing, the Receiver and the Commission have determined that the Highview Funds have received at least $185 million as a result of Illarramendi's fraud.

The charges in the Second Amended Complaint against Highview Point Partners and the Highview Funds are inextricably connected to the existing claims against Illarramendi, MK

Capital Management, affecting the MK Funds. Under these circumstances, an amendment to the existing Complaint – rather than the filing of a separate action – is appropriate. Moreover, none of the current Defendants or Relief Defendants, nor the proposed additional Defendant or Relief Defendant can claim undue prejudice by virtue of the amendment. The existing Defendants and Relief Defendants have not answered the complaint, nor have they moved to dismiss, and the litigation is still in the very early stages, with discovery still pending.

In addition, the Commission has acted diligently to uncover this fraud. The fraudulent scheme perpetrated by Illarramendi is extraordinarily complex, including transactions structured to conceal their true nature and purpose and the extensive use of offshore bank accounts in the names of nominee individuals and corporation. Illarramendi further concealed his fraud, and obstructed the investigation, by creating and providing fraudulent documents to the Commission. Notably, the Receiver sought and obtained permission from this Court to extend the deadline for an accounting for several months, in light of what he described as the "magnitude and fraudulent nature of the transactions, the lack of meaningful documentation, the involvement of foreign entities, and the sheer quantity of data" that "necessitate[d] additional time . . to analyze and account for the assets of the . . . Estate." Receiver's Motion on Consent to Extend Time for Filing of Accounting, p. 4, ¶ 12. In short, while the complex and lengthy nature of the fraudulent scheme has made it difficult to comprehend and unwind, the Commission has proceeded with dispatch, and has not unduly delayed the institution of charges against the proposed defendants.

Finally, justice would be served by permitting the amendment, as it would enable the Commission to charge an additional wrongdoer with closely related fraudulent activity, and to attempt to preserve funds held by the proposed Relief Defendants, with the goal of identifying

and marshaling additional assets for eventual distribution to all investors who were injured as a result of the scheme.

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that its Motion be granted.

SECURITIES AND EXCHANGE COMMISSION
By its attorneys,

_____
Rua M. Kelly (Mass. Bar No. 643351)
LeeAnn G. Gaunt (Mass. Bar No. 630557)
Carlos Costa-Rodrigues (NY Reg. No. 2473593)
33 Arch Street, 23rd Floor
Boston, Massachusetts  02110
Telephone:  (617) 573-8941 (Kelly direct)
Facsimile:   (617) 573-4590
E-mail:  kellyru@sec.gov

Local Counsel:

/s/_____
John B. Hughes (Fed. Bar No. CT 05289)
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
157 Church Street, 23rd Floor
New Haven, Connecticut 06510
(203) 821-3700
(203) 773-5373

Dated:  May 6, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2011, I electronically filed the foregoing Memorandum of Law with the Clerk of the Court and parties of record by using the CM/ECF system.

_____
Rua M. Kelly

7