UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, <br><br> Defendants, <br><br> and <br><br> HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, <br><br> Relief Defendants. | Civil Action No. 11-cv-78 (JBA) |

**[proposed]**
**TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, AND ORDER FOR TEMPORARY RELIEF AS TO HIGHVIEW POINT PARTNERS, LLC, HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD. AND HIGHVIEW POINT LP**

1.   Having considered the emergency motion for a temporary restraining order, order freezing assets, and order for other equitable relief filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Second Amended Complaint, the parties'

memoranda of law and accompanying evidentiary materials, and argument, the Court finds that the Commission has made a proper *prima facie* showing that: (1) Highview Point Partners, LLC ("Highview Point Partners" or the "Defendant") has directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a reasonable likelihood that these violations will be repeated; (3) Relief Defendants Highview Point Master Fund, Ltd. ("HP Master Fund"), Highview Point Offshore, Ltd. ("HP Offshore Fund") and Highview Point LP ("HPLP") (together "Relief Defendants") have received investor funds under circumstances dictating that, in equity and good conscience, they should not be allowed to retain such funds; (4) unless restrained and enjoined by Order of this Court, the Defendant and the Relief Defendants may dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or, in the case of the Defendant, an order to pay a civil monetary penalty in this action; and (4) entry of a temporary restraining order, order freezing assets and order for other equitable relief, including an accounting and repatriation of assets, is necessary to preserve the status quo. In consideration of the foregoing, the Court being fully advised in the premises, and pending determination of the Commission's motion for a temporary restraining order, preliminary injunction and other equitable relief:

## I.

**IT IS HEREBY ORDERED** that the Defendant and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate

commerce to:

(a) employ any device, scheme, or artifice to defraud any client or prspective client; or

(b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

## II.

**IT IS HEREBY FURTHER ORDERED** that the Defendant and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, including

(a) to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b) to otherwise engage in any act practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

## III.

**IT IS HEREBY FURTHER ORDERED** that the Defendant and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile

transmission or overnight delivery service, are restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. '78j(b)] and Rule 10b-5 thereunder [17 C.F.R. '240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## IV.

**IT IS HEREBY ORDERED** that:

    A.    the Defendant and the Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of the Defendant and Relief Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to assets held in the accounts identified in the attached Exhibit A, and shall prevent any withdrawal, removal, sale, purchase, trade, transaction, payment (including, but

not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen;

      B.     All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Defendant and the Relief Defendants or over which the Defendant and the Relief Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen; and,

      C.     The above Paragraphs I.A and I.B shall immediately cease to apply to any asset, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States.

V.

**IT IS HEREBY FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service

or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, except insofar as the Court's previously-issued Orders in the above-captioned case permitting the expenditure of certain funds (including monies previously allocated to NuScale Power, Inc. and Proterra, Inc.) remain in effect, and are not superseded by this Order.

## VI.

**IT IS HEREBY FURTHER ORDERED** that Defendant and Relief Defendants shall submit in writing and serve upon the Commission, within five (5) business days following service of this Order upon them, an accounting identifying:

1. all transfers or payments of funds to them or any other entity controlled by them from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

    a. the nature and results of any investment in which the funds were used;

    b. any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making

      and receiving the transfer or payment, and the reason for the transfer or payment); and

      c. any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments descried in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

4. assets of every type and description with a value of at least five hundred dollars ($500) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendant or Relief Defendants, whether in the United States or elsewhere; and

5. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of the Defendant and the Relief Defendants, or in which the Defendant and the Relief Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2008 to the present.

## VII.

**IT IS HEREBY FURTHER ORDERED** that Defendant and the Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, that presently may be located outside of the United States that were obtained directly or indirectly from investors, or in which any of the Defendant or Relief Defendants, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

    A.    Held in foreign bank, brokerage, or other financial accounts;

    B.    Transferred out of the United States from any account within the territory of the United States at any point from 2005 to the present; and

    C.    Defendant and Relief Defendants shall provide to this Court and to the Commission, within ten (10) days of this Order, a written description of all such funds and assets required to be repatriated, and the status and location of such funds.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that Defendant and the Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or

prospective investors pending the resolution of this action.

### IX.

**IT IS HEREBY FURTHER ORDERED** that Defendant and the Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Defendant or the misconduct described in the Complaint.

### X.

**IT IS HEREBY FURTHER ORDERED** that the Commission, notwithstanding the provisions of Fed. R. Civ. P. 26(d) and the Local Rules of this Court, may commence discovery immediately. In the event the Commission chooses to depose any witnesses prior to any hearing on the Commission's requests for temporary or preliminary relief, such witnesses shall be required to appear for a deposition on three business days' notice. Such depositions shall not count towards any of the limits on depositions set forth in the Federal Rules of Civil Procedures or the Local Rules, including but not limited to Fed. R. Civ. P. 30 (a)(2)(A) and 30(d)(2). Moreover, notwithstanding the provisions of Fed. R. Civ. P. 30(a)(2)(B), the Commission shall be entitled to depose these witnesses again during the discovery period.

