UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO ILLARRAMENDI,<br>HIGHVIEW POINT PARTNERS, LLC and<br>MICHAEL KENWOOD CAPITAL<br>　　MANAGEMENT, LLC,<br><br>　　　　　　Defendants,<br><br>　　and<br><br>HIGHVIEW POINT MASTER FUND, LTD.,<br>HIGHVIEW POINT OFFSHORE, LTD.,<br>HIGHVIEW POINT LP,<br>MICHAEL KENWOOD ASSET<br>　　MANAGEMENT, LLC,<br>MK ENERGY AND INFRASTRUCTURE,<br>　　LLC, and<br>MKEI SOLAR, LP,<br><br>　　　　　　Relief Defendants. | Civil Action No. 11-0078 (JBA) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR EMERGENCY RELIEF**

Plaintiff Securities and Exchange Commission respectfully submits this supplemental memorandum of law in support of its emergency application to prevent misappropriation of assets by Defendant Highview Point Partners, LLC ("Highview") and to recover proceeds of the fraud received by Relief Defendants Highview Point Master Fund Ltd. ("HP Master Fund"), Highview Point Offshore Fund, Ltd. ("HP Offshore Fund"), and Highview Point LP ("HPLP") (collectively, the "Highview Funds").

This Court has scheduled a hearing today at 4:00 pm on the Commission's motion for emergency relief. In anticipation of the hearing, the Commission respectfully submits this letter to provide the relevant cases and statutes governing the impact of Highview's May 6, 2011 filing of a bankruptcy petition in the U.S. Bankruptcy Court, District of Delaware, on the instant case. In short, this Court has full authority to order the relief sought by the Commission, including but not limited to an asset freeze and the appointment of a receiver.

As the Court is aware, the Bankruptcy Code explicitly exempts the SEC's prosecution of a civil fraud action from the automatic stay under the regulatory exception contained in Title 11 of the United States Code, Section 362(b)(4). Accordingly, since the SEC may prosecute such actions through and including the entry of judgment on the merits, notwithstanding the filing of bankruptcy petitions, district courts have broad authority to order the relief sought by the SEC in such actions, including injunctive relief. See, e.g., SEC v. Towers Financial Corp., 205 B.R. 27, 30-31 (S.D.N.Y. 1997) (SEC's civil action seeking disgorgement and injunctive relief excepted from automatic stay); Bilzerian v. SEC, 146 B.R. 871, 873 (Bankr. M.D. Fla. 1992) ("While there is no question that the automatic stay provisions prevent the SEC from attempting to enforce any disgorgement award, this Court is satisfied that the mere fixing of the award is well within the provisions of 11 U.S.C. § 362(b)(4)."); SEC v. First Financial Group of Texas, 645

1

F.2d 429, 437-440 (5th Cir. 1981) (SEC's continuing civil fraud action, including motion for preliminary injunction and for appointment of receiver to take control over corporate defendant's assets, was excepted from automatic stay); see also SEC v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000) ("It is well established that the governmental unit exception of § 362(b)(4) permits the *entry* of a money judgment against a debtor so long as the proceeding in which such a judgment is entered is one to enforce the governmental unit's police or regulatory power."); SEC v. Friedlander, 2002 U.S. Dist. LEXIS 13296 *2, Bankr. L. Rep. (CCH) P78,712 (permitting the entry of a money judgment fixing the "appropriate amount of disgorgement, civil penalties and interest" and allowing SEC's motion for an exemption from the automatic stay of litigation).

Indeed, where appropriate, courts can enjoin parties or non-parties to SEC actions from making bankruptcy filings in order to protect the assets of the receivership estate. See SEC v. Byers, 609 F.3d 87, 92 (2nd Cir. 2010) (upholding injunction against nonparties from filing involuntary bankruptcy petitions against the defendants, reasoning that "the receivership accomplishes what a bankruptcy would."). As the Second Circuit reasoned in Byers, there are circumstances where such injunctions "may assist the district court and receiver . . . to maintain maximum control of the assets . . . [and prevent] creditors from placing some entities into bankruptcy, thereby removing assets . . . to the potential detriment of all." Id. at 93.

## CONCLUSION

For the foregoing reasons, and those set forth in the previously submitted materials in support of the Commission's application, the Commission respectfully requests that its application be granted.

Dated:   Boston, MA
         May 10, 2011

>Respectfully submitted,
>
>**SECURITIES AND EXCHANGE COMMISSION**
>
>By its attorneys,
>
>_/Rua Kelly/ /sjh/_
>Rua M. Kelly (Mass. Bar No. 643351)
>LeeAnn G. Gaunt (Mass. Bar No. 630557)
>Carlos Costa-Rodrigues (NY Reg. No. 2473593)
>33 Arch Street, 23rd Floor
>Boston, Massachusetts 02110
>Telephone: (617) 573-8941 (Kelly direct)
>Facsimile: (617) 573-4590
>E-mail: kellyru@sec.gov
>
>Local Counsel:
>
>/s/
>John B. Hughes (Fed. Bar No. CT 05289)
>Assistant United States Attorney
>Chief, Civil Division
>United States Attorney's Office
>Connecticut Financial Center
>157 Church Street, 23rd Floor
>New Haven, CT 06510
>(203) 821-3700
>(203) 773-5373

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2011, I electronically filed the Supplemental Memorandum of Law in support of the Motion for Temporary Restraining Order, with the Clerk of the Court and parties of record by using the CM/ECF system.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Rua M. Kelly