UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | ) | |
| SECURITIES AND EXCHANGE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-cv-78 (JBA) |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO ILLARRAMENDI, | ) | |
| HIGHVIEW POINT PARTNERS, LLC and | ) | |
| MICHAEL KENWOOD CAPITAL | ) | |
|     MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HIGHVIEW POINT MASTER FUND, LTD., | ) | |
| HIGHVIEW POINT OFFSHORE, LTD., | ) | |
| HIGHVIEW POINT LP, | ) | |
| MICHAEL KENWOOD ASSET | ) | |
|     MANAGEMENT, LLC, | ) | |
| MK ENERGY AND INFRASTRUCTURE, | ) | |
|     LLC, and | ) | |
| MKEI SOLAR, LP, | ) | |
| | ) | |
| Relief Defendants. | ) | |
| _____ | ) | |

## COMMISSION'S OPPOSITION TO MOTION TO INTERVENE BY BALANCHINE CORP., BRENTWOOD SERVICES INC. AND EDENWOOD HOLDING, S.A.

The Commission hereby opposes the Motion to Intervene filed by Balanchine

Corporation, Brentwood Services Incorporated and Edenwood Holding, S.A. (collectively

"Balanchine"), who are investors in one of the three Relief Defendant Funds added to this case

by the Second Amended Complaint. While the Commission is sympathetic to the plight of

investors defrauded by the wide-ranging securities fraud alleged in the Second Amended

Complaint, who are faced with the possibility of recovering only a portion of the assets they invested, it would be inappropriate to allow them to intervene in this case as parties. The existing parties adequately represent the interests of investors, and allowing one investor to intervene would require allowing all investors to intervene, thus transforming a case that is already difficult to administer into one practically paralyzed when each party wants to be heard on each issue that arises. Instead, Balanchine, like all of the other victimized investors, should be allowed to make its views known to the court, where appropriate, as an Interested Party and to object to the ultimate distribution plan filed by the Receiver.

**I.      Balanchine's Motion To Intervene Is Procedurally Defective And Should Thus Be Dismissed.**

Balanchine's motion should be denied because it failed to accompany its motion with "a pleading that sets out the claim or defense for which intervention is sought" as Fed. R. Civ. P. 24(c) requires. Courts routinely dismiss motions for intervention when they are not accompanied by such a required pleading. *See Abramson v. Pennwood Invest. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968) (affirming dismissal of motion to intervene unaccompanied by pleading conforming to Rule 24(c)); *Township of S. Fayette v. Alleghany Cty. Hous. Auth.*, 183 F.R.D. 451, 453 (W.D. Pa. 1998) (same); *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996) (same).

This requirement is more than formulaic or technical and the absence of the required pleading is emblematic of the substantive impropriety of allowing Balanchine to participate in this case as a party – Balanchine has no actual claim or defense to assert that should be resolved as part of this Commission enforcement action. *See Township of S. Fayette*, 183 F.R.D. at 453 (pleading required to "enable the court properly to frame the issues, and to inform the parties against whom some right is asserted or relief sought.") (internal quotation omitted); *Dillard*, 166 F.R.D. at 506 (pleading requirement's purpose is "to place the other parties on notice of the

claimant's position, the nature and basis of the claims asserted, and the relief sought by the intervenor").  As the Supreme Court stated, compliance with the pleading requirement of Rule 24(c) is "particularly important" when the "interest of the litigant seeking to [intervene] diverges from the interest of the party to the suit" as Balanchine claims its interest does here.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 548-49, n.9 (1986); *Hispanic Soc. of New York City Police Dept., Inc. v. New York City Police Dept.*, 806 F.2d 1147, 1154 (2d Cir. 1986).  "The need for formal intervention is thus as great as the need for named plaintiffs or defendants to state a well-pleaded claim or defense." *Id.* at 1154.

