UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 11-cv-78 (JBA) |
| v. ) ) | |
| FRANCISCO ILLARRAMENDI, ) HIGHVIEW POINT PARTNERS, LLC and ) MICHAEL KENWOOD CAPITAL ) MANAGEMENT, LLC, ) ) | |
| Defendants, ) ) | |
| and ) ) | |
| HIGHVIEW POINT MASTER FUND, LTD., ) HIGHVIEW POINT OFFSHORE, LTD., ) HIGHVIEW POINT LP, ) MICHAEL KENWOOD ASSET ) MANAGEMENT, LLC, ) MK ENERGY AND INFRASTRUCTURE, ) LLC, and ) MKEI SOLAR, LP, ) ) | |
| Relief Defendants. ) ) | |

**TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS,
AND ORDER FOR TEMPORARY RELIEF AS TO HIGHVIEW POINT PARTNERS**

On the consent of the plaintiff Securities and Exchange Commission ("the Commission")

and Defendant Highview Point Partners, LLC ("Highview Point Partners" or the "Defendant")

(collectively, the "Parties" to this Order), and having considered the emergency motion for a

temporary restraining order, order freezing assets, and order for other equitable relief filed by the

1

Commission, as well as the Second Amended Complaint, the Commission's memoranda of law and accompanying evidentiary materials, and with the consent of the Parties, the Court orders as follows, pending determination of the Commission's motion for a preliminary injunction and other equitable relief, for the period of time up to and including May 23, 2011:

**I.**

**IT IS HEREBY ORDERED** that the Defendant and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to:

(a) employ any device, scheme, or artifice to defraud any client or prspective client; or

(b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

**II.**

**IT IS HEREBY FURTHER ORDERED** that the Defendant and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are restrained from violating Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative, including

    (a) to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

    (b) to otherwise engage in any act practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

### III.

**IT IS HEREBY FURTHER ORDERED** that the Defendant and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission or overnight delivery service, are restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a) employing any device, scheme or artifice to defraud;

    (b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

IV.

**IT IS HEREBY ORDERED** that:

A.   The Defendant and each of its agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of the Defendant presently held by it, for its direct or indirect benefit, under its direct or indirect control or over which it exercises actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to assets held in the accounts identified in the attached Exhibit A, and shall prevent any withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen;

B.   All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Defendant or over which the Defendant exercises actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, purchase, trade,

transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen; and,

      C.     The above Paragraphs A and B shall immediately cease to apply to any asset, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States.

## V.

**IT IS HEREBY FURTHER ORDERED** that Defendant and each of its agents, servants, employees and attorneys and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to the Defendant or the misconduct described in the Complaint.

## VI.

**IT IS HEREBY FURTHER ORDERED** that through May 23, 2011, the Defendant shall not make any expenditure except for attorney, accounting, auditing and other professional services fees and expenses, employee salaries, normal and customary expenses to unaffiliated third parties incurred in the ordinary course of business, and expenses incurred in connection with *In Re Highview Point Partners LLC*, Chapter 11 case #11-11432 (U.S. Bankruptcy Court,

District of Delaware) (it being understood that payments authorized under this sentence are not prohibited by anything in Paragraph IV above).

Executed on behalf of the Parties by:

_____
Rua M. Kelly, Esq.
Plaintiff U.S. Securities & Exchange Commission
33 Arch Street
Boston, MA  02110


_____
Carl H. Loewenson, Jr., Esq.
Ronald G. White, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104

Counsel to Defendant Highview Point Partners, LLC

                        SO ORDERED:


                        /s/_____
                        HON. JANET BOND ARTERTON
                        UNITED STATES DISTRICT JUDGE


Dated:

  May 12, 2011