UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>  v.<br><br>FRANCISCO ILLARRAMENDI,<br>HIGHVIEW POINT PARTNERS, LLC and<br>MICHAEL KENWOOD CAPITAL<br>  MANAGEMENT, LLC,<br><br>   Defendants,<br><br>  and<br><br>HIGHVIEW POINT MASTER FUND, LTD.,<br>HIGHVIEW POINT OFFSHORE, LTD.,<br>HIGHVIEW POINT LP,<br>MICHAEL KENWOOD ASSET<br>  MANAGEMENT, LLC,<br>MK ENERGY AND INFRASTRUCTURE,<br>  LLC, and<br>MKEI SOLAR, LP,<br><br>   Relief Defendants. | Civil Action No. 11-cv-78 (JBA) |

## COMMISSION'S OPPOSITION TO DEFENDANT HIGHVIEW POINT PARTNERS' LETTER REQUEST FOR ACCESS TO PLAINTIFF'S INVESTIGATIVE FILE

Below, the Commission sets forth the basis for its opposition to the May 12, 2011

request[1] from defendant Highview Point Partners, LLC ("Highview") for access to the

---

[1]  During the hearing on May 10, 2011, counsel to would-be intervenors Balanchine Corporation, Brentwood Services Incorporated and Edenwood Holding, S.A. (collectively "Balanchine") formally sought access to the Commission's investigative file. Shortly thereafter, the Commission received the same request in writing from Highview's counsel. Since Balanchine is not a party, and thus not entitled to discovery unless and until the Court grants intervention, we focus exclusively herein on discovery obligations with respect to Highview.

Commission's investigative file, including but not limited to any and all documents reflecting any communications with [defendant] Illarramendi or his counsel.

As an initial matter, while Highview argues that the Commission's investigative file "is critical to [its] defense," nowhere does Highview identify the applicable rule or statute obligating the Commission to produce its investigative file prior to a preliminary injunction hearing. Indeed, the Federal Rules of Civil Procedure provide that parties to civil actions "*may not seek discovery* before the parties have conferred as required by Rule 26(f), except in certain limited categories of cases exempted from the initial disclosure rules 'or when authorized by [Court] order.'" *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. July 12, 2005) (*quoting* Fed. R. Civ.P. 26(d)) (*emphasis added*). In addition, Highview's request ignores the fact that the Commission itself asked for expedited discovery in its motion for a temporary restraining order, and that term was not consented to by Highview and the Relief Defendants.[2] Now, having elected not to agree to expedited discovery for all parties, Highview is asking the Commission to turn over the entirety of its investigative file (which is, to be clear, both voluminous and comprised in large part of documents produced by Highview itself).

There is no support in the Federal Rules of Civil Procedure or in Second Circuit caselaw for Highview's one-sided and burdensome request for expedited discovery. There are, to be sure, numerous district cases[3] permitting <u>limited</u> and <u>reciprocal</u> expedited discovery. *See*, *e.g.*,

---

[2] While the Commission previously agreed to withdraw its request for expedited discovery, in light of the Defendant's agreement to consent to an asset freeze and other emergency relief sought and its understanding that no expedited discovery would be conducted by any party, the Commission now respectfully requests leave of Court to renew the request, and to further brief the scope of expedited discovery, should the defendant's request for the investigative file be granted in whole or in part.

[3] It is worth noting that, in such cases, the defendants have sought <u>leave of court</u> for expedited discovery, a requirement that "serves to maintain the fairness of civil litigation." *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618 (N.D. Ill. May 19, 2000).

