IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>Relief Defendants. | Case No. 11-CV-00078-JBA<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT HIGHVIEW POINT PARTNERS, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EXPEDITED DISCOVERY OF PORTIONS OF PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION'S INVESTIGATIVE FILE**

Defendant Highview Point Partners, LLC ("HPP" or "Highview") respectfully submits this memorandum of law in support of its motion for expedited discovery of limited portions of Plaintiff Securities and Exchange Commission's ("SEC" or the "Commission") investigative file regarding Francisco Illarramendi.

In presenting its case in chief for the appointment of a receiver over HPP, the Commission wants to have it both ways. Despite representing to counsel for HPP, and the Court, that it did not intend to call Mr. Illarramendi in support of its case, the SEC has solicited from its

witness hearsay testimony that Mr. Illarramendi "corroborated" the SEC's proof. Yet when counsel for HPP requested limited access to the SEC's investigative file concerning Mr. Illarramendi, the SEC refused. The SEC's selective use of hearsay statements by Mr. Illarramendi and denial of access to documents reflecting other communications by him offends basic notions of fairness and compromises HPP's effort to oppose the SEC's application for appointment of a receiver over HPP. Accordingly, the SEC should be ordered to provide immediate access to any and all documents reflecting any communications with Mr. Illarramendi or his counsel.

During this Court's May 10, 2011 telephone conference, counsel for proposed Intervenors Balanchine Corporation, Brentwood Services Incorporated, and Edenwood Holding, S.A. (collectively "Intervenors") requested expedited discovery of the SEC's investigative file. (Ex. 1, Transcript of Telephone Conference at 23:18-24:7 (May 10, 2011).)[1] Although it was Intervenors who raised the issue, the Court asked the Commission whether it intended to provide the investigative file to the Highview parties: "If you have brought in to this case now through the second amended complaint the four Highview Point entities, do they have the right to inspect the SEC's investigative file?" *Id.* at 25:10-13. Counsel for the Commission responded that it "would produce the investigative file in the ordinary course of discovery whether it's expedited or on the more typical timetable. So, it's not as though we have some sort of resistance to producing it[,]" but explained that it understood the request as one from Intervenors, not parties to the case.[2] *Id.* at 25:14-23. Subsequently, the SEC equivocated, and in response to the Court's

---

[1] All exhibits are attached to the declaration of Carl H. Loewenson, Jr., dated May 24, 2011, which is submitted in support of Defendant HPP's memorandum of law in support of its motion for expedited discovery of portions of Plaintiff SEC's investigative file.

[2] Counsel for the Commission continued: "So, you know, we don't have any objection to producing it to parties to the litigation in the normal course, but it wasn't our intention to produce it imminently." (Ex. 1, Transcript of Telephone Conference at 26:2-5 (May 10, 2011).) Counsel's representation appeared to be an agreement to provide

question about whether the Commission would make the file available if the Court granted Intervenors' motion to intervene, counsel for the Commission stated: "I'm not sure that I can say that, meaning that I'm not sure that I would be able to make it available to him immediately. But I -- we just want to take a look at it before we agree to turn it over." *Id.* at 29:13-22.

In sum, the Commission articulated two objections to providing its investigative file at the May 10 telephone conference: (1) that the request had not come from a party to the case, and (2) that the compressed timetable might make it difficult to produce the file.[3] Mindful of these objections, in a May 11, 2011 telephone call with the Commission staff, HPP requested the investigative file as a Defendant in the action. Counsel followed up by e-mail on May 12, 2011, formalizing the request for "immediate access to the Commission's investigative file in this case," but also narrowing the request in view of the time constraints: "The most urgent need is for any and all documents reflecting any communications with Francisco ('Pancho') Illarramendi or his counsel." (Ex. 2, E-mail from Carl H. Loewenson, Jr., Morrison & Foerster LLP, to Rua Kelly, Securities and Exchange Commission (May 12, 2011).) Counsel for HPP explained the significance of the Commission's communications with Mr. Illarramendi to HPP's preparation for the hearing:

> Mr. Illarramendi is cooperating with the Commission's investigation, and his statements no doubt constitute an important foundation for the allegations in the Second Amended Complaint. Since the allegations in the Complaint against HPP flow entirely from allegations concerning Mr. Illarramendi, and given the arguments made at Tuesday's conference by you and counsel for the Michael Kenwood receiver, our access to this information is obviously critical to our defense of the receivership motion.

---

the file, because in response to proposed Intervenors' counsel's additional argument that the SEC should be automatically willing to hand over its file, the Court noted: "I don't hear the SEC disagreeing with you. What the SEC disagrees with is whether you should be an intervening party." *Id.* at 27:12-18.

