# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

lindi.beaudreault@shearman.com                                         May 24, 2011
1.212.848.8142


<u>Via Email</u> Kevin_Budris@ctd.uscourts.gov; Joshua_Kretman@ctd.uscourts.gov


The Honorable Janet Bond Arterton
Richard C. Lee United States Court House
141 Church Street
New Haven, Connecticut 06510


Re: *SEC v. Illarramendi*, *et. al.*, No. 3:11-cv-00078-JBA (D. Conn.)

Dear Judge Arterton:

      We write to reiterate our urgent request that the Court immediately order the repatriation of foreign assets in the above-referenced matter to protect defrauded investors, including our clients, the PDVSA pension funds. To avoid prejudicing the investors' interests, especially in light of the possibility that a decision on the full range of relief sought by the SEC might be deferred until mid-June, we respectfully ask that the Court grant the SEC's request for a repatriation order at the end of Wednesday's hearing.

      As you know, the SEC recently amended its complaint to allege that Francisco Illarramendi and Highview Point Partners, LLC ("HPP") misappropriated investor money from Highview Point Master Fund Ltd., Highview Point Offshore Fund, Ltd., and Highview Point LP (collectively, the "Highview Point funds"), funneling hundreds of millions of dollars to offshore entities and then transferring money from funds managed by Michael Kenwood Capital Management, LLC (collectively, the "MK funds") to the Highview Point funds in order to hide the losses created by the misappropriation. The SEC's request for court-ordered relief includes a preliminary injunction, an asset freeze, the appointment of a receiver and the repatriation of assets in order to assure the protection and ability to recover assets maintained in offshore bank accounts.

      HPP and the Highview Point funds have broadly contested the relief sought by the SEC, including the sufficiency of the basis for the issuance of a preliminary injunction, the necessity of the appointment of a Receiver and the Court's jurisdiction over the offshore entities. These

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MENLO PARK | MILAN | MUNICH
NEW YORK | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

The Honorable Janet Bond Arterton                                                                                   May 24, 2011
Page 2

issues are being considered at a hearing that commenced on May 23, 2011. During yesterday's proceedings, we learned that at least $99 million of our clients' money was transferred from the MK Strategic Opportunities Fund, in which our clients are believed to be the only investors, to the Highview Point Master Fund, Ltd. We also learned of $94 million dollars being transferred from an MK fund to the Highview Point Master Fund, some portion of which may involve our clients' money. We will not be in a position to know whether additional money traceable to our clients resides in the assets of Highview Point funds or of HPP until the Receiver has completed the accounting.

       The Court has entered agreed orders freezing the assets of HPP and the Highview Point funds and requiring the funds to provide notice prior to commencing litigation in a foreign jurisdiction. For the following reasons, the terms of the agreed orders are patently insufficient to preserve the status quo and protect our clients' assets and claims until such time that the litigation can be decided on the merits:

       *First*, the most significant pool of assets is located in Amsterdam, outside the bounds of the court's jurisdiction over the property. While the financial institution who has received notice of the asset freeze may choose to comply with the terms of the order, such compliance would be only a matter of business courtesy. The current state of affairs leaves compliance with the order a decision of the financial institution.

       *Second*, should liquidation proceedings pertaining to the offshore funds be commenced in the Cayman Islands, a Cayman Islands court could issue a conflicting order asserting control over the same pool of assets. If the assets have been repatriated to the United States, the U.S. location of the property would clearly establish the primacy of this Court's order. However, if assets are left offshore, it would be less clear which court order the financial institution should obey.

       *Third*, while the offshore funds have agreed to refrain from commencing liquidation proceedings without notice, it is our understanding that under Cayman Companies law, any investor or creditor may petition the Cayman court for a winding up order to place the fund in liquidation. It is also our understanding that Cayman Companies Law allows for the immediate appointment of an ex parte provisional liquidator.

       *Fourth*, the Court's repatriation and assertion of *in rem* jurisdiction over the property reduces the likelihood that interested parties will commence additional ancillary proceedings, whose legal costs ultimately are borne by investors.

       *Fifth*, HPP and the Highview Point funds are not cooperating with the SEC or the Receiver and have taken measures to avoid the jurisdiction of the Court. Highview Point

The Honorable Janet Bond Arterton                                         May 24, 2011
Page 3

principals Frank Lopez and Christopher Luth, as well as HPP employee Victor Chong, have refused to be interviewed, and have invoked their Fifth Amendment right against self-incrimination.  HPP filed for Chapter 11 bankruptcy protection in Delaware in an apparent effort to evade the control of this Court, the Receiver and the SEC.  Upon information and belief, HPP principals ceded control over the Highview Point offshore funds to "independent directors" only days before the SEC moved to name the Highview Point funds in its Second Amended Complaint, and only days before the Highview Point funds argued that this Court lacked jurisdiction over them.

