UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>    v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>          Defendants,<br><br>    and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>          Relief Defendants. | Civil Action No. 11-cv-78 (JBA) |

**[proposed]**
**SUPERSEDING STIPULATION AND TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, AND ORDER FOR OTHER RELIEF AS TO HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD. AND HIGHVIEW POINT LP**

On consent of the plaintiff Securities and Exchange Commission (the "Commission") and the Relief Defendants Highview Point Master Fund, Ltd. ("HP Master Fund"), Highview Point Offshore, Ltd. ("HP Offshore Fund") and Highview Point LP ("HPLP") (together the "Relief

1

Defendants") (collectively, the "Parties" to this Stipulation and Order), and having considered the emergency motion for a temporary restraining order, order freezing assets, and order for other equitable relief filed by the Commission, as well as the Second Amended Complaint, the Commission's memoranda of law and accompanying evidentiary materials, the Parties agree and the Court orders as follows, pending determination of the Commission's motion for a preliminary injunction and other equitable relief, for the period of time up to and including June 15, 2011:

## I.

**IT IS HEREBY ORDERED** that:

    A.    The Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, shall hold and retain funds and other assets of the Relief Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including but not limited to assets held in the accounts identified in the attached Exhibit A, and shall not assist in or facilitate any withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, except as set forth in Paragraph IV below;

    B.    All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including via

facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Relief Defendants or over which the Relief Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and not permit the withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen except as set forth in Paragraph IV below; and,

      C.      The above Paragraphs A and B shall immediately cease to apply to any asset, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States.

## II.

**IT IS HEREBY FURTHER ORDERED** that the Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Defendant Highview Point Partners, LLC or the misconduct described in the Complaint.

III.

**IT IS HEREBY FURTHER ORDERED** that, without the consent of the Commission or further order of the Court, the Relief Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, are hereby restrained from commencing or continuing or procuring or assisting the commencement or continuation of all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings (which for the avoidance of doubt shall include any winding up procedure including voluntary liquidation), arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature (such proceedings are hereinafter referred to as "Ancillary Proceedings").  After the expiration of this Order, unless a preliminary injunction or other Order of this Court extends this prohibition, the Relief Defendants shall not file any Ancillary Proceedings prior to and including June 15, 2011 or without first providing three (3) business days notice to the Plaintiff as to any Ancillary Proceedings to be filed within the United States, or five (5) business days notice as to any Ancillary Proceedings to be filed in a foreign jurisdiction.

IV.

**IT IS HEREBY FURTHER ORDERED** that, without the consent of the Commission or further order of the Court, through June 15, 2011, the Relief Defendants shall not make any expenditure from either entity except for attorney, accounting, auditing and other professional services fees and expenses, and normal and customary expenses to unaffiliated third parties incurred in the ordinary course of business (it being understood that payments authorized under this sentence are not prohibited by anything in Paragraph I above).  It is further understood that

this provision shall not authorize the payment of any distribution to any shareholder of either entity, whether by redemption or otherwise.

## V.

By entering this Stipulation and Order, the Relief Defendants do not generally consent to the jurisdiction of the Court. The Relief Defendants consent to the Court's jurisdiction, only with respect to the entry and enforcement, if any, of this Stipulation and Order. The Relief Defendants fully preserve all other rights, arguments and positions with regard to whether this Court has jurisdiction over them in this action or any other proceeding. The fact that Relief Defendants have consented to this Stipulation and Order may not be used against them in any manner whatsoever, including as a basis for the Court to assert general jurisdiction over the Relief Defendants. This Order is entered into by the Relief Defendants without waiver of objections to personal and subject matter jurisdiction, without service of the Second Amended Complaint, and without waiver of the need for service of a summons and the Second Amended Complaint, and solely for the purposes of this Stipulation and Order.

SO ORDERED:

_____
HON. JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE

Dated: May \_\_\_\_\_, 2011