UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| Plaintiff, ) | Civil Action No. 11-cv-78 (JBA) |
| v. ) | |
| FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, ) | |
| Defendants, ) | |
| and ) | |
| HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, ) | |
| Relief Defendants. ) | |

_____

**[proposed]**
**ORDER GOVERNING PAYMENT OF ATTORNEYS' FEES AND OPERATING EXPENSES FOR HIGHVIEW POINT MASTER FUND, LTD. AND HIGHVIEW POINT OFFSHORE, LTD.**

**IT IS HEREBY ORDERED** that, without the consent of the plaintiff U.S. Securities & Exchange Commission (the "Commission") or further order of the Court, Highview Point Master Fund, Ltd. and Highview Point Offshore, Ltd. (the "Relief Defendants") shall not make any expenditure from either entity <u>except for</u> attorney, accounting, auditing and other professional

services fees and expenses, and normal and customary operating expenses paid to unaffiliated third parties incurred in the ordinary course of business.  It is further understood that this provision shall not authorize the payment of any distribution to any shareholder of either entity, whether by redemption or otherwise.

Moreover, no such expenditure shall be made without five business days' notice to the Commission for the payment of legal fees or seven business days' notice to the Commission for the payment of all other proposed expenditures (the "Notice Period), which notice shall be accompanied by sufficient documentation of such expenditures, along with a certification from counsel for the Relief Defendants that the proposed expenditures have been incurred by the Relief Defendants and are proper under this Court's order.  For the payment of legal fees, counsel to the Relief Defendants shall submit to the Commission billing records that include the title, hourly rate and total time billed for each law firm employee (redacted if necessary to protect a valid privilege).  For the payment of any of the above-described expenses other than legal fees, counsel to the Relief Defendants shall submit to the Commission billing records (redacted if necessary to protect a valid privilege) that include, at a minimum, a brief description of the services provided.

During the Notice Period, the Commission shall review the documentation submitted by the Relief Defendants to determine whether the expenditures are permitted expenses (i.e., attorney's fees and business expenses) under the terms set forth during this Court's June 21, 2011 hearing in this matter.  Such review shall not be deemed an approval by the Commission that such fees and expenses are reasonable, nor is any such approval by the Commission required for payment of the proposed expenditures.  After the Notice Period, the Relief Defendants are

DOC ID-16745379.2

hereby authorized to make the proposed expenditures, absent any objection by the Commission and/or further Order of the Court, as follows. Any objection by the Commission must be expressed in writing to counsel for the Relief Defendants, specifically, to Michael E. Swartz, Esq., Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022. Such notice may be given to counsel by electronic mail to michael.swartz@srz.com. Following the Notice Period, absent any objection by the Commission and/or further Order of the Court to the contrary, counsel for the Relief Defendants shall certify to the applicable financial institution that payment of the proposed expenditure is authorized pursuant to this Order, and as of the date of the certification the Commission did not make any objection to the proposed expenditure within the applicable notice period and the Court did not enter any order preventing payment. Such certification by counsel for the Relief Defendants shall be sufficient authorization for payment of the proposed expenditure by the financial institution, without the consent of the Commission or further order of the Court.

The Commission or the Relief Defendants will bring any dispute that cannot be reasonably resolved regarding the payment of attorneys' fees and operating expenses to the Court, by promptly filing a joint letter setting forth the nature and scope of the parties' dispute.


SO ORDERED:


_____
HON. JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE

Dated: June _____, 2011


DOC ID-16745379.2

3