UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISION,<br>　　　　　　　　　　Plaintiff,<br>v.<br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC AND KENWOOD CAPITAL MANAGEMENT, LLC,<br>　　　　　　　　　　Defendants,<br>and<br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY, AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br>　　　　　　　　　　Relief Defendants. | 11-cv-00078 (JBA)<br><br>ECF CASE<br><br>NOTICE OF MOTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>AUGUST 3, 2011 |

**NOTICE OF REOSTAR ENERGY CORPORATION'S EMERGENCY
MOTION FOR LEAVE TO CONTINUE FEDERAL BANKRUPTCY LEGAL
PROCEEDINGS AGAINST CERTAIN RECEIVERSHIP PARTIES**

**PLEASE TAKE NOTICE** that ReoStar Energy Corporation, ReoStar Gathering, Inc., ReoStar Leasing, Inc., and ReoStar Operating, Inc. (collectively, "ReoStar")[1], by and through their undersigned counsel and co-proponent of ReoStar's Chapter 11 plan of reorganization filed in ReoStar's chapter 11 bankruptcy case in Fort Worth, Texas[2], and under paragraph 24 of this Court's February 3, 2011 Order Appointing Receiver [Docket No. 66], as amended on July 5,

---

[1] The filing of this Notice is intended by ReoStar to constitute and should only be construed as a special and limited appearance before this Court and not an admission to the general jurisdiction of the Court in this action.
[2] *In re ReoStar Energy Corporation, et al.*, Case No. 10-47176-dml-11 (Bankr. N.D. Tex.) (the "Bankruptcy Case").

*ORAL ARGUMENT REQUESTED*

One Century Tower • 265 Church Street • New Haven, Connecticut 06510-7002 • Tel. (203) 786-8300 • Fax (203) 772-2037 • Juris No. 102097

Updike, Kelly & Spellacy, P.C.

2011 [Docket No. 287] (as may be further modified or amended, the "Receivership Order"), hereby present this motion seeking an order granting ReoStar leave to continue a pending adversary proceeding[3] in ReoStar's Bankruptcy Case against each of the following parties:

> BT AND MK ENERGY AND COMMODITIES LLC, MARK ZOUVAS, SCOTT ALLEN, FRANCISCO ILLARRAMENDI, THE MICHAEL KENWOOD GROUP, LLC, MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, MK OIL VENTURES, LLC, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, THOMAS LIONELLI, RONALD PERCIVAL, BANCTRUST & CO., BANCTRUST INTERNATIONAL, INC., CHRISTIAN LOVERA, CESAR JIMENEZ, JOHN CALCE, RAYMOND LEE, AND GREENBERG TRAURIG, LLP, TRITAURIAN CAPITAL, INC., NITON CAPITAL PARTNERS, S.A. AND UNION BANK, N.A. (f/k/a UNION BANK OF CALIFORNIA, N.A.).

**PLEASE TAKE FURTHER NOTICE** that this Motion is made on the grounds that the relief requested is necessary and appropriate because the Receiver already has asserted that the Receiver must have the interests of those above-referenced parties that are subject to the Receivership Order "properly recognized in [ReoStar's] bankruptcy proceeding and corresponding adversary proceeding pending in the Northern District of Texas, Bankruptcy Petition #10-47176 and Adv. Pro. 11-4022-dml [D. Michael Lynn]." See Docket No. 285, p.2 and 8.

**PLEASE TAKE FURTHER NOTICE** that this Motion is requested to be decided on an expedited basis. As further discussed in the attached memorandum of points and authorities, ReoStar's federal bankruptcy court, by order of reference from the Northern District of Texas, has exclusive jurisdiction over all property of ReoStar and their estates, and leave of this Court is appropriate to ensure ReoStar's pending Adversary Proceeding proceeds against all of the above-referenced parties in a prompt manner within the ReoStar bankruptcy case.

---

[3] *ReoStar Energy Corporation, et al. v. BT and MK Energy and Commodities, LLC, et al.*, Adv. No. 11-4022 –dml (Bankr. N.D. Tex.) (the "BTMK Adversary Proceeding").

**PLEASE TAKE FURTHER NOTICE** that ReoStar believes oral argument is appropriate for resolution of this Motion on the merits and so that justice and equity may be done.

Respectfully submitted, August 3, 2011.

