UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO ILLARRAMENDI and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>Relief Defendants. | 11-CV-00078 (JBA) |

## FIRST APPLICATION OF DEBORAH HICKS MIDANEK AS BUSINESS ADVISOR TO THE RECEIVER

Deborah Hicks Midanek respectfully submits this application for the allowance and payment of professional fees for services rendered and expenses incurred in connection with her service as a "business advisor" to the Receiver in this action for the period February 3, 2011 through March 31, 2011 (the "Application Period").

**Pertinent Background Information**

Pursuant to an order ("Business Advisors Order") entered in this action on January 25, 2011, Ms. Midanek, together with Victor Mandel, were appointed "Business Advisors" to the Court. Thereafter, on February 3, 2011, the Court appointed Mr. John J. Carney as Receiver ("Receiver") in connection with certain entities, as enumerated in the order appointing the

1

Receiver, entered on February 3, 2011 (the "Order"), and amended March 1, 2011 (the "Amended Order"). The Order appointing the Receiver provided that the "Receiver shall engage the services of Deborah Hicks Midanek and Victor Mandel, who were previously appointed by this Court as business advisers." (Paragraph 44 of the Order and 57 of the Amended Order). Each of the Order and the Amended Order further provides, among other things, that Ms. Midanek and Mr. Mandel are to be compensated for such services at the rate of $495 per hour and file an application for the payment of such fees and related expenses using the procedures applicable to payment of fees and expenses of receivers appointed in matters commenced by the SEC.

From February 3, 2011 through March 3, 2011, Ms. Midanek provided services to the Receiver similar to those she provided to the Court prior to the appointment of the Receiver. By email dated March 3, 2011, counsel for the Receiver instructed Ms. Midanek to cease all work on this matter and to have no further communications with the Receiver, his counsel, and his other representatives, until she heard further from the Receiver. From the time she received this email, Ms. Midanek has done what the email directed. Her activities have been limited to communication on administrative matters with counsel to the Receiver.

**Services Rendered and Fees and Expenses Sought Through This Application**

All services detailed in the fee application were provided by Deborah Hicks Midanek, President of Solon Group, Inc. Ms. Midanek typically charges and is paid $650 per hour for services comparable to those rendered in this case. Ms. Midanek proposed in this case to lower her hourly rate for her services as Business Advisor in this case first to $495 per hour so that she and the Receiver and Patrick Hannon of the Baker Hostetler firm as counsel to the Receiver as well as Mr. Mandel would be paid at the same hourly rate.

Ms. Midanek spent a total of 104.9 hours rendering services pursuant to the Order and the Amended Order during the Application Period. Attached hereto as Exhibit A is a detailed list of all services rendered by Ms. Midanek during the Application Period for which she seeks

2

compensation, including a description of all services provided and the amount of time spent on each service, on a daily basis. This time generally fell into three of the categories set forth in the SEC Receivership Billing Instructions, specifically 81.8 hours on Asset Analysis and Recovery, 18.3 hours on Case Administration, and 4.8 hours on Corporate Finance Activities. Thus, the total fees sought are $51,925.50 at $495 per hour. The total expenses sought in connection with the rendition of services during the Application Period total $818.50 for a grand total of $52,744.00. Copies of receipts for all out of pocket expenses that Ms. Midanek incurred in connection with this matter are included in Exhibit A.[1] Attached as Exhibit B is a certification in the form consistent with the SEC Billing Guidelines for Receivers.

**Summary of Services Provided**

- Provided background on various matters to Receiver and receiver's counsel;
- Reviewed documents regarding:
    - MK Group assets of various types,
    - MK Group liabilities of various types,
    - Short Term Liquidity Fund Ltd. ("STLF"),
    - MK Venezuela Fund ("MKV"),
    - MK Special Opportunities Fund (MK SOF"),
    - Financial reports for MK Group entities and managed funds,
    - Various personnel of MK Group and affiliates,
    - STLF investments in various funds managed by Cheyne Capital Management,
    - Investments made by various MK entities and related funds in various private equity and other illiquid assets;
- Participated in background interviews with MK Group related parties at MK offices In Stamford:
    - Odo Habeck, MK Group and MK Capital Management CEO, among other roles,

---

[1] Note that some receipts are in the name of Deborah Bailey, which is Ms. Midanek's married name.

3

- - o Michael Colohan, MK Group Controller,
  - o Juan Ferrara, MK Technology LLC,
  - o Rufino Gonzalez, manager of currency related activities for MK entities,
  - o Marisel Fournier, MK Group Administrator,
  - o Various other personnel, then current and former;
- Participated in interviews and status calls with various investors in STLF and other MK managed funds:
  - o Counsel for PDVSA entities
  - o Counsel for Goldenbird/Edenwood
  - o Counsel for and principal of Aspenwood
  - o Counsel for and principal of Ponter
- Participated in review of and planning for various private equity assets held by MK Group and affiliates:
  - o Identified 19 early stage private equity investments and otherwise illiquid holdings,
  - o Reviewed related documentation, liquidity needs, possible recovery strategies,
  - o Participated in discussions with counsel and various members of portfolio company management and MK Group personnel re possible paths to realizing value,
  - o Participated in efforts to negotiate emergency funding for certain portfolio companies,
  - o Review possible ranges of recovery to be realized in various scenarios.
- Participated in calls with the Court held between February 3 and March 3, 2011.

4

**Conclusion**

For all the foregoing reasons, Ms. Midanek respectfully requests that this application be granted in its entirety and assets that the Receiver be directed to pay Ms. Midanek the total sum of $52,744.00 from the assets of the receivership estate.

Dated:  April 12, 2011

Respectfully Submitted,

*[signature]*

Deborah Hicks Midanek