UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.                                                                               CASE NO.:  11-CV-00078 (JBA)

FRANCISCO ILLARRAMENDI, HIGHVIEW
POINT PARTNERS, LLC and MICHAEL
KENWOOD CAPITAL MANAGEMENT, LLC,

        Defendants,

and

HIGHVIEW POINT MASTER FUND, LTD.,
HIGHVIEW POINT OFFSHORE, LTD.,
HIGHVIEW POINT LP, MICHAEL KENWOOD
ASSET MANAGEMENT, LLC, MK ENERGY
AND INFRASTRUCTURE, LLC, and MKEI
SOLAR, LP,

        Relief Defendants.
_____/   SEPTEMBER 12, 2011

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

Ventures Trust Management LLC ("VTM"), a Delaware limited liability company, by and through its undersigned attorneys, hereby moves this Court for an Order permitting it to intervene in the above-captioned civil enforcement action brought by the United States Securities and Exchange Commission ("SEC") and the Receivership which has been created by the Court under its equitable powers as ancillary to the instant enforcement action.

I.      FACTUAL BACKGROUND

On or about January 14, 2011, the SEC commenced the instant action against Francisco Illarramendi ("Illarramendi"), Highview Point Partners, LLC ("Highview"), and Michael

Kenwood Capital Management, LLC ("MK") (collectively herein after referred to as "MK"). On or about January 28, 2011, this Court temporarily froze the assets of MK in connection with the appointment of a Receivership. (The Receiver appointed by this Court on or about February 3, 2011 is hereinafter referred to as the "MK Receiver." The Order appointing the MK Receiver was amended on March 1, 2011, and again on June 22, 2011.)

The Amended Order Appointing Receiver dated June 22, 2011 (hereinafter referred to as the "Amended Order"), in paragraphs 33 and 36, grants an injunction against interference with "Receivership Property," and a stay of litigation involving any Receivership Property. The collective Orders appointing the Receiver generally empower the Receiver to marshal the assets of the Receivership Estate and, then, to take such action as is appropriate to protect the Receivership Estate and to liquidate as the Receiver deems necessary and appropriate.

Specifically, paragraph 42 of the Amended Order contains the following provision:

> 42.   The Receiver may, without further Order of this Court, transfer, monetize, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate. With respect to any asset having a value in excess of $1 million, the Receiver shall consult with one of the Business Advisors and consider his or her opinion with respect to said transaction.

A.   **VTM Files a Civil Action in Hillsborough County, Florida, Against NuScale Power, Inc.**

On or about August 12, 2011, VTM filed a Complaint for Declaratory Judgment, Injunctive Relief, and monetary damages against NuScale Power, Inc. ("NuScale"), an Oregon corporation. The gravamen of that Complaint was alleged defamation by the NuScale President and CEO Paul Lorenzini, Ph.D. ("Dr. Lorenzini") which deprived VTM of any opportunity to purchase the securities of NuScale held by MK.

VTM's allegations include the publishing of the defamatory comments by Dr. Lorenzini to the NuScale board of directors, to representatives of the Oregon State University, and to the MK Receiver where such defamatory comments were made expressly to injure the business reputation of VTM and its officers, directors, and agents, and to tortiously interfere with the VTM efforts to purchase NuScale.  The efforts by Dr. Lorenzini and NuScale were successful to the extent that, upon information and belief, VTM presented to Dr. Lorenzini and NuScale the highest offer to purchase NuScale; yet, NuScale and Dr. Lorenzini refused any further dealings with VTM based upon the false, malicious, and defamatory information propagated by Dr. Lorenzini.  A copy of the Hillsborough County, Florida, Complaint is appended hereto as Exhibit 1.

### B. The MK Receiver's Counsel Notifies VTM That Said Receiver Views NuScale as Receivership Property

On or about Thursday, August 18, 2011, VTM's Florida counsel received an e-mail from the MK Receiver's counsel which included an attachment of the Amended Order.  In that e-mail, the MK Receiver's counsel demanded that VTM dismiss its Complaint against NuScale because the MK Receiver viewed NuScale as a part of the Receivership Property, protected by injunctive prohibitions against interference and the stay provisions contained within paragraphs 33 and 36 of the Amended Order.

