# EXHIBIT E

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

**VIA E-MAIL**

March 8, 2011

Ona T. Wang
direct dial: 212.589.4254
OWang@bakerlaw.com

Hamish de Run
MK Energy + Infrastructure LLP
Castle House
75-76 Wells Street
London, W1T 3QH

Re:   Amended Order Appointing Receiver & Asset Freeze: <u>SEC v. Illarramendi,
Michael Kenwood Capital Management, LLC et al.</u>, C.A. No. 3:11-cv-00078
(JBA)

Dear Mr. de Run:

Please be advised that the law firm of Baker & Hostetler LLP represents John J. Carney, Esq. in his capacity as Receiver of The Michael Kenwood Group, LLC, Michael Kenwood Capital Management, LLC; Michael Kenwood Asset Management, LLC; MK Energy and Infrastructure, LLC; MKEI Solar, LP; MK Automotive, LLC; MK Technology, LLC; Michael Kenwood Consulting, LLC; MK International Advisory Services, LLC; MKG-Atlantic Investment, LLC; Michael Kenwood Nuclear Energy, LLC; MyTcart, LLC; TUOL, LLC; MKCM Merger Sub, LLC; MK Special Opportunity Fund; MK Venezuela, Ltd.; Short Term Liquidity Fund, I, Ltd. (collectively, the "Receivership Entities"). **You may have previously received a similar letter attaching an order dated February 3, 2011, that concerns some but not all of the Receivership Entities. Please be advised that this letter and its attached orders supersede any previous letter you may have received.**

On March 1, 2011, the United States District Court for the District of Connecticut (the "Court") entered an amended order (the "Receiver Order") appointing John J. Carney, Esq. of Baker & Hostetler LLP to serve as receiver in connection with the above-referenced litigation (the "Receiver"), and appointing Baker & Hostetler LLP as counsel to the Receiver. A copy of the Receiver Order is attached as Exhibit A. As defined therein, the Receivership Estate includes among other things, "all assets under the direct or indirect control" of the Receivership Entities.

MK Energy + Infrastructure, LLP
March 8, 2011
Page 2

In addition to the Receiver Order, please find attached the "Temporary Order Freezing Assets", entered January 28, 2011, and the "Modified Temporary Order Freezing Assets", entered on February 2, 2011 (collectively the "Orders"). Please review each of the Orders in their entireties. This letter serves as notice of the Orders and all the terms and conditions set forth in each. **It has come to our attention that you may hold assets of the Receivership Estate that must be preserved according to the attached orders.**

Under the Receiver Order, the Receiver "shall have all powers, authorities, rights and privileges (including the attorney-client privilege and work product protection) heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66." *See* Exhibit A ¶ 4.

Also as per the Receiver Order, the "Receiver is authorized to take possession, custody and control of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants. All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver at the Receiver's request." *See* Exhibit A ¶ 13.

You are hereby directed to "**Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds or accounts in the name of or for the benefit of the Receivership Defendant** [Entities] **except as approved by the Receiver[.]**" *See id.* ¶ 15 (emphasis added). In addition, Paragraph 15 of the Receivership Order requires all persons or entities which hold assets or funds of the Receivership Estate to serve on the Receiver "within five (5) business days of receipt of th[is] notice...a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of notice." Please provide this certified statement to the undersigned. **If you have previously provided such a statement to the Receiver and such statement remains unchanged in light of the March 1, 2011 Receiver Order, please so confirm to the undersigned.**

You also are further instructed to comply with all the terms set forth in the attached Orders and to refrain from engaging in or permitting any transfer or dispositions of funds and other assets of the Receivership Estate except as directed by the Receiver. Your failure to abide by the Orders may subject you to a finding of contempt.

Please note that the Receiver's investigation is continuing and the Receiver reserves all rights to amend or supplement the positions taken hereunder.

MK Energy + Infrastructure, LLP
March 8, 2011
Page 3

      Please contact me or my partner, Jimmy Fokas, at 212-589-4272 or jfokas@bakerlaw.com as soon as possible to discuss compliance with this letter.

Sincerely,

Ona T. Wang
Jimmy Fokas