UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | : | |
| COMMISSION, | : | CIVIL ACTION |
| | : | NO.  3:11-CV-00078 (JBA) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| FRANCISCO ILLARRAMENDI, | : | |
| MICHAEL KENWOOD CAPITAL | : | |
| MANAGEMENT, LLC, *et al*., | : | |
| | : | SEPTEMBER 16, 2011 |
| Defendants. | : | |

**MOVANT RUFINO GONZALEZ-MIRANDA'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO QUASH SUBPOENAS**

**INTRODUCTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Movant Rufino Gonzalez-

Miranda respectfully moves for an Order quashing subpoenas served upon non-parties

CitiMortgage Inc. ("Citi") and American Express Company ("Amex") (collectively "the

Subpoenas") by the Court Appointed Receiver.  *See* **Exhibits A and B**.  These subpoenas seek

personal financial information from Mr. Gonzalez-Miranda's accounts which are wholly

unrelated to the Receiver's investigation.  As a result, Mr. Gonzalez-Miranda's privacy

interests in this information substantially outweigh any purported interests of the Receiver.

Moreover, the extreme breadth and limitless scope of the information sought from Mr.

Gonzalez-Miranda are such that the subpoenas are abusive and constitute an undue invasion of

privacy upon him, a movant in this action.[1]  Although the Receiver has broad authority over the Receivership Estate, that authority is not unlimited. While the Receiver's mission is to recover estate assets, a legitimate tracing analysis would start with the funds leaving the accounts of entities now in receivership, and determine where those funds were transferred. Here, however, the Receiver has selected a non-party and, without any factual basis whatsoever, invoked the authority of the court to examine private credit card transactions and mortgage payments. This information, if produced, is not reasonably calculated to trace assets; it can only be calculated to cause undue embarrassment.  Moreover, document requests to the financial institutions demanding their "due diligence" and "referral" documents have already interfered with at least one existing banking relationship.[2]

## RELEVANT FACTS

Mr. Gonzalez-Miranda was an employee of Defendant Michael Kenwood Consulting. He is neither a party to this action nor the underlying criminal action against Defendant Francisco Illarramendi.  He is, unfortunately, Mr. Illaramendi's brother in law.

On February 3, 2011, the Court appointed John J. Carney, Esq. of Baker & Hostetler LLP as Receiver for the Receivership Estate in this action.  Pursuant to this Court's Order, the Receiver's duties include, *inter alia*, "A. To use reasonable efforts to determine the nature,

---

[1]  It should be noted that Mr. Gonzalez-Miranda has been very cooperative in assisting the Receivership Estate.  Mr. Gonzalez-Miranda consented to more than 15 hours of interviews conducted by Receiver's counsel in the early stages of the Receiver's investigation and then, prior to any action by the Receiver, Mr. Gonzalez-Miranda caused an offshore corporation to turn over $3.2 million to the Receivership Estate which constitute funds to which that offshore company has a claim.

[2]  The inclusion of demands for information relating to "due diligence reports" of financial institutions and "suspicious activity reports" or criminal referral information from financial institutions demonstrate the bad faith of the Receiver. These serve no legitimate purpose; they are calculated to cause the financial institutions to look askance at their customer. Indeed, one of the subpoenaed banks, Citi, has already, as a result of this subpoena, instituted a compliance investigation into its relationship with Mr. Rufino-Gonzalez, and has sent him a series of inquiries on the source of his funds.

HJP/O0230/1001/1047210v1
09/16/11-HRT/DJP

location and value of all property interests of the Receivership Estate. . . ." *See* Docket Nos. 66 at ¶5.A., 118 at ¶7.A., and 279 at ¶14.A.

The Receiver served nearly identical Subpoenas upon Citi and Amex, which are both dated August 18, 2011, and request information and documents on the "Account Holder Rufino Ganzalez [*sic*]-Miranda." *See* Exhibits A and B.  The Subpoenas each call for the production of sixteen (16) categories of documents on Mr. Gonzalez-Miranda's accounts with the respective financial institutions, each without any limitation as to their breadth and scope. These categories include, *inter alia*, as follows:

- Electronic files and/or online access for any . . .  account(s) maintained by or for the benefit of Gonzalez-Miranda, or any . . . account(s) for which Gonzalez-Miranda had signing authority;

- Any and all monthly account statements, including payment history and source of payment . . . .

- Any and all account opening documents submitted. . . .

- Any and all account closing documents. . . .

- All documents relating to . . .  pre-account opening due diligence (whether by itself for through third parties). . . .

- Any and all wire transfer records for any . . . account(s)

- Any and all documents identifying any connected or related bank accounts . . . .

