# EXHIBIT A

Case 3:11-cv-00078-JBA   Document 344-1   Filed 09/16/11   Page 2 of 8

ge 1 of 12 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information

C P

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Securities & Exchange Commission | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:11 CV 00078 (JBA) |
| Francisco Illarramendi, Michael Kenwood Capital Management, LLC, et. al | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) District of Connecticut ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CitiMortgage, Inc.      Corporation Trust Center      Wilmington, DE 19801
    c/o The Corporation Trust Company   1209 Orange Street

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All documents described in Exhibit A of this subpoena.

| Place: Baker & Hostetler LLP Attn: Kendall Wangsgard, Esq. | Date and Time: |
|---|---|
| 45 Rockefeller Plaza | 09/19/2011 11:00 am |
| New York, NY 10111 | |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/18/2011

*CLERK OF COURT*

OR  _____
    *Attorney's signature*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Receiver - John J. Carney, Esq._____, who issues or requests this subpoena, are:

Ona T. Wang, Esq. - Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111
Phone # 212-589-4200, Fax # 212-589-4201, Email address: owang@bakerlaw.com
Primary contact: Kendall Wangsgard, Esq. (kwangsgard@bakerlaw.com)

| Account Holder | Account Number |
|---|---|
| Rufino Gonzalez-Miranda | 11▒ |

5. The terms "document" and/or "documents" are used in their broadest sense, and mean, without limitation, all written, printed, typed, electronic, and/or other graphic material in your possession, custody or control, whether or not prepared by you, and include, but are not limited to correspondence, memoranda, handwritten notes, messages, telegrams, web-based, server-based, or dial-up electronic mail ("e-mail"), draft and deleted e-mail messages, text messages, acceptances, advice, advances, affidavits, affirmations, agreements, amendments, analyses, applications, appointments, appraisals, articles, assessments, assignments, audits, balance sheets, bills, binders, bonds, books, books of account, brochures, budgets, calendars, certificates or other evidence of deposits, interest, ownership, or participation, indebtedness of obligation, certifications, charges, charts, checks, circulars, claims, comments, compilations, complaints, confirmations, contracts, conveyances, covenants, credit, debits, debentures, declarations, decrees, deeds, demands, diaries, drafts, entries, evaluations, examinations, extensions, files, financial statements, forecasts, forwards, futures, guaranties, graphs, indentures, indications, information, inquiries, inscriptions, instructions, instruments, investment contracts, invoices, journals, judgments, leases, ledgers, letters, lists, loans, logs, mail, manuscripts, messages, minutes, mortgages, notations, notes, notices, offers, opinions, options, orders, paper, periodicals, petitions, pleadings, pledges, policies, powers, presentations, presentments, projections, prospectuses; proxies, publications, receipts, recitals, recommendations, records, redemptions, registries, releases, remittances, reports, representations, requests, resolutions, retainers, returns, reviews, riders, satisfactions, securities, security agreements, schedules, shares, solicitations, statements, subpoenas, subscriptions, summonses, supplements, sureties, swaps, tables, tax returns, term sheets, transcripts, trusts, undertakings, vouchers, warrants, warranties, wills, work sheets, work papers, writs, writings, magazine or newspaper articles, photographs, videos, microfiche, microfilm, information contained in any computer database, recording or tape wires, film, or any graphic matter, however produced or reproduced, all mechanical or electronic sound recordings or transcripts thereof, all information stored or located in computer hardware or software, including metadata, and all drafts and non-identical copies thereof. "Document" also means all copies of documents by whatever means made if the copy bears any other marking or notation. A draft or non-identical copy is a separate document within the meaning of this term.

6. As used herein, the term "communication" includes any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral or written, and specifically includes: (a) conversations, meetings and discussions in person; (b) conversations, meetings and discussions by telephone or through telephonic messages; and (c) e-mail, text messages, instant messages, telegrams, letters, faxes, memoranda, formal statements, press releases and newspaper stories.

7. As used herein, the term "concerning" means directly or indirectly, in whole or in part, relating to, describing, reflecting, evidencing, embodying, constituting or referencing.

8. The following rules of construction apply to this Subpoena:

(a) "Any" and "all" shall be deemed to include the other;

(b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Subpoena all responses that might otherwise be construed to be outside of its scope;

(c) the terms "all" and "each" shall be construed as "all and each"; and

(d) the use of the singular form of any word includes the plural and vice versa.

