UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: 3:11-CV-00078-JBA |
| Plaintiff, | |
| v. | |
| FRANCISCO ILLARRAMENDI, and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, | |
| Defendants. | |
| MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, | |
| Relief Defendants. | |

**NUSCALE POWER, INC.'S OPPOSITION TO RAMON A. ILLARRAMENDI'S MOTION FOR ORDER REQUIRING A DEFINED PERIOD OF DUE DILIGENCE AND <u>VENTURES TRUST MANAGEMENT, LLC'S MOTION TO INTERVENE</u>**

Interested Party NuScale Power, Inc. ("NuScale") submits the following memorandum in opposition to Ramon A. Illarramendi's Motion for Order Requiring A Defined Period of Due Diligence (Dkt. No. 328) and Ventures Trust Management, LLC's Motion to Intervene (Dkt. No. 332, 333). In support of its opposition, NuScale has filed herewith the Declarations of Paul Lorenzini, Maurice Gunderson, Brian Wall and John Hopkins.

**I.     INTRODUCTION**

Since Relief Defendant Michael Kenwood Asset Management ("MKAM") was enjoined from honoring its loan commitments to NuScale, NuScale has been in search of replacement

1

funding and a purchaser of MKAM's and Relief Defendant MK Master Investments, LP's (collectively, "Michael Kenwood") interests in NuScale, now held by the Receiver. Over these past several months, NuScale has at times struggled to keep its door open as it sought out the stable, long-term source of funding that is critical to its efforts to commercialize its nuclear reactor technology. Now, after months of negotiation and significant effort by the Receiver, Fluor Enterprises, Inc. ("Fluor") is on the verge of closing a transaction to purchase the Receiver's interest in NuScale and has agreed to commit not less than $30 million to NuScale to ensure its continued viability. Fluor is an affiliate of Fluor Corporation, the publicly-traded, Fortune 125, engineering, design and construction company.

In an apparent effort to derail the Fluor transaction, and at the eleventh hour with no explanation for their delay, two additional would-be "purchasers" of the Receiver's interests in NuScale have emerged. The first, Ramon Illarramendi, is the father of Defendant Francisco Illarramendi. Until his son's scheme was exposed in this lawsuit, Ramon Illarramendi was Michael Kenwood's representative on NuScale's board. Mr. Illarramendi has filed a motion with the Court requesting an undefined "due diligence period" to allow him to put together an unstated "offer" to purchase the Receiver's interests in NuScale.

The second, Ventures Trust Management, LLC ("VTM"), is an investment fund controlled by Craig Berkman, an investment advisor well known to NuScale's Oregon-based executives. Mr. Berkman left Oregon and moved to Florida in the wake of a lawsuit that resulted in a Portland, Oregon jury issuing a multi-million dollar verdict (including punitive damages) against him and one or more of his companies. Mr. Berkman seeks to intervene to obtain an order allowing VTM to challenge the Receiver's disposition of Michael Kenwood's interests in NuScale, and to advance its own unstated "bid" or "offer" for that interest.

Both motions should be denied and the Court should permit the Receiver to complete the Fluor transaction consistent with the orders already entered in this action authorizing the Receiver to do so.

## II.     ARGUMENT

### A.     Mr. Illarramendi and VTM Are Not Viable Purchasers of the Receiver's Interest in NuScale.

NuScale is an Oregon corporation that is commercializing a modular, scalable 45 Megawatt light water nuclear reactor that is the subject of a Patent License Agreement between NuScale and Oregon State University. (Lorenzini Decl. ¶ 2.) NuScale expects to file its application for design certification with the U.S. Nuclear Regulatory Commission in late 2013, and to have its first operational power plant by 2020, at the cost of several hundred million dollars. (*Id.* ¶¶ 2-3.) To achieve this goal, NuScale needs to secure a stable, long-term source of funding that will provide it with financial stability required by regulators and potential customers before they will make long-term commitments to license or purchase a NuScale power plant. (*Id.* ¶ 3.)

NuScale has found such a partner in Fluor. As noted, Fluor is an affiliate of Fluor Corporation, a publicly-traded company on the New York Stock Exchange with a market capitalization in excess of $10 billion. (*Id.*; Hopkins Decl. ¶¶ 3-4.) Fluor has the financial wherewithal and market credibility that NuScale needs to compete with other vendors of small modular nuclear reactors. (Lorenzini Decl. ¶ 3.) In summer 2011, Fluor provided NuScale with critical short-term financing without which NuScale would not have survived. (*Id.*; Hopkins Decl. ¶¶ 7-9.) Fluor is close to closing a transaction with the Receiver to purchase Michael Kenwood's interest in NuScale, and has agreed to commit not less than $30 million for the commercialization of the NuScale technology. (Lorenzini Decl. ¶ 3.)

