UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 11-cv-78 (JBA) |
| v. | ) ) |
| FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, | ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, | ) ) ) ) ) ) ) ) |
| Relief Defendants. | ) ) |

_____)

**COMMISSION'S OPPOSITION TO MOTION TO INTERVENE
BY VENTURES TRUST MANAGEMENT LLC**

The Commission hereby opposes the motion to intervene filed by Ventures Trust

Management LLC ("VTM").  VTM claims that it sought to become an investor in NuScale

Power, Inc. ("NuScale"), an entity that constitutes Receivership Property under the current

Receivership Order (Dkt. No. 279).  VTM seeks to intervene as a party in this case in order to

seek several modifications to the current Receivership Order.  Because VTM does not meet the

standard for allowing either intervention as of right or permissive intervention, and because the

court can consider the relief that VTM requests without permitting intervention, VTM's request

to intervene should be denied.  VTM's request to consolidate its claims against NuScale into this

action should also be denied.

## I.      VTM Has Not Established Its Entitlement To Intervene As Of Right.

VTM bears the burden of proving four factors in order to establish its right to intervene as

of right under Fed. R. Civ. P. 24(a).  It must show that it:

> (1) file[d] a timely motion; (2) assert[ed] an interest relating to the property or
> transaction that is the subject of the action; (3) is so situated that without
> intervention the disposition of the action may, as a practical matter, impair or
> impede its ability to protect its interest; and (4) has an interest not adequately
> represented by the other parties.

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (affirming denial of

intervention).  Failure to establish any one of these requirements means that VTM's motion must

be denied.  *See id.*; *United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987).  Though

VTM's motion may be timely, and its precise interest in litigating with, or investing in, NuScale

may not be represented by the existing parties, it does not meet any of the other requirements for

intervention.

First, VTM does not have a legally protectable interest in the property or transaction that

is the subject of the action.  This is a governmental enforcement action against Francisco

Illarramendi and several entities he controlled to address and remedy a wide-ranging securities

fraud scheme that resulted in investor losses in the hundreds of millions of dollars.  VTM has

asserted absolutely no interest in any party to this case, and has no interest in any of the

transactions that form either the basis of the fraud charges against the defendants or the basis for

recovering funds from the relief defendants.  At best, VTM has asserted that it has a potential

interest in an entity in which Receivership Property is invested.  VTM's interests relate solely to

how the Receivership Estate should be administered and what processes should be implemented to dispose of Receivership Property and the various claims against it.  Such purported interests can be fully satisfied by the court's consideration of the modifications to the Receivership Order requested in VTM's instant motion, without allowing VTM to intervene.  In this respect, VTM is situated no differently from the other interested parties whose various motions concerning Receivership Estate procedures are pending before the court.

Similarly, VTM cannot show that its purported interests would be impaired if it were not permitted to intervene.  Part of the relief that it seeks, a modification of the Receivership Order to assert potential defamation and business tort claims against NuScale, is similar to the relief sought by interested party ReoStar Energy Corp.  *See* Dkt. No. 295, 303.  Like ReoStar, VTM need not be granted the status of an intervenor in order to have the court consider whether it has met its burden of demonstrating that the Receivership Order should be amended to allow it to assert claims against Receivership Property.  The other relief that VTM seeks, the modification of the Receivership Order to constrain the Receiver's ability to sell his interest in NuScale, is similar to the relief sought by another interested party, Ramon Illarramendi.  *See* Dkt. No. 328 [Illarramendi's Mot. For Order Requiring Defined Period of Due Diligence].  Like interested party Ramon Illarramendi, VTM has fully presented its arguments to the court about why the Receivership Order's sale provisions should be altered.  None of VTM's interests would be impaired were its participation limited to that of an interested party.

Finally, while VTM's position may not be represented by any of the existing parties, VTM's interest is tangential to this case.  Permitting VTM to become a full party in order to prosecute its limited claims against a small component of the Receivership Estate is not

necessary.  Interested Party status will fully protect VTM's rights while preserving the focus of this case and its motion to intervene should thus be denied.

## II.    Allowing VTM To Litigate Its Claims Against NuScale In This Action Would Violate Section 21(g) of the Exchange Act.

