UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br>    *Defendant*,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, MKEI SOLAR, LP<br>    *Relief Defendants.* | Civil No. 3:11cv78 (JBA)<br><br>September 23, 2011 |

ORDER APPROVING RECOVERY OF ASSETS ACQUIRED WITH INVESTOR FUNDS

    Whereas this matter has come before this Court upon motion of the Receiver, John J. Carney, Esq. (the "Receiver"), for approval to transfer all rights, title and interests in the shares of Pacific Integrated Energy, Inc. ("PIE"), a Delaware Corporation, to the Receivership Estate; without objection;

    Whereas the Court finds that the PIE shares are issued in the name of Relief Defendant an Receivership Entity MKEI Solar, LP ("Solar"), and were acquired with funds transferred from another Receivership Entity, Short Term Liquidity Fund I, Ltd. ("STLF");

    Whereas MK Energy + Infrastructure LLP has possession of the share certificates, but did not contribute any of its own funds to the purchase of the PIE shares and, following the entry of

this Order, has no outstanding indebtedness owning to STLF or any of the other Relief Defendants related to the purchase of the PIE shares;

Whereas MK Energy + Infrastructure LLP consents to the entry of this Order and releases any claims it may have against the Receiver and Receivership Estate based upon any direct or indirect interest in the PIE shares, in return for the acknowledgment of no indebtedness from STLF and any and all of the Relief Defendants; and

Whereas the Court finds that based on the record in these proceedings and the consent of the parties, the transfer of PIE shares to the Receivership Estate is approved;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED; and
2. All right, title, and interest in the PIE shares are hereby transferred to the Receivership Estate.
3. PIE is directed to: (a) transfer the PIE shares held in Solar's name to the Receivership Estate's name so that the Receivership Estate is the record holder of the PIE shares on the books and records of the company; (b) cancel stock certificate Number A-1-a on its books and records which identifies Solar as the record holder of the PIE shares and cancel stock certificate Number A-1-1 upon presentment of such physical certificate to PIE; (c) issue a new stock certificate for the PIE shares in the Receivership Estate's name; (d) treat all agreements and other instruments relating to the PIE shares and Solar's rights and obligations as a shareholder of PIE, including without limitation the Investors' Rights Agreement (the "Rights Agreement"), the Voting Agreement (the "Voting Agreement"), the Right of First Refusal and Co-Sale Agreement (the "Right of First Refusal and Co-Sale Agreement") and the Board Observer Rights Letter (the "Board Letter") all voting

agreements, investors' rights agreements and warrants, as amended to replace Solar with the Receivership Estate; and (e) take all other actions reasonable necessary to cause the Receivership Estate, not Solar, to be the record holder of the PIE shares ab initio. This Court's order shall not trigger any rights or other obligations under any of PIE's governance, shareholder or other agreements and shall not trigger any conversion of the Series A-1 Preferred Stock to Series A-2 Preferred Stock pursuant to Section 4(m) of Article V of the Amended and Restated Certificate of Incorporation of PIE as currently in effect and as may be amended from time to time. The Receivership shall receive and hold the PIE Shares specified above subject to the provisions of all agreements pursuant to which the PIE Shares were issued, including, but not limited to, the Rights Agreement, the Voting Agreement, the Right of First Refusal and Co-Sale Agreement and the Board Letter. Any sale or transfer of the PIE Shares shall be void unless in compliance with the provisions of the aforementioned agreements and the Amended and Restated Certificate of Incorporation of PIE as currently in effect and as may be amended from time to time.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of September, 2011.