UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

SECURITIES AND EXCHANGE
COMMISSION,

           Plaintiff,

v.

FRANCISCO A. ILLARRAMENDI,
and
MICHAEL KENWOOD CAPITAL
MANAGEMENT, LLC,

           Defendants,

MICHAEL KENWOOD ASSET
   MANAGEMENT, LLC,
MK ENERGY AND
INFRASTRUCTURE, LLC,
   And MKEI SOLAR, LP,

           Relief Defendants.

Civil Action No. 3:11-CV-00078-JBA

---

## MEMORANDUM OF LAW IN SUPPORT OF INTERESTED PARTY MBFS'S MOTION FOR RELIEF FROM ORDER

### PRELIMINARY STATEMENT

Interested Party Mercedes Benz Financial Services USA LLC, f/k/a, DCFS USA LLC successor-in-interest to DaimlerChrysler Financial Services Americas LLC (herein "MBFS") hereby submits this Memorandum of Law in support of its Motion for Relief From the Court's Orders dated January 28, 2011 and February 3, 2011 and for leave to repossess certain Collateral and dispose of same in accordance with MBFS's security interest.

## STATEMENT OF FACTS

For a brief recitation of the relevant facts, please refer to the Motion and Affidavit of Juan Orellana, with attached exhibits, which are contemporaneously submitted and incorporated herein.

## ARGUMENT

### THE COURT SHOULD GRANT RELIEF FROM THE COURT'S ORDERS TO ALLOW MBFS TO REPOSSESS AND SELL THE COLLATERAL

Fed. R. Civ. P. 60(b)(6) provides that, upon motion and just terms, the Court may relieve a party from an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). The Court has broad discretion to fashion a remedy in accordance with considerations of equity and justice. See, Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963)(Rule 60(b)(6) should be liberally construed when substantial justice will be served); Int'l Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir. 1977) ("this discretion is especially broad under subdivision (6), because relief under it is to be granted when "appropriate to accomplish justice"). Where a buyer and seller execute a security agreement, the seller holds a security interest over the collateral. See, C.G.S.A. § 42a-9-201, et seq. In the event that the buyer defaults under the relevant contract, the seller is entitled to retake the collateral and sell it to the benefit of buyer's account. See, C.G.S.A. §§ 36a-785(a) – (k), 42a-9-609, et seq.

In the present matter, absent the Court's Orders, MBFS is entitled to repossess the collateral and sell same in accordance with its security interest. Defendant Illarramendi, entered into a Retail Installment Contract (herein, "Contract") with Mercedes-Benz of Greenwich, wherein Defendant agreed to purchase and accept delivery of one (1) 2007 Mercedes Benz ML350 (V.I.N. 4JGBB86E67A252677) (herein, "Collateral") from

Mercedes-Benz of Greenwich. (Orellana Affid. at Ex. A). The Contract granted the holder a security interest in the Collateral. (Id.). The security interest was assigned for value to MBFS, who presently holds a first-in-right purchase money security interest in the Collateral. (Id. at Ex. B). Defendant Illarramendi defaulted under the terms of the Contract by failing to make payments due under same from February, 2011 through the present. (Id. at Para. 12). By function of Defendant Illarramendi's default under the Contract, MBFS is entitled to immediate possession of the Collateral and to sell same to the benefit of Defendant's account in the manner set forth in State law.

The Court herein has issued two Orders freezing assets under the control of Defendant Illarramendi and appointing a Receiver. (Motion at Ex. A, B). The effect of the Orders prevents MBFS from exercising its legal right under the security interest over the Collateral. Furthermore, the Court's Orders contravene the clear intention of the parties under the Contract that MBFS resort to the Collateral in the event of default. Upon conversations with Receiver's representatives, the Receiver does not oppose MBFS's application herein. (Motion at Paras. 15, 16). Notably, since the condition of the Collateral continues to deteriorate, the value of the security interest continues to decline to the detriment of MBFS. As such, prompt action is necessary in order to best preserve MBFS's security interest.

Given the above, the Court should grant MBFS relief from the Court's Orders and grant it leave to repossess the Collateral and sell same in accordance with its security interest.

## CONCLUSION

WHEREFORE, interested party Mercedes Benz Financial Services USA LLC, f/k/a, DCFS USA LLC successor-in-interest to DaimlerChrysler Financial Services Americas LLC, hereby prays that the Court issue an Order (a) granting MBFS relief from the Court's previous Orders by granting MBFS leave to repossess the Collateral by any lawful means, including repossession or legal action, from Defendant Illarramendi, or any other third parties presently in possession of the Collateral and to dispose of the Collateral in accordance with MBFS's security interest and applicable state law, and (b) granting such other relief as the Court deems just and proper.

Dated: October 18, 2011
       Albany, New York

*/s/ Alexander Powhida*
Alexander Powhida, Esq. (CT 27984)
DEILY, MOONEY & GLASTETTER, LLP
*Attorneys for Interested Party Mercedes-Benz Financial Services USA LLC*
8 Thurlow Terrace
Albany, New York 12203
Tel: (518) 436-0344
Email: apowhida@deilylawfirm.com