UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 11-CV-00078 (JBA) |
| Plaintiff, | |
| v. | ECF CASE |
| FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, | **RECEIVER'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO REOSTAR'S MOTION FOR MODIFICATION OF RECEIVER ORDER** |
| Defendants, | |
| and | |
| HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, | |
| Relief Defendants. | |

## RECEIVER'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO REOSTAR'S MOTION FOR MODIFICATION OF RECEIVER ORDER

John J. Carney, Esq. (the "Receiver"), as Receiver to the Michael Kenwood Group (the "MK Group") and certain affiliated entities in the above-captioned case, by and through his undersigned counsel and as further set forth in the declaration of Jonathan B. New ("New Dec."), respectfully submits this Supplemental Memorandum in opposition to ReoStar Energy Corporation and related entities' (collectively, "Reostar") and Russco Energy LLC's ("Russco") amended motion for leave to proceed in an adversary proceeding, #11-04022-dml (the

"Adversary Proceeding") against certain Receivership Entities in the Northern District of Texas, Dkt. No. 303.

## INTRODUCTION

The Receiver submits this Memorandum to address an issue that was raised by the movants for the first time during the telephonic court hearing held on October 18, 2011. Specifically, counsel speaking on behalf of Reostar and Russco raised a concern that the anti-litigation injunction in the Receivership Order might prohibit them from seeking discovery and/or testimony from Thomas Lionelli[1] ("Lionelli") and Ronald Percival ("Percival") and other former officers, directors and members of Receivership Entities.  The Receiver submits this Memorandum to clarify the response of Receiver's counsel to this concern and to present certain additional relevant facts for the Court's consideration.  As discussed more fully below, if Lionelli and Percival are added as defendants to the Adversary Proceeding, or even deposed as non-party witnesses, they may seek indemnification from MK Oil Ventures, LLC ("MK Oil"), a Receivership Entity, and thus deplete assets of the Receivership Estate.  Any discovery taken by Reostar and Russco should be strictly limited in scope to the allegations and factual issues presented in the Second Amended Complaint or Third Amended Complaint, if amendment is permitted, in order to protect the confidentiality of the Receiver's ongoing investigation of the fraud committed at the Receivership Entities and to minimize the cost to the Receivership Estate.

---

[1] Contrary to the assertions by counsel for Russco on the telephonic conference with Judge Arterton, (Tr. at 53), counsel for BT and MK Energy and Commodities, LLC ("BTMK") has confirmed that Lionelli has never testified in any hearings related to the Chapter 11 proceedings or the Adversary Proceeding. Nor has counsel for the Receiver yet made any "arguments on behalf of the Receiver" (*id.*) at any hearings in the Chapter 11 proceedings.

## **FACTUAL BACKGROUND**

As a preliminary matter, the Receiver seeks to clarify the extent of participation by the Receivership entities in the Reostar Chapter Reostar Chapter 11 proceedings, #10-47176-dml-11 ("Chapter 11 proceedings"), and the Adversary Proceeding, to date. At the telephonic court hearing, counsel for Russco asserted that counsel for the Receiver had "filed over half a dozen pleadings in the bankruptcy case." (Tr. at 56), including "several big pleadings" (Tr. at 58), and further described them as "aggressive pleadings" (Tr. at 39). This assertion mischaracterizes the record. The source of counsel's confusion may be an erroneous conflation of filings made by BTMK with filings made by or on behalf of the Receiver. BTMK has its own counsel, who has been actively involved in representing BTMK's interest in the bankruptcy proceedings, and the Receiver expects this to remain the case.

Counsel for the Receiver has requested and received permission to appear in the Chapter 11 proceedings solely as an interested party on behalf of MK Oil. In requesting *pro hac vice* admission and permission to proceed without local counsel in the Chapter 11 proceedings, the Receiver noted that any benefit to retaining local counsel was minimal because the Receiver's involvement in the case was limited to telephonic appearances on behalf of MK Oil as an interested party. Furthermore, the Receiver expressed concern that the costs to the Receivership Estate of retaining local counsel could be significant, and would reduce the recovery for victims of the fraud. The Receiver informed the bankruptcy court that in order to retain local counsel for any proceeding in any jurisdiction, the Receiver would first be required to file a motion in the District of Connecticut for Court approval of such retention. These administrative costs, in addition to local counsel fees, would be charged to the Receivership Estate. The Receiver explained to the Court that, given the limited role to date of MK Oil, the current alignment of

