# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
SECURITIES AND EXCHANGE :
COMMISSION, :
 :
               Plaintiff, : Civ. Action No. 11-cv-78 (JBA)
 :
               - v - :
 :
FRANCISCO ILLARRAMENDI, :
HIGHVIEW POINT PARTNERS, LLC and :
MICHAEL KENWOOD CAPITAL :
    MANAGEMENT, LLC, :
 :
              Defendants, :
 :
    and :
 :
 :
HIGHVIEW POINT MASTER FUND, LTD., :
HIGHVIEW POINT OFFSHORE, LTD., :
HIGHVIEW POINT LP, :
MICHAEL KENWOOD ASSET :
    MANAGEMENT, LLC, :
MK ENERGY AND INFRASTRUCTURE, :
    LLC, and :
MKEI SOLAR, LP, :
 :
             Relief Defendants :
------------------------------------------------------X

**DECLARATION OF SCOTT DAKERS**

I, Scott Dakers, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

      1.     I am an employee of Ogier Fiduciary Services (Cayman) Limited ("Ogier"), a company regulated by the Cayman Islands Monetary Authority, and currently hold the title of Director. Ogier is an international professional services firm that, among other things, provides legal and fiduciary services to private equity funds and other alternative investment vehicles. Ogier is centralized in the Cayman Islands, with affiliated offices located in the British Virgin Islands, Bahrain, Guernsey, Jersey, Hong Kong, Tokyo and London. Ogier does *not* have offices

1

in the United States. I have been employed at Ogier for five-and-a half years, and have over twenty years of professional experience, largely focused in the offshore financial services industry.

2. Highview Point Master Fund, Ltd. (the "Master Fund") and Highview Offshore, Ltd. (the "Offshore Fund," together with the Master Fund, the "Highview Offshore Funds") are Cayman Islands exempt investment companies incorporated under Cayman Islands law. The Offshore Fund is registered with the Cayman Islands Monetary Authority, and is subject to Cayman Islands law. Neither of the Highview Offshore Funds are registered with the U.S. Securities and Exchange Commission (the "Commission") or any other U.S. regulatory authority. The Highview Offshore Funds did not conduct business in the U.S., had no offices or employees in the U.S., and restricted its U.S. investors to only institutional U.S.-tax exempt investors. Those U.S.-tax exempt investors entered into Subscription Agreements, agreeing to be subject to the laws of the Cayman Islands. The Master Funds' assets are held in a foreign bank account, at Deutsche Bank, AG in Amsterdam, and the Offshore Funds' assets are principally its investments in the Master Fund. All of the Offshore Funds' investments are in the Master Fund.

3. I am currently serving on the Board of Directors (the "Board") for Highview Point Master Fund, Ltd. (the "Master Fund") and Highview Point Offshore, Ltd. (the "Offshore Fund," and together with the Master Fund, the "Highview Offshore Funds"). The Board controls and manages the Funds. In contrast, Highview Point LP (the "Highview Domestic Fund") is a U.S. company, organized under the laws of Delaware, conducts business in the U.S., and is controlled by a general partner.

4. The Highview Offshore Funds' Board currently consists of three individuals: myself, Tom Parsons and Evan Burtton, each of whom are independent directors employed by

Ogier.  None of the Offshore Directors have offices in the U.S., and none of the Offshore Directors are U.S. residents.  Tom Parsons is a Senior Manager of Director Services at Ogier, and he has over 17 years of experience in the offshore service industry specializing in Banking Services for Corporate and Captive entities, Compliance and Treasury services.  Evan Burtton is an Associate Director of Fund Services at Ogier, and he has over 30 years of experience in the areas of accounting, compliance, and auditing.

