UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NO. 11-cv-00078-JBA

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

FRANCISCO ILLARRAMENDI, et al.,

    Defendants.
_____/

**MOTION TO EXTEND DEADLINE FOR
MAKING CLAIMS IN RECEIVERSHIP**

Balanchine Corporation, Brentwood Services Incorporated and Edenwood Holding, S.A. ("Movants"), investors in Highview Point Offshore, Ltd. for feeding into the Highview Point Master Fund, hereby move this Court to extend the deadline for their filing claims in the "MK" Receivership.[1] The period of time requested is 30 days after counsel for the Movants are provided copies of certain documents requested by counsel for the Highview

---

[1] The filing of this Motion is without prejudice to and without waiver of the positions of the Movants, as set forth in their Initial Brief filed November 8, 2011 in the United States Court of Appeals for the Second Circuit in Case Nos. 11-3266 and 11-3270 (consolidated), that this Court erred in denying the Movants' motion to intervene in this action and in granting the SEC's request for a freeze of the assets of Highview Point Master Fund, (DE 277 and 276) and that this Court would lack the equitable authority, on this record, to adjudicate the entitlement of the Receiver, as the representative of the MK Receivership Entities, to recover assets from the Master Fund or any investor therein by any procedure other than a plenary proceeding by the Receiver against any such person.

Point Master Fund and the Highview Point Offshore Fund in the joint letter to the Court (DE No. 399) filed in this action on November 7, 2011.[2]

On February 3, 2011, this Court appointed John J. Carney as Receiver over Defendant Michael Kenwood Capital Management, LLC and Relief Defendants Michael Kenwood Asset Management, LLC, MK Energy and Infrastructure, LLC, and MKEI Solar, LP. On March 1, 2011 the Court issued an amended order expanding the duties of the Receiver and the definition of the Receivership Estate to include The Michael Kenwood Group, LLC, Michael Kenwood Capital Management, LLC; Michael Kenwood Asset Management, LLC; MK Energy and Infrastructure, LLC; MKEI Solar, LP; MK Automotive, LLC; MK Technology, LLC; Michael Kenwood Consulting,

---

[2] The documents referred to are as follows:

(1) copies of all documents and communications relating to the operations of the Relief Defendants -- that is, documents created or held by HPP for or on behalf of the Relief Defendants; (2) documents identifying investors in the MK Funds, the amounts invested by each investor, and the valuation of any in-kind contribution for such investments; and (3) all documentation relating to all inflows and outflows of assets, both to and from the MK Funds, HPP and the Highview Funds.

Although counsel for the Highview Funds had proposed that such documents be provided by December 1, 2011, in exchange for limitations on discovery immediately thereafter, there was no agreement reached among the Highview Funds, the SEC and the Receiver on this proposal. DE 399, at 5 n.3. The Highview Funds have therefore requested access to "all documents in the Receiver's possession as the result of his control over the Receivership Entities and the investigation that he has undertaken to date." *Id.*, at 5. Without intending to limit the Highview Funds' access to documents in any manner whatsoever, the Movants merely request that the deadline for their filing claims be extended to 30 days after their counsel receive the more limited category of documents described at the beginning of this footnote.

LLC; MK International Advisory Services, LLC; MKG-Atlantic Investment, LLC; Michael Kenwood Nuclear Energy, LLC; MyTcart, LLC; TUOL, LLC; MKCM Merger Sub, LLC; MK Special Opportunity Fund; MK Venezuela, Ltd.; Short Term Liquidity Fund, I, Ltd. (collectively, the "Receivership Entities"). On June 22, 2011 the Court issued an amended order expanding the duties of the Receiver and the definition of the Receivership Estate to include Highview Point Partners LLC. On July 5, 2011 the Court issued another amended order expanding the duties of the Receiver and the definition of the Receivership Estate to include MK Master Investments LP, MK Investments, Ltd., and MK Oil Ventures LLC.

By order dated September 23, 2011, this Court set a December 30, 2011 deadline for filing claims (the "Bar Date") against assets possessed by entities administered by the Receiver (collectively, the "Receivership" or the "Receivership Estate"). This order was amended by order dated September 28, 2011, without changing the Bar Date.

