UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br>            Plaintiff, <br> v. <br><br> FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, <br><br>            Defendants, <br><br> and <br><br> HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, <br>            Relief Defendants. | 11-CV-00078 (JBA) <br><br> ECF CASE <br><br> **NOTICE OF MOTION** |

**PLEASE TAKE NOTICE** that John J. Carney, Esq. (the "Receiver"), as Receiver for the Michael Kenwood Group, LLC, Highview Point Partners, LLC, and certain affiliated entities in the above captioned matter, by and through his undersigned counsel respectfully moves pursuant to paragraphs 14 and 47 of the January 4, 2012 Amended Order Appointing Receiver (Doc. No. 423) (the "Amended Order") for an order expanding the Receivership to include Highview Point Master Fund, Ltd. ("Master Fund"), Highview Point Offshore Fund, Ltd. ("HVP Offshore"), and Highview Point LP ("HVP LP")(collectively "HVP Funds"). The relief requested is necessary and appropriate because:  (1) Defendant Francisco Illarramendi ("Illarramendi") operated one overarching unitary fraudulent investment scheme (the "Fraudulent Scheme" or "Fraud" ) that began at the Offshore Fund and later extended to and

encompassed, among others, the other HVP Funds, the MK Funds[1], and certain MK Entities, and utilized their bank accounts and other entities to conceal investor losses and defraud investors; (2) Illarramendi used HVP Partners and other entities to engage in massive and pervasive commingling of investor funds held by or for the account of the HVP Funds and MK Funds; (3) Illarramendi similarly used HVP Partners and other entities, to loot, divert and misappropriate the assets of the MK Funds and the HVP Funds; (4) at the time of the discovery of the Fraudulent Scheme, commingled proceeds of the Fraud held in the accounts of the HVP Funds were in fact largely, if not completely, derived from the MK Funds; (5) to accomplish the Fraud, Illarramendi dominated and controlled the HVP Funds and MK Funds and operated them as one collective enterprise without due regard for corporate formalities, separateness and structure or the proper segregation of corporate assets; and (6) inclusion of the HVP Funds within the Receivership properly reflects the fundamental economic reality of the Fraudulent Scheme that evolved over five years and is the only way to ensure an equitable distribution to all of Illarramendi's victims, investors and creditors alike.   For the reasons set forth in the accompanying Memorandum of Law, those provided in any further pleadings or hearings on the Motion, and based upon the Declaration of Matthew Greenblatt submitted herewith, the Receiver respectfully requests that the Motion for an Order Expanding the Receivership to Include the Master Fund, HVP Offshore, and HVP LP be considered on an expedited basis and GRANTED. The Securities and Exchange Commission does not object to the relief sought herein.

---

[1] The term "MK Funds" as used herein refers to the following:  MK Special Opportunity Fund ("MK SOF"); MK Venezuela, Ltd. ("MKV") and Short Term Liquidity Fund, I, Ltd. ("STLF").

The "MK Entities" include the MK Group; Michael Kenwood Capital Management, LLC; Michael Kenwood Asset Management, LLC; MK Energy and Infrastructure, LLC; MKEI Solar, LP; MK Automotive, LLC; MK Technology, LLC; Michael Kenwood Consulting, LLC; MK International Advisory Services, LLC; MKG-Atlantic Investment, LLC; Michael Kenwood Nuclear Energy, LLC; MyTcart, LLC; TUOL, LLC; MKCM Merger Sub, LLC.

**PLEASE TAKE FURTHER NOTICE** that the Receiver requests that this motion be decided on an expedited basis. As further discussed in the accompanying Memorandum of Law, the Master Fund, HVP Offshore, and HVP LP must be brought into the Receivership in an expedited manner to avoid unnecessary depletion of investor assets which will occur with prolonged litigation and to facilitate the Receiver's ability to expeditiously marshal and distribute all relevant assets in an equitable manner.

Dated: February 2, 2012
New York, New York

/s/ _____
Jonathan R. Barr
Dennis O. Cohen
BAKER & HOSTETLER LLP
45 Rockefeller Plaza, 11th Floor
New York, NY 10111
jbarr@bakerlaw.com
dcohen@bakerlaw.com
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Receiver John J. Carney*