UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------- x
SECURITIES AND EXCHANGE :
COMMISSION, :
                    Plaintiff, : Civ. Action No. 11-cv-78 (JBA)
:
         - v - :
:
FRANCISCO ILLARRAMENDI, :
HIGHVIEW POINT PARTNERS, LLC and :
MICHAEL KENWOOD CAPITAL :
    MANAGEMENT, LLC, :
:
                  Defendants, :
    and :
:
HIGHVIEW POINT MASTER FUND, LTD., :
HIGHVIEW POINT OFFSHORE, LTD., :
HIGHVIEW POINT LP, :
MICHAEL KENWOOD ASSET :
    MANAGEMENT, LLC, :
MK ENERGY AND INFRASTRUCTURE, :
    LLC, and :
MKEI SOLAR, LP, :
:
              Relief Defendants :
------------------------------------------------------- X

## MOTION FOR EXPEDITED STATUS CONFERENCE

Relief Defendants Highview Point Master Fund, Ltd. and Highview Point Offshore, Ltd. (collectively the "Highview Funds" or the "Funds") hereby move the Court for a status conference to be scheduled tomorrow, Thursday, February 09, 2012, at whatever time is convenient for the Court, or as soon thereafter as is possible, to discuss the following critical issues: (1) the briefing schedule and procedures to be followed with respect to the Motion of John J. Carney (the "Receiver") for an Order Expanding the Receivership to include the Highview Funds and Highview Point LP (the "Receiver's Motion," or the "Motion") (Dkt. No. 446); and (2) outstanding discovery issues.

The Receiver's Motion essentially seeks to disenfranchise the Funds and their investor constituencies by subsuming them into the Receivership. Given the importance of the Motion, it cannot fairly be considered before the Funds have a full and fair opportunity to obtain and review the evidentiary record upon which the Motion is based and to respond to the Receiver's arguments. Thus, the Court's immediate intervention is needed in order to preserve the most elementary rights of the Funds.

## PURPOSE OF STATUS CONFERENCE

The Receiver has timed his Motion such that the due date for the Funds' opposition papers coincides directly with the date on which the Funds must submit their reply brief in the appeal before the Second Circuit relating to the Court's partial grant of the Commission's motion for a temporary restraining order. The Receiver filed his motion near midnight on February 2, 2012, and the Commission filed its Second Circuit brief on February 6, 2012. The Funds' reply papers on the appellate brief are due on February 21, 2012, and the Funds' opposition to the Motion at issue is due two days later on February 23, 2012. Thus, the Funds have about three weeks to respond to two substantial motions, which overlap in time only by virtue of the Receiver's decision to file when he did.

The Funds requested additional time to respond to the Receiver's Motion, but the Receiver, through counsel, refused to agree to an extension of the Funds' response time without first extracting concessions: limiting the extension to a modest 2-1/2 weeks and requiring the Funds' consent to expedited consideration of the Motion. Thus, the Receiver continues to seek to deny the Funds due process by giving them insufficient time to respond to the Motion after having denied them, and continuing to deny them, access to the discovery needed to reply adequately to his one-sided contentions. For the reasons set forth below, the Funds believe that

the Motion is far too important, and the playing field is far too tilted in favor of the Receiver, for a fair hearing to take place as early as mid-March, as the Receiver would like.

    A.    **Nature of the Receiver's Motion**

In May 2011, the Court held an extensive evidentiary hearing over the course of three days, in connection with the Commission's motion for a temporary restraining order. The Commission sought, among other things, the appointment of a receiver over the Funds and its investment manager, Highview Point Partners, LLC ("HPP"). (*See* Dkt. No. 182.) The Funds opposed the appointment of a receiver.

