UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                       )
SECURITIES AND EXCHANGE                )
COMMISSION,                            )
                                       )
      Plaintiff,                       )   Civil Action No. 11-cv-78 (JBA)
                                       )
  v.                                   )
                                       )
FRANCISCO ILLARRAMENDI,                )
HIGHVIEW POINT PARTNERS, LLC and       )
MICHAEL KENWOOD CAPITAL                )
    MANAGEMENT, LLC,                 )
                                       )
      Defendants,                      )
                                       )
  and                                  )
                                       )
HIGHVIEW POINT MASTER FUND, LTD.,      )
HIGHVIEW POINT OFFSHORE, LTD.,         )
HIGHVIEW POINT LP,                     )
MICHAEL KENWOOD ASSET                  )
    MANAGEMENT, LLC,                 )
MK ENERGY AND INFRASTRUCTURE,          )
    LLC, and                         )
MKEI SOLAR, LP,                        )
                                       )
      Relief Defendants.               )
_____)

**COMMISSION'S MOTION TO JOIN IN THE RECEIVER'S MOTION TO EXPAND THE RECEIVERSHIP TO INCLUDE THE HIGHVIEW POINT FUNDS**

Plaintiff Securities and Exchange Commission "Commission") hereby joins the motion of the Receiver for an order expanding the Receivership to include Highview Point Master Fund, Ltd. (the "Master Fund"), Highview Point Offshore, Ltd. (the "Offshore Fund") and Highview Point LP ("Highview LP") and (collectively the "Funds"). *See* Dkt. No. 446, 447.

As detailed in the Receiver's motion, his supporting memorandum of law, and the accompanying affidavit of Matthew Greenblatt, the forensic accountant who testified at the

1

Preliminary Injunction hearing in May 2011, the Receiver has developed significant evidence that the fraud perpetrated by Mr. Illarramendi, Highview Point Partners, and their associates was far-reaching, and was accomplished through extensive co-mingling of the funds held by investors in all of the entities Illarramendi controlled, including the Highview Funds.  The evidence presented to the Court in support of the Receiver's motion demonstrates that the Highview Funds, just like the MK Funds that are already part of the Receivership, were instruments of Illarramendi's fraud and functioned in substance as part of the unified "pot" of money that Illarramendi used to perpetuate his fraud.  When they were still operating their fraud, Illarramendi and Highview Point Partners did not segregate the funds belonging to the Highview Funds' investors, or to any of his other investors.  Likewise, they disrespected both the corporate structure and corporate formalities for both the Highview Funds and the MK Funds.  Given the extensive evidence of co-mingling, and the fact that most of the $230 million currently held in the name of the Highview Funds is traceable to the MK Funds, there is no justifiable reason to continue the fiction that the Highview Funds should be considered distinct or independent entities, entitled to spend proceeds of fraud to advance their own claims.

To the extent that the Highview Funds contend that the Commission disagrees with the Receiver's position, *see* Dkt. No. 448 at 5, the Highview Funds are mistaken.  While, at the time of the Preliminary Injunction hearing, the Commission withdrew its request to include the Highview Funds as part of the Receivership, it did so in the spirit of compromise and pending further investigation into the extent to which the Highview Funds were instruments of Illarramendi's fraud.  Particularly given the evidence that the Receiver has now developed, the Commission believes that the Highview Funds should be included in the Receivership.  No legitimate reason remains to give investors in the Highview Funds the unequal benefit of

expending funds through their counsel that are clearly the comingled proceeds of fraud – with the asserted goal of improving their position relative to other victims of Illarramendi's fraud.

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**
By its attorneys,


  /s/ Kathleen Shields
Rua M. Kelly (Mass. Bar No. 643351)
LeeAnn G. Gaunt (Mass. Bar No. 630557)
Kathleen Shields (Mass. Bar No. 637438)
33 Arch Street, 23rd Floor
Boston, Massachusetts  02110
Telephone:  (617) 573-8941 (Kelly direct)
Facsimile:   (617) 573-4590
E-mail:  kellyru@sec.gov

Local Counsel:

/s/
John B. Hughes (Fed. Bar No. CT 05289)
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, Connecticut 06510
(203) 821-3700
(203) 773-5373

Dated:  February 9, 2012

## CERTIFICATE OF SERVICE

      I hereby certify that on February 9, 2011, I electronically filed the Commission's Motion To Join In The Receiver's Motion To Expand The Receivership To Include The Highview Point Funds with the clerk of the court and the parties of record by using the CM/ECF System.

           /s/ Kathleen Shields
           Kathleen Shields