UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Civil Action No.: 11-cv-78 (JBA)

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

FRANCISCO ILLARRAMENDI, et al.,

    Defendants.

_____/

## EMERGENCY MOTION TO INTERVENE

Balanchine Corporation, Brentwood Services Incorporated and Edenwood Holding, S.A., by and through their undersigned attorneys, hereby file this Emergency Motion to Intervene of right and permissively. This Motion is brought under Fed. R. Civ. P. 24(a)(2) and 24(b). The three movants will be referred to herein as the "Principal Owners," acknowledging their undisputed status as the owner of 71% of Highview Point Offshore, Limited. DE 239-1.

The purpose of this Motion is to seek to participate in this action as intervenors in order to seek (a) a stay of proceedings on the MK Receiver's motion to extend the receivership ("Receiver's Motion") (DE 446) pending resolution of the appeals pending in the United States Court of Appeals for the Second Circuit from orders issued by this Court on June 16, 2011 (DEs

276 [Order granting S.E.C. Motion for Emergency Relief] and 277 [Order denying the Principal Owners' motion to intervene]); or, in the alternative, (b) allowing Principal Owners the opportunity to oppose the MK Receiver's Motion, which presents a very drastic change of circumstances that place at immediate risk of loss the property interests of the Principal Owners, starting with the establishment of fair and orderly procedures for resolution of the MK Receiver's Motion. Attached as Appendix "A" is the motion that would be filed were this Motion to be granted.[1]

This Motion warrants expedited consideration because the Court is about to hold a status conference on the Highview Funds' Motion and the MK Receiver and the S.E.C. are seeking expedited consideration of the Receiver's Motion. Consideration of this Motion can and should be made as promptly as possible and, hopefully, as part of that Status Conference. Delay in consideration of and ruling on the instant Motion will severely prejudice the ability of the Principal Owners to protect their legitimate protectable rights, which have already been explicitly recognized by this Court. DE 277.

---

[1]     It should be explicitly understood that the purpose of the original Motion to Intervene, which is on appeal, was to permit the Principal Owners to participate in all future proceedings in this action. This Motion is not intended to waive any rights on the original Motion, either in this Court or in the Court of Appeals. Rather, this Motion is expressly intended to permit the Principal Owners to contest the Receiver's Motion and otherwise to participate in this case as intervenors. The specific relief sought at this time is a stay or in the alternative, the opportunity to defend against the Receiver's motion to take the Highview Funds into his receivership, including the establishment of fair and orderly procedures for consideration of the Receiver's Motion, because, at this stage, that relief is needed to protect the immediate property interests of the Principal Owners.

**Intervention of Right**

Intervention as of right under Rule 24(a)(2) is to be applied liberally in favor of intervention. *See, e.g., Davis v. Smith,* 431 F. Supp. 1206, 1209 (S.D.N.Y. 1977), *aff'd,* 607 F.2d 535 (2d Cir. 1978).[2] The Second Circuit mandates review of four factors in evaluating whether to grant intervention as of right: (1) whether the motion was timely; (2) whether the movant has an interest relating to the property at issue in the underling action; (3) whether the movant's ability to protect the interest will be impaired or impeded without intervention; and (4) whether the movant's interest is adequately represented by other parties. *See, e.g., Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010).

Here, all four factors are satisfied.

*First*, the motion is being filed shortly after the filing of the MK Receiver's Motion and before the Court holds its status conference at the Highview Funds' request.

*Second*, as this Court has already recognized in denying the Principal Owners' earlier motion to intervene, the Principal Owners have a legally protectable interest. In that Order, the Court explained at length the nature

---

[2] *See Wilderness Soc. v. U.S. Forest Serv.,* 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc); *Grutter v. Bollinger,* 188 F.3d 394, 399 (6th Cir. 1999); *U.S. Postal Serv. v. Brennan,* 579 F.2d 188, 193 n.2 (2d Cir. 1978) (Oakes, J., dissenting). Doubts are to be resolved in favor of the proposed intervenor. *See, e.g., Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.* 60 F.3d 1304, 1307 (8th Cir. 1995); *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,* 983 F.2d 211, 216 (11th Cir. 1993*).*

of the Principal Owners' "direct, substantial, and legally protectable" interest in this litigation. Specifically, as the Court found, "the . . . relevant interests are the Principal Owners' interests in protecting the value of their investments and the potential effect of a freeze order on their ability to redeem." DE 277, 6. On this record, there is no doubt the Principal Owners' "pecuniary interest in preserving an investment subject to court-ordered injunctive and equitable remedies is a legally protectable interest." *Id.*, 7. In reaching this conclusion, the court noted the harm that the Principal Owners warned they would suffer if the assets of the Highview Funds were frozen and if the S.E.C. and the MK Receiver succeeded in combining the assets of the MK Funds and the Highview Funds. *Id.*, 6-7. As to the latter point, the court recognized the Principal Owners' concern that because the Highview Funds had more assets than the MK Funds, "any pooling of the two funds will automatically impair (by watering down) the value of the [Principal Owners'] … interests." *Id.*, 6. This risk is about to become a reality if the Receiver's Motion to take the Highview Funds into his receivership is granted, as it would automatically result in a dilution of the 71% property interest the Principal Owners have in the Highview Funds, creating a direct and potentially destructive harm to the Principal Owners.

