UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>        Plaintiff,<br>v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br>        Defendants,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br>        Relief Defendants. | 11-CV-00078 (JBA)<br><br>ECF CASE<br><br><br>**STIPULATION AND ORDER** |

**STIPULATION AND ORDER RESOLVING MOTION TO ALLOW LATE FILING OF PROOF OF CLAIM**

WHEREAS, John J. Carney, Esq. (the "Receiver"), as Receiver for the Michael Kenwood Group (the "MK Group"), Highview Point Partners, LLC ("HVP Partners") and certain affiliated entities[1] in the above-captioned matter, filed the *Motion to Set Bar Date For Claims Against the Receivership Estate And To Approve Claim Form and Notice Procedures*

---

[1] To date, the following entities have been placed into the Receivership: The Michael Kenwood Group, LLC; Michael Kenwood Capital Management, LLC; Michael Kenwood Asset Management, LLC; MK Energy and Infrastructure, LLC; MKEI Solar, LP; MK Automotive, LLC; MK Technology, LLC; Michael Kenwood Consulting, LLC; MK International Advisory Services, LLC; MKG-Atlantic Investment, LLC; Michael Kenwood Nuclear Energy, LLC; MyTcart, LLC; TUOL, LLC; MKCM Merger Sub, LLC; MK Special Opportunity Fund; MK Venezuela, Ltd.; Short Term Liquidity Fund, I, Ltd.; Highview Point Partners, LLC; MK Master Investments LP; MK Investments, Ltd., and MK Oil Ventures LLC (collectively, "the Receivership").

42664571.2

[Docket No. 315] (the "Bar Date Motion") on August 23, 2011;

WHEREAS, The Court entered an order on September 23, 2011 [Docket No. 365] and an amended order on September 28, 2011 [Docket No. 380] (the "Bar Date Order") granting the Bar Date Motion and setting December 30, 2011 as the deadline (the "Bar Date") for filing claims against entities that are currently administered by the Receiver (the "Receivership Entities" or "Receivership");

WHEREAS, the Receiver served notice of the Bar Date Motion (a "Bar Date Notice") upon all parties believed to have an interest in the Receivership at the last known address of those parties;

WHEREAS, the Receiver served the Bar Date Motion upon Alvarez & Marsal Global Forensic and Dispute Services, LLC ("Alvarez") at the following address: Alvarez & Marsal, c/o Opal Lynch, 2001 K Street NW, Suite 803, Washington, DC 20006 (the "K Street Address") on or about October 6, 2011;

WHEREAS, Alvarez did not maintain an office at the K Street Address on or about October 6, 2011;

WHEREAS, the Memorandum and Barratt Affidavit both assert that no Alvarez employee had knowledge of the Bar Date or the requirement to file a proof of claim prior to January 5, 2012;

WHEREAS, Alvarez filed a proof of claim (the "Alvarez Claim") on January 6, 2012 (four business days after the Bar Date);

WHEREAS, Alvarez filed the *Motion to Allow Late Filing of Proof of Claim* [Docket No. 429] (the "Motion") on January 17, 2012;

2

42664571.2

WHEREAS, the Memorandum in Support of the Motion (the "Memorandum") and Affidavit of James W. Barratt (the "Barratt Affidavit") regarding the Memorandum assert that an internal inquiry revealed no Alvarez personnel that had received a Bar Date Notice prior to the Bar Date;

WHEREAS, based on the unique facts set forth in the Memorandum, and based on the fact that the Alvarez Claim was filed within one week of the Bar Date, the Receiver believes that allowing the Alvarez Claim to be considered on the same basis as other claims filed before the Bar Date will not materially prejudice any creditor of the Receivership, and that litigating the Alvarez Claim on the basis of timeliness would be costly and wasteful;

It is hereby stipulated and agreed as follows:

1. The Alvarez Claim shall be deemed to have been timely filed notwithstanding the Bar Date Order;

2. The Receiver reserves the right to object to the Alvarez Claim on any grounds other than timeliness, and Alvarez reserves the right to respond to any such objection and to prosecute the Alvarez Claim;

3. The Receiver reserves all rights not addressed by this stipulation, including the right to object to other claims filed after the Bar Date on timeliness grounds; and

4. Alvarez reserves all rights not addressed by this stipulation.

*Remainder of Page Intentionally Left Blank*

42664571.2

Dated: February 1, 2012

By: /s/ Marc E. Hirschfield                    /s/ Joshua W. Cohen
BAKER & HOSTETLER LLP                          DAY PITNEY LLP
45 Rockefeller Plaza                           Joshua W. Cohen (ct14731)
New York, New York 10111                       One Audubon Street
Telephone: (212) 589-4200                      New Haven, CT 06511
Facsimile: (212) 589-4201                      Phone: (203) 752-5000
Jonathan B. New                                jwcohen@daypitney.com
Email: jnew@bakerlaw.com
Marc E. Hirschfield                            *Attorney for Alvarez & Marsal*
Email: mhirschfield@bakerlaw.com               *Global Forensic and Dispute*
                                               *Services, LLC*

*Attorneys for the Receiver*


IT IS SO ORDERED.

Dated: New Haven, Connecticut

February 24, 2012

HONORABLE JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE

4

42664571.2