# EXHIBIT 2

# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2266

Writer's E-mail Address
nancy.durand@srz.com

March 8, 2012

**VIA EMAIL**

Jonathan R. Barr
Baker Hostetler
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington DC 20036-5304

Jonathan B. New
Baker Hostetler
45 Rockefeller Plaza
11th Floor
New York NY 10111

Re:   <u>SEC v. Illarramendi et al.</u>, Case No. 11-cv-78 (JBA)

Counsel:

During our call earlier today regarding the deficiencies in the Receiver's production, you told us that if the Highview Funds identified the categories of documents missing from the Receiver's March 2, 2012 production, you would promptly consider our request and advise us as to whether you would supplement the production by providing the requested documents. Accordingly, enclosed please find a list of documents that we believe are lacking from the production, especially in light of the allegations raised in the Receiver's Motion and in Mr. Greenblatt's Declaration in support thereof.

We look forward to hearing from you tomorrow morning as to whether you will be producing the documents identified in the enclosed list.

Sincerely,

Nancy Durand

Encl.

cc:   Michael E. Swartz, Esq.

## Highview Document Request List

Unless otherwise stated, the document request list below pertains to all entities mentioned in the Declaration of Matthew Greenblatt (the "Declaration") including but not limited to the MK Entities[1], MK Funds[2], HPV Funds[3] and various other Companies[4].

1. Bank/brokerage/custodial statements with supporting detailed documentation (ie. wire details, check registers, cancelled checks)
    a. The bank statements for each entity and the detailed support for each line item on the bank statements are critical documents to allow us to trace cash movements into and out of a particular fund and into and out of another fund. Overall this will help us understand the flow of moneies and potentially determine whether transactions were fictitious or not.
    b. Additionally, this information must be gathered for all months/years in order to ensure all transactions are identified and considered.
2. Subscriptions and redemptions documents
    a. Subscription registers are necessary to help us determine who invested money into each entity and whether or not that money was actually received in the proper entity.
    b. Similarly, redemption registers are necessary to determine who redeemed (and was actually paid) to determine their remaining holdings (if any) and also to ensure that payment flowed from the proper entity.
3. Financial statements (included all audited accounts)
    a. The financial statements provide background information of the company including types of investments, valuation methodologies, the structure and

---

[1] The MK Entities refers to the following entities: The Michael Kenwood Group, LLC; Michael Kenwood Capital Management LLC; Michael Kenwood Asset Management, LLC; MK Energy and Infrastructure, LLC; MKEI Solar, LP; MK Automotive, LLC; MK Technology, LLC; Michael Kenwood Consulting, LLC; MK International Advisory Services, LLC; MKG-Atlantic Investments LLC; Michael Kenwood Nuclear Energy LLC; MyTcart, LLC; TUOL, LLC; MKCM Merger Sub, LLC (the "MK Entities")
[2] MK Funds refers to the following entities: MK Special Opportunity Fund; MKV; and Short Term Liquidity Fund, I, Ltd. (the "MK Funds")
[3] HVP Funds refers to the following entities: Highview Point Offshore Fund, Ltd. and Highview Point Master Fund, Ltd.
[4] The various other companies refers to the following: Ontime, Naproad Finance S.A., Royal Bank of Canada, Northwestern International Ltd., Pamac Securities, Goldenbird, Nazri, BCT Bank, Banco Federal de Venezuela, Heptagon, Estario, Meck, Javier Najera, CNI Securities, Ponter Investments, S.A., BM Financial, APJ International Limited, PDVSA (as defined in the Declaration) Hermitage, Hotelera Playa Minas, Elmont Properties, Flight Services Inc., Fidevalores Sociedad de Corretaje de Titulos Valores, SA, OGH Advisors LLC, Underhill Investments SA, Argenta Management Inc., Stewart Title Latin America, Global Jack's SA, Alimentos Jack's de Centroamerica, Taylor & Cruz SA, Fractal Fund Mgmt. Ltd., Web Financial Services, Bradleyville Limited, La Signoria Asset Corp., Rowberrow Trading Corp., Vetra Energy Group LLC (the "Companies")

