UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ----------------------------------------------------------) | |
| SECURITIES AND EXCHANGE ) | |
| COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 11-cv-00078 (JBA) |
| v. ) | |
| ) | |
| FRANCISCO ILLARRAMENDI, HIGHVIEW ) | |
| POINT PARTNERS, LLC and MICHAEL ) | |
| KENWOOD CAPITAL MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| and ) | |
| ) | |
| HIGHVIEW POINT MASTER FUND, LTD., ) | |
| HIGHVIEW POINT OFFSHORE, LTD., ) | |
| HIGHVIEW POINT LP, MICHAEL ) | |
| KENWOOD ASSET MANAGEMENT, LLC, ) | |
| MK ENERGY AND INFRASTRUCTURE, LLC, ) | |
| and MKEI SOLAR, LP, ) | |
| ) | |
| Relief Defendants. ) | |
| ----------------------------------------------------------) | |

**JUAN S. MONTES'S OPPOSITION TO THE RECEIVER'S MOTION
FOR RELIEF FROM THE PROTECTIVE ORDER**

Witness Juan S. Montes hereby opposes the Receiver's Motion for Relief from the Protective Order (Docket No. 485). Mr. Montes has produced documents and provided testimony to the Receiver pursuant to the Protective Order issued by this Court on February 3, 2011.

Although the Receiver describes his motion as "unopposed," counsel for the Receiver did not seek the consent of Mr. Montes or many of the other parties who produced Protected Materials pursuant to the Protective Order. Mr. Montes became aware of the Receiver's motion only by means of an ECF notification of its filing.

Although it is very unlikely that Mr. Montes would oppose a request by the Receiver to produce materials to a government agency, Mr. Montes is entitled to notice that a particular government agency has requested information produced and designated "Confidential" pursuant to the Protective Order.  The Protective Order requires that such "Protected Materials" be "held and used by the person receiving such information solely for use in connection with the action in which this Order issued." (Protective Order ¶ 3.)  Such materials "shall not be disclosed to any person," other than the specific exceptions listed in Paragraph 5(a)-(e). (Id. ¶ 5.)  If a subpoena or court order compels production of Protected Materials to a party to another litigation, the producing party "shall promptly notify the disclosing party or entity in writing" and the disclosed information remains subject to the Protective Order. (Id. ¶ 10.)

If the Receiver's motion is granted, the Receiver could not only provide Protected Materials to a government agency, without notice to the party who produced the materials, but would not be required to label or otherwise designate the material as "Confidential."  The government agency, in turn, would be unconstrained by the Protective Order and would be free to use, share, and disclose the Protected Materials without restriction.  In short, the Protected Materials would entirely cease to be protected.

The sole reason offered by the Receiver in support of his motion is that he "wishes to be able to produce documents in the most cost efficient manner." (Receiver's Mot. at 2.)  There is no basis for the assertion that providing notice of requests for Protected Materials, or otherwise complying with the terms of the Protective Order, entails a substantial cost or is overly burdensome.  Counsel for Mr. Montes conferred with counsel for the Receiver but was given no further explanation.

For the foregoing reasons, the Court should deny the Receiver's Motion for Relief from the Protective Order.

JUAN MONTES

By: /s/ Elliot Greenfield
Elliot Greenfield (PHV 05184)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tele: (212) 909-6000
Email: egreenfield@debevoise.com

-and-

David L. Belt (ct04274)
HURWITZ, SAGARIN, SLOSSBERG
 & KNUFF, LLC
147 North Broad Street
P.O. Box 112
Milford, CT  06460-0112
Tele: (203) 877-8000

Certificate of Service

This is to certify that on May 10, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

      /s/ Elliot Greenfield
Elliot Greenfield