UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Securities and Exchange Commission,<br>    *Plaintiff*,<br><br>    v.<br><br>Francisco Illarramendi *et al.*,<br>    *Defendant*,<br><br>and<br><br>Highview Point Master Fund, Ltd. *et al.*,<br>    *Relief Defendants*. | Civil No. 3:11cv78 (JBA)<br><br><br><br>May 17, 2012 |

RULING ON RECEIVER'S MOTION FOR AN EXPEDITED SCHEDULING ORDER

The Receiver has moved for an "expedited scheduling order" [Doc. # 475] setting a briefing schedule and hearing on its Motion for Expanding the Receivership [Doc. # 446]. Relief Defendants oppose the Receiver's motion [Doc. # 476], and request a conference to resolve discovery and scheduling issues.

Relief Defendants contend that the Receiver did not fully obey the Court's Order of February 24, 2012:

> On March 2, 2010, the Receiver produced a mere 8,700 pages of documents purportedly in accordance with the Court's February 24, 2012 discovery order. . . The assertions in Mr. Greenblatt's declaration strongly suggest that documents produced do not constitute all the documents received and reviewed by Mr. Greenblatt and his team at FTI.

(Rel. Defs' Opp'n [Doc. # 476] at 6–7.) As a preliminary matter, Relief Defendants argue that the Receiver's interpretation of the Court's order was unduly narrow, as Mr. Greenblatt's declaration was "based on [his] personal review and analysis of voluminous documents and

financial records *and* upon information communicated to [him] by other FTI forensic accountants and professionals relating to their review of the voluminous documents and financial records." (Greenblatt Dec. [Doc. # 446–1] ¶ 2 (emphasis added).) The Receiver described his production as "documents supporting the assertions contained in Mr. Greenblatt's declaration, as well as additional documents concerning other structured transactions that Mr. Greenblatt reviewed in the course of his analysis." (Mar. 16, 2012 Letter from Receiver to Court [Doc. # 472] at 2.)

The Relief Defendants also assert that "it is evident after an initial review of the Receiver's March 2nd production that the production is insufficient to allow the Highview Offshore Funds to oppose adequately the assertions in the Receivership Motion and the accompanying declaration of Mr. Greenblatt." (*Id.* at 8–9.) Relief Defendants' forensic accountant, Geoffrey Varga, states that the documents that have been produced do not substantiate "two specific assertions included in the Greenblatt Declaration using the Documents provided in the Production." (Varga Dec. [Doc. # 468–1] ¶ 27.) Mr. Varga attests that paragraph 65 of the Greenblatt Declaration is unsubstantiated (*see id.* ¶¶ 28–32), and that paragraphs 13–23 are similarly unsupported by bank statements. Further, as of April 2, 2012, the Relief Defendants were still waiting to receive "31 sets of bank statements for MK–related entities" that the Receiver had promised to deliver (*see* Mar. 16, 2012 Letter from Receiver to Court [Doc. # 472] at 3). As a result of these remaining issues, the Relief Defendants conclude that they are unable to commit to a briefing schedule on the Motion to Expand the Receivership, and seek the Court's assistance regarding further document production needed.

Although the ratio of the number of pages thus far turned over to Relief Defendants (8,700 pages) compared to the "millions" of pages of documents thus far collected by the Receiver is of little probative value, the Court will direct the Receiver to produce:

1. All documents, records, and materials received and reviewed by the Receiver's forensic accountant Matthew Greenblatt, <u>including</u> documents, records, and materials received and reviewed by his team of forensic accountants at FTI;
2. Documents that would support paragraphs 13–23 and 65 of the Greenblatt declaration; and
3. Thirty-one bank account statements in the name of Mickael Kenwood Asset Management, LLC; Michael Kenwood Capital Management, LLC; Michael Kenwood Consulting LLC; Michael Kenwood Group LLC, MK Energy & Infrastructure LLC; MK International Advisory Services LLC; MK Venezuela, Ltd.; MK Special Opportunity Fund; MK Short Term Liquidity Fund, I, Ltd.; MK Technology LLC; Gotelo; TUOL; and Strong Families, that the Receiver stated would be made available in his May 16, 2012 letter to the Court.

These additional documents shall be produced by June 18, 2012. Relief Defendants shall file their opposition to the Receiver's Motion to Expand the Receivership [Doc. # 446] by July18, 2012. A hearing will be held July 31, 2012 at 10AM.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of May, 2012.