UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------)
SECURITIES AND EXCHANGE )
COMMISSION, )
                                                                                                 )
              Plaintiff,      )    Civil Action No.
                                      )    11-cv-00078 (JBA)
       v.                     )
                                      )
FRANCISCO ILLARRAMENDI, HIGHVIEW )
POINT PARTNERS, LLC and MICHAEL )
KENWOOD CAPITAL MANAGEMENT, LLC, )
                                      )
            Defendants.    )
                                      )
and )
                                      )
HIGHVIEW POINT MASTER FUND, LTD., )
HIGHVIEW POINT OFFSHORE, LTD., )
HIGHVIEW POINT LP, MICHAEL )
KENWOOD ASSET MANAGEMENT, LLC, )
MK ENERGY AND INFRASTRUCTURE, LLC, )
and MKEI SOLAR, LP, )
                                      )
            Relief Defendants.    )
------------------------------------------------------------)

**JUAN S. MONTES'S SURREPLY TO THE RECEIVER'S MOTION FOR RELIEF FROM THE PROTECTIVE ORDER**

    Witness Juan S. Montes hereby submits this sur-reply memorandum in further opposition to the Receiver's Motion for Relief from the Protective Order (Docket No. 485).

    Mr. Montes writes to respond specifically to four unsupported and incorrect assertions made for the first time in the Receiver's reply memorandum (Docket No. 496).

    <u>First</u>, the Receiver's assertion that the Protective Order was never intended to apply to U.S. Government agencies is entirely unsupported by any provision of that Order. (Reply at 2.) No distinction is made between governmental and non-governmental parties. Moreover, the fact that the SEC is a plaintiff in this action is irrelevant – the Protected Materials were provided to

the Receiver, not to the SEC.  (Id.)  Thus, the Receiver's citation of the SEC's statutory authority to provide documents to criminal law enforcement authorities is irrelevant.  Nor should the Court rely on the named plaintiffs' non-opposition to the Receiver's motion as an indicator that the parties producing material pursuant to the Protective Order consent to the Receiver's motion.  The Receiver provided no notice of his motion to the "individuals and entities" that responded to the Receiver's "more than two hundred subpoenas and voluntary requests" for information.  (Id. at 3.)  Therefore, it is unsurprising that only Mr. Montes, one of the few non-parties who receives ECF notifications, filed a written objection.

Second, the Receiver now acknowledges Mr. Montes's concern that, if the Receiver's motion is granted, material produced to a government agency would not be subject to the Protective Order and would lose any protection.  (Id. at 3.)  Unfortunately, the Receiver's new representation that he will request confidential treatment under FOIA for documents produced to a government agency does nothing to alleviate that concern.  Merely having the Receiver request confidential treatment of the Protected Materials does not ensure that the receiving entity would honor the request.  Further, such a request would not guarantee that the producing party would be afforded an opportunity to intervene and oppose any FOIA request, and nothing would prevent the government agency itself from voluntarily disclosing the Protected Materials to any party or to the public.

Third, the Receiver's assertion that the purpose of providing notice of a request for Protected Materials is limited to allowing the producing party to quash a third-party subpoena or discovery request is unsupported by the Protective Order.  (Id.)  Nowhere in the Protective Order does it state that a producing party is not entitled to notice of a request for Protected Materials that comes from a governmental agency.

Fourth, Mr. Montes does not contest the Court's power to modify the Protective Order. (Id. at 4.)  Rather, Mr. Montes contends that the Court should not exercise its discretion to modify the Protective Order for the reasons set forth in his opposition brief and herein.  Thus, the case law cited by the Receiver for the proposition that the Court may modify a Protective Order is not relevant to the inquiry of whether modification is appropriate here.  (Id. at 4-5.)

For the foregoing reasons and the reasons set forth in Mr. Montes' opposition brief, the Court should deny the Receiver's Motion for Relief from the Protective Order.

Dated: June 4, 2012

JUAN MONTES

By:  /s/ Elliot Greenfield
Elliot Greenfield (PHV 05184)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tele: (212) 909-6000
Email: egreenfield@debevoise.com

-and-

David L. Belt (ct04274)
HURWITZ, SAGARIN, SLOSSBERG
    & KNUFF, LLC
147 North Broad Street
P.O. Box 112
Milford, CT  06460-0112
Tele: (203) 877-8000

<u>Certificate of Service</u>

This is to certify that on June 4, 2012 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

                                                  /s/ Elliot Greenfield
                                             Elliot Greenfield