UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Securities and Exchange Commission,<br>*Plaintiff*,<br><br>*v.*<br><br>Francisco Illarramendi *et al.*,<br>*Defendant*,<br><br>and<br><br>Highview Point Master Fund, Ltd. *et al.*,<br>*Relief Defendants*. | Civil No. 3:11cv78(JBA)<br><br><br><br><br><br><br><br>June 15, 2012 |

ORDER TO CLARIFY THE SCOPE OF THE MAY 12, 2011 ASSET FREEZE ORDER TO INCLUDE THE HIGHVIEW POINT PARTNERS, LLC INCENTIVE SAVINGS TRUST

The Receiver moves [Doc. # 488] to "Clarify the Scope of the May 12, 2011 Asset Freeze Order to Include the Highview Point Partners, LLC Incentive Savings Trust." As of this date, no objection or response has been filed.

On May 12, 2011, the Court entered a Temporary Restraining Order, an Order Freezing Assets, and Order for Temporary Relief as to Relief Defendant Highview Point Partners ("HVP") [Doc. # 200]. On June 22, 2011, the Court entered an Amended Order Appointing the Receiver, placing HVP and its assets under the Receivership, and requiring the Receiver to preserve and prevent improper dissipation of HVP assets [Doc. # 279]. The Receiver now asserts that the language of this Asset Freeze Order applies to the Highview Point Partners, LLC Incentive Savings Trust ("HVP Plan") , and that equity requires that the HVP Executives who have requested distribution from the HVP Plain await the resolution of the pending litigation brought by the Receiver against them. (Receiver's Mem. Supp. [Doc.

# 489] at 11.) The Receiver proffers evidence that purports to show that contributions to the HVP Plan came directly from HVP's checking account which would be covered by the existing Asset Freeze Order (*see* HVP Annual Contribution Payment Analysis, Ex. A to Zambelli Dec. [Doc. # 491]; *see also* Chart of Payments from HVP JP Morgan Account, Ex. B to Zambelli Dec.). The Receiver also submits the requests of HVP Executives Messrs. Lopez, Luth, and Chong, seeking immediate distribution of funds to them from the HVP Plan. (*See* Chong Request, Ex. 5 to New Dec. [Doc. # 490]; Lopez Request, Ex. 6 to New Dec.; Luth Request, Ex. 7 to New Dec.) The Receiver's submission shows that Messrs. Luth and Lopez were made aware through their counsel of the Asset Freeze Order in effect when they made their requests. (*See* Lopez Notice Letter dated April 1, 2011, Ex. 21 to New Dec.; Luth Notice Letter dated April 1, 2011, Ex. 21 to New Dec.) Receiver's counsel represents that Mr. Chong also received notice of the existence of the Asset Freeze Order. (*See* New Dec. ¶ 13.)

The Court concludes that because the Asset Freeze Order already covers the assets of HVP, the scope of the Asset Freeze Order extends to the funds in the HVP Plan inasmuch as the contributions to the HVP Plan came directly from the HVP JP Morgan checking account which is subject to the Asset Freeze Order as an asset of HVP. Further, the direct plan distribution requests from Messrs. Lopez, Luth, and Chong conflict with the mandate of the Asset Freeze Order, precluding distribution of HVP funds until further order of this Court.

Accordingly, it is hereby ordered:

1. The Receiver's Motion [Doc. # 488] is GRANTED; and
2. The scope of the May 12, 2011 Asset Freeze Order is clarified to expressly apply to the Highview Point Partners, LLC Incentive Savings Trust;

3.  The Plan Administrator of the Highview Point Partners, LLC Incentive Savings Trust is prohibited from approving any distributions from the Highview Point Partners, LLC Incentive Savings Trust, including those of Mr. Lopez, Mr. Luth and Mr. Chong, until further order of the Court.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of June, 2012