UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>       Plaintiff,<br>v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>       Defendants,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br>       Relief Defendants. | 11-CV-00078 (JBA)<br><br>ECF CASE<br><br><br>**MOTION TO COMPEL** |

### RECEIVER'S MOTION TO COMPEL
### COMPLIANCE WITH INVESTIGATIVE SUBPOENA

John J. Carney, Esq. (the "Receiver"), as Receiver for the Michael Kenwood Group, LLC ("MKG"), Highview Point Partners, LLC and certain affiliated entities[1] in the above captioned matter, by and through his undersigned counsel respectfully moves pursuant to Fed. R. Civ. P. 45, and paragraphs 14, 18, and 33 of the January 4, 2012 Amended Order Appointing Receiver

---

[1] To date, the following entities have been placed into the Receivership: MKG; Michael Kenwood Capital Management, LLC; Michael Kenwood Asset Management, LLC; MK Energy and Infrastructure, LLC; MKEI Solar, LP; MK Automotive, LLC; MK Technology, LLC; Michael Kenwood Consulting, LLC; MK International Advisory Services, LLC; MKG-Atlantic Investment, LLC; Michael Kenwood Nuclear Energy, LLC; MyTcart, LLC; TUOL, LLC; MKCM Merger Sub, LLC; MK Special Opportunity Fund; MK Venezuela, Ltd.; Short Term Liquidity Fund, I, Ltd.; Highview Point Partners, LLC; MK Master Investments LP; MK Investments, Ltd.; and MK Oil Ventures LLC (collectively, "the Receivership").

(Dkt. No. 423) for an order c third-party TD Bank, N.A. ("TD Bank") to comply, on or before August 6, 2012 at 1PM, with an investigative subpoena issued by counsel for the Receiver. In support of this Motion, the Receiver represents as follows:

### Preliminary Statement

1. This motion is necessitated by the dilatory approach taken by TD Bank in failing to timely comply with a valid subpoena served by the Receiver on July 13, 2012. Specifically, TD Bank's non-compliance is currently interfering with this Court's ability to receive a complete picture of money flows that dissipated significant Estate Assets by delaying production of documents that the Receiver would introduce at the hearing scheduled for August 8, 2012. Compelling timely production of documents before the August 8th hearing will preserve assets of the Receivership Estate, future additional resources of this Court, and promote judicial efficiency.

### Relevant Procedural Background

2. On July 23, 2012, the Receiver filed an Emergency Motion for an Order Freezing Assets, for an Accounting, for a Summary Proceeding, and for Contempt Sanctions (Dkt. No. 513) (the "Asset Freeze Motion").

3. The underlying basis for the Asset Freeze Motion is Francisco Illarramendi's ("Illarramendi") active violation of the existing Asset Freeze Order and Amended Receiver Order, and the wrongful transfer of Receivership Property by Illarramendi to others.

4. Specifically, Illarramendi applied for a tax refund from the state of Connecticut for the year 2010, though the taxes had been paid with money that Illarramendi had taken from Receivership Entities.

5. In January 2011, when he received a refund from the state of Connecticut, he deposited the full amount of $637,576 into an account at TD Bank bearing the name of Illarramendi's

wife, and over which Illarramendi appears to exercise *de facto* control. (Dkt. No. 514, Declaration of Brian Ong, at ¶ 13).

6. As detailed in the Asset Freeze Motion, after depositing the tax refund into the TD Bank account, Illarramendi began to spend the Receivership Property from this account almost immediately. (Dkt. No. 513 at 6-7).

7. During a telephonic status conference conducted on July 31, 2012, the Court scheduled a hearing on the Asset Freeze Motion which is now set for August 8, 2012, at 2PM. (Dkt. No. 523). The Court also directed counsel for the Receiver to provide to Illarramendi's counsel, no later than August 6, 2012, all documents that the Receiver intends to rely upon during the hearing.

### The Investigative Subpoena on TD Bank

8. Well before filing the Asset Freeze Motion, counsel for the Receiver issued a subpoena to TD Bank commanding the production of documents concerning accounts at TD Bank held in the name of Illarramendi's wife (the "Subpoena").[2] The Subpoena was issued on July 12, 2012, served on TD Bank on July 13, 2012, and required the production of documents by July 24, 2012 at 11AM.

9. The TD Bank documents are an important piece of the overall picture of where, when, and how Illarramendi spent Receivership Property. Specifically, in addition to multiple substantial transfers, (Dkt. No. 514 at ¶ 17-19), routine monthly dissipation of Receivership Property from the TD Bank accounts averaged in excess of $40,000 (Dkt. No. 514 at ¶ 20). By the time TD Bank was notified and proceeded to freeze the accounts, they had a mere $42.46 remaining.[3]

---

[2] A copy of the Subpoena, including affidavit of service, is attached hereto as Exhibit A.
[3] A redacted copy of correspondence from TD Bank regarding the freeze for the TDBank accounts is attached hereto as Exhibit B.

3

10. Although the Receiver and Illarramendi's counsel already have monthly account statements for the TD Bank accounts, the subpoenaed documents would add an additional level of detail to aid the Receiver's investigation and the Court's consideration of the Asset Freeze Motion. While the Asset Freeze Motion and all representations and arguments therein stand fully without these documents, timely production can only work to aid the Court and counsel by providing a detailed understanding of Illarramendi's transfers of over $600,000.

### TD Bank's Non-Compliance

11. On July 23, 2012, a representative of TD Bank first contacted counsel for the Receiver regarding the Subpoena. At that time, TD Bank requested an extension of time to produce documents, stating that it would need at least two additional weeks (up to and including August 3, 2012) to produce documents.

12. Thereafter, counsel for the Receiver advised TD Bank that a status conference was scheduled in front of this Court on July 31, 2012, and requested the production of account statements, at a minimum, prior to that date.

13. Between July 23, 2012, and July 31, 2012, counsel for the Receiver engaged in multiple additional discussions with a representative of TD Bank and requested the expedited production of documents and also provided for the prioritization of specific document requests.

14. On July 31, 2012, counsel for the Receiver again spoke with a representative of TD Bank and advised TD Bank of the Asset Freeze Motion hearing scheduled for August 8, 2012. Counsel for the Receiver also notified TD Bank of this Court's directive to turn over all documents to Illarramendi's counsel no later than August 6, 2012.

15. In a subsequent discussion with TD Bank on July 31, 2012, a representative of TD Bank advised that compliance with the Subpoena would not occur prior to August 8, 2012. For

the first time, TD Bank also stated that it would only produce documents before August 8, 2012 in response to a "court order."

16. By its own representations, TD Bank has the capability to produce documents on or before August 6, 2012, if a court order is obtained, but otherwise will not do so in response to the valid subpoena that commanded production on or before July 24, 2012.

17. If TD Bank does not produce documents to counsel for the Receiver before August 6, 2012 at 1PM, the Receiver will not be able to comply with the Court's directive to turn over documents to Illarramendi's counsel before the hearing. Consequently, Illarramendi's counsel would not have the opportunity to review these documents and prepare for the hearing, and the Court might be denied additional meaningful detail about the dissipation of Receivership Property.

## Relief Requested

WHEREFORE, the Receiver respectfully requests that the Court (a) GRANT this Motion; and (b) issue an order directing TD Bank to comply with the Subpoena no later than 1PM on Monday, August, 6, 2012.

Respectfully submitted this 1st day of August, 2012.

/s/ Jonathan B. New
Jonathan B. New (phv04633)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
jnew@bakerlaw.com
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Receiver John J. Carney*