UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | X : : : |
| Plaintiff, | : Civil Action No. 3:11-CV-00078-JBA : |
| v. | : : |
| FRANCISCO A. ILLARRAMENDI, and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, | : : : : : |
| Defendants, | : : |
| MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, And MKEI SOLAR, LP, | : : : : : |
| Relief Defendants. | : X |

## MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO RECEIVER'S EMERGENCY MOTION

### PRELIMINARY STATEMENT

Interested Party Mercedes Benz Financial Services USA LLC, f/k/a, DCFS USA LLC successor-in-interest to DaimlerChrysler Financial Services Americas LLC (herein "MBFS") hereby submits this Memorandum of Law in partial opposition to Receiver's Emergency Motion for an Order Freezing Assets, for an Accounting, for a Summary Proceeding, and for Contempt Sanctions ("Receiver's Motion") to the extent said Motion seeks to disgorge or compel the return of funds paid to MBFS by Defendant Francisco Illarramendi ("Illarramendi") in relation to Defendant's redemption of one (1) 2007

Mercedes Benz ML350 (V.I.N. 4JGBB86E67A252677) ("Collateral") upon which MBFS held a perfected security interest and immediate right of possession.

## STATEMENT OF FACTS

For a brief recitation of the relevant facts, please refer to the Affidavit of Jorge A. Rodriguez, Esq., with attached exhibits, which are contemporaneously submitted and incorporated herein.

## ARGUMENT

### THE COURT SHOULD NOT DIRECT MBFS TO DISGORGE OR RETURN MONEYS PAID BY DEFENDANT ILLARRAMENDY TO REDEEM THE COLLATERAL

This Court has the ability to fashion a relief that is equitable to all parties. "The district court has broad powers and wide discretion to determine relief in an equity receivership." S.E.C. v. Elliott, 953 F.2d 1560, 1566 (11th Cir. 1992); Sec. & Exch. Comm'n v. Safety Fin. Serv., Inc., 674 F.2d 368, 372-73 (5th Cir. 1982)("It is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership")

In the present matter, the equities of the situation require that the Court allow MBFS to retain the funds paid by Defendant Illarramendi to redeem the Collateral. First, MBFS acted appropriately under the circumstances, as it complied with the applicable Court Orders in requesting and obtaining leave to proceed to recover the Collateral. Once leave was properly granted, MBFS was required by State law to release the lien on the Collateral and assign title to Defendant Illarramendi. Also, as the Receiver's Estate received value when MBFS released its lien on the Collateral, allowing the disgorgement of the payoff would be tantamount to a windfall to the Receiver's Estate.

### A. MBFS complied with the Court's Orders in obtaining leave to replevy the Collateral

It would not be equitable for the Court to require MBFS to return the funds received from Defendant Illarramendi, as MBFS complied with all applicable Court Orders and laws in pursuing recovery of the Collateral. Defendant Illarramendi, entered into a Retail Installment Contract ("Contract") with Mercedes-Benz of Greenwich ("Dealer"), wherein Defendant agreed to purchase and accept delivery of the Collateral from Dealer. (Rodriguez Affid. at Para. 5, Ex. A). The Contract granted the holder a security interest in the Collateral. (Id. at Para. 5, Ex. A). The security interest was assigned for value to MBFS. (Id. at Para. 6, Ex. B). Defendant Illarramendi defaulted under the terms of the Contract by failing to make payments due under same from February, 2011 through the present. (Id. at Para. 9). By function of Defendant Illarramendi's default and failure to cure under the Contract, MBFS was entitled to immediate possession of the Collateral and to sell same to the benefit of Defendant's account in the manner set forth in State law. (Id. at Para. 10).

Due to the underlying proceedings and issuance of a Temporary Order Freezing Assets ("Freeze Order") and Order appointing a Receiver ("Receiver's Order") MBFS was prevented from exercising its legal right to recover the Collateral. (Id. at Para. 13, Ex. C; Id. at Para 14, Ex. D). Given the Court's Orders, MBFS filed a Motion with this Court seeking relief from the applicable Orders in the form of leave to repossess the Collateral from Defendant Illarramendi and dispose of same in accordance with MBFS's security interest and applicable State law. (Id. at Para. 17, Ex. E). On January 4, 2012, this Court granted MBFS's Motion. (Id. at Para. 18, Ex. F). Notably, no objections to MBFS's request for relief were filed. (Id. at Para. 18, Ex. F). In light of the Court's

Order, on January 23, 2012, MBFS commenced a Pre-Judgment Remedy Proceeding ("PJR Proceeding") against Defendant Illarramendi, seeking replevin of the Collateral. (Id. at Para. 19, Ex. G). On April 23, 2012, the parties appeared before the Honorable David R. Tobin at the Stamford-Norwalk Judicial District and conducted an evidentiary hearing in relation to MBFS's PJR Proceeding. (Id. at Para. 20, Ex. H). On that same date, after having established that MBFS is entitled to the relief requested, Judge Tobin issued an Order authorizing MBFS to replevy the Collateral. (Id. at Para 20, Ex. H).

Thereafter, as more thoroughly discussed in Section B *infra*, Defendant Illarramendi exercised his right under Connecticut law to redeem the Collateral by tendering full payment of all amounts owed under the Contract. (Id. at Para. 22, Ex. I). As required by State law, MBFS accepted payment, and released its lien on the Collateral. (Id. at Para. 25, Ex. J). It is clear that MBFS cannot be faulted as having acted in any improper manner in seeking to replevy the Collateral and allowing Defendant to redeem same.

