UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

FRANCISCO A. ILLARRAMENDI, and
MICHAEL KENWOOD CAPITAL
MANAGEMENT, LLC,

          Defendants,

MICHAEL KENWOOD ASSET
   MANAGEMENT, LLC,
MK ENERGY AND
INFRASTRUCTURE, LLC,
   And MKEI SOLAR, LP,

          Relief Defendants.

---------------------------------------------------------------- x

Civil Action No. 3:11-cv-00078-JBA

### AFFIDAVIT OF JORGE A. RODRIGUEZ

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF ALBANY      )

JORGE A. RODRIGUEZ, being duly sworn, deposes and says:

1. I am over the age of eighteen and understand the obligation of an oath.

2. I am an attorney duly admitted to practice before the Courts of the State of Connecticut and an associate with the law firm of Deily, Mooney & Glastetter, LLP, attorneys for interested party Mercedes-Benz Financial Services USA LLC f/k/a/ DCFS USA LLC, successor-in-interest to DaimlerChrysler Financial Services Americas, LLC ("MBFS"). I am

familiar with the facts and circumstances in this case based upon my review of the file and the pleadings and proceedings heretofore had herein.

3. I make this affidavit in opposition to Receiver's Motion for an Order Freezing Assets, for an Accounting, for a Summary Proceeding, and for Contempt Sanctions ("Receiver's Motion") only to the extent that it seeks to disgorge or otherwise return moneys paid to MBFS by Defendant Francisco Illarramendi ("Illarramendi") with relation to the redemption of one (1) 2007 Mercedes Benz ML350 (V.I.N. 4JGBB86E67A252677) ("Collateral") upon which MBFS held a perfected security interest and an immediate right of possession. In the alternative, if this Court finds that MBFS must forward said funds to the Receiver, this affiant asks that the Court direct Defendant Illarramendi to sign over Title to the Collateral to MBFS and that he immediately turn over possession of same to MBFS.

4. MBFS is in the business of financing the purchase and sale of new and used motor vehicles.

5. On or about May 2, 2007, Defendant Illarramendi, entered into a Retail Installment Contract ("Contract") with Mercedes-Benz of Greenwich ("Dealer"), wherein Defendant agreed to purchase and accept delivery the Collateral from Dealer. A true and accurate copy of the Contract is attached hereto as **Exhibit "A"** and made part hereof. The Contract granted the holder a security interest in the Collateral.

6. The Contract was assigned for value to MBFS, who held a first-in-right purchase money security interest in the Collateral. MBFS's interest in the Collateral is reflected in the Certificate of Title for said Collateral, issued by the Connecticut Department of Motor Vehicles. A true and accurate copy of the Certificate of Title is attached hereto as **Exhibit "B"** and made part hereof.

7. Pursuant to the terms of said Contract, Defendant Illarramendi agreed to pay MBFS the total sum of $60,117.12, which includes interest at an annual percentage rate of 3.90% and which Defendant agreed to pay in seventy-two (72) regular monthly installment payments of $834.96, commencing June 16, 2007 and on the 16th day of each succeeding month until fully paid.

8. Pursuant to the Contract, MBFS had the right to repossess the Collateral upon the Defendant Illarramendi's default.

9. Defendant Illarramendi defaulted under the Contract by failing to make payment due from February, 2011 and each and every month thereafter.

10. Based upon Defendant Illarramendi's default and subsequent failure to cure, MBFS accelerated the Contract and demanded full payment thereunder or delivery of the Collateral. As a result of Defendant Illarramendi's default and failure to cure, MBFS became entitled to immediate possession of the Collateral pursuant to the Contract and its perfected security interest.

11. Initially, MBFS sought to exercise its security interest in the Collateral by seeking to repossess same. However, upon further investigation, MBFS became aware of the present proceeding.

12. On or about July 7, 2011, upon discussions with counsel for Receiver, MBFS discovered that several Orders had been issued with relation to assets belonging to Defendant Illarramendi.

13. At that time, MBFS became aware that on or about January 28, 2011, the Court issued a Temporary Order Freezing Assets, which prevented any removal, sale, purchase, trade, etc. of assets of the receivership, including, arguably, the Collateral in question. Attached herein

as **Exhibit "C"** is a true and accurate copy of the Temporary Order Freezing Assets, dated January 28, 2011 ("Freeze Order").

14. MBFS also discovered that on or about February 3, 2011 this Honorable Court issued an Order appointing Mr. John J. Carney of Baker and Hostettler, as Receiver for assets in direct or indirect control of Defendant Illarramendi, including, arguably, the Collateral in question. Attached herein as **Exhibit "D"** is a true and accurate copy of the Order Appointing Receiver, dated February 3, 2011 ("Receiver's Order").

