UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>Relief Defendants. | 11-CV-00078 (JBA) |

### ORDER FREEZING ASSETS, FOR AN ACCOUNTING, AND FOR OTHER RELIEF

**WHEREAS** this matter has come before this Court upon the Stipulation for Judgment and Partial Relief dated August 6, 2012 entered into by and among (a) John J. Carney, Esq. (the "Receiver") in his capacity as Receiver for the Michael Kenwood Group, LLC ("MKG"), Highview Point Partners, LLC, and certain affiliated entities in the above captioned matter, and (b) defendant Francisco Illarramendi ("Illarramendi") and Maria Josephina Gonzalez-Miranda ("Gonzalez-Miranda"), and settling the Receiver's Emergency Motion for an Order Freezing

Assets, for an Accounting, for a Summary Proceeding, and for Contempt Sanctions, ECF No. 513 (the "Motion");

**IT IS HEREBY ORDERED THAT:**

1. This Court accepts, adopts and subscribes to the stipulated finding that the $637,576 received from the State of Connecticut by Illarramendi as a tax refund, described in the Motion and its associated papers, constituted and constitutes property of the Receivership Estate which was and is subject to the Asset Freeze and Receivers Orders of this Court. This finding can be used as an admission against any recipient of the $637,576; however, this finding shall not be deemed as an admission in any litigation against Illarramendi or Gonzalez-Miranda in the above-captioned case or in *Carney v. Illarramendi, et al.*, Case No. 12-cv-165 (SRU), or used to determine whether any other funds or property constitute property of the Receivership Estate other than and except for the $637,576 in this Stipulation.

2. Any income tax refund due and owing from the United States Government (the "IRS Refund") or any other taxing authority to Illarramendi or Gonzalez-Miranda is fully subject to the Asset Freeze and Receiver Orders of this Court. This finding, however, shall not be deemed to prejudice in any way Illarramendi and Gonzalez-Miranda's ability to pursue claims and assert defenses to the Receiver's claim to the IRS Refund or from seeking a modification of the Asset Freeze and Receiver Orders from the Court to allow for Illarramendi and Gonzalez-Miranda to utilize the funds.

3. The following funds are hereby frozen, and all persons and entities receiving actual notice of this order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding, possessing or controlling any of the following funds, for their benefit or for the benefit of others, in whatever form such assets may

exist and wherever located, shall hold and retain such assets, and shall prevent any transfer, withdrawal, removal, sale, purchase, trade, transaction, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), dissipation, assignment, pledge, alienation, encumbrance, disposal or diminution in value of any such funds or assets, except as directed in paragraph 4 below:

- $637,576 transferred to an account at TD Bank, N.A. bearing the name of Maria Josephina Gonzalez-Miranda (the "TD Account") designated by the state of Connecticut as a tax refund to Illarramendi;
- $28,541 transferred directly or indirectly from the TD Account to Mercedes-Benz Financial Services USA LLC;
- All funds transferred directly or indirectly from the TD Account to Ramon Illarramendi and/or Emma Illarramendi, which Francisco Illarramendi has represented to be $75,000;
- $12,000 transferred directly or indirectly from the TD Account to Pablo Illarramendi;
- $15,000 transferred directly or indirectly from the TD Account to Adela Illarramendi;
- $25,000 transferred directly or indirectly from the TD Account to Dale Garner; and
- Any funds traceable to funds transferred from the TD Account on or after January 20, 2012.

4. All persons and entities holding such funds described in paragraph 3 above shall return such funds to the Receivership within 5 days of receipt of notice of this Order. For the

avoidance of doubt, Illarramendi and Gonzalez-Miranda shall return to the Receivership the $637,576 described above, and any and all funds traceable thereto; Mercedes-Benz Financial Services USA LLC shall return $28,541 to the Receivership; Ramon Illarramendi and Emma Illarramendi shall return all funds received directly or indirectly from the TD account to the Receivership; Pablo Illarramendi shall return $12,000 to the Receivership; Adela Illarramendi shall return $15,000 to the Receivership, and Dale Garner shall return $25,000 to the Receivership. Illarramendi and Gonzalez-Miranda shall be given credit for monies returned directly from other sources, including those listed in this paragraph.

5. The Mercedes-Benz automobile bearing V.I.N. 4JGBB86E67A252677 shall be transferred by Illarramendi to the custody of Mercedes-Benz Financial Services USA LLC within 5 days of the date of entry of this Order.

6. The Clerk is directed to transfer the title to the Mercedes-Benz automobile bearing V.I.N. 4JGBB86E67A252677 to the custody of Mercedes-Benz Financial Services USA LLC within 5 days of the date of entry of this Order.

7. Illarramendi and Gonzalez-Miranda shall provide, within 10 days of the entry of the order, a detailed accounting to the Receiver of all assets transferred to and from the actual or *de facto* control of Illarramendi or Gonzalez-Miranda, including all transfers to and from any account held in the name of or subject to the control of either Illarramendi or Gonzalez-Miranda, and including moneys or assets controlled, held, concealed or transferred for Illarramendi's or Gonzalez-Miranda's benefit by any agent of Illarramendi or Gonzalez-Miranda or by any person or entity acting in concert with them, from January 18, 2011 to the date of the accounting. Such accounting shall include a detailed description of the source of any monies or other assets

4

transferred to Illarramendi or Gonzalez since January 18, 2011 that Illarramendi believes not to be subject to any of the prior asset freeze orders entered in this action.

8. Illarramendi and Gonzalez-Miranda shall provide monthly updated detailed accountings, as described in paragraph 6, to the Receiver within five (5) days after the close of each month.

9. The Receiver is directed to submit a proposed form of judgment within 10 days of entry of this Order.

Dated: __7 August__, 2012

/s/
THE HONORABLE JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE