UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>Defendants,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>Relief Defendants. | CASE NO.: 11-CV-00078 (JBA)<br><br><br>ECF CASE |

### [Proposed] ORDER APPROVING STIPULATION OF SETTLEMENT

**WHEREAS** this matter has come before this Court upon the Joint Motion for an Order Approving the Stipulation of Settlement brought by: (a) John J. Carney, Esq. in his capacity as the duly appointed receiver of Highview Point Partners, LLC, and Michael Kenwood Capital Management, LLC and certain other entities (the "Receiver"); (b) Highview Point Master Fund, Ltd. (the "Master Fund") and Highview Point Offshore, Ltd. (the "Offshore Fund"), by and through their directors, Evan Burtton, Scott Dakers and Tom Parsons (collectively, the "Directors"), whose services are provided by Ogier Fiduciary Services (Cayman) Limited

("OFSCL"), for the benefit of the investors identified on Exhibit A to the Stipulation (the "Settling Investors") and all other investors in the Funds (as defined in the Motion); (c) Evan Burtton, Scott Dakers, Tom Parsons and OFSCL; and (d) Balanchine Corporation, Brentwood Services Inc., Edenwood Holding, S.A. (collectively, "BB&E");

**WHEREAS**, Banco General (Overseas) Inc., Alfa Partners Limited, Altenau Corporation, Antonio Blavia, Augusto A. Figueroa and Ana A. Figueroa JTIC, Compania Galletano, S.A., Irkama, S.A., Jose Marin Raventos, Marin Raventos, S.A., Milulo S.A., Norgrave Limited, Ormond Development Ltd., Pertshire Investments S.A., and Roji S.A. (collectively, the "Signatory Investors") are additional investors signing the Stipulation;

**WHEREAS**, Highview Point LP has neither appeared nor filed an objection to the Receiver's Motion to Expand the Receivership; and

**WHEREAS**, The Receiver, the Master Fund, the Offshore Fund, the Directors, OFSCL, and the Settling Investors, including the Signatory Investors, are collectively referred to herein as the "Settling Parties";

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED;

2. This Court approves the terms of the Stipulation of Settlement between the Receiver and the Settling Parties;

3. Any objections to the stipulation must be filed by August __, 2012;

4. The hearing date for objections, if any, will be August __, 2012;

5. The Receiver, in his capacity as such and on behalf of the Receivership Estate and the Receivership Entities, agrees not to assert any action, and irrevocably waives and releases any claim for or in the nature of claw-back, fraudulent transfer or conveyance, unjust

enrichment, or money had and received (collectively a "Claw-back Claim") against, any Settling Investor to obtain the return of any portion of such Settling Investor's Net Capital Invested or to reduce the payment any Settling Investor would have received or been entitled to in the Receivership if the Receiver had not asserted a Claw-back Claim; provided, however, that, as an express condition to the vesting, maintenance, preservation or retention of any rights conferred on or accruing to any Settling Investor under this Stipulation, including this clause (b), such Settling Investor shall have provided to the Receiver prior to any payment made pursuant to clauses (c) or (d) of paragraph 2 of this Section II a certificate of good faith and release in the form attached hereto as Exhibit C ("Certificate of Good Faith and Release"), acceptable to the Receiver in his sole and absolute discretion. For the avoidance of any doubt, the Receiver shall not have discretion to modify, revise or alter in any way the release of the Director Releasees to be provided in connection with the Certificate of Good Faith and Release.

6. Upon the Court's granting of the Motion to Expand the Receivership and control of the Master Fund, Offshore Fund and Highview Point LP (collectively, the "Funds") being transferred to the Receiver, OFSCL, Evan Burtton, Scott Dakers, Tom Parsons, Vijayaalan Murugesu, David Sargison, and Andrew Eastabrook, and each of their respective present and former partners, managers, members, attorneys, employees, representatives, agents, consultants, accountants, insurers, predecessors, successors and assigns (the "Director Releasees") are hereby discharged and released from any and all past, present or future claims or causes of action (including, without limitation, any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including, without limitation, any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or

description, direct or indirect, in law, equity or arbitration, absolute or contingent, known or unknown, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements), that are, have been, could have been, or might in the future be, asserted by the Funds, the Receiver, in his capacity as such and on behalf of the Funds, the Receivership Estate and the Receivership Entities, and the investors that have submitted to the Receiver a Certificate of Good Faith and Release (directly or derivatively) against the Director Releasees based on, arising out of or relating to (i) any act or omission by such Director Releasees during their respective terms as directors of any of the Funds, or (ii) any fact or allegation asserted or that could be asserted against the Director Releasees in the Receivership proceedings (collectively, "Claims"), provided, however, that nothing herein shall be deemed to release, waive or surrender any past, present or future right, claim or cause of action that the Receiver may have, bring or prosecute against Frank Lopez, Carlos Manuel Barrantes Araya, Carolina Lopez, Christopher Luth, Heather Luth, and Victor Chong, and each of their respective present and former partners, managers, members, attorneys, employees, representatives, agents, associated or controlled persons or entities, consultants, accountants, insurers, predecessors, successors and assigns (other than the Director Releasees).

Dated: _____, 2012

_____
THE HONORABLE JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE