UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>      v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>           Defendants.<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD, HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP.,<br><br>           Relief Defendants. | CASE NO.: 11-CV-00078 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>AUGUST 16, 2012 |

**OBJECTION OF NON-PARTY VICTOR CHONG TO
THE JOINT MOTION FOR AN ORDER APPROVING
STIPULATION OF SETTLEMENT [Doc. # 542]**

Victor Chong, a non-party to the above-captioned case, through his undersigned counsel, hereby respectfully objects to the Joint Motion for an Order Approving Stipulation of Settlement [Doc. # 542]. In support of his Objection, Mr. Chong represents:

   (1)   He is a former employee of Highview Point Partners, LLC ("HPP").

   (2)   He is a defendant in a related action brought by the Receiver currently pending before Judge Underhill. That case is styled Carney v. Lopez, et al., No. 3:12-cv-00182-SRU.

(3) At all relevant times, HPP served as the Investment Manager for both the Highview Point Master Fund, Ltd and Highview Point Offshore, Ltd pursuant to the terms of Amended and Restated Investment Management Agreements ("IMAs"). (Copies of those IMAs are attached, respectively, at Tabs A and B.)

(4) As a consequence of his employment by HPP, Mr. Chong is an "Affiliated Party" as defined in the IMAs. See Tabs A & B (IMAs), Sec. 6.

(5) As an Affiliated Party, and as confirmed in other governing documents of the Highview Point Master Fund, Ltd, Mr. Chong is the beneficiary of express indemnification and advancement rights. Pursuant to the IMAs, he is entitled to indemnification "to the fullest extent legally permissible under the laws of the State of Delaware. . . ." See Tabs A & B (IMAs), Sec. 7. And, as part of his right to indemnification, Mr. Chong is likewise entitled, upon request, to call upon these Funds to "advance amounts in connection with [their] indemnification obligation[s]. . . ." See Tabs A & B (IMAs), Sec. 7.

(6) Mr. Chong objects to the proposed settlement because in the Joint Motion for an Order Approving Stipulation of Settlement [Doc. # 542], the Receiver makes clear to exclude Mr. Chong and others from the scope of the proposed release, however, that proposed Joint Motion nowhere provides for the protection and enforcement of Mr. Chong's indemnification and advancement rights. This failing is significant in that, if appointed pursuant to the proposed settlement, the Receiver – Mr. Chong's adversary in Carney v. Lopez, et al., No. 3:12-cv-00182-SRU – would be left to decide Mr. Chong's entitlement to indemnification and advancement in violation of Mr. Chong's contractual and constitutional rights, including his right to due process of law.

.

Accordingly, for all the foregoing reasons, Mr. Chong respectfully objects to the proposed Joint Motion for an Order Approving Stipulation of Settlement [Doc. # 542] and asks the Court to: (1) set a schedule for briefing; (2) schedule a hearing date to address Mr. Chong's concerns for the preservation of his indemnification and advancement rights; and (3) craft a mechanism by which an unbiased decisionmaker other than the Receiver oversees the enforcement of Mr. Chong's rights to indemnification and advancement.

          VICTOR CHONG

By: /s/ Thomas J. Murphy
    Thomas J. Murphy (ct07959)
    Gavan F. Meehan (ct27770)
    Cowdery, Ecker & Murphy, L.L.C.
    280 Trumbull Street
    Hartford, Connecticut  06103
    Telephone: (860) 278-5555
    Facsimile: (860) 249-0012
    tmurphy@cemlaw.com
    gmeehan@cemlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2012, I caused a copy of the foregoing Objection of Non-Party Victor Chong to the Joint Motion for an Order Approving Stipulation of Settlement [Doc. # 542] to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                   /s/ Thomas J. Murphy