# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

    v.

FRANCISCO ILLARREMENDI, et al.,

          Defendants.

Case No. 11-CV-78 (JBA)

## DECLARATION OF ALAIN BIBLIOWICZ

I, Alain Bibliowicz, being of legal age and pursuant to 28 U.S.C. § 1746, hereby declare as follows, based on my own personal knowledge:

1. I make this declaration in support of Fractal Fund Management, Ltd.'s and Fractal P Holding, Ltd.'s Motion to Intervene as of Right, to Reject and Enjoin Performance of Settlement, to Revoke John J. Carney's Appointment as Receiver, and to Dissolve Worldwide Antisuit Injunction in this case.

2. I was a director of Synchronicity Investments, Ltd. ("Synchronicity"), a company organized and existing under the laws of the British Virgin Islands, during the period of time when Fractal Fund Management, Ltd. and Fractal P Holding, Ltd. (together, "Fractal Fund") entered into the transactions with the Receivership Entities that are the basis for their claims against companies included in the Receivership Estate. Synchronicity served as Fractal Fund's investment manager and functioned as its advisor.

3. I am currently a manager of Fractal Advisors LLC, a limited liability company that has served as a service provider pursuant to a Service Agreement for Fractal Fund and its

different share classes, and later became a sub-advisor under a Sub-Advisory Agreement with Synchronicity.

4. As a result I have personal knowledge with respect to Fractal Fund Management, Ltd. and Fractal P Holding, Ltd., as well as the transactions to which I refer in this declaration.

5. Fractal Fund Management, Ltd. is organized and exists under the laws of the British Virgin Islands.

6. Fractal P Holding, Ltd. is organized and exists under the laws of the British Virgin Islands. Fractal P Holding, Ltd. is a subsidiary of Fractal Fund Management, Ltd.

7. Attached hereto as Exhibit 1 is a true and correct copy of the claim against Michael Kenwood Asset Management, LLC ("MKAM") in the amount of $16,000,000 that Fractal Fund Management, Ltd. submitted by email to John J. Carney's consultants in New York, New York as directed by the Court's Orders and Mr. Carney, including the loan agreement between Fractal Fund Management, Ltd. and MKAM that relates to the claim.

8. Attached hereto as Exhibit 2 is a true and correct copy of the claim against Short Term Liquidity Fund I, Ltd. ("STLF") in the amount of $60,000,000 that Fractal P Holding, Ltd. submitted by email to John J. Carney's consultants in New York, New York as directed by the Court's Orders and Mr. Carney, including the credit-linked note between Fractal P Holding, Ltd. and STLF that relates to the claim.

9. The loan agreement in Exhibit 1 provides that all disputes relating to the transaction shall be brought either in the British Virgin Islands or a jurisdiction of Fractal Fund Management, Ltd.'s choosing. That jurisdictional provision is valuable to Fractal Fund Management, Ltd. because it reflects the parties' contractually binding agreement for mutually valuable consideration that excludes Connecticut jurisdiction, and gives the lender, Fractal Fund

Management, Ltd., the right to resolve any dispute either in its home jurisdiction or in any jurisdiction it elects worldwide. Fractal Fund Management, Ltd. has never elected Connecticut jurisdiction under that provision or otherwise.

10. The credit-linked note in Exhibit 2 provides that it is "deemed to have been made under the jurisdiction of the Cayman Islands" in order to exclude any jurisdictional or other argument that it was made in Connecticut. For the same reason it also provides that it should be governed and interpreted under Cayman Islands substantive law. Those jurisdictional provisions are valuable to Fractal P Holding, Ltd. because they reflect the parties' contractually binding agreement for mutually valuable consideration that excludes Connecticut jurisdiction, and gives Fractal P Holding, Ltd. the right to resolve any dispute relating to the transaction in the Cayman Islands.

11. The right to exclude Connecticut jurisdiction is valuable to Fractal Fund in both transactions because Fractal Fund believes that the sole and exclusive concern of a court in the British Virgin Islands, the Cayman Islands, or of any jurisdiction Fractal Fund elects as contractually provided, would be the prompt and low-cost entry of an internationally recognized judgment enforcing Fractal Fund's right to be paid with interest. Both MKAM and STLF are in default in an amount that substantially exceeds $76,000,000 under these contracts, including contractual and legal interest.

12. At all relevant times Fractal Fund has intended, and seeks, to enforce the loan agreement with MKAM in the courts of the British Virgin Islands or a jurisdiction of Fractal Fund's choice, such as the Cayman Islands, and to enforce the credit-linked note with STLF in the courts of the Cayman Islands. Fractal Fund has been prevented from doing so by the Court's antisuit injunction contained in the Court's Orders appointing a receiver.

13. On September 23, 2011, the Court entered the Order Granting the Receiver's Motion to Set Bar Date for Claims Against the Receivership Estate and to Approve Claim Form and Notice Procedures (ECF No. 365). This Order does not provide for full recovery of the amounts to which Fractal Fund is entitled. In particular, this Order does not permit recovery of contractual interest, pre-judgment interest or post-judgment interest. The time value of money is at the heart of Fractal Fund's business.

14. Fractal Fund has been compelled to file its claims against MKAM and STLF with Mr. Carney's consultants in New York, New York against its will.

15. As an aggrieved party with valid rights under the loan agreement and credit-linked note, Fractal Fund is irreparably harmed by being enjoined from suing outside the United States in accordance with the contracts' jurisdictional provisions, and by being required as a result to file its claims with Mr. Carney, because, among other reasons, claims filed with Mr. Carney exclude any possibility of recovering the time value of Fractal Fund's money through interest. Fractal Fund has not been paid any amount under either contract.

16. Fractal Fund believes that Mr. Carney has a conflict of interest between his personal financial and professional interest in his transferring Receivership assets to his law firm through legal fees, and his fiduciary obligations to preserve Receivership assets for the benefit of Fractal Fund and other interested persons. Mr. Carney's proposal to make a preferential distribution of millions of dollars of Receivership assets to a select group of investors, in exchange for their allowing the Receivership to expand and thus generate additional legal work for Mr. Carney's law firm, has prompted Fractal Fund to file this motion. Likewise his failure to identify any evidence supporting his allegations in *Carney v. Beracha et al.*, that Fractal Fund is an alter ego of Moris Beracha and that Mr. Beracha had knowledge of Francisco Illarramendi's

fraud, despite having billed millions of dollars against Receivership assets supposedly to master the proof, has also prompted Fractal Fund to file this motion.

17. Fractal Fund would be irreparably harmed by Mr. Carney's proposed dissipation of Receivership Estate assets, whether as a result of any settlement prior to implementation of a plan to equitably distribute funds to all claimants, or through Court approval of transfers of assets to Mr. Carney's law firm or other consultants, because the diminution of those assets lowers the amount available to pay Fractal Fund's claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed in Madrid, Spain, on August 22, 2012

_____
Alain Bibliowicz