UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS LLC, AND MICHAEL KENWOOD CAPITAL MANAGEMENT LLC,<br><br>Defendants,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND LTD., HIGHVIEW POINT OFFSHORE LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE LLC, and MKEI SOLAR, LP,<br><br>Relief Defendants. | Case No. 11-CV-78 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br>September 4, 2012 |

**MEMORANDUM OF LAW IN SUPPORT OF ROWBERROW TRADING CORP.'S MOTION TO INTERVENE AS OF RIGHT OR PERMISSIVELY, TO REJECT AND ENJOIN PERFORMANCE OF STIPULATION OF SETTLEMENT, FOR AN ORDER REVOKING JOHN J. CARNEY'S APPOINTMENT AS RECEIVER, TO OPPOSE THIRD MOTION FOR FEES AND ENJOIN FURTHER OBLIGATIONS, AND TO DISSOLVE WORLDWIDE ANTI-SUIT INJUNCTION**

I.      **INTRODUCTION**

Rowberrow Trading Corp. ("Rowberrow"), by and through its undersigned attorneys, hereby respectfully submits this Memorandum of Law in support of its motion to intervene as of right or, in the alternative, permissively, under Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B), to enjoin performance of the Stipulation of Settlement and reject the Proposed Order (Doc. No. 543-1), to revoke John J. Carney's appointment as receiver, to oppose Carney's pending Third Interim Application for Fees and Expenses by the Receiver and His Advisors

("Third Motion for Fees") (Doc. No. 519) and enjoin Carney from incurring further obligations on behalf of the Receivership Estate, and to dissolve the Court's injunction prohibiting the commencement or continuation of civil actions against Carney or Receivership Entities anywhere in the world (the "Motion"). The Court should defer consideration of John J. Carney's pending Third Motion for Fees (Doc. No. 519), and of the motion seeking approval of the Stipulation of Settlement (Doc. No. 543-1), until after this Motion is decided.

This Motion by Rowberrow joins in its entirety the motion made in this action by Fractal Fund Management, Ltd. and Fractal P Holding, Ltd. (together, "Fractal Fund") (Doc. Nos. 556, 557), except that Rowberrow seeks the following additional relief: (1) an order revoking Carney's appointment as receiver, regardless of whether the Court enters such an order upon a show-cause procedure as sought by Fractal Fund or otherwise; and (2) intervention for the purpose of opposing Carney's pending Third Motion for Fees (Doc. No. 519) and to enjoin Carney from incurring any further obligations on behalf of the Receivership Estate.

Fractal Fund's motion anticipates that the Court would appoint a new receiver who would review all of Carney's decisions, fees and costs in light of his conflict of interest. In the instant Motion, Rowberrow seeks the additional relief of an Order prohibiting the disposition of any of the Receivership Estate's assets for the benefit of Carney and his law firm. In seeking such additional relief, Rowberrow relies on the same grounds set forth by Fractal Fund in its motion (Doc. Nos. 556, 557). Like Fractal Fund, Rowberrow would be irreparably prejudiced by any disposition of the Receivership Estate's assets that would reduce the total assets available for payment of obligations to creditors. Such reduction of assets is particularly inappropriate to the extent the disposition is made for Carney's personal benefit as a partner in the law firm he engaged to represent him as receiver.

## II. ROWBERROW DOES NOT CONSENT TO THE COURT'S JURISDICTION

Rowberrow is a corporation organized and existing under the laws of the British Virgin Islands (Declaration of Isabel Munarriz Arrieta, attached hereto as Exhibit A, at ¶ 3 ("Munarriz Dec.")). Like Fractal Fund, Rowberrow does not maintain an office or transact any business in Connecticut (Munarriz Dec. ¶ 3), nor is Rowberrow subject to the personal jurisdiction of this Court, for all the reasons set forth by Fractal Fund and Rowberrow in support of their motion to dismiss in Carney v. Beracha et al., No. 3:12-cv-00180-SRU (D. Conn.) (Doc. No. 63). Like Fractal Fund, Rowberrow has been compelled by the Court (Am. Order App'g Receiver, Doc. No. 423 ¶¶ 36-37) to make this Motion to protect its interests as a creditor and, respectfully, does not consent to personal jurisdiction in this Court.

