1200 New Hampshire Avenue NW, Washington, DC 20036
tel (202) 974-5600  fax (202) 974-5602


CHADBOURNE
& PARKE LLP

**Michael P. Socarras**
direct tel +1 (202) 974-5610
msocarras@chadbourne.com

September 13, 2012

The Honorable Janet Bond Arterton
United States District Judge
Richard C. Lee United States Court House
141 Church Street
New Haven, CT 06510

Re: *Securities and Exchange Commission v. Illarramendi*, No. 11-cv-78 (JBA)

Dear Judge Arterton:

    We represent Fractal Fund Management, Ltd., Fractal P Holding, Ltd. and Rowberrow Trading Corp. (the "Intervenor-Applicants") on pending motions to intervene (Docs. No. 556, 557, 571, 572). In those motions, our clients seek, in part, to revoke John J. Carney's appointment as receiver due to the conflict arising from his engagement of the law firm of which he is a partner, Baker & Hostetler LLP ("Baker"), to represent him as receiver. We have received electronic notice of the letter to the Court from Ms. Ona T. Wang of Baker dated September 10, 2012. We understand Ms. Wang's letter seeks to supplement arguments in support of the receiver's motion for an order authorizing him to produce documents to the United States Government notwithstanding the Court's February 3, 2011 Protective Order (the "Protective Order"). We write to request that the Court decide our clients' motions before deciding Mr. Carney's motion to modify the Protective Order.

    The Intervenor-Applicants believe that the receiver's request does not serve the interests of creditors, and that it reflects instead Mr. Carney's conflicting interest in generating legal fees for his own law firm at the creditors' expense. The receiver's law firm should not incur fees and costs payable out of receivership assets for the purpose of assisting the Government. The receiver should be seeking to make it easier for potential witnesses to help him conclude his work, rather than inviting them to invoke Fifth Amendment rights out of concern that he is collaborating with the Government. He should be ensuring that his firm does not busy itself looking for evidence that he might obtain more easily under an air-tight Protective Order.

    For these reasons, we respectfully request that the Court defer its ruling on the motion to modify the Protective Order until after the Court hears our clients on their motions.

                                    Respectfully submitted,

                                      Michael P. Socarras

cc:    All counsel (by ECF)