UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS LLC, AND MICHAEL KENWOOD CAPITAL MANAGEMENT LLC,<br><br>Defendants,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND LTD., HIGHVIEW POINT OFFSHORE LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE LLC, and MKEI SOLAR, LP,<br><br>Relief Defendants. | Case No. 11-CV-78 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>September 25, 2012 |

**OBJECTION OF FRACTAL FUND MANAGEMENT, LTD.,
FRACTAL P HOLDING, LTD., AND ROWBERROW TRADING CORP.
TO MAGISTRATE JUDGE MARGOLIS'S APPROVAL OF
RECEIVER'S THIRD INTERIM APPLICATION FOR FEES AND EXPENSES**

I.   INTRODUCTION

Fractal Fund Management, Ltd. and Fractal P Holding, Ltd. (together, "Fractal Fund") and Rowberrow Trading Corp. ("Rowberrow") (together, "Intervenors"), by and through their undersigned attorneys, hereby object to, and move for review of, Magistrate Judge Joan Glazer Margolis's September 21, 2012 Approval of Third Interim Application for Fees and Expenses ("Approval," Dkt. #588). The Intervenors respectfully submit that approval of the

fees and expenses requested in the July 27, 2012 Third Interim Application for Fees and Expenses by the Receiver and His Advisers ("Third Application," Dkt. #519) was improper and premature in light of the Intervenors' pending motions to intervene (Dkt. # 556, 571). Those motions contend that Receiver John J. Carney, Esq. violated his fiduciary duties and created a serious conflict of interest by selecting the law firm in which Carney is a partner, Baker & Hostetler LLP ("Baker"), to represent the Receivership and by entering into agreements that will benefit Carney's firm at the expense of investors whose interests he is charged with protecting. In their motions, the Intervenors expressly requested that the Court defer awarding any fees to Carney and Baker until the Court considers the motions to intervene and the allegations made therein. In granting the Approval, Magistrate Judge Margolis stated that there were no timely objections filed; she did not acknowledge the pending motions to intervene as of right, made specifically in part to oppose the Third Application (see Dkt. # 571 at 1, 572 at 1-2); or consider whether it was improper for Carney to bill the Receivership millions of dollars for services directly arising from his conflicted representation.

Thus, if the Approval were not set aside pending a decision on Rowberrow's and Fractal's respective motions (Dkt. ## 571, 572, 556, 557-4), the Approval would constitute an immediately appealable order denying intervention of right, *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d. Cir. 473 (2d Cir. 2010); *In re PaineWebber Inc. Ltd. Partnerships Litigation*, 94 F.3d 49, 52 (2d Cir. 1996), as well as an immediately appealable order approving disposition of property of the Receivership, 28 U.S.C. § 1291(a)(2), without the benefit of a reasoned explanation by this Court upon which the Second Circuit could

consider whether there were any grounds for denying intervention of right or approving a disposition of Receivership property over Intervenors' objection.

## II.     PROCEDURAL HISTORY

The Receivership Entities are a group of interrelated corporations, partnerships, funds and other entities, all of which were either controlled or owned directly or indirectly by Defendant Francisco Illarramendi and others. In January of 2011, the Securities and Exchange Commission commenced a civil enforcement action, alleging that the Defendants misappropriated investor assets. Fractal and Rowberrow are among the Receivership Entities' creditors. On February 3, 2011, the Court appointed Carney as Receiver over all assets under the direct or indirect control of certain of the Defendants. Since that time, the Receiver has twice moved this Court to expand the scope of the Receivership to include additional Relief Defendants. On July 27, 2012, Carney filed the Third Application.

Certain entities ("BB&E") that claimed to have invested in funds held by the additional Relief Defendants opposed the inclusion of those funds in the Receivership. In order to placate BB&E and obtain their consent to the expansion of the Receivership, Carney entered into a settlement agreement with BB&E pursuant to which Carney would give BB&E and other Settling Investors, not including the Intervenors, an expedited and preferential payout of up to $25,000,000 out of the Receivership Entities' assets. On August 14, 2012, BB&E and Carney jointly moved for a Proposed Order approving this Stipulation of Settlement ("Settlement"). (Dkt. # 543).

