UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | CIVIL ACTION NO.: 3:11 CV 00078 (JBA) |
| Plaintiff, | : | |
| v. | : | |
| FRANCISCO ILLARRAMENDI et al. | : | |
| Defendants, | : | |
| and | : | |
| HIGHVIEW POINT MASTER FUND, LTD. et al., | : | |
| Relief Defendants. | : | SEPTEMBER 25, 2012 |

**MOTION FOR MODIFICATION OF**
**MODIFIED TEMPORARY ORDER FREEZING ASSETS**

Pursuant to Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut, the defendant, Francisco Illarramendi ("Mr. Illarramendi"), hereby respectfully moves this Court for an order modifying its Modified Temporary Order Freezing Assets, dated February 2, 2011, ECF No. 59 ("Asset Freeze Order"), to allow for the payment of reasonable attorneys fees and living expenses.

The Court appointed the receiver, John J. Carney, Esq. (the "Receiver"), in this matter to serve as an independent officer of the Court charged with the responsibility of marshaling and conserving the assets of the existing estate. Contrary to his duties as a neutral officer of the Court, however, the Receiver has instead directed his focus and resources toward building a case

**ORAL ARGUMENT REQUESTED**

ME1 13915940v.1

against Mr. Illarramendi on behalf the plaintiff, the Securities and Exchange commission ("SEC").  Fundamental principles of justice and equity as well as the integrity of the judicial process require that Mr. Illarramendi be permitted access to funds to retain legal counsel in order to defend against not only the allegations in this action, but also against the unduly oppressive and antagonistic conduct of the Receiver himself.

A continuation of the Asset Freeze Order without modification to allow Mr. Illarramendi access to funds to retain legal counsel to represent him in the pending civil matters will have serious deleterious effects.  Nearly two (2) years after his appointment, the Receiver has failed to come forward with any valid accounting, failed to produce any financial statements of the Receivership Entities, and has failed to validate the claims submitted by investors.  All he has done is point to Mr. Illarramendi's guilty plea to summarily and erroneously label his conduct a Ponzi scheme.  Mr. Illarramendi's expertise and knowledge of the transactions, as well as his familiarity with the entities and individuals involved, are essential to an accurate and meaningful accounting of the Receivership's assets and liabilities and, in turn, to the resolution of the claims made by third party investors.  It is paramount that Mr. Illarramendi be allowed to retain and pay for legal representation and finally have the opportunity to properly defend himself against the conclusory allegations asserted in the civil actions filed against him, the unduly oppressive and antagonistic conduct of the Receiver, and work towards arriving at a proper loss calculation that the Receiver has failed to do.

In addition, nearly twenty (20) months have passed since the Court first issued the initial temporary order which immediately froze Mr. Illarramendi's assets.  No longer able to subsist on the financial generosity of friends and family who have loaned him money to live, Mr. Illarramendi also requires access to funds to pay for basic living expenses in order to care for his

2

wife and two (2) young children. He has no source of income other than $1,000 per month he earns as a part time consultant. Accordingly, Mr. Illarramendi respectfully requests that the Court modify the Asset Freeze Order to allow him access to funds for the payment of monthly living expenses in an amount to be determined by the Court.

This Motion is based on all of the papers and records on file in this action, including the Memorandum of Law in Support of Motion for Modification of Temporary Order Freezing Assets, dated September 25, 2012, the Declaration of Francisco Illarramendi in Support of Motion for Modification of Temporary Order Freezing Assets, dated September 21, 2012, and on any oral argument or evidence that may be presented at the requested hearing of this Motion.

WHEREFORE, the defendant, Francisco Illarramendi, respectfully requests that the Court grant the instant Motion for Modification of Modified Temporary Order Freezing Assets, dated September 25, 2012, and modify the order to provide him access to funds in the amount of approximately $800,000 for the payment of legal fees, or an amount determined by the Court, and for the payment of monthly living expenses in an amount to be determined by the Court.

Dated: September 25, 2012
       Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
FRANCISCO ILLARRAMENDI

By:   /s/  Thomas J. Finn
    Thomas J. Finn
    Federal Bar No.: ct 20929
    tfinn@mccarter.com
    Paula Cruz Cedillo
    Federal Bar No.: ct 23485
    pcedillo@mccarter.com
    McCARTER & ENGLISH, LLP
    CityPlace I, 36th Floor
    185 Asylum Street
    Hartford, Connecticut 06103
    Tel.: 860.275.6700
    Fax: 860.724.3397

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of September 2012, a copy of the foregoing Motion for Modification of Modified Temporary Order Freezing Assets was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


           /s/  Thomas J. Finn
           Thomas J. Finn