UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC, and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br><br>*Defendants*,<br><br>and<br><br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP,<br><br>*Relief Defendants*. | Civil No. 3:11cv78(JBA) |

**MEMORANDUM OF LAW OF BALANCHINE CORPORATION, BRENTWOOD SERVICES, INC., AND EDENWOOD HOLDING, S.A. IN OPPOSITION TO MOTIONS TO INTERVENE**

Balanchine Corporation, Brentwood Services Inc., and Edenwood Holding, S.A. ("BB&E")—as parties to the proposed Stipulation of Settlement ("Stipulation"), *see* ECF No. 543-1—submit this memorandum of law in opposition to the motions to intervene of Fractal Fund Management, Ltd. and Fractal P Holding, Ltd. (together, "Fractal") and Rowberrow Trading Corp. ("Rowberrow") for the limited purpose of asserting why Fractal and Rowberrow

should not, as they request, be permitted to intervene in order "to enjoin performance of the Stipulation of Settlement and reject the Proposed Order." *See* ECF Nos. 556, 571.

First, Fractal's and Rowberrow's only apparent complaint about the Stipulation, i.e., that it provides preferential treatment to some claimants over others, is rooted in a fundamental misunderstanding of what the Stipulation is designed to accomplish. Contrary to Fractal's and Rowberrow's claims, the Stipulation does not provide for "preferential treatment"; it provides, rather, for the inclusion into the receivership estate of approximately $200 million in funds that BB&E and others have asserted do not belong in the receivership estate at all. Fractal and Rowberrow therefore have no basis for objecting to the Stipulation. Second, the Stipulation, if approved, will bring into the receivership estate approximately $200 million, resolve a protracted battle about the proper disposition of the frozen funds, and benefit all claimants. Fractal's and Rowberrow's thinly supported and novel grounds for intervening should not prevent a settlement so beneficial to the receivership estate. Last, because the Court has entered an order that creates an open process for the submission of objections to the Stipulation and schedules a hearing to resolve those objections, Fractal and Rowberrow do not need to intervene in order to submit objections to the Court. Accordingly, the Court should deny Fractal's and Rowberrow's motions to intervene as well as their position on the Stipulation itself.

**I.      Fractal's and Rowberrow's Objection to the Stipulation Is Misguided**

Fractal and Rowberrow object to the Stipulation on the misunderstanding that it provides for "preferential distribution of Receivership assets to select claimants." ECF No. 558 at 2; *see also id.* at 16 (stating that the Receiver has "agree[d] to release a material part of the Receivership Estate to some claimants, but not to Fractal Fund"). The Stipulation does no such thing. The Stipulation, rather, is designed to resolve a heavily litigated and costly dispute about

(i) whether any portion of the frozen funds should ever be made part of the receivership estate, and (ii) whether the Highview Funds[1], in which neither Fractal nor Rowberrow are investors or creditors, should or should not be included in the receivership estate.

As Fractal acknowledges, *id.* at 6–7, it is true that the Stipulation provides for an initial payment to the Highview Funds' investors. But the initial payment would be given *in exchange for* the withdrawal of the Highview Funds' and the Highview investors' opposition to including into the receivership estate $200 million of the assets belonging to the Highview Funds. The initial payment of approximately 11 percent of the current assets of the Highview Funds is the primary consideration of the Stipulation. Without that consideration, the Highview Funds and the Highview investors would not have entered into the Stipulation. Once the Stipulation is approved and the $200 million become "receivership assets," moreover, the Stipulation, contrary to Fractal's and Rowberrow's claims, does not provide for "preferential distribution of [those] assets to select claimants." It contemplates, rather, that parties to the Stipulation, including BB&E, will be treated the same as any other similarly situated claimant. *See* Stipulation at II.3(a) ("Each Settling Investor shall have the absolute right to file a claim in good faith, on or before the deadline established by this Court, in the Receivership proceedings … and to have such claim determined or adjudicated under the Receiver Orders in the same manner as other similarly situated claimants.").

A brief review of the background of this action is helpful in demonstrating why the Stipulation does not provide preferential treatment to "select claimants." In May 2011 the Securities and Exchange Commission ("SEC") sought an order requiring the transfer and freeze of assets held by the Highview Funds in offshore bank accounts to a financial institution within

---

[1] As used herein, the "Highview Funds" refers to Highview Point Master Fund, Ltd. and Highview Point Offshore, Ltd.

3

#11519575_v5

the United States. *See* ECF No. 276. The SEC alleged that the Highview Funds were fraudulently enriched by up to $193 million, and the idea—much like the idea behind the Stipulation—was that those funds would be brought into the receivership estate to help satisfy investor losses. The Highview Funds and BB&E vigorously opposed the SEC's request. Indeed, BB&E, as the principal investors in the Highview Funds, sought to intervene to oppose the SEC's requested relief and to prevent the Highview Funds' assets from being frozen. *See* ECF No. 195. The Court nonetheless denied BB&E's motion to intervene and ordered the transfer to this jurisdiction of the Highview Funds—totaling approximately $230 million—and the freeze of those funds as well. *See* ECF No. 276. at 14. BB&E have appealed both orders to the U.S. Court of Appeals for the Second Circuit, and the Highview Funds have also appealed the order freezing the assets. Those appeals are pending.

