UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | CIVIL ACTION NO.: 3:11 CV 00078 (JBA) |
| Plaintiff, | : : | |
| v. | : : | |
| FRANCISCO ILLARRAMENDI et al. | : : | |
| Defendants, | : : | |
| and | : : | |
| HIGHVIEW POINT MASTER FUND, LTD. et al., | : : | |
| Relief Defendants. | : | OCTOBER 31, 2012 |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT FRANCISCO ILLARRAMENDI'S MOTION TO MODIFY ASSET FREEZE ORDER**

McCARTER & ENGLISH, LLP
Thomas J. Finn
Federal Bar No.: ct 20929
tfinn@mccarter.com
Paula Cruz Cedillo
Federal Bar No.: ct 23485
pcedillo@mccarter.com
CityPlace I, 36th Floor
185 Asylum Street
Hartford, Connecticut 06103
Tel.: 860.275.6700
Fax: 860.724.3397

## INTRODUCTION

Pursuant to Rule 7(d) of the Local Civil Rules of the United States District Court for the District of Connecticut, the defendant, Francisco Illarramendi ("Mr. Illarramendi"), submits this Reply to Plaintiff's Memorandum of Law in Opposition to Defendant Francisco Illarramendi's Motion to Modify Asset Freeze Order, dated October 11, 2012, ECF No. 602 ("Opposition" or "Opp."), filed by the plaintiff, the Securities and Exchange Commission ("SEC") in the instant matter.[1]

In its Opposition to the Motion for Modification of Modified Temporary Order Freezing Assets, dated September 25, 2012, ECF No. 591 ("Motion"), the SEC spends a considerable amount of time opining about the propriety of Mr. Illarramendi's past spending habits, but fails to adequately address the current request presently before the Court for access to funds to pay for monthly living expenses. Specifically, Mr. Illarramendi requires access to some amount of funds to be able to provide for his family, and has submitted a Declaration of Net Worth and Cash Flow Statements to the Court under seal for its consideration in this regard.

Accordingly, Mr. Illarramendi respectfully requests that the Court grant his Motion and modify its Modified Temporary Order Freezing Assets, dated February 2, 2011, ECF No. 59 ("Asset Freeze Order"), to allow for the payment of reasonable attorneys fees and living expenses.

---

[1] The Receiver in this action also filed a Memorandum of Law in Opposition to Motion for Modification of Modified Temporary Order Freezing Assets, dated October 16, 2012, ECF No. 610. In the interest of efficiency and rather than reiterate the authority and argument submitted in support of his position, Mr. Illarramendi expressly incorporates his Reply to Receiver's Opposition to Motion for Modification of Modified Temporary Order Freezing Assets, dated October 31, 2012, as if fully set forth herein.

**ARGUMENT**

I. **Mr. Illarramendi Should be Allowed Access to Funds to Pay Monthly Living Expenses**

The Opposition filed by the SEC attempts to obfuscate the request currently before the Court. As is more fully set forth in the Memorandum of Law in Support of Motion for Modification of Modified Temporary Order Freezing Assets, dated September 25, 2012, ECF No. 592 ("Memorandum" or "Memo."), Mr. Illarramendi requests a modification of the Asset Freeze Order to afford him access to funds for the payment of living expenses in order to care for his wife and two children. See Memo. at 13.

Contrary to the SEC's assertion, Mr. Illarramendi has not requested this Court "to unfreeze over $14,000 per month for his living expenses . . . ." Opp. at 2 (emphasis omitted). The $14,000 figure referenced is the approximate amount set forth in the Declaration of Net Worth and Cash Flow Statements ("Declaration") submitted to the Court under seal for its consideration in connection with the request for living expenses under the Motion.[2] See Declaration at Exhibit B to Monthly Cash Flow Statement. Instead, Mr. Illarramendi submitted the Declaration, which delineates his monthly cash inflows and outflows, to the Court for its consideration in determining any amount that it may deem appropriate for the payment of living expenses. See Memo. at 13; Motion to Seal.

In its Opposition, the SEC fails to adequately address the propriety of this request, only to misstate that Mr. Illarramendi failed to provide any documentation concerning his monthly living expenses or alternative sources of funds. See Opp. at 5-6. Contrary to this assertion, Mr.

---

[2] As a result of discussions with the SEC, Mr. Illarramendi provided a copy of the Declaration, which contains confidential information concerning his personal finances, to the SEC which it agreed to keep confidential. Mr. Illarramendi also filed the pending Consent Motion for Leave to File Declaration Under Seal by Defendant Francisco Illarramendi, dated October 11, 2012, ECF No. 601 ("Motion to Seal"), in order to afford the SEC the opportunity to fully articulate its response to the Motion while maintaining the confidentiality of the Declaration.

Illarramendi has provided material sufficient for the Court to determine his overall assets and income. See SEC v. Dowdell, 175 F. Supp. 2d 850, 854 (W.D. Va. 2001) (citing SEC v. Duclaud Gonzalez de Castilla, 170 F. Supp. 2d 427 (S.D.N.Y. 2001)) (discussing that in addressing requests for living expenses, courts generally look for evidence of the defendant's overall assets or income); see also Declaration (providing monthly cash flows of income and expenses); Declaration of Francisco Illarramendi in Support of Motion for Modification of Modified Temporary Order Freezing Assets, dated September 21, 2012, ECF No. 593, at ¶ 13 (declaring that Mr. Illarramendi has no other source of income other than $1,000 per month earned as a part time consultant).

