UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>    *v.*<br><br>FRANCISCO ILLARRAMENDI *et al.*,<br>    *Defendants.* | Civil No. 3:11CV78 (JBA)<br><br><br>October 31, 2013 |

**RULING ON DEFENDANT FRANCISCO ILLARRAMENDI'S
MOTIONS FOR RECONSIDERATION**

Defendant Francisco Illarramendi moves for reconsideration of two of this Court's recent orders. On October 2, 2013, Defendant moved [Doc. # 765] for reconsideration of the Court's September 24, 2013 order [Doc. # 762] imposing contempt sanctions on Defendant for violation of the Court's Asset Freeze [Doc. # 59] and Amended Receiver [Doc. # 423] Orders. Defendant further titled his motion as one seeking "Court guidance in continuing negotiations of a settlement agreement." (Mot. for Reconsideration [Doc. # 765] ("Mot. for Reconsideration I" or the "First Motion for Reconsideration") at 1.) On October 7, 2013, Defendant moved [Doc. # 768] ("Mot. for Reconsideration II" or the "Second Motion for Reconsideration") for reconsideration of this Court's October 2, 2013 ruling denying his motion [Doc. # 763] for a modification of the Asset Freeze Order to provide the "immediate release of emergency funds to cover heating, electricity and other basic necessities for his wife and young children." (*See* Ruling on Motion for Emergency Funds [Doc. # 764] at 1.) For the reasons that follow, Defendant's motions are denied.

I.      **Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order."  D. Conn. L. Civ. R. 7(c)1.  The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478).  This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

The Court is also mindful of its obligation to construe Defendant's submissions liberally in light of his pro se status and the "well established" rule in the Second Circuit that "the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

II.     **Discussion**

   A.      **First Motion for Reconsideration**

The Court imposed contempt sanctions on Defendant "[b]ased on the clear and convincing evidence of Defendant's willful violations of this Court's unambiguous

2

orders" by diverting Receivership Property for personal expenses and submitting a false sworn accounting. (Ruling on Contempt Sanctions [Doc. # 762] at 8.) Before issuing this order and at the parties' request, the Court held disposition of the contempt motion in abeyance for over eight months to permit settlement negotiations, but the parties were unable to reach a resolution. (*See id.* at 4–5.)

Defendant's primary argument in favor of reconsideration appears to be that he "was not formally asked to sign, and did not formally refuse to sign, any global settlement agreement" and only "responded to what he understood to be a courtesy copy of the confidential preliminary term sheet of an agreement in principle, provided to him by his attorney in the related criminal case (who is not involved in the civil process), by posing various questions and requesting clarification of certain items." (Mot. for Reconsideration I at 6.) Defendant further avers that he "was not served" with the four status updates that the Receiver and Defendant's wife, Maria Josephina Gonzalez-Miranda ("Gonzalez-Miranda"), submitted updating the Court on settlement negotiations. (*Id.*; *see also* Joint Status Reports [Doc. ## 746, 750, 754, 758].)

These facts do not set forth valid grounds for the Court to reconsider its imposition of contempt sanctions. The parties' efforts to settle the Receiver's motion for contempt sanctions had no bearing whatsoever on the Court's ruling on the merits of that motion, only its timing. That is, Defendant has not demonstrated—nor even argued—that the Court overlooked any evidence or controlling law relevant to the Court's analysis of whether and to what extent contempt sanctions were warranted. As Defendant has not presented any authority or evidence "that might reasonably be expected to alter the

conclusion reached by the court," *Shrader,* 70 F.3d at 257, his First Motion for Reconsideration is denied.[1]

### B.   Second Motion for Reconsideration

The Court denied Defendant's motion for modification of the Asset Freeze Order on the basis that he "set forth no good cause demonstrating the 'emergency' basis" for his motion seeking the release of funds from the Receivership established to recover assets and compensate victims as a result of Defendant's complex fraudulent scheme. (Ruling on Motion for Emergency Funds at 1.)  As the Court noted, although Defendant purported to seek funds to support Ms. Gonzalez-Miranda and their children, the Court had already indicated that it would consider a motion filed by Ms. Gonzalez-Miranda for

---

[1] Defendant further "ask[ed] the Court to specify" two matters. First, "[w]hat is the mechanism envisioned by the Court whereby Ms. Gonzalez-Miranda can receive the emergency funds granted by the Court in an expeditious manner?" (Mot. Reconsideration I at 5.) Second, "[s]hould the defendant attempt to initiate discussions with the Receiver and attorneys for Ms. Gonzalez-Miranda regarding the continuation of negotiations towards a just, fair and equitable global settlement agreement, or will the Court be appointing an arbitrator . . . in order to coalesce the various positions?" (*Id.*) The Court cannot provide Defendant with legal advice. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants," and "[r]equiring district courts to advise a *pro se* litigant . . . would undermine district judges' role as impartial decisionmakers."). Nevertheless, courts "have given greater leeway. . . . when applying procedural rules to pro se litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). In that vein, the Court calls Defendant's attention to the previously-referenced mechanisms by which Ms. Gonzalez-Miranda can file a motion on her own behalf seeking a modification of the Asset Freeze Order (*see, e.g.,* Ruling on Motion for Emergency Funds at 2 n.2), and the fact that Ms. Gonzalez-Miranda filed [Doc. # 773] such a motion on October 22, 2013. As to the second question, while the Court cannot provide Defendant with strategic litigation advice regarding the settlement of any matters related to this case, the record is clear that no appointment of an arbitrator has been requested and none will be appointed at this time.

"documented" and "reasonable" living expenses. (*Id.* at 2 n.2.) Furthermore, Ms. Gonzalez-Miranda had initiated divorce proceedings against Defendant and represented to the Court that her interests in receiving living expenses would be satisfied if Defendant would consent to an agreement in principle that she has reached with the Receiver. (*Id.*)

In his Second Motion for Reconsideration, Defendant asks the Court to "take into account the rapidly changing nature of the weather during the New England Fall" and that "historical weather patterns would indicate that the weather is likely to become increasingly cold in the very near future." (Mot. for Reconsideration II at 2.) The Court considered weather vagaries only as to whether Defendant had presented any "emergency" basis at the time relief was sought. (*See* Ruling on Motion for Emergency Funds at 1 & n.1) The Court further noted that Ms. Gonzalez-Miranda, not Defendant, was the appropriate party to seek such relief. (*See id.* at 2 n.2.) As discussed above, Ms. Gonzalez-Miranda has now done just that, and her personal and family needs do not provide any basis for the Court to reconsider its decision that an "emergency" was not demonstrated. As Defendant presents no authority or evidence to alter the Court's conclusions, his Second Motion for Reconsideration must be denied.

### III. Conclusion

For the foregoing reasons, Defendant's Motions for Reconsideration [Doc. ## 768 and 765] are DENIED.

                              IT IS SO ORDERED.

                              /s/
                          Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 31st day of October, 2013.