UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff,*<br>    *v.*<br>FRANCISCO ILLARRAMENDI, *et al.*,<br>    *Defendants.* | Civil No. 3:11cv78 (JBA)<br><br>March 7, 2014 |

**RULING DENYING FRANK LOPEZ'S MOTION FOR RECONSIDERATION**

Movant Frank Lopez moves [Doc. # 837] for reconsideration of what he characterizes as the Court's "suggestion" that "Mr. Lopez and the other Movants consider providing the Court with a financial statement describing their assets because the Court might consider in equity some manner of undertaking to secure the advancement of attorneys' fees." (Mot. for Reconsideration at 2.)

The financial statements referenced pertain to Lopez's currently pending motion [Doc. # 705], seeking an order from the Court modifying the Asset Freeze Order and requiring the Receiver to advance legal fees for Lopez's legal defense in a suit brought against him by the Receiver. *Carney v. Lopez, et al.*, No. 3:12-cv-00182 (SRU) (D. Conn) (the "HVP Lawsuit"). On February 10, 2014, the Court issued a ruling [Doc. # 821], concluding that Lopez—as well as his co-defendants in the civil suit Christopher Luth and Victor Chong—had made "a *prima facie* showing of contractual entitlement to advancement of their attorneys' fees but that an evidentiary hearing is needed to expand the record on the issue of whether this relief should be barred on the equitable grounds of unclean hands." (*See* Order on Mots. for Advancement (the "Preliminary Order") at 1.) The Court specified that one of the topics to be addressed at the hearing was

"[u]ndertakings and limits on the funds to be advanced, if any, should the Court grant[] Movants' motions and modify the Asset Freeze Order to provide for such payments." (*Id.* at 22.)  The Receiver opposes [Doc. # 838] this motion for reconsideration.  For the reasons that follow, it is denied.

**I.      Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order."  Loc. Civ. R. 7(c)1.  The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478).  This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision.  *Id.*

Lopez advances three arguments for reconsideration, none of which meet this "strict" standard.  First, Lopez contends that he should not be required to submit a financial statement primarily because he is contractually entitled to advancement and indemnification, and "equity should not be permitted to trump the unambiguous language" of the relevant contracts ("Investment Management Agreements" or "IMAs").

(Mot. for Reconsideration at 2–3.)  This argument overlooks the fact "that even where advancement is contractually required, it can be denied if a litigant has acted . . . inequitably 'in making the advancement claim itself.'"  (Preliminary Order at 18 (quoting *Tafeen v. Homestore, Inc.*, No. 023-N, 2004 WL 556733, at *6 (Del. Ch. Mar. 22, 2004).)  Accordingly, Lopez is incorrect that he has an absolute right to advancement in this matter.  In addition, the Court discussed the fact that the IMAs did not require Movants to provide an undertaking as a condition for advancement and that courts will ordinarily not read such a requirement into contracts that do not provide for it.  (*Id.* at 16.)  Nevertheless, the Court concluded that

> despite this omission, [the Receiver] has a separate duty under the Receivership Order to "take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property."  (Receivership Order ¶ 13.G.)  Given this mandate and the overall goal of recovering assets on behalf of the fraud victims, the Court may require Movants to provide the Receiver with an undertaking or reasonable assurances that they have the ability to repay fees advanced.  To prevent a "blank check" mentality if advancement is granted, a limit on the sums that can be advanced might also be appropriate.

(*Id.*)  Accordingly, in its Preliminary Order, the Court considered and rejected the argument that Lopez currently advances.  Lopez does not now address the Court's conclusion nor offer any valid basis for reconsideration.

Lopez's next argument is puzzling.  He contends that if the Court credits the Receiver's contention that he will prevail in the HVP Lawsuit and that Lopez will be financially unable to both repay any legal fees advanced and pay a judgment of up to $25 million, "the issue of financial statements . . . is a moot point," because "according to the

3

Receiver, repayment will be impossible" and "there is no need for a financial statement." (Mot. for Reconsideration at 3.)  As discussed above, the Court considered the Receiver's contention in its Preliminary Order as well as his obligation to preserve Receivership Assets on behalf of the estate.  (Preliminary Order at 16–17.)  It was in part due to this very concern that Movants might not be able to repay legal fees advanced should the Receiver prevail that the Court required Movants to submit financial statements in connection with their motions for advancement.  Far from being a "moot point," Movants' ability to repay legal fees advanced should the Receiver prevail is a highly relevant consideration for the Court in determining whether to exercise its equitable power to modify the Asset Freeze Order.  *See S.E.C. v. Prater*, 296 F. Supp. 2d 210, 218–19 (D. Conn. 2003) ("The Second Circuit has established that in considering whether to unfreeze assets frozen in securities fraud proceedings, 'the disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief.'" (quoting *SEC v. Manor Nursing Centers, Inc.,* 458 F.2d 1082, 1106 (2d Cir. 1972)).

   Finally, Lopez disputes the underlying merits of the HVP Lawsuit.  The Court has already noted that advancement is "generally determined without regard to the merits of the underlying suit" (Preliminary Order at 9) and rejected arguments to consider the underlying merits of the HVP Lawsuit by both the Receiver (*see id.* at 9 n.3 ("[T]he Receiver contends that because the majority of the claims are for fraudulent transfers, indemnification is not available on these claims. . . . [T]he problem with this argument 'is that it has no logical stopping point.'") and Movants (*id.* at 21 ("Movants are incorrect that an evidentiary hearing would focus on the merits of the Receiver's underlying claims

in the HVP Lawsuit.")).  Lopez has not provided any basis for reconsideration of this conclusion, and instead solely seeks to relitigate it.

Finally, although neither party has submitted an official transcript of the February 19, 2014 scheduling conference, which was held on the record, Lopez' characterization of the Court's request for financial statements as a "suggestion" is incorrect.  As discussed above, in its Preliminary Order, the Court specified that one of the topics to be addressed at the upcoming hearing was undertakings and limits on funds to be advanced.  (Preliminary Order at 22.)  The financial statements are pertinent to this determination that the Court will have to make.  Even if this request were not a binding order of this Court, Lopez requests that the Court exercise its equitable authority to order the advancement of legal fees despite the Asset Freeze Order and allegations that Lopez engaged in self-help, and should have been prepared to be fully forthcoming with the Court as it makes this determination.

## II.   Conclusion

For the reasons set forth above, Movant Frank Lopez's Motion [Doc. # 837] for Reconsideration is DENIED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of March, 2014.