UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *Plaintiff*, | Civil No. 3:11-cv-78 (JBA) |
| *v.* | |
| FRANCISCO ILLARRAMENDI, *et al.*, *Defendants.* | July 20, 2017 |

**RULING ON MOTION FOR MODIFICATION OF TEMPORARY RESTRAINING ORDER**

On August 12, 2016, Defendant Francisco Illarramendi moved [Doc. # 1022] for partial modification of the Court's temporary restraining order requesting release of $100,000.00, from the frozen assets "to pay for Counsel of Choice in the Criminal Matter" and noting that the requested amount "is subject to increase through future requests depending on the course of proceedings." (Mot. for Modification ¶ 30.)[1] Both the SEC ("SEC Opp'n") [Doc. # 1038] and the Receiver ("Receiver Opp'n") [Doc. # 1039] oppose the Motion. For the reasons set forth below, the Motion is DENIED.

[1] On April 13, 2017, the Court granted the SEC's motion for summary judgment in this action, finding on the basis of Mr. Illarramendi's admissions as well as on the collateral estoppel effect of his guilty plea that he had concealed an initial trading loss from investors, raised funds from new investors to both pay off old investors and make new investments in hopes of earning money sufficient to make up for the initial loss, and then misled investors about how their money was being invested in violation of Sections 206(1), (2), and (4) of the Investment Advisers Act. (*See* Ruling on Motion for Summary Judgment [Doc. # 1062] at 17.) That Ruling permanently enjoined Mr. Illarramendi from future violation of those sections of the Advisers Act and ordered him to disgorge his gains of $25,844,834.00 and to pay a penalty of $1,000,000.00. (*Id.* at 27.)

## I. Background

On January 14, 2011, the SEC moved [Doc. # 2] for entry of a temporary restraining order and order freezing assets against all Defendants. Mr. Illarramendi, represented by counsel from the law firm of Bingham McCutchen LLP and subsequently by counsel from the law firm of Gleason & Koatz LLP, opposed [Doc. # 20] the Motion and requested through counsel that, should the asset freeze order be entered, the Court carve-out funds for living expenses and attorneys' fees. The Court denied Mr. Illarramendi's request without prejudice and informed him that he may renew the motion with more detail regarding the nature and scope of the expenses and attorneys' fees. Mr. Illarramendi did not renew this request for approximately a year. The Court entered the TRO freezing Mr. Illarramendi's assets on January 28, 2011 [Doc. # 36] and entered the preliminary injunction on February 3, 2011 [Doc. # 67].

On March 7, 2011, a criminal information against Mr. Illarramendi was unsealed. [Case No. 11-cr-41 (SRU); Doc. # 3.] Mr. Illarramendi, represented by counsel from Gleason & Koatz LLP, waived indictment and pleaded guilty that same day. [Case No. 11-cr-41 (SRU); Docs. ## 4, 9.] As set forth in the order granting the Receiver's second motion for contempt sanctions in the civil case [Doc. # 762], Mr. Illarramendi paid $65,000 for counsel in the criminal matter using funds he falsely represented to be a loan from Rodolfo Carlstein-Reyes when in fact it was a portion of $235,000.00 that Mr. Illarramendi had impermissibly transferred to a real estate investment company controlled by Mr. Carlstein-Reyes prior to the asset freeze. As such, these funds should have been subject to the freeze but were instead used to pay for counsel. The Court found that

> Defendant's noncompliance with this Court's orders is established from bank records evidencing the improper transfers, and the sworn affidavit from Carlstein-Reyes, which unambiguously contradicts Defendant's sworn representation that the $150,000 was a personal loan.

(Contempt Ruling [Doc. # 762] at 7.)

Mr. Illarramendi, again through counsel, renewed his request for a carve-out for attorneys' fees on September 25, 2011 [Doc. # 591], and the Court again denied this motion without prejudice in a ruling from the bench, again noting that Mr. Illarramendi provided no detail in his request for $800,000.00 and that the Court therefore had no basis for determining its reasonableness.