_____
UNITED STATES DISTRICT JUDGE

Dated: May _____, 2011

# EXHIBIT A

# EXHIBIT A

| Highview Point Entity | Bank Name | Account Number | Type of Account |
|---|---|---|---|
| Highview Point Partners, LLC | JPMorganChase | [redacted] | Bank Account |
| | JPMorganChase | [redacted] | Bank Account |
| | JPMorgan Chase (1055 Wa. Boulevard rent security deposit) | [redacted] | Bank Account |
| | JPMorgan Chase (Former office at 540 Madison Ave. rent security CD deposit) | [redacted] | Bank Account |
| | JPMorgan Chase (Former office at 540 Madison Ave. rent security Letter of Credit) | [redacted] | Bank Account |
| | ABN Amro [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Bear Stearns [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Credit Suisse [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | ING Financial Markets [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | ING Financial Markets [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Instinet [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Jefferies [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Merrill Lynch / BofA [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Morgan Stanley [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Morgan Stanley [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Morgan Stanley [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | RBS [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Standard Bank [Highview Point Master Fund account] | [redacted] | DVP/Trading |
| | Wachovia | [redacted] | DVP/Trading |
| Highview Point Master Fund | Bear Stearns / JPMorgan | [redacted] | PB/Custodial Account |
| | Bear Stearns / JPMorgan | [redacted] | PB/Custodial Account |
| | Citigroup | [redacted] | PB/Custodial Account |
| | Citigroup | [redacted] | PB/Custodial Account |
| | Citigroup | [redacted] | PB/Custodial Account |
| | Citigroup | [redacted] | PB/Custodial Account |
| | Deutsche Bank Amsterdam | [redacted] | PB/Custodial Account |
| | Deutsche Bank Amsterdam | [redacted] | PB/Custodial Account |
| | Deutsche Bank Amsterdam | [redacted] | PB/Custodial Account |
| | Deutsche Bank Amsterdam | [redacted] | PB/Custodial Account |
| | Lehman Brothers | [redacted] | PB/Custodial Account |
| | Lehman Brothers | [redacted] | PB/Custodial Account |
| | Deutsche Bank | [redacted] | Collateral/ISDA |
| | Credit Suisse | [redacted] | Collateral/ISDA |
| | Morgan Stanley [Oceanografia] | [redacted] | Collateral/ISDA |
| | Morgan Stanley | [redacted] | Collateral/ISDA |
| | Citigroup | [redacted] | Collateral/ISDA |
| | Citigroup O/N Letter Repo | [redacted] | Collateral/ISDA |
| | JPMorgan | [redacted] | Bank Account |
| | Barclays | [redacted] | DVP/Trading |
| | Barclays | [redacted] | DVP/Trading |
| | Barclays | [redacted] | DVP/Trading |
| | BCP Securities | [redacted] | DVP/Trading |
| | BCP Securities | [redacted] | DVP/Trading |
| | Bear Stearns | [redacted] | DVP/Trading |
| | BNP Paribas | [redacted] | DVP/Trading |
| | Credit Suisse | [redacted] | DVP/Trading |
| | CRT Securities | [redacted] | DVP/Trading |
| | Dresdner Kleinwort | [redacted] | DVP/Trading |
| | Goldman Sachs | [redacted] | DVP/Trading |
| | Hapoalim | [redacted] | DVP/Trading |
| | ING Financial Markets | [redacted] | DVP/Trading |
| | Investment Placement Group | [redacted] | DVP/Trading |
| | Jefferies | [redacted] | DVP/Trading |
| | Jefferies | [redacted] | DVP/Trading |
| | Jefferies | [redacted] | DVP/Trading |
| | Knight Libertas | [redacted] | DVP/Trading |
| | Lehman Brothers | [redacted] | DVP/Trading |
| | Libertas Partners | [redacted] | DVP/Trading |
| | MarketSERV | [redacted] | DVP/Trading |
| | Miller Tabak Roberts | [redacted] | DVP/Trading |
| | MIBANCO Banco de Desarrollo | [redacted] | DVP/Trading |
| | Mizuho International Plc | [redacted] | DVP/Trading |
| | Morgan Stanley | [redacted] | DVP/Trading |
| | Morgan Stanley | [redacted] | DVP/Trading |
| | Pali Capital, Inc. | [redacted] | DVP/Trading |
| | UBS | [redacted] | DVP/Trading |
| | UBS | [redacted] | DVP/Trading |
| Highview Point Offshore, Ltd. | Citigroup | [redacted] | PB/Custodial Account |
| | Citigroup | [redacted] | PB/Custodial Account |
| | JPMorgan | [redacted] | Bank Account |
| | BCT Bank International - (deposit account for CD investment) | [redacted] | Bank Account |
| | BCT Bank International - (CD investment) | [redacted] | Bank Account |
| | Credit Suisse | [redacted] | DVP/Trading |
| | JPMorgan | [redacted] | DVP/Trading |
| | JPMorgan | [redacted] | DVP/Trading |
| | RBC Dominion | [redacted] | DVP/Trading |
| | Wachovia | [redacted] | DVP/Trading |
| Highview Point LP | JPMorgan | [redacted] | Bank Account |