Balanchine's failure to file a pleading stating either claims or defenses against the existing parties is fatal to its motion to intervene.  As its motion reveals, it does not possess such claims or defenses, and merely seeks "to contest a number of issues raised in the SEC TRO motion and the simultaneously filed Motion for Leave to Amend."  Balanchine Mot. at 2.  Neither of those asserted reasons provides a proper ground for allowing Balanchine to intervene as a party, and the second of them is moot, as the SEC's motion for leave to amend has already been granted.  The remainder of Balanchine's motion argues, in essence, (i) that it would do a better job of arguing about issues (such as personal jurisdiction) than existing parties who have already indicated their intention to argue those issues, or (ii) that its interest may ultimately be affected by the Receiver's recommended plan of distribution, an interest that it shares with all other investors plus an unknown number of other parties including various creditors.

## II.     Balanchine Has Not Established Its Entitlement To Intervene As Of Right.

Balanchine bears the burden of proving four factors in order to establish its right to intervene as of right under Fed. R. Civ. P. 24(a).  It must show that it:

(1) file[d] a timely motion; (2) assert[ed] an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without

3

> intervention the disposition of the action may, as a practical matter, impair or
> impede its ability to protect its interest; and (4) has an interest not adequately
> represented by the other parties.

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (affirming denial of

intervention).  Failure to establish any one of these requirements means that Balanchine's motion

must be denied.  *See id.*; *United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987).  Though

Balanchine's motion may be timely, it does not meet any of the other three requirements for

intervention.

    First, Balanchine does not have a legally protectable interest in the property or transaction

that is the subject of the action.  Though several judicial opinions involving SEC enforcement

actions have commented in dicta that investors may be able to establish such an interest, none of

them commit any analysis to that issue.  The type of interest required by Rule 24(a)(2) is the

same type of interest as that necessitating the joinder of a party under Fed. R. Civ. P. 19(a).  *See*

*Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389-90 (2d Cir. 2006).  As in

*Mastercard*, Balanchine's motion must be denied because Balanchine's "absence from this

litigation is not the cause of any harm to its interests. Nor will [Balanchine]'s presence allow it to

protect those interests."  *Id.* at 390.  Balanchine's interest is exactly the same as that of all other

defrauded investors in the Relief Defendant Funds.  The cause of any harm to Balanchine's

interests is the fraud that the SEC alleges was perpetrated by the defendants, and it is a bitter

possibility that the funds remaining after that fraud and the comingling of assets may be

insufficient to make all such investors whole.  *See id.* at 390 ("Visa's ability to protect its interest

will not be impaired or impeded *because* it is denied intervention in this case. As we have

discussed, any harm to Visa's interests would result from FIFA's alleged conduct in breaching its

contract with MasterCard and granting the sponsorship rights to Visa.").  Balanchine's

participation as a party in the substantive determination of the SEC's claims against the defendants and any defenses that the defendants may raise will not allow Balanchine to protect its interest in recovering any funds.

Second, Balanchine has offered absolutely no evidence that permitting the existing parties to litigate and dispose of their claims will "as a practical matter, impair or impede [its] ability to protect its interest" as Rule 24(a) requires.  While Balanchine claims that it will lose money if the relief sought by the SEC is granted (*see* Balanchine Memo. at 11), such a claim is entirely speculative and depends upon the conclusions reached by the court and the Receiver at the end of this proceeding about the extent to which proceeds of the alleged fraud and assets of the Relief Defendant funds were comingled and the fairest way to divide the remaining sums between the defendants' victims.  Balanchine does not claim to be in possession of evidence superior to or in addition to that generated by the SEC, or the existing parties in whom it invested.  It thinks it should have a say in whether a receiver is appointed over the Highview Point Relief Defendants and how that receiver distributes any recovered funds at the end of this case (*see* Balanchine Memo. at 10-11) but those arguments do not justify intervention.  At most, they are arguments that should be heard in the regular course when it is time for the court to consider the receiver's proposed plan of distribution and to hear opposition to it.[1]  *See SEC v. Credit Bancorp*, 194 F.R.D. 457, 468 (S.D.N.Y. 2000) (summary proceedings as to disposition of receivership are appropriate way to handle investors' claims to assets held by receiver).

---

[1] Balanchine argues inconsistently that its intervention is necessary so that it may contest a freeze that deprives it of the use of its money while the case is pending (Memo. at 11-12) and that a TRO is unnecessary because it would have consented to a temporary asset freeze (Memo. at 2-3).  Both of these arguments illustrate the fundamental problem with allowing one of a large group of victimized investors to intervene.  Certain victims, like Balanchine, may believe they have rights superior to those of other victims.  Sorting out these competing claims should not be reserved for summary proceedings concerning the distribution of receivership assets, and should not be permitted to interfere with the efficient resolution of the merits of the case.