*Sica v. Connecticut*, 331 F. Supp. 2d 82, 87 (D. Conn. 2004) (permitting limited and reciprocal expedited discovery prior to preliminary injunction hearing consistent with "this Court's ordinary practice" but denying numerous discovery requests by plaintiff as overbroad); *Ayyash*, 233 F.R.D. at 327 (allowing expedited discovery after showing that defendants "are foreign individuals and corporations who have both incentive and capacity to hide their assets" in light of the "considerable urgency . . . to seek information about the location of [defendants' assets]"). While courts are divided, the majority of such cases have applied the "reasonableness" and "good cause" test when deciding whether to allow expedited discovery. *See Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (applying the "more flexible" approach in lieu of the four-part test set forth in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982) and permitting limited expedited discovery where plaintiff provided evidence that defendant was attempting to obstruct justice by paying witnesses off).

Here, Highview's request for expedited discovery is unreasonable – in large part because it is neither limited nor reciprocal. In order to comply with Highview's discovery request, the Commission would have to turn over its voluminous investigative file – which is comprised in large part of documents provided by Highview itself. Producing such material <u>back</u> to Highview within a week's time is impractical and unnecessarily burdensome for the Commission. Moreover, the Commission has already provided Highview and the Relief Defendants with all of the documents on which it intends to rely in the hearing on its motion for preliminary injunction, as they have been filed as attachments to the Declaration of Sofia T. Hussain.

Highview's request is not only legally, but factually unsupported. Highview, in its letter request, asserts that the Commission intends to make its case through Francisco Illarramendi, one of the named defendants and the former co-owner of Highview, claiming that "the allegations in

3

the Complaint against HPP flow entirely from allegations concerning Mr. Illarramendi."

However, the Commission does not plan to call Mr. Illarramendi as a witness in its case-in-chief

at the May 23, 2011 hearing. Rather, the Commission will call forensic accountants who have

reviewed the Highview records, as well as subpoenaing the three principals of Highview who

have already asserted the Fifth Amendment in this matter at depositions noticed by the Receiver.

Where the Commission has already provided the documents that corroborate its claims, and does

not intend to call Illarramendi in its case-in-chief, the production of the investigative file is well

beyond what is required to permit Highview to adequately prepare for the preliminary injunction

hearing. It would be particularly onerous to require the production of attorney notes made during

meetings with Illarramendi, as such notes would have to be carefully reviewed and redacted to

ensure that the Commission was not waiving any applicable work-product privilege – an unfair

burden to place on the Commission in the week remaining before the preliminary injunction

hearing.

Finally, as the Court knows, there is a parallel criminal investigation being conducted by

the United States Attorney's Office (the "USAO") relative to the conduct alleged in the Second

Amended Complaint. Illarramendi has already entered a guilty plea to the criminal charges filed

by the USAO, and the Commission has provided a copy of his transcript to the parties. In

addition, the Court recently docketed Illarramendi's plea agreement with the USAO, and the

Commission will make a copy available to the parties in the instant case. Beyond that, and in

light of the fact that Illarramendi will not be a witness in the Commission's case-in-chief at the

May 23, 2011 hearing, the Commission submits that no further discovery as to Illarramendi is

required.

Accordingly, having failed to make any particularized showing of need for the relief sought, the Commission submits that Highview's request for discovery of its investigative file is unreasonable, without good cause and should be rejected.

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**
By its attorneys,

Rua M. Kelly (Mass. Bar No. 643351)
LeeAnn G. Gaunt (Mass. Bar No. 630557)
Carlos Costa-Rodrigues (NY Reg. No. 2473593)
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110
Telephone: (617) 573-8941 (Kelly direct)
Facsimile: (617) 573-4590
E-mail: kellyru@sec.gov

Local Counsel:

/s/

John B. Hughes (Fed. Bar No. CT 05289)
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, Connecticut 06510
(203) 821-3700
(203) 773-5373

Dated: May 13, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, I electronically filed the Commission's Opposition to Defendant Highview Point Partners' Request for Access to Plaintiff's Investigative File, with the Clerk of the Court, parties of record, and the proposed intervenors, by using the CM/ECF system.


    /s/ Rua M. Kelly
Rua M. Kelly (Mass. Bar No. 643351)

6