[3] The compressed timetable of the SEC's application is entirely of the SEC's own making. HPP has repeatedly and voluntarily submitted to standstills to allow the parties to negotiate a resolution to any differences. The SEC should not be permitted to use its own timetable to deny HPP access to critical discovery.

*Id.*

The SEC did not reach out to counsel to seek agreement or compromise on the issue. Instead, on May 13, 2011, one day after HPP's follow-up email narrowing the request, the Commission filed a brief, opposing a request that had neither been filed with or noticed to the Court.[4]  Commission's Opposition to Defendant Highview Point Partners' Letter Request for Access to Plaintiff's Investigative File (hereinafter "SEC Brief"), May 13, 2011 (Docket No. 205).  In its brief, the SEC argued that HPP's request for expedited discovery was unreasonable because it was neither limited nor reciprocal.  *Id.* at 3.  It took no notice of HPP's narrowed request for communications with Mr. Illarramendi, instead describing the discovery request as one for the Commission's "voluminous investigative file." *Id.*  In addition, the Commission explained that HPP would have no need for the file before the hearing because the SEC had already provided the parties with all of the documents on which it would rely at the hearing and because the Commission would not be calling Mr. Illarramendi as a witness in the hearing.  *Id.* at 3-4.  The SEC explained:  "Where the Commission has already provided the documents that corroborate its claims, and does not intend to call Illarramendi in its case-in-chief, the production of the investigative file is *well beyond what is required to permit Highview to adequately prepare for the preliminary injunction hearing*."  SEC Brief at 4 (emphasis added).

Although the SEC did not call Mr. Illarramendi to testify during the May 23, 2011 hearing, it relied on his statements to put on its case.  Matthew Greenblatt testified that Mr. Illarramendi told Mr. Greenblatt that he falsified two documents that purported to reflect loans between MK Venezuela Fund, Ltd. and Highview Point Master Fund, Ltd. (Hearing Exhibits 7 and 8) and that Mr. Illarramendi corroborated the work Mr. Greenblatt had done on the three sets

---

[4] In a call subsequent to the SEC's filing of its brief, counsel for HPP again requested that the SEC provide documents in response to the narrow request or, at a minimum, provide a representation about what Mr. Illarramendi had disclosed to the SEC about current management.  The SEC never provided a response to this request.

of transactions he studied. In response to objections concerning the admission of these selective hearsay statements by Mr. Illarramendi, counsel for the Commission responded that HPP could call Mr. Illarramendi as its own witness. Shortly after the hearing, HPP served a subpoena on Mr. Illarramendi, requiring his appearance at the continuation of the hearing on May 25.[5]

HPP is entitled to expedited discovery of documents reflecting communications with Mr. Illarramendi or his counsel, which are essential to the fair presentation of HPP's case. Although Rule 26(d) generally provides that discovery may not begin until after a Rule 26(f) conference occurs, the Rule also provides for expedited discovery under limited circumstances, such as by stipulation or court order. Fed. R. Civ. P. 26(d). Here, HPP first attempted to seek the Commission's agreement for discovery of communications with Mr. Illarramendi, but the SEC refused and represented that the documents would not be necessary for HPP's preparation. By introducing into evidence Mr. Illarramendi's selective statements during the preliminary injunction hearing, the Commission has rendered these documents necessary; accordingly, HPP now seeks a court order for them.

Most courts considering requests for expedited discovery apply a flexible standard, assessing "reasonableness" and "good cause."[6] *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)). In assessing reasonableness, courts may consider such factors as whether a preliminary injunction motion is pending, the breadth of the discovery request, the purpose for the expedited discovery, the burden on the party to comply, and how far in advance of the typical discovery process the

---

[5] If, in fact, Mr. Illarramendi does not appear at the hearing or otherwise testify, his unavailability to HPP will heighten the need for HPP to obtain the notes.

[6] Although some case law considers an alternate four-part test for whether to permit expedited discovery, the SEC agrees that "the majority of such cases have applied the 'reasonableness' and 'good cause' test when deciding whether to allow expedited discovery." SEC Brief at 3.

request was made. 6-26 Moore's Federal Practice - Civil § 26.121[2]; *see also Ayyash*, 233 F.R.D at 326 (stating that courts should "examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." (internal citation omitted)). Limited expedited discovery is especially appropriate before a preliminary injunction hearing, as recognized by a court in this District: "It is this Court's ordinary practice to permit limited and reciprocal expedited discovery in connection with preliminary injunction hearings." *Sica v. Connecticut*, 331 F. Supp. 2d 82, 87 (D. Conn. 2004) (permitting limited expedited discovery in advance of preliminary injunction hearing).