   Finally, we note the Court's authority to order the repatriation of foreign assets is well established. *SEC v. Shiv*, 379 F. Supp. 2d 609, 615-18 (S.D.N.Y. 2005) (holding that the court has jurisdiction and the Receiver has standing to trace fraudulently taken funds wherever they have come to rest) (citing *SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80 (2d Cir. 2001); *see generally SEC v. Bankers Alliance Corp.*, Civ. A. No. 9500428 (PLF), 1995 WL 590665, at *10, 19 (D.D.C. May 5, 1995) (holding in contempt foreign defendants who refused to comply with repatriation order); Preliminary Injunction Order, *SEC v. Abellan, et. al.*, No. 08-cv-5502 (W.D. Wash. Sept. 11, 2008), ECF No. 64 (ordering repatriation of foreign assets).  These cases are attached for the Court's convenience.

   For these reasons, we respectfully request that the Court order the repatriation of foreign assets at the conclusion of Wednesday's proceedings in order to preserve the status quo pending resolution of the many complex issues before this Court.

Respectfully submitted,

/s/ Lindi Beaudreault

Lindi Beaudreault

cc:

Adam J. Blank, Wofsey, Rosen, Kweskin & Kuriansky LLP (by email)
Adam J. Reinhart, Arnold & Porter LLP (by email)
Carl H. Loewenson, Jr., Morrison & Foerster LLP (by email)
Christina H. Tsesmelis, Baker & Hostetler LLP (by email)
David S. Brown, Morrison & Foerster LLP (by email)
Dennis O. Cohen, Baker & Hostetler LLP (by email)
Donald S. Zakarin, Pryor & Cashman LLP (by email)
Fernando Koatz, Gleason & Koatz LLP (by email)
Francesca M. Harker, Baker Hostetler LLP (by email)

The Honorable Janet Bond Arterton May 24, 2011
Page 4

Giannina Marin, McAfee & Taft LLP (by email)
Glenn A. Duhl, Siegel, O'Connor, O'Donnell & Beck PC (by email)
Harry S. Davis, Schulte, Roth, and Zabel LLP (by email)
Hope C. Seeley, Santos & Seeley PC (by email)
James S. Needham, Bracewell & Giuliani LLP (by email)
Jimmy Fokas, Baker & Hostetler LLP (by email)
Joel A. Mullin, Stoel Rives LLP (by email)
John B. Hughes, Department of Justice (by email)
John P. Gleason, Gleason & Koatz LLP (by email)
Jonathan B. New, Baker & Hostetler LLP (by email)
Jonathan R. Barr, Baker & Hostetler LLP (by email)
Joseph W. Martini, Wiggin & Dana LLP (by email)
Kathleen Burdette Shields, Securities and Exchange Commission (by email)
Kevin J. O'Connor, Bracewell & Giuliani LLP (by email)
Laurence E. Curran, III, Curran & Associates (by email)
LeeAnn G. Gaunt, U.S. Securities & Exchange Commission (by email)
Louis J. Price, McAfee & Taft LLP (by email)
Madeleine A. Hensler, Morrison & Foerster LLP (by email)
Marc Gottschalk, Proterra, Inc. (by email)
Marc E. Hirschfield, Baker & Hostetler LLP (by email)
Mark A. Shiffrin (by email)
Michael E. Swartz, Schulte, Roth, and Zabel LLP (by email)
Naima J. Garvin, Baker & Hostetler LLP (by email)
Ona Theresa Wang, Baker & Hostetler LLP (by email)
Paul J. Smoot, Law Offices of Paul J. Smoot (by email)
Richard E. Brodsky, The Brodsky Law Firm (by email)
Richard L. Jacobson, Arnold & Porter LLP (by email)
Ronald G. White, Morrison & Foerster LLP (by email)
Rua M Kelly, U.S. Securities and Exchange Commission (by email)
Simon I. Allentuch, Neubert, Pepe, & Monteith PC (by email)
Thomas D. Goldberg, Day Pitney LLP (by email)
Timothy M. Herring, Cummings & Lockwood LLC (by email)
Timothy W. Snider, Stoel Rives LLP (by email)