/s/ Christopher L. Brigham
Christopher L. Brigha, Esq. (ct12410)
cbrigham@uks.com
Angel Peterson, Esq. (ct27897)
apeterson@uks.com
Updike, Kelly & Spellacy, P.C.
265 Church Street
New Haven, CT 06510
Tel: (203) 786-8300
Fax: (203) 772-2037

/s/ Bruce W. Akerly
Bruce W. Akerly
Texas Bar No. 00953200
bakerly@canteyhanger.com
Stephen L. Tatum
Texas Bar No. 19674500
statum@canteyhanger.com
Arthur A. Stewart
Texas Bar No. 19203500
astewart@canteyhanger.com
**CANTEY HANGER LLP**
1999 Bryan Street, Suite 3330
Dallas, Texas 75201
Telephone: (214) 978-4100
Facsimile: (214) 978-4150

**COUNSEL FOR PLAINTIFFS
REOSTAR ENERGY CORP., ET AL.**

/s/ Stephanie D. Curtis
Stephanie D. Curtis
Texas Bar No. 05286800
scurtis@curtislaw.net
Mark A. Castillo
Texas Bar No. 24027795
mcastillo@curtislaw.net
Jason Katz
Texas Bar No. 24038990
jkatz@curtislaw.newt
**CURTIS | CASTILLO PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709

**COUNSEL FOR CO-PLAN
PROPONENT RUSSCO ENERGY LLC**

Updike, Kelly & Spellacy, P.C. • One Century Tower • 265 Church Street • New Haven, Connecticut 06510-7002 • Tel. (203) 786-8300 • Fax (203) 772-2037 • Juris No. 102097

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISION,<br>                Plaintiff,<br>v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC AND KENWOOD CAPITAL MANAGEMENT, LLC,<br>                Defendants,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY, AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br>                Relief Defendants. | 11-cv-00078 (JBA)<br><br>ECF CASE<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>AUGUST 3, 2011 |

### REOSTAR ENERGY CORPORATION'S EMERGENCY MOTION FOR LEAVE TO CONTINUE FEDERAL BANKRUPTCY LEGAL PROCEEDINGS AGAINST CERTAIN RECEIVERSHIP PARTIES

ReoStar Energy Corporation, ReoStar Gathering, Inc., ReoStar Leasing, Inc., and ReoStar Operating, Inc. (collectively, "ReoStar"),[4] by and through their undersigned counsel and co-proponent of ReoStar's Chapter 11 plan of reorganization filed in ReoStar's chapter 11 bankruptcy case in Fort Worth, Texas[5], and under paragraph 24 of this Court's February 3, 2011 Order Appointing Receiver [Docket No. 66], as amended on July 5, 2011 [Docket No. 287] (as

---

[4] The filing of this motion is intended by ReoStar to constitute and should only be construed as a special and limited appearance before this Court and not an admission to the general jurisdiction of the Court in this action.
[5] *In re ReoStar Energy Corporation, et al.*, Case No. 10-47176-dml-11 (Bankr. N.D. Tex.) (the "Bankruptcy Case").

Updike, Kelly & Spellacy, P.C. • One Century Tower • 265 Church Street • New Haven, Connecticut 06510-7002 • Tel. (203) 786-8300 • Fax (203) 772-2037 • Juris No. 102097

may be further modified or amended, the "Receivership Order"), hereby present this motion seeking an order granting ReoStar leave to continue a pending adversary proceeding[6] in ReoStar's Bankruptcy Case against each of the following parties:

> BT AND MK ENERGY AND COMMODITIES LLC, MARK ZOUVAS, SCOTT ALLEN, FRANCISCO ILLARRAMENDI, THE MICHAEL KENWOOD GROUP, LLC, MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, MK OIL VENTURES, LLC, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, THOMAS LIONELLI, RONALD PERCIVAL, BANCTRUST & CO., BANCTRUST INTERNATIONAL, INC., CHRISTIAN LOVERA, CESAR JIMENEZ, JOHN CALCE, RAYMOND LEE, AND GREENBERG TRAURIG, LLP, TRITAURIAN CAPITAL, INC., NITON CAPITAL PARTNERS, S.A. AND UNION BANK, N.A. (f/k/a UNION BANK OF CALIFORNIA, N.A.).

In support hereof, ReoStar respectfully represents as follows:

**A. ReoStar's Bankruptcy Case**

1. On November 1, 2010 (the "Petition Date"), each of the ReoStar entities (or "Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division before the Honorable D. Michael Lynn, United States Bankruptcy Judge (the "Bankruptcy Court"), commencing their Jointly Administered Chapter 11 Cases (the "Bankruptcy Case").