Upon receipt of the e-mail notification from the MK Receiver's counsel, VTM drafted and is preparing to file its Motion for Issuance of Order Modifying Style, Notice of Adding and Dropping Parties, Notice of Voluntary Dismissal Without Prejudice, and Notice of Filing Amended Complaint for Declaratory and Injunctive Relief and Monetary Damages (the "VTM Motion").  A copy of the VTM Motion is appended hereto as Exhibit 2.  Additionally, the

Complaint in the Hillsborough County, Florida, action was amended consistent with the above-referenced VTM Motion to drop NuScale as a party, dismissing it without prejudice, to remove it from the style of the Complaint, and to proceed individually against Dr. Lorenzini who committed the tortious actions as described in the original Complaint and in the Amended Complaint. A copy of the Amended Complaint is appended hereto as Exhibit 3.

## II.   ARGUMENT AND RELIEF REQUESTED

VTM should be allowed to intervene pursuant to Fed. R. Civ. P. 24(a)(2), as a matter of right, or under Fed. R. Civ. P. 24(b), to seek orders (i) authorizing it to continue litigation against NuScale, and (ii) amending the sale procedures of the Receivership's equity interest in NuScale.

Fed. R. Civ. P. 24(a)(2) provides that upon timely motion, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Here, VTM should be allowed to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). First, the motion to intervene is timely. While there is no precise definition of timeliness, courts will consider "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994). VTM filed this motion to intervene shortly after it was informed by MK

Receiver's counsel that it claims that NuScale is part of the Receivership Property and protected by the injunctive prohibitions in the Amended Order.  Further, VTM brings this motion shortly after being informed that its offer to buy NuScale was being rejected.  VTM is unaware of any prejudice to any parties in the timing of the instant motion.  By contrast, VTM will be significantly prejudiced if it cannot intervene to be heard on the relief it seeks in connection with this Court's prior orders governing the Receivership.

Moreover, VTM claims an interest in the property or transaction that is the subject of the Receivership proceeding such that the disposition of this action without VTM's participation will impair or impede VTM's ability to protect its interest.  In paragraph 36 of the Amended Order, all civil legal proceedings involving any Receivership Property are stayed.  However, the stay is in effect "…until further Order of this Court…"  VTM contends that Dr. Lorenzini has caused it damage in that it has been absolutely precluded from proceeding against NuScale by virtue of the Amended Order.  The defamatory and tortious conduct has, effectively, deprived VTM of any reasonable opportunity to make a competitive "bid" or offer to purchase the equity interests in NuScale.  VTM understood and continues to understand that the acceptance of an offer to purchase NuScale securities, although under the jurisdiction of the MK Receiver, has been basically "placed in the hands" of the NuScale President and CEO Dr. Lorenzini.  Thus, VTM believes that it has suffered a civil wrong but has no effective civil remedy without this Court permitting intervention.

Finally, VTM is unaware of any parties that can adequately represent its interests in this action.  VTM is uniquely situated in light of its lucrative offer to buy NuScale and the harm it alone has suffered from Dr. Lorenzini's defamatory and tortious conduct, which has,

effectively, deprived VTM of any reasonable opportunity to make a competitive bid for NuScale.

Alternatively, VTM should be allowed to permissively intervene under Fed. R. Civ. P. 24(b). Rule 24(b) provides that, upon timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." "Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims." SEC v. Everest Management Corp., 475 F.2d 1236, 1240 (2d Cir. 1972). VTM easily satisfies this requirement since it seeks to intervene for the purpose of obtaining relief from and/or modification to orders entered by this Court governing the Receivership.

First, VTM asks this Court to permit intervention by VTM by entering an Order granting relief to VTM from the Amended Order, permitting VTM to proceed with the original action against NuScale filed in state court in Hillsborough County, Florida. See, Exhibit 1, appended hereto. Alternatively, VTM asks this Court to permit intervention by VTM by entering an Order granting to VTM the opportunity to file the equivalent of the original Complaint (see, Exhibit 1) in the instant action.