*See* Exhibits A and B at 4-5.  Nowhere in any of the categories outlined in the subpoenas are the requests limited to any particular time frame or to any type of transaction.  Indeed, the requests essentially call for each and every document and piece of information that the respective financial institutions may have with respect to Mr. Gonzalez-Miranda and his accounts.

HJP/O0230/1001/1047210v1
 09/16/11-HRT/DJP

The Subpoenas further request information that is "referring or relating to any referrals or reports" made by the financial institutions on Mr. Gonzalez-Miranda's accounts "to law enforcement, regulators, or self-regulatory organizations" including "any decisions not to make a referral", *i.e.*, Suspicious Activity Reports.

In an attempt to avoid the expense associated with motion practice, counsel for Mr. Gonzalez-Miranda had contacted the Receiver to suggest limiting the requests to areas in which the Receivership Estate may have an interest, including the source of funds for Mr. Gonzalez-Miranda's mortgage and credit card payments, notwithstanding the fact that such information would still be irrelevant to this action.  The Receiver refused to limit the requests in any way.  Accordingly, Mr. Gonzalez-Miranda is compelled to seek relief from this Court to protect the disclosure of his personal and private financial documents and to prevent further improper interference with his relationships with financial institutions.

## ARGUMENT

## I.    THE RELEVANT STANDARD FOR DISCLOSURE UNDER RULE 45

The Federal Rules of Civil Procedure permit broad discovery, however, the right of the requesting party to obtain discovery is not unlimited.  Discovery requests must be "nonprivileged matter . . . that is relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "Indeed, a 'trial court has a duty . . . to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense. . . [The court's] discretion to limit discovery is necessarily broad."  *Doglow v. Anderson*, 53 F.R.D. 661, 664 (E.D.N.Y. 1971).

HJP/O0230/1001/1047210v1
09/16/11-HRT/DJP

Rule 45(c)(3) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  A party has standing to object to a subpoena issued to a third party when the movant has alleged some personal privacy right or privilege to the documents sought.  *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *see also Palumbo v. Shuman*, 1998 WL 720668 *1 (S.D.N.Y. October 13, 1998); *Chemical Bank v. Dana*, 149 F.R.D. 11, 13 (D. Conn. 1993).  Such standing exists when the movant's banking or other financial records are being sought by the subpoenaed party.  *See, Catskill Development, L.L.C. v. Park Place Entertainment Corp.* 206 F.R.D. 78, 93 (S.D.N.Y. 2002) ("A party whose banking records are subpoenaed has standing to oppose the subpoena.").

Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *See Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *see also United States v. International Bus. Mach. Corp.,* 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

In particular, Courts in this Circuit have refused to allow discovery when, as in here, the requesting party is seeking the broad disclosure of financial information. *See, e.g., Catskill Development, L.L.C., supra*, at *93 (quashing subpoena for banking records when requesting party has shown no legitimate need for the information or any good faith basis for extending discovery to such records, thereby deeming such a request as "nothing more than a

HJP/O0230/1001/1047210v1
09/16/11-HRT/DJP

fishing expedition"); *see, also Chemical Bank, supra*, at *13-14 (D. Conn. 1993)(finding that the right to obtain relevant discovery regarding movant's business or personal interests is outweighed by the privacy interests in the documents); *Harris v. Wells*, 137 F.R.D. 206 (D. Conn. 1991)(limiting the discovery on a nonparty bank to those documents that relate only to the questioned transactions, and not extending to all information on the movant's bank accounts).

**II.     THE RECEIVER'S SUBPOENAS REQUEST PERSONAL AND PRIVATE INFORMATION THAT IS IRRELEVANT TO THIS MATTER AND, AS SUCH, HIS INTEREST IN OBTAINING IT IS SEVERELY OUTWEIGHED BY MR. GONZALEZ-MIRANDA'S PRIVACY INTERESTS**

There is a legion of authority in this Circuit for the principle that an individual's privacy interests extend to his financial information.  *See, e.g.*, *Catskill Development, L.L.C., supra*, at *93; *Palumbo v. Shulan,* 1998 WL 720668, *1 (S.D.N.Y. October 13, 1998) (finding that the movant has a personal privacy interest in their financial documentation); *Sullivan v. U.S. Postal Service*, 944 F. Supp. 191 195 (W.D.N.Y. 1996) *citing Eisenbud v. Suffolk County,* 841 F.2d 42, 45 (2d Cir. 1988) (noting that this Circuit recognizes the right to privacy for financial information).  Accordingly, Mr. Gonzalez-Miranda has a compelling privacy interest in the personal financial information that is being sought.  When the movant's privacy interests outweigh those interests of the party seeking discovery, the subpoena requesting such personal information should be quashed.  *See Chemical Bank, supra,* at *13-14.