9. Except as otherwise noted, this Subpoena requires the production of documents created in or referencing the time period beginning at the inception of Citi's relationship with Rufino Ganzalez-Miranda ("Gonzalez-Miranda") and continuing until the present (the "Relevant Period"). For purposes of this definition, the term "relationship" means either a direct relationship with Gonzalez-Miranda, or an indirect relationship with Gonzalez-Miranda through a third party.

10. Produce all documents and all other materials described below in your actual or constructive possession or custody, or subject to your control.

11. In the event that the name of the account holder listed above differs from the account holder of record for the associated account number, produce all documents associated with both (i) the account number and (ii) all accounts held in the name of the account holder.

12. In the event an account holder listed above does not have a corresponding account number listed, this subpoena shall apply to all accounts associated with the listed account holder.

13. Produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof and should be legible and bound or stapled in the same manner as the original.

14. Documents not otherwise responsive to this Subpoena should be produced if such documents mention, discuss, refer to or explain one or more documents that are called for by this Subpoena, or if such documents are attached to documents called for by this Subpoena and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

15. Documents attached to each other should not be separated; separate documents should not be attached to each other.

16. Documents should include all exhibits or appendices which are referenced in, attached to, included or are a part of the requested documents.

17. If any document is withheld from production due to an assertion of the attorney-client privilege, the work product doctrine or any other privilege or protection against production, you must identify each such document in a manner sufficient to permit the Securities Investor Protection Corporation Trustee to evaluate the claimed privilege or protection. At a minimum,

Case 3:11-cv-00078-JBA   Document 344-1   Filed 09/16/11   Page 5 of 8

ge 7 of 12 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information

such identification shall include, as to each document: (a) its date; (b) its author; (c) all persons or entities known to have been furnished the document or copies of the document, or informed of its substance; (d) a description of the subject matter; and (e) the privilege or protection claimed.

12. If any document sought by this Subpoena once was, but no longer is, within your possession, custody, or control, please identify each such document and its present or last known custodian, and state: (a) the reason why the document is not being produced; and (b) the date of the loss, destruction, discard, theft or other disposal of the document.

### B. DOCUMENTS TO BE PRODUCED

1. Electronic files and/or online access for any Citi loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda, or any loan or financing account(s) for which Gonzalez-Miranda had signing authority including, but not limited to, account number(s):

| Account Holder | Account Number |
|---|---|
| Rufino Ganzalez-Miranda | 11█████ |

2. Any and all monthly account statements, including payment history and source of payment and present and historical account balance information, for any loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda, or any loan or financing account(s) for which Gonzalez-Miranda had signing authority including, but not limited to, the account(s) listed in Paragraph 1.

3. Any and all account opening documents submitted to Citi for any loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda, or any loan or financing account(s) for which Gonzalez-Miranda had signing authority including, but not limited to, the account(s) listed in Paragraph 1.

4. Any and all account closing documents for any loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda, or any loan or financing account(s) for which Gonzalez-Miranda had signing authority including, but not limited to, the account(s) listed in Paragraph 1.

5. All documents relating to Citi's pre-account opening due diligence (whether by itself or through third parties) of Gonzalez-Miranda for any loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda, or any loan or financing account(s) for which Gonzalez-Miranda had signing authority including, but not limited to, the account(s) listed in Paragraph 1.

6. All financing or loan agreements, contracts, terms sheets, or other agreements relating to any loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda, or any loan or financing account(s) for which Gonzalez-Miranda had signing authority including, but not limited to, the account(s) listed in Paragraph 1.

ige 5 of 12 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information

7. Any and all wire transfer records for any loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda, including loan or financing account(s) for which Gonzalez-Miranda had signing authority, and specifically including, the account(s) listed in Paragraph 1.

8. Any and all documents identifying any connected or related bank accounts (including bank accounts connected or related for auto-payment or direct debit payment) associated with any loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda, including loan or financing account(s) for which Gonzalez-Miranda had signing authority, and specifically including the account(s) listed in Paragraph 1.

9. Any and all documents indicating the names, addresses and other identifying or contact information of all authorized signatories for the account(s) listed in Paragraph 1.

10. Any and all documents indicating the names, addresses and other identifying or contact information of all co-signors or co-borrowers for the account(s) listed in Paragraph 1.