3

Mr. Illarramendi, on the other hand, brings none of these substantial assets to the table. Notwithstanding Mr. Illarramendi's personal views of his own reputation in the energy community, compared to Fluor, Mr. Illarramendi does not have the market credibility or financial wherewithal that NuScale needs to achieve its commercialization goals or to compete with other vendors. (*Id.*) Tellingly, Mr. Illarramendi has not provided the Receiver, NuScale, or this Court with any specifics of the terms of any "offer" he intends to make for the Receiver's interest, or the sources of any funds for such an offer. Rather, Mr. Illarramendi asks this Court, literally out of the blue, to delay a substantial and critical business transaction so he can engage in "due diligence" for a theoretical offer he may or may not make.

Even if Mr. Illarramendi did have the financial ability to make a credible offer to purchase the Receiver's interest in NuScale, and had a concrete and substantiated offer on the table, Mr. Illarramendi's acquisition of a controlling interest in NuScale would be disastrous for the company for numerous reasons. It cannot be denied that Mr. Illarramendi has been tainted by his son's admitted wrongdoing in connection with Michael Kenwood, and its investments in NuScale. (*Id.* ¶ 7.) Assuming Mr. Illarramendi knew nothing of his son's crimes, the cloud over Mr. Illarramendi's involvement in Michael Kenwood and NuScale will be a significant barrier to NuScale's chances of raising the hundreds of millions of dollars necessary to commercialize the nuclear reactor design. (*Id.*)

The devastating consequences of Mr. Illarramendi's reengagement in NuScale is not hypothetical. In January 2011, following the filing of this action, Oregon State University, the licensor of the technology on which the NuScale reactor design is based, announced that it considered the parties Patent License Agreement to be terminated. (Wall Decl. ¶¶ 2-5, & Ex. 1.) Oregon State has agreed, as part of the Fluor transaction, to withdraw and settle that claim. (*Id.*;

Hopkins Decl. ¶¶ 6, 11-14.)  Should Mr. Illarramendi gain control of NuScale, however, Oregon State has made clear that it would not agree to settle its claim.  (Wall Decl. ¶¶ 2-5; Lorenzini Decl. ¶ 6.)  NuScale's largest minority shareholder, CMEA Capital, has similarly indicated that it would oppose any efforts by Mr. Illarramendi to purchase a controlling interest in NuScale and would not consent to a plan of recapitalization along the lines of the Fluor transaction should those plans include Mr. Illarramendi.  (Gunderson Decl. ¶¶ 3-5.)  Finally, NuScale's CEO, and other key managers and engineers, would resign if Mr. Illarramendi were to gain control of NuScale.  (Lorenzini Decl. ¶ 6.)

VTM is not a viable purchaser of the Receiver's interests in NuScale either.  Like Mr. Illarramendi, VTM and its principal, Craig Berkman, cannot compete with Fluor in enabling NuScale to meet its commercial objectives.  Mr. Berkman does not have credibility in the energy markets, and certainly does not have the market-recognition or financial wherewithal of Fluor.  (Lorenzini Decl. ¶ 4.)  And like Mr. Illarramendi, VTM and Mr. Berkman have provided no basis for their claim that they have the ability and financial wherewithal to purchase the Receiver's interest in NuScale.  Earlier this year, Mr. Berkman did introduce NuScale to Tangent Asset Management ("Tangent") as a potential investor, but was told at that time that NuScale was not willing to accept any investments through VTM or from Mr. Berkman directly.  (*Id.* ¶ 10, & Ex. 1.)  Thereafter, Mr. Berkman did not participate in any of the critical meetings concerning Tangent's possible interest in NuScale.  (*Id.* ¶ 11.)  At no time did VTM or Mr. Berkman offer to invest directly in NuScale.  (*Id.* ¶ 10.)  VTM's motion in this case appears to be nothing more than an effort to manufacture damages for a civil lawsuit VTM filed against NuScale, and now Mr. Lorenzini, for defamation arising out of the Tangent negotiations.