One of the alternative forms of relief requested by VTM is the ability to litigate its claims against NuScale in an "adversary proceeding" in this case.  *See* VTM Mot. at 6, 8.  There is simply no procedural device for adding an "adversary proceeding" to non-bankruptcy district court litigation.  The Federal Rules of Civil Procedure permit the joinder of parties and claims, but not in these circumstances.  Moreover, VTM's proposal clearly violates Section 21(g) of the Exchange Act, 15 U.S.C. §77u(g), which provides in pertinent part:

> Notwithstanding . . . any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

In essence, VTM seeks to consolidate its defamation and tortuous interference claims against NuScale with the Commission's existing fraud claims against different parties.  The Commission does not consent to VTM's proposed intervention, nor does VTM's proposed intervention involve common questions of fact.  VTM's proposal is thus statutorily prohibited.

Courts have commented that "sound policy reasons" bar consolidation because allowing private actions into SEC cases interjects new issues, increases the need for and complexity of pretrial discovery, requires the proof of new elements, and interferes with the SEC's ability to resolve cases efficiently.  *See, e.g. SEC v. TLC Investments and Trade Co*., 147 F. Supp. 2d 1031, 1040 (C.D. Cal. 2001); *see also SEC v. Egan*, 821 F. Supp. 1274, 1276 (N.D. Ill. 1993) (Section 21(g) imposes "absolute prohibition" against defendants' third-party complaint); *SEC v. Pinchas*, 421 F. Supp. 2d 781, 784 (S.D.N.Y. 2006); *SEC v. Electronics Warehouse, Inc*., 689 F.

Supp. 53, 72 (D. Conn. 1988), *aff'd* 891 F.2d 457 (2d Cir. 1989) (counterclaim based on alleged Commission misconduct dismissed).  This case is already sufficiently complex.  Its resolution requires the court to evaluate claims that defendants perpetrated a wide-ranging securities fraud and that six relief defendants hold the comingled proceeds of those frauds.  Permitting claimants against the Receivership Estate to intervene and complicate this case even further with un-related claims is statutorily prohibited and inimical to the prompt and efficient resolution of this matter.

**III.    VTM's Request for Permissive Intervention Should Also Be Denied.**

Permissive intervention under Fed. R. Civ. P. 24(b) may be permitted in the court's discretion when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact."  Permissive intervention is not granted "even when there is a strong commonality of fact or law, where such intervention would cause undue delay, complexity or confusion in a case."  *SEC v. Bear Stearns & Co., Inc.*, No. 03 Civ. 2937, 2003 WL 22000340, *2 (S.D.N.Y. Aug. 25, 2003).  These concerns are "acute where the Government, and particularly the SEC, is a party to the underlying action."  *Id*.  (denying permissive intervention to investor seeking to challenge consent decree).

VTM's claims against NuScale do not satisfy this rigorous standard.  Its claims do not concern the fraud at the heart of this case.  They are unrelated business tort claims against an entity that is not a party in this case.  Further, there are significant efficiency concerns about adding additional complexity to this case, which already has ten existing parties and about 20 "Interested Parties" who have filed appearances.

Where the court has already permitted Interested Parties to be heard on matters in which they express an interest, granting the status of "Party" to all of those entities would provide no additional meaningful process.  Instead, allowing intervention would only serve to complicate

these proceedings needlessly, make the discovery process unwieldy, lengthen the hearings, expand the scope of motion practice, and impose additional practical impediments to reaching a resolution of this matter.  For these reasons, permissive intervention should also be denied.  *See SEC v. Everest Mgm't Corp.*, 475 F.2d 1236, 1239-40, n.5 (2d Cir. 1972) ("in our view it is preferable to require private parties to commence their own actions than to have SEC actions bogged down through intervention").

## CONCLUSION

For the reasons detailed above, VTM's motion to intervene should be denied.

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**
By its attorneys,

___/s/ Kathleen Burdette Shields_____
Rua M. Kelly (Mass. Bar No. 643351)
Kathleen Burdette Shields (Mass. Bar No. 637438)
LeeAnn G. Gaunt (Mass. Bar No. 630557)
Carlos Costa-Rodrigues (NY Reg. No. 2473593)
33 Arch Street, 23rd Floor
Boston, Massachusetts  02110
Telephone:  (617) 573-8904 (Shields direct)
Facsimile:  (617) 573-4590
E-mail:  shieldska@sec.gov

Local Counsel:

/s/_____
John B. Hughes (Fed. Bar No. CT 05289)
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, Connecticut 06510
(203) 821-3700
(203) 773-5373

Dated:  September 21, 2011

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 21, 2011, I electronically filed the Commission's Opposition to Motion to Intervene by Ventures Trust Management LLC, with the Clerk of the Court, parties of record, and the proposed intervenors, by using the CM/ECF system.


   /s/ Kathleen Burdette Shields
Kathleen Burdette Shields (Mass. Bar No. 637438)