interest between BTMK and MK Oil, and the significant costs that would be incurred, requiring the Receiver to retain local counsel would add needless expense and provide little to no benefit to the Debtor's creditors, to the efficient administration of the Debtor's reorganization efforts, or to the Receivership Estate. The Receiver requested that the Court waive the local counsel requirement and allow the Receiver to appear without local counsel until such time as the Receiver or the Court might determine that local counsel is required. Chapter 11 proceedings, Dkt. No. 242. The Court granted the Receiver's request and reserved the "right to reconsider the motion if the Receiver's participation in the case exceeds what was initially anticipated and the court concludes local counsel would be beneficial to the proceedings." *Id*., Dkt. No 259. To date, the bankruptcy court has not reconsidered its decision to allow the Receiver's counsel to proceed without local counsel, and Reostar has never objected to the lack of local counsel.

The handful of filings made by the Receiver in each action are comprised of these *pro hac vice* applications and corresponding motion to proceed without local counsel; the Receiver's opposition to Reostar's motion to amend the complaint in the Adversary Proceeding to include Receivership Entities, to which the Receiver was obligated to respond; and one filing specifically requested by Judge Lynn. Thus, the only filings made by the Receiver or on the Receiver's behalf in either the Chapter 11 or Adversary Proceeding are as follows:

In the Adversary Proceeding

1. Opposition to Plaintiff's Amended Motion For Leave to Amend Complaint and for Joinder of Additional Plaintiffs and Defendants filed by Plaintiff ReoStar Energy Corporation) (Dkt. No. 54, New Dec. Ex. 1); and

2. Wang Affidavit in Support of the Receiver's Opposition (Dkt. No. 55, New Dec. Ex. 2)

4

<u>In the Chapter 11 Proceedings</u>

1. Motion to Appear *Pro Hac Vice* by Marc E. Hirschfield (Dkt. No. 230, New Dec. Ex. 3)

2. Motion to Appear *Pro Hac Vice* by Jonathan B. New (Dkt. No. 231, New Dec. Ex. 4)

3. Motion to Appear *Pro Hac Vice* by Ona T. Wang (Dkt. No. 232, New Dec. Ex. 5)

4. Motion Requesting Leave to Proceed Without Local Counsel (Dkt. No. 242, New Dec. Ex. 6); and

5. Amended Motion by BTMK for relief from automatic stay with joinder by Receiver (Dkt. No. 319, New Dec. Ex. 7), which was filed as requested by Judge Lynn in his July 26, 2011 Letter Ruling (Dkt. No. 237, New Dec. Ex. 8).

*See also* Docket of Adversary Proceeding #11-04022-dml, New Dec. Ex. 9; Docket of Bankruptcy Petition #10-47176-dml-11, New Dec. Ex. 10.

## **ARGUMENT**

Allowing the Adversary Proceeding to continue against Lionelli and Percival and/or other officers and directors of Receivership Entities will deplete Receivership Assets and potentially open the door to further involvement of Receivership Entities in this ancillary litigation. The costs to the Receiver for the defense of any action against Lionelli and Percival would be unduly burdensome and detrimental to the Receivership Estate. Specifically, Lionelli and Percival were members of MK Oil. If they are added as defendants to the Adversary Proceeding, they may seek indemnification from MK Oil. The MK Oil Limited Liability Company Agreement contains an indemnification provision stating that:

> [T]he Company shall indemnify, defend and hold harmless the Board of Managers and each member of the Board of Managers, each

> Member…and each Officer of the Company…from any liability, loss or damage incurred by the Indemnified Person by reason of any act performed or omitted to be performed by the Indemnified Person <u>in connection with the business of the Company</u> and from liabilities or obligations of the Company imposed on such person by virtue of such Person's position with the Company, including reasonable attorneys' fees and costs and any amounts expended in the settlement of any such claims of liability, loss or damage….The foregoing indemnity is intended to indemnify each indemnified person for his own acts of negligence and shall apply irrespective of any claim of concurrent or contributory negligence on the part of such indemnified person.

MK Oil Ventures, LLC Agreement, pg. 32, New Dec. Ex. 11 (emphasis added). Thus, it is likely that Lionelli and Percival would pursue a claim against the Receivership Estate for attorney's fees and costs associated with defending against the Adversary Proceeding. The potential for a significant expense to the Receivership Estate for the defense of Lionelli and Percival is of serious concern to the Receiver.