5. The Board takes its fiduciary duties to the Highview Offshore Funds, and their investors, very seriously.  All activity of the Highview Offshore Funds' Board occurs in the Cayman Islands.  Although the Board is empowered to manage the day-to-day activities of the Highview Offshore Funds, it delegated those functions to a U.S.-based investment manager, Highview Point Partners, LLC (the "Investment Manager"), and a Cayman Islands-based administrator, GlobeOp Financial Services (Cayman) Limited ("GlobeOp").  On April 1, 2006, the Highview Offshore Funds entered into an Investment Management Agreement with the Investment Manager, in which the Board delegated its investment discretion to the Investment Manager.  Thus, the Investment Manager in effect handled the Funds' investments and managed the Funds' overall portfolio.

6. The Board never authorized the Investment Manager to engage in any fraud and had no knowledge that the Investment Manager, or any person or entity acting on its behalf, had engaged in fraudulent conduct, as has been alleged in the Plaintiff's Second Amended Complaint (the "SAC").

7. Upon hearing about Plaintiff's present action, the Board took immediate action to protect the Funds' investors by restricting access to the Funds' assets, which previously had been liquidated by the Investment Manager.  On May 5, 2011, the Board received notice from Plaintiff

3

that it would be naming the Funds' as Relief Defendants in its SAC.  In response, the Board contacted the Funds' administrator, GlobeOp, by telephone, followed by an e-mail communication, and instructed GlobeOp that no payments should be made out of the Master Fund and Offshore Fund accounts without specific Board approval.  Within a couple of days, the Board retained both Cayman and U.S. counsel, on behalf of the Funds, to represent the Funds' interests in this litigation.

8. On May 10, 2011, the Board passed written resolutions, wherein it revoked, with immediate effect, the signing authority of the Investment Manager, and "any employee, principal, partner or person" affiliated with the Investment Manager, to access the Funds' assets situated at Deutsche Bank, AG in Amsterdam.  These assets are now under the exclusive control of the Board.

9. On May 12, 2011, the Board passed a resolution and wrote a letter to investors acknowledging that the Board took immediate action upon the Commission's notice and placed the assets of the Funds under their personal control.  Subsequently, on May 13, 2011, the Funds voluntarily consented to a Stipulation and Order restricting the Funds from making any expenditure except for certain professional services fees and expenses, and ordinary and customary business expenses.  Further, the Funds agreed not to make any distributions to the Funds' investors.

10. The Highview Offshore Funds and the Board have completely and fully cooperated with the Commission in connection with this matter.  Because the Board has a fiduciary responsibility to the Funds, and its investors, it is extremely interested in resolving this matter in the best interest of *all* of its investors.

11. Attached hereto are true and correct copies of the following documents:

    a. **Exhibit A:** Written Resolutions, dated May 10, 2011, for the Highview Point Master Fund Ltd.

    b. **Exhibit B:** Email exchange between the Board and GlobeOp. dated May 5, 2011 regarding Highview Point Master Fund, Ltd. and Highview Point Offshore, Ltd. (the "Funds")

    c. **Exhibit C:** Resolutions in Writing of the Directors, dated May 12, 2011, for Highview Point Master Fund Ltd. and Highview Point Offshore Fund Ltd.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2011, in Grand Cayman, Cayman Islands.

Scott Dakers

# Exhibit A

HIGHVIEW POINT MASTER FUND, LTD.
("Company")

**Written resolutions by all of the directors of the Company**

All of the directors of the Company pass the resolutions set out below.

**1      Signing Authority - Deutsche Bank AG, Amsterdam Branch**

Resolutions

1.1    It is resolved that:

(a)    the signing authority presently granted to any employee, principal, partner or other person affiliated with Highview Point Partners, LLC on the account maintained in the Company's name at Deutsche Bank AG, Amsterdam Branch ("**Deutsche Bank**") be and it is hereby revoked with immediate effect.

(b)    the signing authority on the account maintained in the Company's name at Deutsche Bank be any of Scott Dakers, Evan Burtton or Thomas Parsons until further notice is provided to Deutsche Bank by any director.