The purpose of this Motion is to seek an extension of the Bar Date for the Movants, to permit them sufficient time to obtain the information necessary to make an informed decision, based on a proper investigation, of any claims that the Movants may have against the assets held by the various

Receivership Entities. Counsel for the Receiver have been consulted by the undersigned and the Receiver has declined to consent to an extension.[3]

The Movants, between them, appear to have invested more cash than any other investors in any of the Illarramendi-managed partnership groups, i.e., MK and Highview Point. As things stand now, however, they have been barred by this Court from participating as intervenors,[4] and they have been otherwise completely shut out of the fact-gathering process. The Receiver, since May 2011, has consistently refused to provide the Movants with access to any documents under his control (which represent a very large portion of the likely relevant documents). Among other things, he has declined to provide documentation sufficient to show the sources from which the Michael Kenwood entities derived the $193 million used to fund payments to the Highview Point Master Fund in 2009 and 2010, as well as more information than the SEC made public at the May 2011 evidentiary hearings concerning the $167 million in 2009 and 2010 payments made from the Master Fund. He

---

[3] As phrased in such discussions, the request was for an extension for a fixed period of time, while this Motion asks for an extension tied to the receipt of basic relevant documentation. The Receiver's counsel has informed the Movants' counsel that the Receiver is unwilling to consent to an extension.

[4] The order denying intervention is on appeal to the United States Court of Appeal for the Second Circuit. No. 11-3266(con). The order freezing the assets of the Highview Point Master Fund is being appealed by the Movants and by the Highview Point Relief Defendants. Nos. 11-3270(Con) and 11-3286(Con), respectively.

has even refused to give the Highview Point Relief Defendants access to any such information.[5]

The Receiver's stranglehold on information is further exemplified by the fact that this Court has previously stayed, until further order of the court, all actions against the Receiver, any Receivership entity, or any present or former employee or agent thereof.  Thus, the Movants are unable to sue Illarramendi, the MK entities, or any other person associated with either without permission of the Court.

It is uncertain at present exactly what claims the Movants may have against any of the Receivership Entities. Any such claim would, by necessity, arise from events and conditions outside of the Movants' control and knowledge, since they were in control of none of the MK Receivership Entities. One thing is clear: the accounting records of the various entities, if made available to the Movants (with, if necessary, appropriate confidentiality provisions), would clarify a great deal about the facts of this case, such that the Movants and their counsel would be in a far better position to determine whether to make a claim and in what amount. At the present time, any claims that the Movants might file would likely amount to protective measures, would be phrased in the most general of terms, and would not educate the Receiver or his staff in assessing total likely claims against

---

[5]  In the joint discovery letter, DE 399, the Receiver insisted on maintaining a monopoly on such information until at least February 15, 2012. DE 399, at 2-3. The Court has not yet established a discovery schedule.

Receivership Estate assets. This is because the Receiver and his staff are (or should be, after incurring millions upon millions of dollars in fees) fully cognizant of the facts and do not need a formal claim by the Movants to learn whether, on their face, the facts indicate that moneys are owed to the Movants. Thus, insisting on the current schedule is actually to punish the Movants by holding them to an unnecessarily rigid schedule that serves no purpose other than making them make critical decisions while being kept in the dark.

An additional reason to extend the bar date is the pendency of the Second Circuit's appeal. Until the appeals before the Second Circuit are decided, it will be premature to consider a resolution of the main issue in this case, which is whether, and how, the MK Receiver can attach all or some of the assets in the possession of the Master Fund. The Movants contend, as they have before the Second Circuit, that this Court does not have the equitable authority to decide that issue in a "summary proceeding," rather than in a plenary proceeding.

When the Receiver's information monopoly ends and the Movants gain access to sufficient information to permit them to make an informed decision concerning whether they have claims against the MK Receivership Entities, a one-month deadline would be sufficient. Further, this extension will not prejudice the Receiver or the orderly progress of the Receivership. It would be entirely within the Receiver's discretion to provide access to the documents

and trigger the one-month deadline. Moreover, even if the documents were provided to the Movants on say, March 1, 2012, it is inconceivable that the Receivership would be remotely close to being wound up by April 1, 2012. Therefore, the granting of an extension will not cost the Receivership anything.

  For these reasons, the Movants respectfully request that this Court issue an order extending the time for them to file claims in the MK Receivership as set forth above.

            BALANCHINE CORPORATION,
            BRENTWOOD SERVICES INC.,
            EDENWOOD HOLDING, S.A.

            <u>/s/ Richard E. Brodsky</u>
            Richard E. Brodsky -  phv 0470
            THE BRODSKY LAW FIRM
            66 West Flagler Street, Ninth Floor
            Miami, Florida 33130
            Tel.:   786-220-3328
            Fax:   866-564-8231
            rbrodsky@thebrodskylawfirm.com
            Admitted Pro Hac Vice

OF COUNSEL:

Laurence E. Curran III
CURRAN & ASSOCIATES
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
Tel.: (305) 777-0374
Fax: (305) 675-0548
lecurran@lecurran.com

Simon I. Allentuch (ct21094)
Neubert, Pepe & Monteith, P.C.
195 Church Street
New Haven, CT  06510

Phone: (203) 821-2000
Fax: (203) 821-2009

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 13, 2011, a copy of foregoing Notice of Appeal of Order Denying Motion to Intervene was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                  /s/ Richard E. Brodsky
                                                  Richard E. Brodsky