During the hearing, the Funds presented evidence that their directors are professional fiduciaries who took immediate and decisive action to secure the Funds' assets upon being notified of the alleged fraudulent scheme perpetrated through the Funds' investment manager. (*See* Dkt. No. 226-1 at 3-4; Hr'g Tr. 12:14-13:1, Dkt. No. 259.) Specifically, the Funds immediately passed resolutions revoking HPP's authority as investment manager, instructed its administrator, GlobeOp, that only the Funds' present directors could authorize disbursement of funds, and retained U.S. counsel to further assist in preserving the Funds' assets. (*Id.*) Moreover, the Funds consented to the personal jurisdiction of the Court and to a temporary asset freeze. (*See* Hr'g Tr. 11:20-22, Dkt. No. 259.) At that point, the Commission withdrew its request for the appointment of a receiver over the Funds.

Subsequently, the Court ordered that the Funds transfer the assets in their overseas bank accounts to the U.S. (Dkt. No. 276.) The Funds immediately complied with that order, and transferred all of their foreign-held assets to a U.S. bank account at J.P. Morgan Chase in New York, which is subject to the Court's jurisdiction. Those funds are subject to a continuing freeze order (Dkt. No. 276), with which the Funds are fully compliant.

Significantly, the Receiver does not raise as a basis for the Motion any risk of improper dissipation of assets. Rather, the dissipation that he complains of are of costs associated with the Funds defending themselves in this litigation. Moreover, the Commission has not joined the Receiver's request. Accordingly, rather than being based on any concern over maintaining the status quo pending a determination of ownership of the assets, the Receiver's attempt to rush his Motion to a decision represents a transparent attempt to expand his own powers and perhaps even to give the Michael Kenwood Funds an unfair opportunity to gain access to the Highview Funds' assets before a final determination is reached as to the appropriate equitable distribution of assets.

### B. The Highview Funds Are Entitled to Discovery to Aid their Response to the Receiver's Motion

The Receiver, when he assumed control over HPP, also assumed control over many of the Funds' books and records, which, as is customary, were maintained by their investment manager, HPP. Subsequently, the Funds repeatedly requested access to their own records and other basic records relating to the alleged Ponzi scheme. The Receiver refused, wishing instead to maintain complete control over the process.

During a telephonic hearing relating to the scheduling of the Funds' motion to dismiss the Commission's complaint in October 2011, the Funds brought to the Court's attention that they had been denied access to their own records. In response, the Court asked the parties to submit a proposed Rule 26(f) discovery plan. (Hr'g Tr. at 25:11-26:20, Dkt. No. 393.) Because the parties were unable to reach agreement on a joint discovery plan, they submitted a joint letter to the Court, dated November 7, 2011, (Dkt. No. 399), outlining their respective positions on discovery. In that letter, the Funds sought limited discovery in the form of (i) their own documents; (ii) documents identifying investments in the MK entities; and (iii) documents

4

relating to the flow of funds between the MK Funds and the Highview Funds.[1] The Receiver, on the other hand, sought to delay all discovery until after he issued a preliminary report that he proposed to be due by February 15, 2012 — one week from today, asserting that it would be both economical and time-efficient to postpone discovery until after that date. In addition, the Receiver expressed his view that the Funds should be included in the receivership. It now appears that the Receiver's position on discovery was designed to delay matters until he could bring his Motion.

Without notice, at nearly midnight on Thursday, February 2, 2012, and notwithstanding the Commission's determination over eight months earlier that the appointment of a receiver over the Highview Funds was not necessary, the Receiver filed the Motion seeking, on an expedited basis, to expand the receivership estate to include the Funds. The Receiver bases his Motion substantially on evidence adduced at the May 2011 hearing on the Commission's TRO motion and on general corporate veil piercing principles, claiming that no additional hearing is necessary to grant his requested relief. (*See, e.g.,* Mot., Dkt. No. 446, at 1-4.) That position is baseless. Not only did the Commission withdraw its request for the appointment of a receiver over the Funds at the May 2011 hearing, but there is otherwise no reason to extend the receivership in light of the outcome of that hearing: The Funds' asset were "repatriated" to the United States and frozen.

In addition to his assertion that the evidence presented at the May 2011 hearing is a sufficient basis to grant the Motion, the Receiver asks the Court to consider new "additional facts that the Receiver's investigation has uncovered" since the May 2011 Hearing. (*Id.* at 7.)