  *Third*, the Court has already found that existing parties do not adequately protect the Principal Owners' interests. There is no reason that

4

that conclusion should be changed.[3] It is the Principal Owners who stand to lose their investments; the Highview Funds are not investors in and of themselves and have no real property interest at stake.

*Fourth*, denial of the motion, in the words of Rule 24(a)(2), "may as a practical matter impair or impede the movant's ability to protect its interest." This Court earlier ruled that the Principal Owners' "participation in future summary proceedings in which the Court or the [MK] Receiver determine investors' entitlement to assets is adequate to the task at hand." DE 277, 9. Although we respectfully submit that this conclusion was in error[4] we are now threatened with dramatically changed circumstances - this is not intervention to contest a freeze of funds but of what amounts to a taking of funds. The situation is even more perilous than earlier: before, the S.E.C. sought to freeze the Highview Funds, thereby preventing the Principal

---

[3]   The S.E.C. suggested to the Court that the Principal Owners would be adequately represented by the Highview Funds, but the Court should recognize the obvious: these relief defendants are not adequate representatives of the Principal Owners. Even if relief defendants — who, with their limited role, are not true "existing parties," *see CFTC v. Walsh*, 618 F.3d 218, 225 (2d Cir. 2010) ("relief defendant" is "a person who 'holds the subject matter of the litigation in a subordinate or possessory capacity'") — could hypothetically be adequate representatives of a proposed intervenor, the circumstances of this case do not support such a finding. Notably, the S.E.C. did not claim to the contrary in their Answer Brief filed in the Second Circuit.

[4]   The Principal Owners' argument is fully set forth in Point I.B, pp. 21-40, in the Principal Owners' Initial Brief before the Second Circuit. The initial briefs of the Principal Owners and the Highview Funds are attached as Appendices "B" and "C" hereto. The Principal Owners' brief is incorporated by reference herein.

Owners from redeeming their interests in the Funds, while now the S.E.C. and the MK Receiver seek to grab the money of the Highview Funds for the benefit of investors in an entirely different set of funds, while the Principal Owners are kept on the sidelines, unable to participate in the fight for their money. This is a wholly unreasonable and unfair situation and the Court should remedy this injustice by granting this Motion.  Since the sole stated basis for denying intervention previously was the Court's view that the Principal Owners' would be permitted to participate in future proceedings that affect their property rights, then surely the current, immediate threat to their property rights set forth in the MK Receiver's motion compels the conclusion that intervention is warranted.

## Permissive Intervention

Permissive intervention under Rule 24(b) requires that the movant "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Like the standards for intervention as of right under Rule 24(a), this requirement has received a "liberal construction." *Stallworth v. Monsanto,* 558 F.2d 257, 269 (5th Cir. 1977) (citing authorities); *accord Davis,* 431 F. Supp. at 1209 (Rule 24(b) "is to be construed liberally"). Permissive intervention is also appropriate where the applicant's interest will be resolved by the suit. *Dow Jones & Co., Inc. v. DOJ,* 161 F.R.D. 247, 254 (S.D.N.Y. 1995) (Sotomayor, J.). Accordingly, many courts allow permissive intervention when the

6

applicant has "an economic interest in the outcome of the suit." 7C Charles A. Wright, *et al.*, Fed. Prac. & Proc. (Civil) § 1911 n.10 (2011 update) (collecting numerous cases).

The reasons that the Court should afford the Principal Owners permissive intervention are set forth in their initial brief in the Court of Appeals (an appendix hereto) at pp. 40-43, which is incorporated by reference herein.

## CONCLUSION

For the reasons set forth herein, the Court should grant the Principal Owners intervention of right and permissively.

Respectfully submitted,

/s/ Richard E. Brodsky
Richard E. Brodsky
THE BRODSKY LAW FIRM
66 West Flagler Street, Ninth Floor
Miami, Florida 33130
Tel.: 786-220-3328
Fax: 866-564-8231
rbrodsky@thebrodskylawfirm.com

OF COUNSEL:

Simon I. Allentuch (ct21094)
Neubert, Pepe & Monteith, P.C.
195 Church Street
New Haven, CT  06510
Phone: (203) 821-2000
Fax: (203) 821-2009

Laurence E. Curran III
CURRAN & ASSOCIATES
701 Brickell Avenue, Suite 1550

Miami, Florida 33131
Tel.: (305) 777-0374
Fax: (305) 675-0548
lecurran@lecurran.com

## CERTIFICATE OF SERVICE

I hereby certify that on February __, 2012 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard E. Brodsky
Richard E. Brodsky

rebrodsky:IPI:021912.emergencymotiontointervene.docx