operations of the company.  A review of the financial statements may also help determine if the company conducted any legitimate business.
  b. It is necessary to verify if the details at a granular level in order be able to tie the general ledgers and other accounting details to the audited financial statements. Audited account may also provide further comfort and support over certain financial details.
4. Governing Documents (Private Placement Memorandum, Confidential Explanatory Memorandum, Articles of Association, Partnership Agreements, etc)
   a. The funds/entities governing documents are necessary to understand the investment strategy and structure and interaction of the entities included in the Declaration.  These documents will also dictate the rules and bylaws by which the entities were intended to operate.
5. Financial contracts, investment agreements and details of non-publicly traded financial instruments
   a. We need this information in order to determine if a non-public trade was legitimate.  We also need to verify the parties involved and the terms of any purchase/sale agreement.  From that we will be able to trace the cash out of the purchasers account into the sellers account and trace the financial instrument from the seller to the purchaser.  These may also help trace any non-cash transactions of the entites.
6. Valuation reports
   a. Management's valuation reports will allow us to understand the methodologies used when valuing specific types of securities and determine if management was valuing securities properly
   b. It is also important to determine whether or not outside parties were sought to confirm the pricing utilized by the funds directors and administrator.
7. All emails (Spanish and translated) in which entities outside of the HPV Funds, MK Entities and MK Funds (i.e. the Companies) were the sender or recipient.
   a. It is necessary to review and understand the email correspondence between HPP (and hence the HPV Funds, MK Entities and MK Funds) and the Companies.  The email correspondence linked to the companies outside of these funds will be critical in confirming the relationships between and amongst the parties involved and any terms of financial dealings between parties.
   b. It is also essential to review a full email production of the key decision makers to determine which individuals and entities were involved in each investment, loan or business contract.
8. All internal emails (Spanish and translated) of HPV Funds, MK Entities and MK Funds discussing financial transactions.

      a. Through internal email correspondence information can be gained on the investment strategies, parties/entities involved and the execution of such investments.
9. Organizational charts/corporate structure documents
    a. These documents are necessary to provide us with an understanding of the individuals involved and the entities that they were involved with, as the various MK Entities and MK Funds were dealing with the HVP Funds in various transactions as alleged in the Affidavit.
10. General Ledger/Trial balance reports (whether generated internally or externally)
    a. In order to determine how each entity booked a transaction we must review the most detailed level of accounting within the entities. This will show us how a particular trade was booked and allow us to attempt to trace the flow of funds or assets to determine the legitimacy of the transaction.
11. Trade blotter/trade confirmations
    a. The Trade Blotter will allow us to understand the types of investment a fund made. Independent trade confirmations from the brokerages will also show us that the trade booked was actually made. This will also assist us in tracing cash to determine if a transaction was legitimate.
    b. If a trade is not located on the trade blotter and/or confirmed, the investment cannot be verified by an outside third party.
12. Side letters
    a. It will be important to understand whether there were any advantaged or disadvantaged parties within the MK Funds or HVP Funds as regards to investment terms, redemption privileges or the like.

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 9, 2012

Dennis O. Cohen
direct dial: 212.589.4288
dcohen@bakerlaw.com

**VIA EMAIL**

Nancy Durand, Esq.
Schulte, Roth & Zabel, LLP
919 Third Avenue
New York, NY 10022

Re: SEC v. Illarramendi, Michael Kenwood Capital Management, LLC et al., C.A. No. 3:11-cv-00078 (JBA)

Dear Ms. Durand:

We have reviewed the letter you sent to us at 11:54 p.m. last night requesting voluminous discovery in addition to the significant materials already in your possession. As you are aware, the Receiver produced documents and records far exceeding the materials required by the Court's February 24, 2012 order. The Receiver's production includes account statements and other documents relating to 16 bank accounts, and all GlobeOp trade blotters in the Receiver's possession. In addition, you previously received documents relating to ten bank accounts and other materials produced by Floyd Advisory LLC prior to the May 2011 hearing. The Receiver also provided you with several binders of particularly relevant documents received and reviewed by Matthew Greenblatt.

Your request for additional voluminous discovery ignores the Court's clear ruling on what the Receiver was required to produce. Similarly, your request for materials on the granular level of the Receiver's investigation is inappropriate and contrary to the Court's express instructions. As discussed with the Court on February 24, the purpose of providing discovery was to assist in informing you of the materials underlying the declaration of Mr. Greenblatt, not to provide you with materials to perform a second forensic investigation of all the Receivership Entities. We were particularly surprised to receive requests for documents already produced to you. We ask that you review the materials you possess, to reach a speedy resolution of the issues before the Court.

Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa
Denver   Houston   Los Angeles   New York   Orlando   Washington, DC

Nancy Durand, Esq.
March 9, 2012
Page 2

We note that you have not provided any description of relevant records your client had already possessed in order to make this process more efficient and productive, despite our having asked you several times for such information. Indeed, Mr. Swartz has refused to discuss any description of the relevant records within your client's possession, stating that he has "not focused" on what you have. We repeat our prior requests for a description of the relevant records in your possession.

Very truly yours,

Dennis O. Cohen