It is particularly relevant that the neither the Freeze Order or Receiver's Order compel or place a duty upon MBFS to confirm that any payment received from any third-parties are subject to any violations of the Orders. (Id. at Para. 13, Ex. C; Id. at Para 14, Ex. D). Similarly, these Orders do not extend to funds belonging to Maria J. Gonzalez Miranda, Defendant's spouse. (Id. at Para. 13, Ex. C; Id. at Para 14, Ex. D). In this instance, the funds were in the form of a certified bank check issued by TD Bank. (Id. at Para. 22, Ex. I). As such, there was no indication that the funds were from an improper source. Receiver may argue that the reference line, which has Ms. Gonzalez Miranda's name, should have alerted MBFS as to the improper source of the funds. Again, even if it

can be established that the funds for the pay off came from Defendant's spouse, the Court's Orders did not extend to her assets.

Finally, the Receiver, having been served with MBFS's Motion for leave and having filed no objection thereto, cannot be heard to complain after the fact where it did not monitor or take an active role in the resolution of the State action.

Given the above, MBFS has established that it is an innocent party. As such, equity dictates that MBFS should not be required to turnover any funds to the Receiver.

### B. MBFS was compelled by state law to permit Defendant to redeem the Collateral

It would not be equitable for the Court to require MBFS to return the funds received in redemption of the Collateral where acceptance of such funds is mandated by Connecticut State law. Section 42a-9-623 of the General Statutes gives a defaulting purchaser the right to redeem secured collateral so long as the secured party has not collected, disposed or accepted the collateral. Conn. Gen. Stat. Ann. § 42a-9-623 (West); Gaynor v. Union Trust Co., 216 Conn. 458, 472, 582 A.2d 190, 197 (1990); Tavarez v. Credit Acceptance Corp., CV 980582925, 2000 WL 1058184 (Conn. Super. Ct. July 10, 2000) on reconsideration in part, CV980582925S, 2001 WL 292191 (Conn. Super. Ct. Mar. 14, 2001) (the UCC provides a clear right to redeem secured collateral).

In the case at bar, MBFS obtained leave from this Court to proceed to recover the Collateral. (Id. at Para. 18, Ex. F). On or about May 3, 2012, prior to recovery of the Collateral, MBFS received from Defendant Illarramendi a certified check issued by TD Bank, in the sum of $28,541.71, representing the pay off amount due on Defendant's account. (Id. at Para. 22, Ex. I). In effect, Defendant was exercising his right under Connecticut law to redeem the Collateral. Failure to accept such payment would have

been in clear violation of Connecticut law and would possibly subject MBFS to liability. See, Conn. Gen. Stat. Ann. § 42a-9-625 (West). A decision from this Court directing the return of the funds would be tantamount to suggesting that MBFS should have violated Connecticut law.

### C. The Receiver has obtained value from the redemption of the Collateral

It would not be equitable for the Court to require MBFS to return the funds received from Defendant Illarramendi, as it would grant the Receiver an unfair windfall. Sec. & Exch. Comm'n v. Safety Fin. Serv., Inc., 674 F.2d 368, 373 (5th Cir. 1982)(a receiver cannot claim an equitable right to a windfall).

In the present matter, MBFS held a perfected security interest to the Collateral, which, in accordance with the Receiver's Order, was part of the Receivership Estate. (Id. at Para. 6, Ex. B; Id. at Para. 14, Ex. D). As such, the Receiver is authorized to take possession of the Collateral at any point. When Defendant redeemed the Collateral, MBFS was required under State law to release its security interest in the Collateral. This added value to the Receivership Estate in the form of an unencumbered right to the Collateral. Causing MBFS to return funds paid to redeem the Collateral will provide the Receiver with double recovery, as it will be entitled to both full possession of the unencumbered Collateral and the funds. This result cannot be countenanced in light of the Court's duty to consider the equities involved and avoid granting the Receiver a windfall.

To the extent that Receiver offers the return of the Collateral to MBFS, it seeks only to unfairly pass on the costs and expenses of retrieving the Collateral and arranging for its sale to MBFS. In fact, the Receiver has not demonstrated that it cannot proceed as

such, or that it is not in a better position to recover the Collateral in light of its far superior knowledge pertaining to Defendant Illarramendi's assets.

Notwithstanding the above, upon a finding that MBFS is required to disgorge the funds to the Receiver, it asks the Court that the Collateral, along with title thereto, be returned to MBFS for disposition in accordance with State law.

## CONCLUSION

WHEREFORE, Interested Party Mercedes-Benz Financial Services LLC f/k/a/ DCFS USA LLC, successor-in-interest to DaimlerChrysler Financial Services Americas, LLC ("MBFS"), hereby prays that (a) Receiver's Motion be denied to the extent it seeks to disgorge or otherwise compel the return of moneys paid to MBFS by Defendant Francisco Illarramendi; (b) alternatively, if this Court finds that MBFS must forward said moneys to the Receiver, that the Court direct Defendant Illarramendi to sign over Title to the Collateral to MBFS and immediately deliver the Collateral to MBFS; and (c) for such other relief as the Court deems just and proper.

Dated:  August 7, 2012
        Albany, New York

Jorge A. Rodriguez, Esq. (CT 28944)
DEILY, MOONEY & GLASTETTER, LLP
*Attorneys for Interested Party Mercedes-Benz Financial Services USA LLC*
8 Thurlow Terrace
Albany, New York 12203
Tel: (518) 436-0344
Email: jrodriguez@deilylawfirm.com