15. Pursuant to the Receiver's Order, MBFS was also restrained and enjoined from directly or indirectly taking any action to exercise its security interest in the Collateral without the express written agreement of the Receiver. The Receiver's Order further provided for a stay of any litigation to obtain possession of any assets of the Receivership Estate, including, arguably, the Collateral.

16. Taken together, these Orders appeared to bar MBFS from taking any steps to recover the Collateral or disposing of same pursuant to MBFS' security interest.

17. Given the above, MBFS filed a Motion with this Court seeking relief from the applicable Orders in the form of leave to repossess the Collateral from Defendant Illarramendi and dispose of same in accordance with MBFS's security interest and applicable state law. True and accurate copies of MBFS's Motion and supporting documentation are attached hereto as **Exhibit "E"** and made part hereof.

18. On January 4, 2012, this Court granted MBFS's Motion. Notably, no objections to MBFS's request for relief were filed. A true and accurate copy of the Court's Order is attached hereto as **Exhibit "F"** and made part hereof.

19. In light of the Court's Order, on January 23, 2012, MBFS commenced a Pre-

Judgment Remedy Proceeding ("PJR Proceeding") against Defendant Illarramendi, seeking replevin of the Collateral. True and accurate copies of the documents in support of MBFS's PJR Proceeding are attached hereto as **Exhibit "G"** and made part hereof.

20. On April 23, 2012, the parties appeared before the Honorable David R. Tobin at the Stamford-Norwalk Judicial District and conducted an evidentiary hearing in relation to MBFS's PJR Proceeding. On that same date, after having established that MBFS is entitled to the relief requested, Judge Tobin issued an Order authorizing MBFS to replevy the Collateral. A true and accurate copy of the Order for Prejudgment Remedy issued by Judge Tobin on April 23, 2012 is attached hereto as **Exhibit "H"** and made part hereof.

21. During the evidentiary hearing, the undersigned spoke with Defendant Illarramedi directly. Defendant stated his intention to redeem the Collateral by paying off all amounts due under the Contract and financing the pay off from a third-party source. Given a purchaser's right to redeem as stated in Connecticut law, the undersigned advised that if Defendant provided the payoff amount on the account, MBFS would be compelled by statute to release its lien on the Collateral and withdraw the action.

22. On or about May 3, 2012, prior to recovery of the Collateral, MBFS received from Defendant Illarramendi a certified check issued by TD Bank, in the sum of $28,541.71, representing the pay off amount due on Defendant's account. The check also contained the name "Maria J. Gonzalez Miranda" in the reference line. A true and accurate copy of the certified check is attached hereto as **Exhibit "I"** and made part hereof.

23. Notably, MBFS observed that the source of the funds was not Defendant Illarramendi himself.

24. The undersigned counsel forwarded the payoff funds to MBFS in the ordinary

course of business. Said funds have been received by MBFS and deposited in its accounts.

25. On or about June 7, 2012, having received funds and credited Defendant's account, MBFS filed and served a Withdrawal of Action with the State Court, discontinuing the PJR Proceeding and forwarded to Defendant the original Certificate of Title with Lien Release. True and accurate copy of the Withdrawal of Action and Certificate of Title with Lien Release are attached hereto as **Exhibit "J"** and made part hereof.

26. The Receiver is now seeking to order the return of the funds submitted to MBFS to redeem the Collateral.

27. Upon information and belief, Defendant Illarramendi is presently in possession, custody or control of the Collateral.

WHEREFORE, your affiant prays that (a) Receiver's Motion be denied to the extent it seeks to disgorge or otherwise compel the return of moneys paid to Interested Party Mercedes-Benz Financial Services LLC f/k/a/ DCFS USA LLC, successor-in-interest to DaimlerChrysler Financial Services Americas, LLC by Defendant Francisco Illarramendi; (b) alternatively, if this Court finds that MBFS must forward said moneys to the Receiver, that the Court direct Defendant Illarramendi to sign over Title to the Collateral to MBFS and immediately deliver the Collateral to MBFS; and (c) for such other relief as the Court deems just and proper.

AFFIANT,

_____
Jorge A. Rodriguez, Esq.

Subscribed and sworn to before me, on this 7th day of August, 2012.

_____
Notary Public
My Commission Expires:

KATHY MCCULLOUGH DAY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02MC6189483
Qualified In Rensselaer County
My Commission Expires June 23, 2016

6