One of the Receivership Entities, a Cayman Islands entity known as Short Term Liquidity Fund I, Ltd. ("STLF"), is in default on obligations to Rowberrow under contracts in the total nominal amount of $68,537,894, plus coupon, interest and costs. (Munarriz Dec. ¶¶ 4-5.) The relevant contracts provide that "[t]his Agreement shall be deemed to have been made under the jurisdiction of the Cayman Islands[,]" making clear that Rowberrow is not subject to the personal jurisdiction of Connecticut in connection with these transactions. (Munarriz Dec. Exhibits 1, 2 and 3.) The Court's anti-suit injunction prevents Rowberrow from suing Carney and/or STLF in the Cayman Islands for all the damages legally recoverable there for breach of the relevant contracts in excess of $68,537,894, with interest and costs, and has provided Rowberrow no practical recourse but to file a claim with Carney as receiver for STLF in the reduced amount of $30,200,000. Thus Rowberrow, like Fractal Fund, has not consented to jurisdiction in Connecticut, or purposefully availed itself of Connecticut, and is not subject to personal jurisdiction in Connecticut; instead, it has been constrained to participate in the claims process established by the Court. Moreover, limiting Rowberrow to a claim for $32 million less than it

bargained for, while enjoining it from suing abroad for the balance, is contrary to principles of international comity underlying the rule against anti-suit injunctions.

### III. ARGUMENT

The Court should dissolve the anti-suit injunction because it lacks personal jurisdiction to adjudicate Rowberrow's claims against STLF. Rowberrow's claim is between a British Virgin Islands entity and a Cayman Islands entity, under contracts deemed to have been made under the jurisdiction of the Cayman Islands. The sole connection to Connecticut is the office location of an advisor to one of the offshore entities. Under these circumstances, foreign courts may not recognize the authority of a receiver appointed by this Court to take control of foreign companies or foreign assets. *See Schemmer v. Prop. Res. Ltd.*, [1975] Ch. 273; [1974] 3 All E.R. 451 (under English law, a foreign receiver lacks standing where the defendant lacked sufficient connections with the appointing jurisdiction).

Because a clear conflict exists between Carney's fiduciary duties as receiver and his personal interest in transferring as much as possible of the Receivership Estate's assets to his law firm, as set forth fully in Fractal's motion (Doc. Nos. 556, 557), Rowberrow respectfully submits that the Court should not approve Carney's pending Third Motion for Fees. The disposition of Receivership Estate assets for the benefit of Baker & Hostetler sought by Carney should be disapproved by the Court. The Court should instead ensure that all Receivership Estate assets are protected by a fiduciary able to discharge the functions of a receiver free of conflict of interest. Rowberrow is alarmed by the rapid rate at which Carney has been incurring millions of dollars in obligations on behalf of the Receivership Estate, a significant portion of which is for the benefit of his own law firm. As a creditor of the Receivership Estate, Rowberrow would be irreparably harmed if Carney were not enjoined from incurring further obligations payable out of the Estate, particularly in light of his conflict of interest.

CPAM: 4929502.5

Carney's conflict of interest cannot be ignored simply because it has been present since he was appointed Receiver and retained his own law firm as counsel. As the United States Securities and Exchange Commission ("SEC") recognized when it requested that the Court appoint a receiver in this case, a receiver is charged with the duty to protect "those who already have been injured by a violator's actions from further despoliation of their property or rights," *Esbitt v. Dutch-American Mercantile Corp.*, 335 F.2d 141, 143 (2d Cir. 1964), and to prevent "the dissipation of a defendant's assets pending further action by the court." *SEC v. American Board of Trade, Inc*. 830 F.2d 431, 436 (2d Cir. 1987); *see Plaintiff's Memorandum of Law in Support of Application for Emergency Relief* at 10 (Doc. No. 3). Because Carney has a personal financial interest in making decisions which result in the transfer of Receivership Estate assets to his law firm, he is - and has been from the start - unable to discharge his core duty as a Receiver to prevent the dissipation of those assets.