Shortly thereafter, on August 24 and September 4, 2012, Fractal Fund and Rowberrow respectively moved to intervene as of right or in the alternative permissively, contending that

Carney's decision to hire his own law firm to represent the Receivership represented a serious conflict of interest, exemplified by Carney's request that the Court approve the Settlement, which would irreparably harm the interests of non-prioritized investors such as the Intervenors in order to expand the scope of the Receivership, in turn increasing the billable work to be performed by Carney's own law firm, acting as Carney's counsel. In their motions to intervene, Rowberrow expressly opposed the Third Application (Dkt. ## 571 at 1, 572 at 1-2), and Fractal moved for appointment of a new receiver or monitor to review fees and expenses billed during Carney's appointment (Dkt. #557-4 at 19), including specifically the Third Application (Dkt. # 519) that covers the period from July 1, 2011 to December 31, 2011 (Dkt. 557-4 at 18). Nevertheless, on September 21, 2012, Magistrate Judge Margolis approved the Third Application, without any reference to or discussion of (1) the pending motions to intervene; (2) the Intervenors' allegations that Carney's actions as Receiver violated his fiduciary duties and created a conflict of interest; or (3) Rowberrow's express opposition to the Third Application, noting that there were no timely objections to the Third Application. (Dkt. #588 at p.1.)

### III.   STANDARD OF REVIEW

The Intervenors object to the Approval pursuant to 28 U.S.C. 636(b); Fed. R. Civ. P. 6 and 72; and D. Conn. L. Civ. R. 72.2. The Court may vacate or modify the Approval upon a showing that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### IV.   ARGUMENT

A magistrate judge's order is clearly erroneous if the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made. *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 162-63 (E.D.N.Y. 2006). This Court has in the past reconsidered a magistrate judge's recommended ruling where that ruling was adopted prematurely without the Court's knowledge that an objection had been filed. *See W.A. v. Pascarella*, 153 F. Supp. 2d 144, 145 (D. Conn. 2001); s*ee also Cole v. U.S. Dist. Court For Dist. of Idaho*, 366 F.3d 813, 821-22 (9th Cir. 2004) (finding clear error where magistrate judge decision failed to afford adequate procedural due process). Due process dictates the same result where a magistrate judge has decided a non-dispositive motion without adequate consideration of previously filed objections.

In this case, the Intervenors have shown that, by engaging his own law firm to represent the Receivership, Carney violated receivers' well-established fiduciary duties to creditors like Rowberrow and Fractal, and created a serious conflict of interest that can be resolved only by revoking Carney's Receivership, removing Baker as counsel for the Receivership, and determining whether property disposed of in favor of Baker in payment of fees and expenses should be returned to the Receivership for the benefit of creditors like Rowberrow and Fractal. (*See* Dkt. ## 556, 557, 571, 572, 582.) Moreover, the Intervenors have made specific and substantial showings that, by agreeing to give preferential treatment to certain creditors in order to expand the scope of the Receivership and thereby generate additional legal fees for his firm, Carney has already demonstrated that he is willing to prioritize Baker's interests over his fiduciary duties to **all** interested parties.

Likewise, Fractal and Rowberrow responded to a letter submitted by Baker to the Court seeking modification of the Protective Order so as to produce documents to the government (Dkt. #580) by filing a letter to the Court (Dkt. #582) explaining that, as receiver, Carney should be single-mindedly dedicated to winding up the Receivership as quickly and efficiently as possible, rather than seeking permission to expend Receivership property in fees and expenses, payable to his law firm, to assist the government, particularly where doing so would impede Carney's ability to obtain evidence from witnesses solely for use by the Receivership. This is yet another instance of how Carney's conflict of interest is affecting matters pending before the Court in this proceeding.

The Third Application embodies the most suspect aspects of Baker's representation – its various efforts to expand the Receivership at the expense of the Intervenors and others similarly situated – for which Carney and Baker now seek payment out of scarce Receivership assets. Carney indicates in the Third Application, for example, that the "Receiver and his team have expended considerable time and effort" to expand the scope of the Receivership, generating enough billable hours for **20 Baker attorneys and additional support staff** to bill the Receivership for many "long hours, often involving nights and weekends." (Third Application ¶¶ 27-30, 47, 89.) Indeed, it was to curtail precisely this sort of conflicted dissipation of Receivership assets that the Intervenors seek intervention in the present action. (*See* Dkt. # 571 at 1, 572 at 1-2, 557-4 at 17-19.)

Well before Magistrate Judge Margolis issued her two-page Approval granting all of the fees and expenses sought by Carney, both Intervenors had moved the Court to defer any action on the Third Application until the Court decides the motions to intervene and considers