In February 2012, meanwhile, the Receiver moved to expand the receivership to include the Highview Funds. *See* ECF No. 446. The Highview Funds have also opposed this motion, and BB&E have again moved to intervene to oppose the expansion of the receivership. *See* ECF No. 458. BB&E's motion is pending.

The objective of the Stipulation is to resolve the vigorously litigated and expensive dispute between the Receiver, the Highview Funds, and BB&E. As stated above, BB&E, other Highview investors, and the Highview Funds will, on Court approval of the Stipulation as now presented, withdraw any opposition (and dismiss their appeals) to the expansion of the receivership to include the Highview Funds and bring $200 million of the frozen funds into the receivership estate. But they will do so only if they retain a portion of their assets, in the form of the initial payment, as bargained-for consideration. Without the payment, there will be no settlement. And without a settlement, it may be—as BB&E and the Highview Funds have

4

consistently asserted—that approximately $200 million in funds that are now assets of the Highview Funds will never be included in the receivership estate at all.

Inexplicably, Fractal and Rowberrow treat this vigorously litigated and ongoing dispute as if it did not exist. By stating that the Stipulation is being made solely for the Receiver's personal benefit, Fractal and Rowberrow ignore the fact that the frozen funds are now assets of the Highview Funds *and may never be* included in the receivership estate. This ignorance is demonstrated by Fractal's and Rowberrow's statements to the effect that the payments "would rob Fractal Fund of assets that should otherwise be available to cover its claims," ECF No. 558 at 9, and that the amount of the payments from the funds "should be pooled and used to pay Fractal Fund as well as other claimants," *id.* at 13. Fractal and Rowberrow, however, ignore the fact that unless the Receiver were to *completely* prevail against the Highview Funds' and BB&E's pending motions and appeals, the frozen funds in whole or in part (as it concerns only the $193 million) would not be part of the receivership estate. And this ignorance seems deliberate given the arguments Fractal and Rowberrow have raised in related proceedings in which the Receiver seeks to collect over $177 million from none other than Fractal and Rowberrow themselves:

> The Second Circuit has held that where a receiver claims title to assets, his mere allegation of a fraudulent transfer is insufficient to include such assets within a debtor's estate until his allegation is proven. *See FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125, 131 (2d Cir. 1992); *accord Bennett v. Liberty Nat'l Fire Ins. Co.*, 968 F.2d 969, 972 (9th Cir. 1998) (funds do not become part of estate until dispute regarding ownership of assets is resolved); *In re Saunders*, 101 B.R. 303, 305 (Bkrcty. N.D. Fla. 1989) ("[u]ntil a judicial determination has been made that the property was, in fact, fraudulently transferred, it is not property of the estate").

Case No. 12-cv-00180-SRU, ECF No. 63-1, "Mem. of L. in Support of [Fractal Fund's and Rowberrow's] Motion to Dismiss."

In sum, Fractal's and Rowberrow's motions are grounded in the premise that the payment provided to the Highview investors by the terms of the Stipulation would inevitably be included in the receivership estate. That premise, as has been shown above, is false. The payment is being made in exchange for the Highview Funds' and BB&E's withdrawing their vigorous and meritorious opposition to the inclusion of the funds into the receivership estate. Without the Stipulation, it is far from inevitable that the approximately $200 million of the Highview Funds' assets will end up in the receivership estate.

## II.     Fractal and Rowberrow Should Not Be Permitted To Disrupt A Settlement That Benefits All Claimants

Fractal's and Rowberrow's motions to intervene should not be permitted to disrupt a settlement that will benefit all claimants in this receivership. The Stipulation will significantly increase the assets to be distributed as well as preserve the funds already in the receivership estate. In particular, the Stipulation will increase the total assets in the receivership estate by approximately $200 million, and will conserve the significant portion of the receivership estate's funds that would otherwise be expended in opposing the still pending motions and appeals. Given the great benefits the Stipulation brings to the receivership estate, and the very real possibility that without the Stipulation the receivership estate may not receive any of the funds at issue, Fractal's and Rowberrow's motions to intervene should be denied.