Rather than address Mr. Illarramendi's request before the Court, the SEC instead spends considerable time cherry-picking specific expenditures by the Illarramendi family over the course of the last twenty (20) months, improperly characterizing them as examples of what Mr. Illarramendi is now requesting money to fund. See Opp. at 6-8. In doing so, the SEC improperly relies upon (and publicly filed) a confidential detailed accounting (the "Accounting") that was prepared for and provided to the Receiver.[3] See Exhibit C attached to Opp. Regardless

---

[3] The Accounting was prepared by Mr. Illarramendi and provided to the Receiver as part of the parties' Stipulation for Judgment and Partial Relief, filed August 7, 2012, ECF No. 534 ("Stipulation"). The SEC's use of the Accounting was particularly troubling given that Mr. Illarramendi and the Receiver had expressly negotiated that the Accounting was a confidential document and was not to be disclosed, which agreement was expressly set forth in the Stipulation. Counsel for Mr. Illarramendi immediately attempted to contact the SEC to inquire as to how the SEC came into possession of the confidential Accounting, and sent correspondence to both the SEC and the Receiver in this regard. See Correspondence from Thomas J. Finn to Rua M. Kelly, Esq. dated October 12, 2012 (attached hereto as Exhibit A); Correspondence to from Thomas J. Finn to Ona T. Wang, Esq. dated October 12, 2012 (attached hereto as Exhibit B). The SEC informed Mr. Illarramendi's counsel that, upon receipt of the correspondence, it contacted the Clerk of the Court and the public's ability to access the document was terminated, and that the SEC would afford the Accounting confidential treatment going forward.

Despite the fact that the parties actively negotiated and agreed to the Stipulation, the Receiver has misleadingly touted to the public that the Court granted the motion for contempt against Mr. Illarramendi that was resolved by the Stipulation. See Baker & Hostetler, LLP News, dated August 9, 2012 (attached hereto as Exhibit C). To the contrary, the parties voluntarily entered into the Stipulation in order to avoid a judicial determination of the motion and the time and expense of the related evidentiary hearing before the Court. Such conduct, as well as the disclosure and use of the confidential Accounting, lend support for Mr. Illarramendi's position that he should be permitted

3

of the questionable use of the document, the Accounting does not serve the basis for Mr. Illarramendi's current request for a modification of the Asset Freeze Order, which seeks allocation of funds to pay for current monthly living expenses.

Notwithstanding the SEC's colorful characterization of Mr. Illarramendi's past expenditures, the fact remains Mr. Illarramendi did not request the Court to provide him access to funds with respect to those expenditures. Thus, SEC's proffered opinion of their propriety is not currently before the Court. Rather, as discussed, Mr. Illarramendi requests access to any amount that the Court may deem appropriate given his current asset and cash flow situation. See Motion; Memo. at 12-13; Declaration. As is more fully set forth in the Memorandum, Mr. Illarramendi has no source of income, other than $1,000 per month he earns as a part time consultant. See Memo. at 13. No longer able to subsist on the generosity and loans of friends and family, Mr. Illarramendi can no longer provide for his family without some allowance for the payment of living expenses. See Memo. at 12-13.

Accordingly, Mr. Illarramendi respectfully requests a modification of the Asset Freeze Order in order to provide him access to funds for the payment of legal fees and monthly living expenses.

## CONCLUSION

Based on the foregoing, and in conjunction with the reasons set forth in the Memorandum of Law in Support of Motion for Modification of Modified Temporary Order Freezing Assets, dated September 25, 2012, ECF No. 592, the defendant, Francisco Illarramendi, respectfully requests that the Court grant his Motion for Modification of Modified Temporary Order Freezing Assets, dated September 25, 2012, ECF No. 591, in its entirety, and modify the Asset Freeze

---

access to funds to retain legal counsel to navigate and defend against the Receiver's oppressive course of conduct against him in this matter.

Order to provide him access to funds in the amount of approximately $800,000 for the payment of legal fees, or an amount determined by the Court, and for the payment of monthly living expenses in an amount to be determined by the Court.

Dated: October 31, 2012                    RESPECTFULLY SUBMITTED,
       Hartford, Connecticut

                                      THE DEFENDANT,
                                      FRANCISCO ILLARRAMENDI


                                      By:   /s/   Thomas J. Finn
                                      Thomas J. Finn
                                      Federal Bar No.: ct 20929
                                      tfinn@mccarter.com
                                      Paula Cruz Cedillo
                                      Federal Bar No.: ct 23485
                                      pcedillo@mccarter.com
                                      McCARTER & ENGLISH, LLP
                                      CityPlace I, 36th Floor
                                      185 Asylum Street
                                      Hartford, Connecticut 06103
                                      Tel.: 860.275.6700
                                      Fax: 860.724.3397

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of October 2012, a copy of the foregoing Reply to Plaintiff's Opposition to Defendant Francisco Illarramendi's Motion to Modify Asset Freeze Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            /s/ Thomas J. Finn
                                              Thomas J. Finn

ME1 14345581v.1