Mr. Illarramendi's instant Motion reflects his belief, however, that the preliminary injunction's freeze of his assets impaired his pre-trial Sixth Amendment Rights by making it impossible for him to afford his counsel of choice although he was represented by retained counsel during all of the pre-plea proceedings in his criminal matter. (Mot. for Modification ¶ 50.)

Mr. Illarramendi was sentenced on February 6, 2015 [Case No. 11-cr-41 (SRU); Doc. # 167], which he timely appealed [Case No. 11-cr-41 (SRU); Doc. # 200.] During the pendency of this appeal, Judge Underhill ordered restitution [Case No. 11-cr-41 (SRU); Doc. # 198], which Mr. Illarramendi also appealed [Case No. 11-cr-41 (SRU); Doc. # 200].

The Second Circuit's mandate affirming the sentence issued on May 11, 2016 [Case No. 11-cr-41 (SRU); Doc. # 202], roughly three months before Defendant filed the instant Motion for a carve-out to pay for attorneys' fees. With regard to the appeal of the restitution order, Mr. Illarramendi moved for appointment of CJA counsel on January 19, 2016, who was subsequently appointed. CJA counsel then filed the opening brief in the appeal on July 13, 2016, one month before Mr. Illarramendi moved for release of attorneys' fees. With one appeal complete and CJA counsel in the other, Mr. Illarramendi was not without legal representation during his criminal proceedings at the time this motion was filed.

## II. Discussion

A district court has authority in a securities fraud case to grant ancillary relief in the form of orders appointing a receiver or temporarily freezing assets. *See S.E.C. v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1103, 1105 (2d Cir. 1972); *see also S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1041 (2d Cir. 1990). The purpose of such relief is to facilitate enforcement of any disgorgement remedy that might be ordered in the event a violation is established at trial. In considering the scope and propriety of such relief, the court should assess whether it is in the allegedly defrauded investors' interests. *See Manor Nursing*, 458 F.2d at 1105; *see also S.E.C. v. Coates*, No. 94 CIV. 5361 (KMW), 1994 WL 455558, at *1 (S.D.N.Y. Aug. 23, 1994) (denying defendant's motion for release of funds for living expenses and attorneys' fees). In cases where the receivership entities are ongoing concerns that require cash to operate, the court must balance the necessity to freeze assets to prevent dissipation against the possible deleterious effects of such a freeze. *Manor Nursing*, 458 F. 2d at 1086.

Defendant advances one core argument in his motion for release of frozen assets to pay attorneys' fees in his criminal matter, which argument also forms the core of his pending habeas petition: Mr. Illarramendi claims that his criminal conviction is "vitiated" by the Supreme Court's decision in *Luis v. United States*, 578 U.S. __, 136 S. Ct. 1083 (2016), in which a plurality of the Supreme Court held that a criminal defendant "has a Sixth Amendment right to use her own 'innocent' property to pay a reasonable fee for the assistance of counsel." *Id.* at 1096 (2016) (plurality opinion).

With respect to the Defendant's habeas petition, Judge Underhill entered the following order on June 20, 2017: "Illarramendi's petition raises complex legal issues that would likely benefit from the assistance of counsel. If Illarramendi would like to receive such assistance, but cannot

afford to hire counsel, he should file a motion to appoint counsel within 30 days from the date of this Order." (Order [Case No. 16-cv-1853, Doc. # 14].)

Since the Second Circuit's mandates affirming both Mr. Illarramendi's sentence and the order of restitution have mooted his motion for release of monies for fees for those proceedings and since Judge Underhill offered to appoint CJA counsel for Mr. Illarramendi for representation in his habeas petition, Defendant shows no need to modify the asset freeze order entered in this action to retain legal representation instead of accepting Judge Underhill's offer of appointment of counsel and certainly no need which outweighs the interest in protecting assets for distribution to defrauded investors.

## III. Conclusion

For the foregoing reasons, Mr. Illarramendi's Motion for Modification is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 20th day of July, 2017.