Third, Balanchine cannot show that its interests are not adequately represented by the existing parties.  Most of the issues about which Balanchine complains are issues that the Relief Defendant Funds have indicated they will raise on their own.  In particular, at the urging of the Relief Defendant Funds, the court has already set a briefing schedule to determine whether they are subject to the court's personal jurisdiction.  *See* Dkt. No. 197, ¶4.  At the last hearing, the Relief Defendant Funds also signaled their position that there was no need to appoint a receiver for the funds' assets.  Tellingly, Balanchine's brief ignores the fact that the Relief Defendant Funds are parties to this action.  *See* Balanchine Memo. at 12-14.  If counsel's statements about the independence of the Boards of the Relief Defendant Funds are to be believed, there is no reason to think that those Funds will not take the steps that they reasonably believe are warranted to protect the interests of those Funds and their investors, including Balanchine.

Balanchine also cites the wrong standard for evaluating whether the existing parties adequately represent its interests.  *See* Balanchine Memo. at 12-13 (citing *U.S. Postal Serv. v. Brennan* and *Trbovich v. United Mine Workers*).  When the SEC acts under its statutory authority to benefit defrauded investors and remedy alleged securities fraud, it is presumed, like other governmental agencies acting in similar *parens patriae* enforcement actions, sufficiently to represent the interests of the public for purposes of Rule 24(a).  *See United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 984, 987 (2d Cir. 1984) (rejecting *U.S. Postal Serv*. and *Trbovich* in *parens patriae* cases); *SEC v. Bear Stearns & Co., Inc.*, No. 03 Civ. 2937, 2003 WL 22000340, *3 (S.D.N.Y. Aug. 25, 2003) ("the SEC, in its role as *parens patriae*, is presumed to represent the interests of the investing public aggressively and adequately.  Reflexive intervention by the public in SEC actions would undermine both the SEC's ability to resolve cases by consent decree and the efficient management of those cases by courts.").  In such cases,

an intervenor must make far more than a "minimal showing" that its interest is in fact different from the governmental entity's interest, and may be required to show that the governmental entity is "ill-equipped or unwilling" to protect their interests. *Id.* at 985 (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 692 F.2d 1203, 1213, n.7 (5th Cir. 1982)). The Commission has devoted substantial resources to pursuing claims on behalf of injured investors in the defrauded funds, and has acted vigorously to protect their interest. Thus, Balanchine cannot make the required showing.

Balanchine contends that the SEC and the Receiver cannot protect its interests in this action because the SEC has not agreed with its position that Balanchine should be entitled to carve out for itself funds that should be used to repay its claims *before* other investors' claims. Investors asserting claims to assets held by receivers in securities fraud cases often make similar arguments. *See, e.g. SEC v. Byers*, No. 08 Civ. 7104, 2008 WL 5102017, *1 (S.D.N.Y. Nov. 25, 2008) ("it does not make sense to allow individual victims and creditors to intervene as parties"); *SEC v. Byers*, No. 08 Civ.7104, 2009 WL 212780, *1 (S.D.N.Y. Jan. 30, 2009) (proposed intervenors are in no different position from other creditors and victims in SEC enforcement action). As one court commented, in denying intervention as of right, "the majority of courts to have considered the subject of investor intervention [in SEC enforcement actions] have denied intervention." *Credit Bancorp*, 194 F.R.D. at 467. While it is understandable that defrauded investors want to advance their individual arguments about why they are entitled to a bigger slice of the available pie, the proper time to handle those arguments is in the context of evaluating the receiver's plan of distribution. *See id.  SEC v. Flight Transport. Corp.*, 699 F.2d 943 (8th Cir. 1983), on which Balanchine relies heavily, has been recognized as an "outlier opinion," and should be discounted by this court. *Credit Bancorp*, 194 F.R.D.  at 457.