Here, the relevant factors weigh strongly in favor of permitting HPP the limited expedited discovery of access to communications with Mr. Illarramendi. The Court and parties are in the midst of a preliminary injunction hearing, thus there is urgency to the request. HPP has narrowed the request to an extremely limited and readily ascertainable set of documents— presumably no more than a file folder's worth. By contrast, the burden on the Commission is minimal. It has already represented to the Court a willingness to provide the investigative file eventually. The only possible burden on the Commission could be the redaction of potential attorney work product from any notes or memoranda reflecting communications with Mr. Illarramendi, but such a limited burden is not a reason to deny the discovery. The SEC's argument that HPP's request is not reciprocal is simply wrong. For over a year, HPP has voluntarily submitted to numerous discovery requests from the Commission—producing over 90,000 documents—and the SEC has noted HPP's cooperation. *See* Defendant Highview Point Partners, LLC's Memorandum of Law In Opposition to the Securities and Exchange Commission's Motion for Appointment of a Receiver (hereinafter "HPP Brief") at 3-4, 6 n.8 and

exhibits cited therein, May 18, 2011 (Docket No. 225).

While the burden on the SEC is minimal, the evidence is crucial to HPP's defense against the SEC's motion to impose a receivership on HPP.  Indeed, it was the SEC that injected Mr. Illarramendi into this evidentiary hearing.  In presenting its case for a receiver, the SEC has put squarely at issue the credibility and integrity of current HPP management, while retaining sole and exclusive control over the notes which bear on the validity of that claim.  In addition, the SEC has selectively introduced hearsay statements from Mr. Illarramendi while denying access to those notes to HPP.  The SEC cannot be permitted to simply cherry pick the statements made to it by Mr. Illarramendi that it regards as favorable and introduce them in evidence, while keeping HPP in the dark regarding any statements that might cast doubt on the SEC's claims or support HPP's defense.  For example, the SEC elicited from its witness, Mr. Greenblatt, selective portions of an interview with Mr. Illarramendi (a single question and answer out of an hour long interview) but has refused to produce the notes that would disclose the balance of the conversation, thereby denying HPP the opportunity to fairly cross-examine the witness.   The interview of Mr. Illarramendi was, by Mr. Greenblatt's own testimony, conducted as part of his preparation as an SEC witness and in order to "corroborate the findings" that the SEC was calling him to the witness stand to present.

Under the terms of his plea agreement, Mr. Illarramendi has cooperation obligations to the SEC.  (Ex. 3, Plea Agreement between Francisco Illarramendi and the United States Attorney's Office for the District of Connecticut at 4 (Mar. 7, 2011).)   Presumably, the Commission has asked Mr. Illarramendi whether Mr. Luth or Mr. Lopez were knowingly involved in his scheme.  Since the SEC has chosen to selectively present Mr. Illarramendi's hearsay statements through another witness, notes of such interviews are critical to HPP's

defense.  Under these circumstances, there is plainly "good cause" to order production of such documents reflecting communications with Mr. Illarramendi.

Appointment of a receiver is a central issue to HPP.  This issue is being decided now, so later production of these materials will be of little use.  If a receiver is appointed, immediate prejudice will flow to HPP.  *See* HPP Brief at 23 n.19.  Where the SEC has placed Mr. Illarramendi's statements squarely at issue, it should be ordered to provide this limited expedited discovery to permit HPP to adequately defend its case.

For the foregoing reasons, HPP respectfully requests that this Court grant its request for immediate access to any and all documents in the SEC's investigative file reflecting any communications with Mr. Illarramendi or his counsel.

Dated:  May 24, 2011

        Respectfully submitted,

        */S/ Carl H. Loewenson, Jr.*
        Carl H. Loewenson, Jr. (ct07774)
        Ronald G. White (phv04692)
        David S. Brown (phv04690)
        Madeleine A. Hensler (phv04691)
        Morrison & Foerster LLP
        1290 Avenue of the Americas
        New York, New York  10104
        Phone:  (212) 468-8000
        Fax:  (212) 468-7900
        Email: cloewenson@mofo.com

        Joseph W. Martini (ct07225)
        Wiggin and Dana LLP
        One Century Tower
        P.O. Box 1832
        New Haven, Connecticut 06508-1832
        Phone:  (203) 498-4400
        Fax:  (203) 782-2889
        Email:  jmartini@wiggin.com

        ATTORNEYS FOR DEFENDANT HIGHVIEW
        POINT PARTNERS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2011, a copy of the foregoing Defendant Highview Point Partners, LLC's Memorandum of Law In Support of Motion for Expedited Discovery of Portions of Plaintiff Securities and Exchange Commission's Investigative File, was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<div style="text-align: right;">

*/S/ Carl H. Loewenson, Jr.*
Carl H. Loewenson, Jr.

</div>