2. Since the Petition Date, they have continued to operate as Debtors in Possession pursuant to the provisions of sections 1107 and 1108 of the Bankruptcy Code. According to the provisions of the Bankruptcy Code, a debtor in possession shall have all the rights and shall perform all the functions and duties of a trustee serving in a case, including, without limitation, the duties to (a) be accountable for all property received, (b) examine proofs of claim and object to the allowance of any claim that is improper, and (c) make a final report and file a final account

---

[6] *ReoStar Energy Corporation, et al. v. BT and MK Energy and Commodities, LLC, et al.*, Adv. No. 11-4022 –dml (Bankr. N.D. Tex.) (the "BTMK Adversary Proceeding").

Updike, Kelly & Spellacy, P.C. • One Century Tower • 265 Church Street • New Haven, Connecticut 06510-7002 • Tel. (203) 786-8300 • Fax (203) 772-2037 • Juris No. 102097

of the administration of the estate with the court and with the U.S. trustee. 11 U.S.C. § 1107(a). As such, the Debtor is serving in the capacity of a Chapter 11 trustee, as if appointed by order of its Bankruptcy Court.

### B. ReoStar's Adversary Proceeding

3. On February 27, 2011, the Debtors commenced an adversary proceeding against BT AND MK ENERGY AND COMMODITIES LLC ("BTMK") and MARK ZOUVAS "Zouvas"), its former CEO, alleging, inter alia, that BTMK had conspired with Zouvas and knowingly participated in his breach of fiduciary duty to the Debtors by acquiring the Line of Credit for a deep discount and then immediately attempting to foreclose its security interest in the Debtors and affiliates' assets. *See ReoStar Energy Corp. v. BTMK and Zouvas*, Adv. Proc. 11-4022-dml (N.D. Tex. filed February 27, 2011)("BTMK Adversary Action"). The BTMK Adversary Action was amended on June 22, 2011 to add MK Oil, MK Group, MK Capital, as well as former Kenwood related principals Ronald Percival, Thomas Lionelli, and others, alleging that they also knowingly participated in a breach of fiduciary duties owing to ReoStar. *See ReoStar Energy Corp. v. BTMK, et al.*, Adv. Proc. 11-4022-dml (N.D. Tex. filed June 22, 2011).

4. Based on BTMK's improper and inequitable strategy to acquire the Debtors' assets, aided and abetted by the fraudulent actions by other defendants, as more specifically alleged in ReoStar's BTMK Adversary Action, Debtors' seek in its pending BTMK Adversary Action, *inter alia*, a declaratory judgment: (i) recharacterizing all or part of BTMK's alleged secured debt as equity; (ii) equitably subordinating all or part of BTMK's claims; (iii) setting aside BTMK's liens for the benefit of the estate; (iv) awarding damages, either as set off against BTMK's and the other Defendants' claims or for monetary relief in favor of the Debtors for: (a)

breaches of Defendants' fiduciary duties of loyalty and care; (b) aiding and abetting breaches of the Debtors' officers and Board member's fiduciary duties of loyalty and care; (c) fraudulent inducement and conspiracy; (d) knowing participation in the breach of fiduciary duties of others; (e) negligence; and (f) gross negligence; (iv) avoiding fraudulent transfers received by BTMK and Union Bank; (v) avoiding preferential transfers received by BTMK and Union Bank; (vi) disallowing all or part of BTMK's claims; (vii) avoiding all or part of BTMK's liens; (viii) ordering turnover of all avoided transfers; and (ix) awarding all other and necessary relief, including compensatory damages, exemplary or punitive damages, interest, attorneys fees, and costs.

5. The allegations set forth in Plaintiffs' Third Amended Complaint, a true and correct copy of which is attached hereto as Exhibit "A," are fully incorporated herein by this reference to establish the wrongs committed by the BTMK Adversary Action defendants against ReoStar's bankruptcy estates and creditors, as well as the reasons that justice supports leave to finalize the BTMK Adversary Action matters in a prompt fashion before the Bankruptcy Court.

### C. Receivership Proceedings Adding ReoStar's Pending Bankruptcy Defendants

6. Several months after ReoStar's Bankruptcy Petition Date of November 1, 2010, this Court entered its Receivership Order on February 3, 2011. Also, one week after ReoStar amended its complaint in the BTMK Adversary Action on June 22, 2011 to add MK Oil, MK Group, MK Capital, and others, the Receiver filed his Motion to Expand Receivership to include those same three entities so that the Receiver could act on their behalf so that such bankruptcy claims, defenses, causes of action, property rights, and issues may be rightly determined before the Debtors' Bankruptcy Court. Doc. No. 285, p. 8 (Receiver seeks to ensure "the Receivership's interest in BTMK is properly recognized in the ReoStar bankruptcy action and so

the Receiver may properly defend the adversary proceeding on behalf of MK Oil. Otherwise, Reostar and other parties to the Reostar bankruptcy proceeding may have the ability to dispose of Receivership Property without proper consideration for the Recevier's interest in the Reostar Note.").[7]