Finally, VTM understands both from the Amended Order, as well as from information provided to it, that the MK Receiver has the authority to sell or liquidate corporate assets subject to the provisions in the Amended Order. To the extent that VTM either individually or collectively through designees and/or assignees has made/is prepared to make the highest and most lucrative offer to purchase the equity interests in NuScale, VTM believes that it will effectively be precluded from participating in the process because of the actions of NuScale

and, more specifically, Dr. Lorenzini. Thus, VTM respectfully requests that this Court enter an Order granting partial relief from its Amended Order, and require the MK Receiver to notify the Court prior to any sale or liquidation of the equity interests in NuScale. VTM requests that this Court require the MK Receiver to petition the Court for the sale of the NuScale assets, together with whatever recommendation, justification, rationale, etc., which the MK Receiver deems appropriate. In the requested Order, VTM asks that this Court then require a hearing before the Court on any such petition or recommendation to sell or liquidate NuScale securities, providing VTM with an opportunity to fully participate in said hearing to advance its bid or offer and provide such evidence and information as this Court deems fair, just, and reasonable. Finally, VTM asks this Court to reserve and assert jurisdiction over the sale of NuScale as an exception to the Amended Order, providing that only this Court by further Order can effectuate the sale or liquidation of the equity interests in NuScale. Such relief would be consistent with the procedures employed in the analogous context of the sale of estate assets in a bankruptcy case, pursuant to which parties in interest, such as VTM, are given notice of such sales and an opportunity to be heard. <u>See</u>, <u>e.g.</u>, 11 U.S.C. § 363(b); Fed. R. Bankr. P. 6004.

### III.   <u>CONCLUSION</u>

WHEREFORE, VTM respectfully requests that this Court enter an Order permitting VTM to continue with the litigation against NuScale in state court in Hillsborough County, Florida, styled *Ventures Trust Management LLC v. NuScale Power, Inc.*, Case No.: 11-CA-10094, as an exception to the prohibitions against interfering with Receivership Property and the stay provisions contained within the Amended Order; alternatively, VTM respectfully

requests that this Court enter an Order permitting VTM to file an adversary proceeding in this Court containing requests for relief similar to those which had been filed in the state court in Hillsborough County, Florida.  Also and finally, VTM respectfully requests that this Court enter an Order requiring the MK Receiver to notify VTM of any proposed sale or liquidation of NuScale securities, and providing an opportunity for VTM to participate in a hearing before the Court such that VTM might submit its own offer to purchase the NuScale equity with the Court reserving jurisdiction over any proposed sale of the NuScale securities.  VTM also seeks such other and further relief as this Court deems just and proper under the circumstances.

        VENTURES TRUST MANAGEMENT LLC

        /s/ Julie A. Manning
        Julie A. Manning, Esq. (ct 03255)
        Eric S. Goldstein, Esq. (ct 27195)
        Shipman & Goodwin LLP
        One Constitution Plaza
        Hartford, CT 06103
        Phone:  (860) 251-5000
        Fax:     (860) 251-5218
        Email:  jmanning@goodwin.com
        Email:  egoldstein@goodwin.com
        (Local Counsel)

        - and -

        John R. Kiefner, Jr., Esq.[1]
        Florida Bar Number: 0137703
        KIEFNER LAW OFFICES, P.A.
        146 2nd Street North, Suite 300
        St. Petersburg, FL   33701
        Phone:  (727) 894-8000
        Fax:     (727) 894-8002
        E-Mail: jkiefner@kiefnerlaw.com
        (Lead Counsel)

---

[1] Counsel will be filing a pro hac vice motion for Attorney Kiefner shortly.

## CERTIFICATE OF SERVICE

     I hereby certify that on September 12, 2011, a copy of the foregoing was filed electronically [and served by United States mail, postage prepaid, on anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by United States mail, postage prepaid, to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system. In addition, I hereby certify that on September 12, 2011, a copy of the foregoing was served by United States mail, postage prepaid, to NuScale Power, Inc., 6650 W. Redwood Lane, Suite 210, Portland, OR 97224.

                                                /s/ Julie A. Manning
                                                Julie A. Manning, Esq. (ct 03255)
                                                Shipman & Goodwin LLP