As noted, pursuant to the Court's Order, the Receiver is to use reasonable efforts to "determine the nature, location and value of the Receivership Estate's property interests."  To that end, the Receiver has been tasked to trace the assets that have left the Receivership

6

Estate's accounts.  However, through the Subpoenas, the Receiver has requested, without

absolutely any limitation, any and all information on Mr. Gonzalez-Miranda's accounts at these

financial institutions, including any and all transactions from these accounts, without having

established that any of the Receivership Estate's interests can be traced to these accounts or to

Mr. Gonzalez-Miranda at all.  Indeed, the disclosure of these documents by Citi and Amex

will unequivocally result in the disclosure of personal information and countless transactions

conducted by Mr. Gonzalez-Miranda with absolutely no relevance to this matter.  The

Receiver's intrusion upon Mr. Gonzalez-Miranda has even included requests for Suspicious

Activity Reports on his accounts, the disclosure of which, if any exists, would be prohibited by

statute.  *See* 31 U.S.C. § 5318(g).

The Receiver's unsubstantiated "interest" in receiving this personal financial

information is wholly outweighed by the tangible recognized interest that Mr. Gonzalez-

Miranda has in their privacy.  A subpoena which seeks the production of such irrelevant

information, even when there may be some tangential relevance, should not be enforced.  *See,*

*e.g., Eisemann v. Greene,* 1998 WL 164821, *2 (S.D.N.Y. April 8, 1998)(quashing a

subpoena when the information sought has "doubtful and tangential relevance, at best").

### III.  THE BREADTH AND SCOPE OF THE SUBPOENAS WITHOUT ANY LIMITATION ARE UNDULY BROAD AND, AS SUCH, UNNECCESSARILY INTRUSIVE AND ABUSIVE TOWARDS MR. GONZALEZ-MIRANDA

The extreme breadth and scope of the Subpoenas are such that they can only be

construed as improper and abusive towards Mr. Gonzalez-Miranda.  As noted, the Subpoenas

fail to provide any limitations on production, but rather indiscriminately request each and every

document that Amex and Citi may have with respect to Mr. Gonzalez-Miranda.  The Receiver

HJP/O0230/1001/1047210v1
09/16/11-HRT/DJP

purports to categorize its requests to these financial institutions, however, the scope of these categories, which requests "all" or "any and all" documents therein, when considered *in toto*, constitute nothing more than a blanket request for every document that these institutions maintain that may have something to do with Mr. Gonzalez-Miranda.

Such general requests are patently objectionable and are inapposite with the very purpose of discovery, which is not to discover what exists but to force the production of items that do exist. *See Amhert Leasing Corp. v. Emhart Corp.,* 65 F.R.D. 121, 126 (D. Conn. 1974) ("It is the duty of the Court to keep the inquiry within reasonable bounds and to restrict questions to those having substantial relevancy to a sensible investigation."). Indeed, "production [should] not be ordered merely to serve the convenience of counsel, or as reassurance that counsel has overlooked nothing, or on a mere hope that the documents sought may be useful to the [requesting] party." *See Flickinger v. Aetna Casualty & Surety Co.,* 37 F.R.D. 533, 535 (W.D. Pa. 1965). Such abusive requests are precisely the type of discovery that a motion to quash is intended to prevent. *See Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1991)(order denying discovery is justified in preventing the abuse of the liberal discovery rules in federal court).

HJP/O0230/1001/1047210v1
 09/16/11-HRT/DJP

## CONCLUSION

For the foregoing reasons, Movant Rufino Gonzalez-Miranda respectfully requests that

his Motion to Quash Subpoenas be granted.

Respectfully submitted,
MOVANT,
RUFINO GONZALEZ-MIRANDA


By:        /s/ Harold James Pickerstein
Harold James Pickerstein (ct05094)
Calvin K. Woo (ct24497)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
30 Jelliff Lane
Southport, CT 06890
Tel.:   (203) 319-4000
Fax:   (203) 259-0251
Email: hpickerstein@mdmc-law.com

-and-

Alan S. Fine
Alan S. Fine, P.A.
255 Alahambra Circle, Suite 850
Coral Gables, FL  33134
Email: afine@fine-law.com
Of Counsel

His Attorneys

HJP/O0230/1001/1047210v1
 09/16/11-HRT/DJP

## CERTIFICATE OF SERVICE

I, Harold James Pickerstein, hereby certify that on September 16, 2011, a copy of the foregoing Movant Rufino Gonzalez-Miranda's Motion To Quash Subpoenas was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


        /s/ Harold James Pickerstein
        Harold James Pickerstein

HJP/O0230/1001/1047210v1
 09/16/11-HRT/DJP