11. All documents that refer or relate to any analyses, review, study, or investigation by any oversight committee, review committee, legal department, risk group, Internal audit, compliance department, "know your customer" group, or new account acceptance committee of Gonzalez-Miranda, including loan or financing account(s) for which Gonzalez-Miranda had signing authority, and specifically including the account(s) listed in Paragraph 1.

12. All documents that refer or relate to transaction monitoring conducted of Gonzalez-Miranda's loan or financing account(s) generated by Citi, including loan or financing account(s) for which Gonzalez-Miranda had signing authority, and specifically including the account(s) listed in Paragraph 1.

13. All documents that refer or relate to referrals or reports made by Citi to law enforcement, regulators, self-regulatory organizations about Gonzalez-Miranda, including loan or financing account(s) for which Gonzalez-Miranda had signing authority, and specifically including the account(s) listed in Paragraph 1.

14. All documents reflecting decisions not to make a referral to law enforcement, regulators, self-regulatory organizations about Gonzalez-Miranda, including loan or financing account(s) for which Gonzalez-Miranda had signing authority, and specifically including the account(s) listed in Paragraph 1.

15. All documents reflecting any security instruments, and the identity of secured parties, relating to the account(s) listed in Paragraph 1.

16. To the extent not provided pursuant to the foregoing requests, any and all documents relating to Gonzalez-Miranda and/or any loan or financing account(s) maintained by or for the benefit of Gonzalez-Miranda at Citi, including loan or financing account(s) for which Gonzalez-Miranda had signing authority, and specifically including the account(s) listed in Paragraph 1.

303718347

5

Case 3:11-cv-00078-JBA   Document 344-1   Filed 09/16/11   Page 7 of 8

pa 9 of 12 - This print header can be changed using the printHeader HTML tag - see the VIEWONE HTML manual for ...

### C. HOW DOCUMENTS ARE TO BE PRODUCED

1. All documents and their metadata portrayed on electronic or electro-magnetic media shall be produced in the form or forms in which the documents are stored in the ordinary course of business, retaining all reasonably accessible metadata, but so as to be in a reasonably usable form enabling, through reasonably modest effort, the Requesting Party to fairly, accurately and completely access, search, and display and comprehend the documents' contents.

2. All documents and their metadata that have been fairly and accurately portrayed within a commercially available document review database including but not limited to litigation support databases shall be produced within that database or in a format that can be directly loaded into such database. Even after producing documents in the document review database format, the documents' originals or their fair and accurate representations shall be preserved as they exist in the ordinary course of business.

3. Documents and their metadata portrayed in the ordinary course of business within commercial, off-the-shelf e-mail systems including Microsoft Exchange™, Lotus Notes™ or IBM Groupwise™ shall be produced in their native format, in alternative readily accessible industry-standard formats that fairly, accurately and completely represent such documents.

4. Documents and their metadata portrayed in structured electronic databases or files (excluding e-mail) shall be produced in a format that enables programmatic management of those documents and their importation into a database. The documents must be accompanied with reasonably detailed, clear and focused documentation explaining the documents' content and format including but not limited to a data dictionary and data diagrams. Some acceptable formats include: (a) XML format file(s) but only if provided with definitive file(s), table(s) and field level schemas; (b) Microsoft SQL database(s) but only if provided with definitive file(s), table(s) and field level schemas; (c) Access database(s) but only if provided with definitive file(s), table(s), and fields level schemas; (d) fixed or variable length ASCII delimited files but only if provided with definitive file(s), tables(s) and field level schemas.

5. Documents and their metadata portrayed in unstructured files generated by commercially available software system excluding e-mails and structured electronic databases such as word processing, spreadsheet, image files, text files shall produced as those files were stored in the ordinary course of business.

6. Documents and their metadata portrayed on paper or in an industry-standard image format shall be produced in image format (200 – 300 bpi in group 3 TIF format or in TIF format). In addition, the relationships among the images shall be described with respect to the how the images relate to one another (as to document and attachment boundaries, folder boundaries, and other groupings) using industry-standard or other reasonably usable electronic data load files which shall be accompanied with reasonably detailed, clear and focused documentation explaining the load files' content. In addition, the text of the documents generated at the time the document or subsequently generated through industry-standard Optical Character Recognition (OCR) technology shall be produced in a format that reasonably usable. In addition, all available descriptions of the documents' properties shall be produced in a

6

503718347

reasonably accessible data description file along with reasonably detailed, clear and focused documentation explaining such file's contents.

503718347

7

503718347