In addition, Mr. Berkman, like Mr. Illarramendi, has a clouded past that would present an insurmountable hurdle to NuScale obtaining the hundreds of millions of dollars in funding needed to commercialize its nuclear reactor design.  Before he moved to Florida, Mr. Berkman was a well known investor in Oregon due, in significant part, to a high profile lawsuit in which a jury issued a multi-million dollar award against Mr. Berkman and one or more of the companies he managed, including an award of punitive damages.  (*Id.* ¶ 9; Gunderson Decl. ¶ 4.)  Oregon State University has stated it would not agree to release its claim that the Patent License Agreement terminated if Mr. Berkman were to take control of NuScale (Wall Decl. ¶ 5), meaning NuScale would risk losing its key asset.  Likewise, CMEA Capital would oppose any effort by Mr. Berkman to secure control of NuScale.  (Gunderson Decl. ¶ 5.)  And, NuScale's CEO, executive team and key engineers would resign if Mr. Berkman, or anyone represented by Mr. Berkman or VTM, gained control of the Company.  (Lorenzini Decl. ¶ 12.)  There is no reason to believe that potential investors in NuScale would have a different reaction to Mr. Berkman and VTM than Oregon State University, CMEA Capital and NuScale's management.

For these reasons alone, Mr. Illarramendi's and VTM's motions should be denied.

**B.  Mr. Illarramendi's and VTM's Requests to Delay the Fluor Transaction Will Compromise NuScale's Continued Viability and the Value of the Receiver's Interests in NuScale.**

Even if Mr. Illarramendi or VTM had the ability to legitimately bid for the Receiver's interests in NuScale and provide financial stability to NuScale on par with Fluor—and they do not—their last minute requests for some undefined "due diligence" period threaten NuScale's continued viability and thus the value of the Receiver's interest in NuScale.  NuScale is again at a critical stage for funding.  NuScale has current accounts payable due and owing of approximately $7 million, total debt of over $15 million, and insufficient funds on hand to meet

6

those obligations. (Lorenzini Decl. ¶ 8.) In addition, without the additional immediate funds NuScale anticipates in connection with the Fluor transaction, it will not be able to maintain its payroll obligations after October 15, 2011, and may be required to suspend operations and lay off critical, highly skilled nuclear engineers and employees. (*Id.*) Another setback in obtaining stable funding will also severely damage fragile employee morale and may lead to a mass exodus of NuScale's work force. (*Id.*) And Fluor has indicated that it cannot move forward with its purchase of the Receiver's interests and funding of NuScale while Mr. Illarramendi's and VTM's motions remain outstanding. (Hopkins Decl. ¶¶ 16-17.) In short, any further delay in closing the Fluor transaction will put NuScale at risk of losing critical employees, critical intellectual capital, and resurrecting the company again would be difficult, if not impossible.

Weighed against these significant risks are Mr. Illarramendi's and VTM's questionable requests for a "due diligence" period just as the Receiver and Fluor are about to close their transaction. Neither motion provides the Court with any justification for their last-minute request, or explanation for their delay in seeking to challenge the Receiver's handling of Michael Kenwood's interests in NuScale. As a former board member, Mr. Illarramendi had inside knowledge of NuScale's value and could have made an effort to purchase the Receiver's interest at any time between January 2011 and the present. Similarly, VTM and Mr. Berkman were well aware of NuScale's funding needs in Spring 2011, and at no time ever offered to purchase any interest in NuScale. (Lorenzini Decl. ¶ 10.) Moreover, neither Mr. Illarramendi nor VTM/Berkman have provided the Court with any specific (or, for that matter, general) terms of a purchase of the Receiver's interest in NuScale that would justify the extraordinary relief requested in light of the substantial risks to NuScale and the Receiver's estate associated with their requested delay of the Fluor transaction.

### III. CONCLUSION

For all of these reasons, NuScale respectfully requests that the Court deny Mr. Illarramendi's and VTM's motions. Mr. Illarramendi and VTM are not viable purchasers of the Receiver's interest in NuScale, and their requested delays will result in substantial harm to NuScale. In addition, NuScale requests that the Court permit the Fluor transaction to close consistent with its prior orders in this action authorizing the Receiver to sell Michael Kenwood's interests in NuScale.

Dated: September 19, 2011

Respectfully submitted,

By: _/s/ Joel A. Mullin_____
Joel A. Mullin, *admitted pro hac vice*
Timothy W. Snider, *admitted pro hac vice*
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204-1268
Telephone: (503) 294-9557
Facsimile: (503) 220-2480
Email: jamullin@stoel.com
       twsnider@stoel.com

Steven I. Frenkel
Cummings & Lockwood
Six Landmark Square
Stamford, CT 06901
Telephone: (203) 351-4206
Facsimile: (203) 351-4534
Email: sfrenkel@cl-law.com

Attorneys for Interested Party NuScale Power, Inc.