Moreover, even if Lionelli and Percival are only subjects of discovery and/or witnesses in the Adversary Proceeding, they may still seek to invoke the indemnification provision described above. Depending on the extent of the discovery allowed, the costs and fees could be substantial. Extensive discovery would also have the practical effect of dragging the Receivership Entities into the Adversary Proceedings, at great cost to the Receivership Estate. As noted in the Receiver's opposition memorandum filed in this Court, Dkt. No. 323, in applying the *Wencke* test, the purpose of the stay of litigation is to enable the receiver to "do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant." *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005). Several courts have recognized that requiring the receiver to defend lawsuits constitutes a drain on receivership assets. *See id.*; *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 552 (6th Cir. 2006) ("[I]n making a decision to permit satellite litigation . . . a district court may therefore consider such factors as litigation costs as a tax on the receivership estate. . . ."); *FTC v. Med*

6

*Resorts Int'l, Inc.*, 199 F.R.D. 601, 609 (N. D. Ill. 2001) (stating that permitting ancillary litigation would "[n]ot only . . . take [receiver's] attention away from other tasks, but the assets of the receivership estate would quickly be diminished.").

If Reostar and Russco are allowed to seek discovery from Percival and Lionelli or other officers, directors, or members of Receivership Entities, the scope should be strictly limited to the issues presented in the Adversary Proceeding and the Reostar Chapter 11 bankruptcy proceedings so as to minimize the costs to the Receivership Estate and to prevent interference with the ongoing investigation by the Receiver. Without strictly defined scope to any discovery, the indemnification of Lionelli and Percival could result in a substantial expense to the Receivership Estate, and upset the status quo, which is exactly the kind of burden the *Wencke* test seeks to balance.

As Receiver's counsel advised the Court during the telephonic hearing, the Receiver is willing to meet and confer with counsel for Reostar and Russco in order to agree upon mutually acceptable terms for the timing, nature and scope of any such discovery (Tr. at 65-66). For example, it would be appropriate and reasonable to allow discovery into such topics as the relationship between Percival and Lionelli and other defendants in the Adversary Proceeding, actions taken by them on behalf of BTMK, and their respective roles in BTMK's acquisition of the Reostar note from Union Bank. However, the Receiver would object to open-ended discovery into actions taken by Percival and Lionelli, or others, on behalf of the Receivership Entities, financial transactions between and among Receivership Entities, or the alleged fraud perpetrated by Mr. Illarramendi and others that is the subject of the SEC enforcement action pending before this Court. Counsel for Reostar and Russco have already attempted to serve a subpoena on the Receiver and his counsel to testify at a hearing in the Chapter 11 proceedings,

which counsel for the Receiver refused to accept. *See* October 11, 2011 email from Akerly to New and corresponding subpoena to the Receiver, New Dec. Ex. 12. Reasonable limitations are necessary in order to protect the ability of the Receiver to continue his investigation uninterrupted, and to prevent unnecessary, unlimited costs to the Receivership Estate arising from litigation in another forum.

At the present time, the movants' concerns about their ability to conduct discovery in the Adversary Proceeding are not yet ripe. Reostar's motion to amend the complaint in the Adversary Proceeding is still pending before the bankruptcy court, as are motions to dismiss filed by BTMK and other defendants in the Second Amended Complaint. Reostar has yet to subpoena either Lionelli or Percival or seek other discovery from them.[2] If and when they do, the Receiver, Reostar and any other relevant counsel can meet and confer on a mutually agreeable discovery plan. If the parties cannot reach agreement, Reostar can seek further relief from this Court.

---

[2] There are currently no outstanding deposition notices to Lionelli or Percival in the Adversary Proceeding. A deposition notice was previously served on BTMK but the parties agreed that the depositions would not move forward on account of the filing of the Second Amended Complaint.

## **<u>CONCLUSION</u>**

For the reasons stated above, the Receiver respectfully requests that the Court deny the amended motion by Reostar and Russco to lift the anti-litigation stay in the Receivership Order so as to allow Reostar to pursue an adversary proceeding against various Receivership Entities, their officers, directors, and members, Dkt. No. 303.

Respectfully submitted this 26th day of October, 2011.

    /s/                              
Jonathan B. New
Naima J. Garvin
BAKER & HOSTETLER LLP
45 Rockefeller Plaza, 11th Floor
New York, NY 10111
jnew@bakerlaw.com
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Receiver*