**2      Ratification of Previous Actions**

It is resolved that if before the date of these Resolutions any director has, on behalf of the Company, executed any documents or taken any of the actions described in the foregoing paragraphs of these resolutions, such actions be and they are hereby ratified, approved and confirmed as the actions of the Company.

**3      Further actions**

It is resolved that any director be and is hereby authorised to take such further actions as he may consider necessary or convenient to effect the foregoing resolutions.

These written resolutions may be signed in any number of counterparts, all of which taken together constitute one and the same document, and the written resolutions are effective when the last signatory signs them.

..................................................    .......10th May........ 2011
Evan Burtton                                          Date signed

..................................................    .......10th May........, 2011
Scott Dakers (BY PROXY FIONA BARRIE)                  Date signed

..................................................    .......10 May........ 2011
Thomas Parsons                                        Date signed

# HIGHVIEW POINT MASTER FUND, LTD.

(the "Company")

## Appointment of Proxy

I, Scott Dakers, a Director of the Company, HEREBY APPOINT any one of James Bagnall, Colin MacKay, Fiona Barrie, Evan Burtton, Vijayabalan Murugesu, Thomas H. Parsons, Philip Hughes or Inderjit Singh of 89 Nexus Way, Camana Bay, Grand Cayman KY1-9007, CAYMAN ISLANDS to be my proxy from the 6th of May 2011 to the 13th of May 2011 to:

- attend and vote on my behalf at any meeting of the Directors of the Company to be held and to execute on my behalf any document/s approved at the aforementioned meeting.

- execute on my behalf any written resolutions of directors of the Company and to execute on my behalf any document/s approved by said written resolutions

Dated this 5th day of May 2011

Scott Dakers

# Exhibit B

| | |
|---|---|
| **From:** | Scott Dakers [Scott.Dakers@ogier.com] |
| **Sent:** | Thursday, May 05, 2011 6:35 PM |
| **To:** | 'highviewpoint.ir@globeop.com' |
| **Cc:** | Evan Burtton; Tom Parsons |
| **Subject:** | Highview Point Master Fund, Ltd. and Highview Point Offshore, Ltd. (the "Funds") |
| **Attachments:** | Document.pdf |

Dear Sirs,

As discussed earlier today with Phil Stampone of your Investor Relations department. The above Funds, that we are directors of, today received the attached letter from the SEC.

In order to ensure the Funds' compliance with any possible enforcement by the SEC we want to ensure that any payments made at this time are approved by the board of directors. Consequently we request that no payments are made without the approval of the directors.

Please let us know if you have any questions.

Thanks,


Scott Dakers
Director

Ogier Fiduciary Services (Cayman) Limited
89 Nexus Way
Camana Bay
Grand Cayman KY1-9007
CAYMAN ISLANDS

+ 1 (345) 949 9876 (switchboard)
+ 1 (345) 815 1405 (direct line)
+ 1 (345) 945 6265 (fax)

www.ogier.com
Bahrain   British Virgin Islands   Cayman Islands   Guernsey
Hong Kong   Ireland   Jersey   London   Tokyo

please consider the environment before printing this email

# Exhibit C

# HIGHVIEW POINT OFFSHORE, LTD.
(the "**Company**" or "**Fund**")

## Resolutions in writing of the Directors

The undersigned, being all of the directors (the "**Directors**") of the Company for the time being, hereby take the following actions and adopt the following resolutions pursuant to the Articles of Association of the Company.

**1      SEC Enforcement Action**

On May 4, 2011, the Fund received a letter dated May 2, 2011, from the United States Securities and Exchange Commission (the "**SEC**") indicating that staff of the SEC intended to recommend that the SEC bring an enforcement action in the United States against the Fund as relief defendants in connection with receipt of proceeds from an alleged fraud. The Fund's investment manager, Highview Point Partners, LLC (the "**Investment Manager**") would be named as the primary defendant in the enforcement action. Frank Lopez, a principal of the Investment Manager has resigned his position as director of the Funds as of May 4, 2011.