---

[1] Specifically, in the letter the Funds sought the following: "(1) copies of all documents and communications relating to the operations of the Relief Defendants -- that is, documents created or held by HPP for or on behalf of the Relief Defendants; (2) documents identifying investors in the MK Funds, the amounts invested by each investor, and the valuation of any in-kind contribution for such investments; and (3) all documentation relating to all inflows and outflows of assets, both to and from the MK Funds, HPP and the Highview Funds." (Dkt. No. 399, at 5 n.3.)

Critically, those "additional facts" were developed by the Receiver during a period of time when he steadfastly refused to provide the Funds with access even to their own records.

Not content with this denial of due process, the Receiver seeks to have the Court expedite consideration of his Motion, during a time when the Funds' counsel are occupied in responding to the Commission's opposition papers in the Second Circuit appeal and before they have an opportunity to assess the evidence developed by the Receiver during the course of the past eight months. Those tactics are extremely worrisome to the Funds and their investor constituencies, which have maintained throughout this case that there are serious and irreconcilable conflicts of interest between the interests of the Highview Funds and those of the Michael Kenwood Funds. (*See, e.g.,* Dkt. Nos. 208-1, 235.)

Based on the foregoing, the Funds seek immediate access to the discovery previously requested by them in the parties' joint November 7, 2011 letter to the Court (as described above), discovery of all documents and information relied upon by the Receiver in connection with his Motion, and an extension of the return date for the Receiver's Motion until 60 days after production of the requested documents is completed. That relief is necessary in order to give the Funds an opportunity to review the evidence along with the assistance of their forensic experts and to respond to the Receiver's factual allegations asserted in the Motion.[2] The Funds note that had the Receiver provided them access to the documents at issue when the Funds requested them, there would be no need for any delay. Alternatively, the Funds seek an extension of the deadline for their opposition to the Motion to March 30, 2012, in order to permit them to more adequately respond to the Receiver's allegations and further explain the need for additional discovery.

---

[2] At this time, the Funds do not seek the right to take depositions in connection with responding to the Motion, but reserve their right to request them and other discovery should circumstances so warrant.

## **CONCLUSION**

WHEREFORE, Relief Defendants, the Highview Funds, respectfully request that the Court schedule a status conference in this matter, on Thursday, February 09, 2012, or at the earliest practicable date and time convenient to the Court.

Dated:  New York, New York
       February 8, 2012

SCHULTE ROTH & ZABEL LLP

By: /s/ Michael E. Swartz  _____
    Michael E. Swartz (*admitted pro hac vice*)

919 Third Avenue
New York, New York  10022
(212) 756-2000

*Attorneys for Relief Defendants*
*Highview Point Master Fund, Ltd. and*
*Highview Point Offshore, Ltd.*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------------x
SECURITIES AND EXCHANGE            :
COMMISSION,                        :
                   Plaintiff,      :    Civ. Action No. 11-cv-78 (JBA)
                                   :
            - v -                  :
                                   :
FRANCISCO ILLARRAMENDI,            :
HIGHVIEW POINT PARTNERS, LLC and   :
MICHAEL KENWOOD CAPITAL            :
     MANAGEMENT, LLC,              :
                                   :
                   Defendants,     :
                                   :
      and                          :
                                   :
                                   :
HIGHVIEW POINT MASTER FUND, LTD.,  :
HIGHVIEW POINT OFFSHORE, LTD.,     :
HIGHVIEW POINT LP,                 :
MICHAEL KENWOOD ASSET              :
     MANAGEMENT, LLC,              :
MK ENERGY AND INFRASTRUCTURE,      :
     LLC, and                      :
MKEI SOLAR, LP,                    :
                                   :
                   Relief Defendants :
-----------------------------------------------------X
```

　　　　　I hereby certify that on February 8, 2012, Relief Defendants Highview Point Master Fund, Ltd. and Highview Point Offshore, Ltd. filed their Motion for Expedited Status Conference, electronically, and served by mail on anyone unable to accept electronic filing. Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Dated: February 8, 2012　　　　　　　　　　By: /s/ Michael E. Swartz_____
　　　　　　　　　　　　　　　　　　　　　　　Michael E. Swartz (admitted *pro hac vice*)