Carney's inability to discharge the core duty of a receiver has left the Receivership Estate's creditors and claimants unrepresented and unprotected in this proceeding. It is not only appropriate, but essential, that such claimants be permitted to intervene to protect the very interests of which the SEC warned the Court. A party's fundamental right to protect its interests is so important that the Second Circuit has held that the court should raise the joinder of a party on its own initiative when necessary to ensure a just adjudication. *See Manning v. Energy Conversion Devices, Inc.*, 13 F.3d 606, 609 (2d Cir. 1994) ("However, even in the absence of an objection under *Rule 19(a)*, we are obliged to consider whether M&N and OSMC are indispensable parties under *Federal Rule of Civil Procedure 19(b)*"); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968) ("When necessary . . . a

CPAM: 4929502.5

court of appeals should, on its own initiative, take steps to protect the absent party, who of course had no opportunity to plead and prove his interest below.").

Finally, there can be no argument that Rowberrow has waived the right to intervene to protect its interest in the Receivership Estate. Rowberrow was neither a party in this case nor was it provided any notice or opportunity to be heard concerning the appointment of the Receiver or the Receiver's retention of his own law firm to provide services to the Estate. Rowberrow became aware of Carney's dissipation of Estate assets as a result of Carney's commencement of a lawsuit against Rowberrow on February 3, 2012 and Carney's filing of a preferential settlement with certain Estate claimants on August 14, 2012. A person seeking relief in connection with the appointment of a receiver or a related injunction may be heard even after the relevant orders have been entered if he was not a party to the initial action and did not have an opportunity to object when the order was initially entered. *See Mitchell v. Lay*, 48 F.2d 79, 84-85 (9th Cir. 1930) (holding that a person may challenge aspects of the order appointing a receiver after the appointment "when the question is raised by a person who is brought into the court after the receiver is appointed and who has had no opportunity and no right to appeal from the order appointing a receiver.").

## IV.   CONCLUSION

For the foregoing reasons, the Court should allow Rowberrow Trading Corp. to intervene as of right or, in the alternative, permissively in this action, reject the Proposed Order and enjoin performance of the Stipulation of Settlement, enter an order revoking John J. Carney's appointment as receiver, prohibit any disposition of Receivership Estate assets to Carney's law firm pursuant to Third Motion for Fees or otherwise, enjoin Carney from contracting any further obligations payable from Receivership Estate assets, and dissolve the injunction against commencing or continuing civil actions in courts outside the United States.

CPAM: 4929502.5

Dated:  September 4, 2012                           Respectfully submitted,

/s/ Ross H. Garber

SHIPMAN & GOODWIN, LLP
One Constitution Plaza
Hartford, CT 06103
Tel:  860.251.5000
Fax:  860.251.5099
Ross H. Garber (ct17689)
Sara J. Goldfarb (ct28370)
rgarber@goodwin.com
sgoldfarb@goodwin.com

Of Counsel:

CHADBOURNE & PARKE, LLP[1]
1200 New Hampshire Avenue NW
Washington, DC 20036
Tel:  202.974.5600
Fax:  202.974.5602
Michael P. Socarras
LeeAnn O'Neill
msocarras@chadbourne.com
loneill@chadbourne.com

30 Rockefeller Plaza
New York, NY 10112
Tel:  212.408.5100
Marcelo M. Blackburn
mblackburn@chadbourne.com

*Attorneys for Rowberrow Trading Corp.,*

---

[1]   Counsel will file admission *pro hac vice* motions for the Chadbourne & Parke LLP attorneys shortly.

CPAM: 4929502.5

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2012, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/Doc. System.

/s/ Ross H. Garber
Ross H. Garber (ct17689)

CPAM: 4929502.5