the conflicts of interest alleged therein. Fractal Fund, for example, requested that the Court appoint a monitor to review Carney's decisions, fees, and expenses to date, including those contained in "the pending motion for fees for the period from July 1, 2011 to December 31, 2011, which seeks approval for nearly $10 million. (Doc. No. 519.)". (Dkt. #557-4 at pp. 17-18.) Fractal Fund further identified Carney's requests to pay Baker's legal bills out of the Receivership as a violation of his fiduciary duties (*Id.* at 18), and concluded by suggesting that the "Court should not approve fees or expenses until it has received such a report." (*Id.* at 19.) Rowberrow went even further, expressly moving the Court "to oppose Carney's pending Third Interim Application for Fees and Expenses by the Receiver and His Advisors . . . (Doc. No. 519)." (Dkt. # 571 at pp. 1-2.) Rowberrow made clear that it "seeks intervention for the purpose of opposing Carney's pending Third Motion for Fees" (*Id.* at p.2), and that the interests it sought to protect by intervening "would be adversely affected were the Court to approve the Stipulation of Settlement and Proposed Order and the Third Motion for Fees." (*Id.*) Rowberrow concluded its motion to intervene by requesting that "the Court defer consideration of the Third Motion for Fees" until after its motion to intervene is decided. (*Id.* at p. 3.) In the accompanying Memorandum of Law, Rowberrow explained in detail the alleged conflicts of interest underlying its request, and specifically expressed alarm at "the rapid rate at which Carney has been incurring millions of dollars in obligations on behalf of the Receivership Estate, a significant portion of which is for the benefit of his own law firm." (Dkt. #572 at p. 4.)

      Although only a portion of the Approval relates directly to fees and expenses sought by Carney and Baker, it is unclear, without the benefit of a full review, to what extent the fees

and expenses requested by other firms and advisers in the Third Application arise out of requests made by Carney or Baker and otherwise relate to the billable work generated by Carney and Baker. As discussed above, Fractal argued in its motion to intervene that a new receiver be appointed or that a monitor be charged with reviewing all of the fees and expenses requested to date, including those that have already been paid. Because such an analysis has not been conducted to date, the instant Objection seeks to reverse the Approval in its entirety.

It is unclear whether Magistrate Judge Margolis was aware of the Intervenors' pending motions, and specifically their requests that the Court defer acting on the Third Application, when she issued the Approval, or whether Magistrate Judge Margolis declined to consider Fractal's and Rowberrow's objections because they were filed 7 and 18 days, respectively, after the technical deadline to object to the Third Application had passed. If the latter is true, this technicality should not prohibit consideration of the Intervenors' crucial objections which highlight a clear conflict of interest in the form of a payment of millions of dollars in Receivership assets to Baker. Neither Fractal nor Rowberrow are parties to the instant action. Both Fractal and Rowberrow moved to intervene as a result of the Stipulation of Settlement and Proposed Order and the clear conflict of interest evidenced by those filings. Accordingly, the primary basis on which to object to the Third Application did not come to light until approximately one month after Carney's motion for fees and expenses was submitted. Assuming Magistrate Judge Margolis declined to consider Fractal's and Rowberrow's objections on the basis that they were untimely, the technicality should not act as a bar to the Court's consideration of the serious conflict of issues raised by the Intervenors.

The Approval neither mentions the motions to intervene nor gives any consideration to the serious allegations raised therein. If the Court were to agree that engaging Baker represents a serious conflict of interest, there is little doubt that Carney's request to transfer millions of dollars in Receivership assets to his associates at Baker would warrant much closer examination than was afforded by Magistrate Judge Margolis. In addition, it bears emphasizing that because the Intervenors had not yet been granted intervenor status when the Third Application was being considered (they still have not), they were denied the opportunity to have their objections heard and to express to Magistrate Judge Margolis the serious threat that Baker's ongoing representation poses to the interests of those creditors excluded from participation in the Settlement. It was, therefore, both premature and improper to grant the Approval before the Court had the opportunity to consider and rule on the pending motions to intervene, made specifically in part to oppose the Third Application.

## V.    CONCLUSION

For the foregoing reasons, the Court should review and overrule the Approval of the Third Application, and defer further consideration of those requests until after the Court has decided the Intervenors' respective motions to intervene.

Dated:  September 25, 2012                              Respectfully submitted,

/s/ Ross H. Garber (ct17689)
SHIPMAN & GOODWIN, LLP
One Constitution Plaza
Hartford, CT 06103
Tel:  860.251.5000
Fax:  860.251.5099
Ross H. Garber (ct17689)
Sara J. Goldfarb (ct28370)
rgarber@goodwin.com
sgoldfarb@goodwin.com

Of Counsel:

CHADBOURNE & PARKE, LLP
1200 New Hampshire Avenue NW
Washington, DC 20036
Tel:  202.974.5600
Fax:  202.974.5602
Michael P. Socarras
LeeAnn O'Neill
msocarras@chadbourne.com
loneill@chadbourne.com


30 Rockefeller Plaza
New York, NY 10112
Tel:  212.408.5100
Fax:  212.541.5369
Marcelo M. Blackburn
mblackburn@chadbourne.com

*Attorneys for Fractal Fund Management, Ltd., Fractal P Holding, Ltd.
and Rowberrow Trading Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2012, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/Doc. System.

/s/ Ross H. Garber
Ross H. Garber (ct17689)