A "district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *S.E.C. v. Enter. Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009). Here, the equities weigh in favor of approving the Stipulation. First, the Stipulation will instantly incorporate an additional $200 million into the receivership estate. As discussed, this is $200

million that may never have been incorporated otherwise.[2] Moreover, even if the receivership estate would ultimately have been expanded to include the Highview Funds, that expansion could very well end up being significantly less than $200 million and would occur only after significant legal costs and fees are expended. Thus, in agreeing to the Settlement, not only are the Highview Funds investors instantly and significantly increasing the total amount of money to be distributed to all potential claimants, but they are also allowing the Receiver to conserve a significant portion of funds that would otherwise have been spent in legal fees and expenses in an attempt to expand the receivership to include the Highview Funds. Those expenses, like all expenses related to administration of the receivership, are subject to quarterly payments and take precedence over other claims. *See* ECF No. 66. For all these reasons, the Stipulation serves to benefit the entire receivership estate.[3]

In sum, the net result of the Stipulation is to benefit the entire receivership estate and its claimants in significantly increasing the assets and conserving those already in the receivership estate. These clear benefits to the receivership estate should not be threatened by Fractal's and Rowberrow's dubious motions to intervene.[4]

---

[2] Notably this amount is $7 million more than the $193 million the SEC initially alleged was unjustly received by the Highview Funds from the Michael Kenwood entities. *See* ECF No. 276. On appeal, the Highview Funds and BB&E assert that the Court erred in freezing approximately $230 million—particularly where the SEC's claim was that the Highview Funds were unjustly enriched by $193 million. If the appeal were to proceed, and if the Second Circuit were to hold that the freezing of only those funds over $193 million was unjustified, the result of the appeal would still be less beneficial to the receivership estate than what the Stipulation provides for.

[3] Indeed, it is highly questionable whether Fractal and Rowberrow can even be considered good-faith claimants to any portion of the receivership estate's assets, given that they are being sued in fraud to recover $177 million.

[4] The BB&E entities note that in a receivership of this nature, a substantial portion of the expenses incurred can be attributed to the initial learning curve accompanying the administration of the receivership. Appointment of a new receiver, as suggested by Fractal and Rowberrow, would result only in a duplication of these substantial expenditures to the detriment of all claimants.

### III.     Fractal and Rowberrow Do Not Need To Intervene To Object to the Stipulation

At any rate, Fractal and Rowberrow fail to meet the standard for intervention. Neither Fractal nor Rowberrow—nor any other claimant—needs to intervene for the purpose of objecting to the Stipulation. That is because, as stated above, the Court has entered a scheduling order that permits the filing of objections to the Joint Motion for Approval of Settlement and Stipulation and that sets a hearing to address those objections. *See* ECF No. 554. Thus, because Fractal and Rowberrow may file objections to the Stipulation in accordance with the Court's scheduling order, it is unnecessary for either Fractal or Rowberrow to intervene now in order to object. It follows that, in regard to objecting to the Stipulation, neither Fractal nor Rowberrow meets the third element of intervention of right, because neither is "so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). Their motions to intervene on the basis of Federal Rule of Civil Procedure 24(a) (intervention of right) should be denied.[5]

Nor should Fractal and Rowberrow be permitted to intervene on the basis of Rule 24(b) (permissive intervention). Objecting to the Stipulation through a means outside of (and, possibly, in addition to) the procedure already established by the Court would serve only to unduly delay resolution of the Stipulation and prejudice all involved by creating more work and obscuring any issues for the Court, the Receiver, the parties to this action, and the claimants. The Court should use its discretion to deny their motions for permissive intervention. *See* Fed R. Civ. P. 24(b)(3)

---

[5] Fractal states that its "interest in intervening to oppose this [alleged preferential] distribution vests now or never." ECF No. 558, at 9. This is incorrect. Again, the Court has entered an order permitting a period for objections, which period has not expired.

("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.").

## V. Conclusion

Fractal and Rowberrow object to the Stipulation only by mischaracterizing what the Stipulation accomplishes, threaten to disrupt a settlement that benefits all claimants to the receivership estate, and fail to meet the requirements for intervention anyway. Fractal's and Rowberrow's motions to intervene should be denied and their objections in opposition to the Court's approval of the Stipulation should be overruled.

#11519575_v5

Dated: September 27, 2012   Respectfully submitted,

        s/Brian W. Toth
        George Mencio
        Fla. Bar No. 335861
        george.mencio@hklaw.com
        Brian W. Toth
        Fla. Bar No. 57708
        brian.toth@hklaw.com
        Holland & Knight LLP
        701 Brickell Avenue, Suite 3000
        Miami, Florida 33131
        Telephone: (305) 374-8500
        Facsimile: (305) 789-7799

        Laurence E. Curran III
        lecurran@lecurran.com
        Curran & Associates
        701 Brickell Avenue, Suite 1550
        Miami, Florida 33131
        Telephone: (305) 777-0374
        Facsimile: (305) 675-0548

        Simon I. Allentuch (ct21094)
        Neubert, Pepe & Monteith, P.C.
        195 Church Street
        New Haven, CT 06510
        Telephone: (203) 821-2000
        Facsimile: (203) 821-2009

        *Counsel for BB&E*

## CERTIFICATE OF SERVICE

I certify that a copy hereof was filed electronically through CM/ECF on September 27, 2012, and served by the same means on all counsel of record.

        s/Brian W. Toth
        Brian W. Toth

10

#11519575_v5