Courts have frequently found that the SEC adequately protects the interests of all investors for purposes of Rule 24(a) even when it does not prefer the claims of one defrauded investor over another. *See id.* at 468 (citing cases); *Byers*, 2008 WL 5102017, *1 ("This is an enforcement action brought by the SEC to . . . address the alleged fraud perpetrated by defendants and to recover defendants' assets and the proceeds of their purported scheme for the benefit of defrauded investors and creditors. Although not all investors share the same interests, it is in all their interests to maximize the value of the assets under the receivership.").

In sum, Balanchine has failed to show that it is entitled to intervene in this matter as of right, as it has failed to establish either that it has a legally protectable interest that will be practically impaired without its participation as a party, or that any interest it has is inadequately represented by the existing parties.

## III.   Allowing Balanchine's Motion Would Violate Section 21(g) of the Exchange Act.

Section 21(g) of the Exchange Act, 15 U.S.C. §77u(g), provides in pertinent part:

> Notwithstanding . . . any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

The Commission does not consent to Balanchine's proposed intervention. Though the statute does not expressly prohibit intervention without the Commission's consent, a number of courts have concluded that the statute's plain meaning and legislative history compel the conclusion that it is a complete bar to intervention as well as to consolidation and coordination. *See SEC v. Nadel*, No. 8:09-cv-87-T-26TBM, 2009 WL 3126266, *1 (M.D. Fla. Sept. 24, 2009) (denying creditor's motion to intervene to dissolve injunction preventing him from foreclosing on receivership asset); *SEC v. Cogley*, No. 98CV802, 2001 WL 1842476, *3 (S.D. Ohio Mar. 21,

2001) (denying bankruptcy trustee's motion to intervene because of "inescapable conclusion that Section 21(g) bars intervention"); *SEC v. Homa*, No. 99 C 6895, 2000 WL 1468726 at *2 (N.D. Ill. Sept. 29, 2000). Courts have commented that "sound policy reasons" bar intervention, as well as consolidation, given that allowing private actions into SEC cases interjects new issues, increases the need for and complexity of pretrial discovery, requires the proof of new elements, and interferes with the SEC's ability to resolve cases efficiently. *See, e.g. SEC v. TLC Investments and Trade Co*., 147 F. Supp. 2d 1031, 1040 (C.D. Cal. 2001). Though, as Balanchine notes, some courts have read Section 21(g) more narrowly, and found that while it is not an absolute bar to intervention, neither the Second Circuit nor courts in the District of Connecticut have addressed this issue. *See* Balanchine Memo. at 9 n.6. Even when courts find that Section 21(g) does not bar intervention in all circumstances, the trend in those cases is to deny intervention, particularly when (as here), the intervenor is seeking recovery from the same defendants that the SEC is pursuing. *See SEC v. Falor*, 270 F.R.D. 372, 374-75 (N.D. Ill. 2010) (noting division among courts and recognizing that allowing intervenor to pursue recovery from same defendant as SEC is essentially a prohibited "consolidation"). Balanchine clearly seeks to recover its investment from the Highview Fund Relief Defendants. The SEC is pursuing the same Relief Defendants to recover proceeds of securities fraud in order to benefit all harmed investors, and thus under even the more narrow reading of Section 21(g), Balanchine's claims are barred.

Though Balanchine's motion fails to specify exactly what claims, cross-claims or counterclaims it seeks to bring, it implicitly asserts breach of contract claims against both the Highview Fund Relief Defendants and Defendant Highview Point Partners arising from their alleged failure to honor its contractual right to redeem. *See* Balanchine Memo. at 2 n.2, 11-12.

Any such breach of contract claims are clearly barred by Section 21(g), even though they would

likely be compulsory counterclaims under Fed. R. Civ. P. 13 in the event Balanchine were

allowed to intervene.  *See SEC v. Egan*, 821 F. Supp. 1274, 1276 (N.D. Ill. 1993) (Section 21(g)

imposes "absolute prohibition" against defendants' third-party complaint); *SEC v. Pinchas*, 421

F. Supp. 2d 781, 784 (S.D.N.Y. 2006); *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 72

(D. Conn. 1988), *aff'd* 891 F.2d 457 (2d Cir. 1989) (counterclaim based on alleged Commission

misconduct dismissed).  This case is already sufficiently complex.  Its resolution requires the

court to evaluate claims that defendants perpetrated a wide-ranging securities fraud and that six

relief defendants hold the comingled proceeds of those frauds.  Because one of the defendants

has filed for bankruptcy, the necessarily coordination between this court and the bankruptcy

court already complicates this case.  *See In re Highview Point Partners, LLC*, No. 11-11432