7. Certain of ReoStar's other adversary defendants are or may be the subject of this receivership action styled *Securities and Exchange Commission v. Francisco Illarramendi and Michael Kenwood Capital Management, LLC*, pending in the United States District Court for the District of Connecticut, Civil Action No. 3:11-cv-00078-JBA (the "Receivership"). For this reason and to the extent any such party is covered by the Receivership, service of this Motion will be made on the Receiver John J. Carney (the "Receiver"), at Baker Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111.[8]

### D. Leave is Appropriate Under the Circumstances

*i.   ReoStar's Bankruptcy Case Preceded the Receivership*

8. As shown above, ReoStar's Bankruptcy Case was filed on November 1, 2010, and the Receivership Order was entered three months later, on February 3, 2011. Accordingly, the BTMK Adversary Action should continue under the longstanding first-filed rule.

9. Moreover, it was the parties' intent that the BTMK Adversary Action be resolved by ReoStar's Bankruptcy Court. By filing this Motion, the ReoStar Debtors are not submitting any of the claims, defenses, causes of action, property rights, or issues referenced in the BTMK

---

[7] On July 8, 2011, in the abundance of caution, ReoStar filed a notice of dismissal as to such defendants so that ReoStar could seek leave of this Court, as it does in this Motion, to add such parties (and all other parties to the extent necessary or appropriate) to the pending BTMK Adversary Action.

[8] Several Michael Kenwood related individuals and entities are implicated in ReoStar's BTMK Adversary Action as well as the Receivership, including Illarramendi, The Michael Kenwood Group, LLC, Michael Kenwood Capital Management, LLC, Michael Kenwood Asset Management, LLC, and MK Oil Ventures, LLC (the "Receivership Parties). There may be other Michael Kenwood related entities involved. As such, ReoStar reserves the right to add additional Michael Kenwood/Receivership Parties to its BTMK Adversary Action as discovery progresses.

Updike, Kelly & Spellacy, P.C. • One Century Tower • 265 Church Street • New Haven, Connecticut 06510-7002 • Tel. (203) 786-8300 • Fax (203) 772-2037 • Juris No. 102097

Adversary Action, or agreeing to submit any parties or estate property, to the jurisdiction of the Connecticut District Court for determination, but, rather, the ReoStar Debtors are filing this Motion so that such claims, defenses, causes of action, property rights, and issues may be determined before the Debtors' Bankruptcy Court.

10. This is in accord with both this Court's Receivership Order (allowing parties to seek leave of the Connecticut District Court to continue legal proceedings that may otherwise be stayed thereby), as well as the Receiver's Motion to Expand Receivership (adding additional parties to the Receivership so that "the Receivership's interest in BTMK is properly recognized in the ReoStar bankruptcy action and so the Receiver may properly defend the adversary proceeding on behalf of MK Oil. Otherwise, Reostar and other parties to the Reostar bankruptcy proceeding may have the ability to dispose of Receivership Property without proper consideration for the Recevier's interest in the Reostar Note."). *See* Receivership Order, Connecticut Doc. No. 66, ¶ 24; and Receiver's Motion to Expand Receivership, Doc. No. 285, p. 2 and 8.

    *ii.*    *Judicial Estoppel Precludes Receiver from Changing Position*

11. Now that the Receiver's Motion to Expand Receivership has been granted based upon the Receiver's position, representations, and arguments (see Order Expanding Receivership, Doc. No. 287), the Receiver is judicially stopped from seeking to prevent the adjudication of Debtors' bankruptcy estates' claims against the Receivership Parties asserting claims or liens in Debtors' Bankruptcy Court. *State of New Hampshire v. State of Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814 (2001) (holding that judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase").

Updike, Kelly & Spellacy, P.C. • One Century Tower • 265 Church Street • New Haven, Connecticut 06510-7002 • Tel. (203) 786-8300 • Fax (203) 772-2037 • Juris No. 102097

*iii.   Only Debtors' Bankruptcy Court has Jurisdiction over Debtors' Property Rights*

12.   The Debtors' Bankruptcy Court, by reference of the Northern District of Texas, has exclusive jurisdiction over all property of the Debtors and their estates. 28 U.S.C. § 1334(e) ("The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate").