**2      Appointment of US counsel**

2.1    Following receipt of the SEC letter, the Directors conferred with their Cayman Islands legal counsel, Ogier, and also with their U.S. legal counsel, Sadis & Goldberg. Given the nature of the court orders being sought by the SEC, the Directors conferred with Ogier regarding obtaining appropriately experienced U.S. legal counsel and, after clearing potential conflicts, determined to instruct Schulte Roth & Zabel, LLP ("**SRZ**").

2.2    RESOLVE that SRZ be and they are hereby appointed as United States legal counsel to the Company, and any Director be and is hereby authorised to enter into an engagement letter with SRZ on behalf of the Company.

**3      Notification to CIMA and to investors**

3.1    NOTE that the Directors informed the Cayman Islands Monetary Authority ("**CIMA**") of the SEC letter by letter on 6 May 2011 and will provide updates when appropriate and in response to any enquiries from CIMA.

3.2    NOTE further that the Directors have been contacted directly and indirectly (through the Company's legal counsel) by some investors and their legal representatives as investors in the Company had received a notification of the SEC action from Morrison & Foerster, the legal counsel to the Investment Manager. The investors were seeking an update on the actions being taken by the Company in respect of the proceedings between the SEC and Michael Kenwood Capital Management, LLC et al. in which the SEC is seeking to enjoin the Company as a relief defendant.

3.3    A notice to investors informing them of the actions taken by the Company is attached to these resolutions (the "**Update**") it is proposed that the Update be provided to investors and a copy provided to CIMA immediately.

3.4    RESOLVE that:

(a) the Update be is and hereby approved and any Director is authorised to sign the Update on behalf of the Company; and

(b) GlobeOp Financial Services (Cayman) Limited (the "**Administrator**") be and is hereby requested and instructed to distribute the Update to all investors.

## 4 Application for Shares

4.1 NOTE that the Directors wish to safeguard the interests of the Company and its former investors, and in order to maintain control over the Company, they have determined that it is in the best interests of the Company and the former investors for certain members of the board of directors to hold a controlling interest in the Company.

4.2 Pursuant to the Articles, the directors have general and unconditional authority to allot, grant options over or otherwise deal with unissued shares of the Company to such persons, at such times and on such terms and conditions as they may decide. Without limitation to the foregoing, the directors may so deal with the unissued shares of the Company:

(a) either at a premium or at par; and

(b) with or without preferred, deferred or other special rights or restrictions whether in regard to dividend, voting, return of capital or otherwise.

4.3 NOTE further that the Company has received applications from Scott Dakers and Evan Burtton each subscribing for the allotment and issue of five voting redeemable non-participating shares in the capital of the Company for a subscription price of US$ 1.00 per share together with the payment of US $5.00 each.

4.4 RESOLVE that:

(a) the application for five shares by Evan Burtton be accepted and the allotment and issue to Evan Burtton of five voting redeemable non-participating shares be approved;

(b) the application for five shares by Scott Dakers be accepted and the allotment and issue to Scott Dakers of five voting redeemable non-participating shares be approved;

(c) no share certificate be issued in respect of the shares issue to Scott Dakers and Evan Burtton and the Administrator is authorised to enter into the register of members of the Company the names of Evan Burtton and Scott Dakers as the holders of the five voting redeemable non-participating shares so issued to each of them;

(d) the Record in the Company's books maintained in respect of the ten non-participating shares issued to Evan Burtton and Scott Dakers shall only record the US $10.00 subscription price paid. The subscription proceeds will be held by the Company in its bank account and will comprise the entire portfolio referable to the shares. The US $10.00 assets in the portfolio will not be invested. These non-participating shares shall not participate in any other assets of the Company; and

(e) the establishment in accordance with the Articles, of share capital and share premium accounts in respect of the aforementioned ten voting non-participating redeemable shares is approved.