(Bankr. D. Del. filed May 6, 2011).  In addition, at least one of the defendants has pled guilty to

a criminal information filed in this district which seeks forfeiture of some of the same assets at

issue in this case.  *See* Second Amended Complaint (Dkt. 190-1), Ex. A at 14.  Permitting

individual investors like Balanchine to intervene and complicate this case even further with

related claims is statutorily prohibited and inimical to the prompt and efficient resolution of this

matter.

## IV.    Permissive Intervention Should Also Be Denied.

Permissive intervention under Fed. R. Civ. P. 24(b) may be permitted in the court's

discretion when the proposed intervenor "has a claim or defense that shares with the main action

a common question of law or fact."  As a preliminary matter, because Balanchine has failed to

file the pleading required by Rule 24(c), and thus has not asserted *any* claims or defenses (much

less any sharing a common question of law or fact with the SEC's securities fraud claims), permissive intervention should be denied.

Moreover, permissive intervention is not granted "even when there is a strong commonality of fact or law, where such intervention would cause undue delay, complexity or confusion in a case." *Bear Stearns & Co., Inc.*, 2003 WL 22000340, *2. These concerns are "acute where the Government, and particularly the SEC, is a party to the underlying action." *Id*. (denying permissive intervention to investor seeking to challenge consent decree).

These concerns are particularly acute in this case, where allowing the present motion to intervene would necessitate an allowance of motions to intervene by numerous other parties. *See id.* at *4 ("Were this Court to grant this motion to intervene, it would be logic-bound to allow all investors and members of the investing public with differing viewpoints to intervene . . . This is one of the principal reasons that permissive intervention by individual investors in SEC actions is rarely granted."). As of today's date, in addition to the ten existing parties, 16 parties have filed appearances as "Interested Parties." At least three additional interested parties have contacted the Commission's counsel without yet filing formal appearances. Further, there are approximately 38 investors in the Relief Defendant Funds in addition to the Balanchine parties, all of whom have an interest identical to Balanchine's. If Balanchine's motion is allowed, there would be no logical reason to prohibit any of the other Interested Parties or investors from intervening as well, resulting in a case with 67 parties.

Where the court has already permitted Interested Parties to be heard on matters in which they express an interest, granting the status of "Party" to all of those entities would provide no additional meaningful process, and provide no extra protection for the investors' rights. Instead, allowing intervention would only serve to complicate these proceedings needlessly, make the

discovery process unwieldy, lengthen the hearings, expand the scope of motion practice, and impose additional practical impediments to reaching a resolution of this matter.  For these reasons, permissive intervention should also be denied.  *See SEC v. Everest Mgm't Corp.*, 475 F.2d 1236, 1239-40, n.5 (2d Cir. 1972) ("in our view it is preferable to require private parties to commence their own actions than to have SEC actions bogged down through intervention").

## CONCLUSION

For the reasons detailed above, Balanchine's motion to intervene should be denied.

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**
By its attorneys,


    /s/ Rua M. Kelly
Rua M. Kelly (Mass. Bar No. 643351)
LeeAnn G. Gaunt (Mass. Bar No. 630557)
Carlos Costa-Rodrigues (NY Reg. No. 2473593)
33 Arch Street, 23rd Floor
Boston, Massachusetts  02110
Telephone:  (617) 573-8941 (Kelly direct)
Facsimile:  (617) 573-4590
E-mail:  kellyru@sec.gov

Local Counsel:

/s/
John B. Hughes (Fed. Bar No. CT 05289)
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, Connecticut 06510
(203) 821-3700
(203) 773-5373

Dated:  May 13, 2011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2011, I electronically filed the Commission's Opposition to Motion to Intervene by Balanchine Corp., Brentwood Services Inc. and Edenwood Holding, S.A. , with the Clerk of the Court, parties of record, and the proposed intervenors, by using the CM/ECF system.


   /s/ Rua M. Kelly
Rua M. Kelly (Mass. Bar No. 643351)