13.   The ReoStar Debtors seek only to allow their Bankruptcy Court to adjudicate claims, liens, and encumberances affecting the Debtors' estates and creditors, and affecting the recovery and liquidation of those litigation assets in bankruptcy. *See Gilchrist et al., General Electric Capital Corp., et al.*, 262 F.3d 295 (4th Cir. 2001) (although federal court receivership predated federal bankruptcy filing in different jurisdiction, circuit court concluded that exclusive jurisdiction under section 1334(e) of title 28 and automatic stay of section 362(a) of title 11 must be adhered to in favor of bankruptcy over prior receivership).

14.   ReoStar reserves all rights to request further leave of Court in accordance with law or equity.

## NOTICE/CERTIFICATE OF CONFERENCE

15.   Notice of this Motion is being given to all parties by electronic filing of this Motion.

16.   Counsel for ReoStar has spoken with counsel for the Receiver about the relief requested in the instant Motion. Counsel for the Receiver has indicated that the Receiver opposes the relief requested, notwithstanding the fact that the Receiver already has stated he will take appropriate steps to protect the Receivership's interests within ReoStar's Bankruptcy Case. The matter is submitted to the Court for disposition.

Updike, Kelly & Spellacy, P.C. • One Century Tower • 265 Church Street • New Haven, Connecticut 06510-7002 • Tel. (203) 786-8300 • Fax (203) 772-2037 • Juris No. 102097

17. In light of the nature of the relief requested, ReoStar submits that such notice is good and sufficient, and no other or further notice is necessary or required.

WHEREFORE, ReoStar respectfully requests that the Court enter an order granting the relief requested herein and granting ReoStar such other and further relief as appropriate at law or equity.

Respectfully submitted, August 3, 2011.

/s/ Christopher L. Brigham
Christopher L. Brigha, Esq. (ct12410)
cbrigham@uks.com
Angel Peterson, Esq. (ct27897)
apeterson@uks.com
Updike, Kelly & Spellacy, P.C.
265 Church Street
New Haven, CT 06510
Tel: (203) 786-8300
Fax: (203) 772-2037

| | |
|---|---|
| /s/ Bruce W. Akerly<br>Bruce W. Akerly<br>Texas Bar No. 00953200<br>bakerly@canteyhanger.com<br>Stephen L. Tatum<br>Texas Bar No. 19674500<br>statum@canteyhanger.com<br>Arthur A. Stewart<br>Texas Bar No. 19203500<br>astewart@canteyhanger.com<br>**CANTEY HANGER LLP**<br>1999 Bryan Street, Suite 3330<br>Dallas, Texas 75201<br>Telephone: (214) 978-4100<br>Facsimile: (214) 978-4150<br><br>**COUNSEL FOR PLAINTIFFS**<br>**REOSTAR ENERGY CORP., ET AL.** | /s/ Stephanie D. Curtis<br>Stephanie D. Curtis<br>Texas Bar No. 05286800<br>scurtis@curtislaw.net<br>Mark A. Castillo<br>Texas Bar No. 24027795<br>mcastillo@curtislaw.net<br>Jason Katz<br>Texas Bar No. 24038990<br>jkatz@curtislaw.newt<br>**CURTIS | CASTILLO PC**<br>901 Main Street, Suite 6515<br>Dallas, Texas 75202<br>Telephone: 214.752.2222<br>Facsimile: 214.752.0709<br><br>**COUNSEL FOR CO-PLAN**<br>**PROPONENT RUSSCO ENERGY LLC** |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISION, | § § § | 11-cv-00078 (JBA) |
| Plaintiff, | § § | |
| v. | § § | CERTIFICATE OF SERVICE |
| FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC AND KENWOOD CAPITAL MANAGEMENT, LLC, | § § § § § | |
| Defendants, | § § | |
| and | § § | |
| HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY, AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, | § § § § § § § § | |
| Relief Defendants. | § | AUGUST 3, 2011 |

I hereby certify that, on August 3, 2011, the 1) NOTICE OF REOSTAR ENERGY CORPORATION'S EMERGENCY MOTION FOR LEAVE TO CONTINUE FEDERAL BANKRUPTCY LEGAL PROCEEDINGS AGAINST CERTAIN RECEIVERSHIP PARTIES, 2) Memorandum with Points and Authorities, and 3) Proposed Order Approving Motion were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Dated August 3, 2011                              /s/ Christopher L. Brigham
                                                  Christopher L. Brigham

Updike, Kelly & Spellacy, P.C. • One Century Tower • 265 Church Street • New Haven, Connecticut 06510-7002 • Tel. (203) 786-8300 • Fax (203) 772-2037 • Juris No. 102097