## 5 Update of Register of Members

5.1 NOTE that following the resolution of the Directors (passed on 18 February 2011) to redeem all the redeemable participating shares in the Company (bar one share) on 28 February 2011, the Administrator had sent notice of redemption to all shareholders, but it had not updated the register of members.

5.2 RESOLVE that the Administrator be and is hereby requested and instructed to update the register of members with immediate effect to remove as members all the shareholders who were on the register as at 18 February 2011 and reflect the following as the sole members of the Company as at 12 May 2011:

| | |
|---|---|
| Evan Burtton each | 5 voting redeemable non-participating shares of US$ 0.01 par value |
| Scott Dakers each | 5 voting redeemable non-participating shares of US$ 0.01 par value |

## 6 Ratification of prior actions

RESOLVE that all prior actions of any director (or alternate director) in furtherance of the foregoing resolutions are approved and ratified.

## 7 Further actions

RESOLVE that any one director (or alternate director) is authorised to take such further actions, to sign such deeds and documents and to make such filings on behalf of the Company as he or she may consider necessary or convenient to effect the foregoing resolutions.

_____  Date signed: _12 MAY 2011_
**Thomas Parsons**


_____  Date signed: _____
**Scott Dakers**


_____  Date signed: _12th May 2011_
**Evan Burtton**

**Highview Point Offshore, Ltd.**

12 May, 2011

Dear Investor

Re: **Highview Point Offshore, Ltd. (the "Offshore Fund")**
**Highview Point Master Fund, Ltd. (the "Master Fund") (together, the "Funds")**

I am writing to you on behalf of the boards of directors of the Funds.

On May 4, 2011, the Funds received a letter dated May 2, 2011, from the United States Securities and Exchange Commission (the "**SEC**") indicating that staff of the SEC intended to recommend that the SEC bring an enforcement action in the United States against the Funds as relief defendants in connection with receipt of proceeds from an alleged fraud. The Funds' investment manager, Highview Point Partners, LLC (the "**Investment Manager**"), would be named as the primary defendant in the enforcement action. Frank Lopez, a principal of the Investment Manager has resigned his position as director of the Funds as of May 4, 2011.

Upon receipt of the SEC notice the board of directors took immediate steps to place the assets of Funds under their personal control, and have revoked the power of the Investment Manager and its principals to deal with the assets of the Funds.

On May 6, 2011, the SEC had made an application to the United States District Court of Connecticut to have the Funds added as relief defendants in a civil action, namely *SEC v. Michael Kenwood Capital Management, LLC, et al.,* Civil Action No. 11-cv-78 (JBA) (the "**Michael Kenwood Action**"). The SEC sought an order from the court freezing the assets of the Funds, extending the appointment of the receiver in the Michael Kenwood Action to the Funds and seeking a repatriation order requiring the transfer of all the offshore assets of the Funds to the United States.

The Funds have retained Schulte Roth & Zabel, LLP as United States counsel in order to contest the SEC's motion, and at a hearing on May 11, 2011, the Funds, in order to avoid the immediate imposition of a Receivership and asset Repatriation Order, have agreed with the SEC to a temporary restraining order amongst other things freezing the assets of the Funds (other than ordinary-course expenses, legal and audit fees) until May 23, 2011. and the Court has made an Order in the terms agreed. The Funds have not submitted to the jurisdiction of the court other than in respect to this temporary restraining order and have reserved all rights to argue that the court has no jurisdiction over the Funds.

The next court hearing is scheduled for May 24, 2011. In the interim, the board of directors will be meeting with counsel to determine the best course of action and are working to protect the interests of the Funds and all stakeholders. The board will be writing further, after the hearing in the US District Court of Connecticut on May 24, 2011.

Yours faithfully,

**Evan Burtton,**
**Director**