# United States District Court for the District of Connecticut

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, | Case No.: 3:11-cv-00078(JBA) ECF Case |
| v. | |
| FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, Defendant, | **NOTICE OF APPEAL AND MOTION TO PROCEED IN FORMA PAUPERIS** |
| and | |
| HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT LP., MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP. Relief Defendants | |

**Notice of Appeal**

NOTICE is hereby given that I, Francisco Illarramendi, Pro Se Defendant, APPEAL to the United States Court of Appeals for the Second Circuit, from this District Court's Ruling on [Doc. # 1022] my Motion for Modification of Temporary Restraining Order (Doc. 1086, the "Ruling"). The Ruling was issued by this Honorable District Court on July 20, 2017[1].

---

[1] This brief is timely filed pursuant to the Mailbox Rule, as it is being placed in the mail within thirty days of the filing of the Ruling. I am currently incarcerated at the Federal Correctional Institution Fairton Camp ("Fairton"). Fairton does not have a special system for legal mail or ability for e-filing by inmates. The mail is normally placed in a mailbox and picked up at the end of each day (or the end of the weekend if placed on a Friday) and postmarked after pick-up. Pursuant to 18 USC 1746, I declare, under penalty of perjury, that these statements are true and correct as of August 10, 2017.

Illarramendi, Notice of Appeal – TRO Modification
3:11-cv-00078(JBA)
8.10.2017

### *In Forma Pauperis* Status

I currently have two pending Interlocutory Appeals and one Appeal from a Final Judgment before the Second Circuit Court of Appeals (the "Ongoing Appeals" - Docket Nos. 17-53, 17-1506 & 17-1893) pursuant to previous rulings of the Court in this matter.

By Order of this Court, I am proceeding *In Forma Pauperis* in the Ongoing Appeals. Based on Fed. R. of App. P. 24(3), I would respectfully request that my *In Forma Pauperis* status be extended to this appeal of the TRO Modification Order. In support of this request, I certify that there has been no material change in my indigent financial condition as reflected in the Financial Affidavit and Statement of Accounts recently filed with the Court. I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C.1746: 18 U.S.C. 1621).

### *Clarification of Certain Issues Described in the Rulings*

Various issues described in the Ruling need to be clarified in connection with this appeal. These issues include, but are not limited to, the following:

1. Mr. John Gleason, from the law firm of Gleason & Koatz, did not begin to represent me until several days after the TRO was set in place on January 28, 2017.
2. Because of the TRO, I was forced to rescind representation by Bingham McCutchen LLP and borrow funds to hire Mr. Gleason.
3. Mr. Gleason was not my counsel of choice, but was instead the only attorney I could find to represent me with the limited amount of funds I was able to borrow at the time.

4. Mr. Gleason is not specialized in Financial or White Collar litigation.

5. Mr. Gleason agreed to represent me in both the civil and criminal matters of these proceedings for a fee of $150,000. By contrast, the Receiver in this case has spent approximately $80,000,000.00; and Bingham McCutchen as well as all the attorneys I contacted after the TRO was imposed indicated that the upfront fees they required to represent me - in the Criminal Matter only – would be at least $400,000. Contrary to Mr. Gleason, Bingham McCutchen, as well as other attorneys I contacted, specialized in the areas of the law that are pertinent to these proceedings.

6. At the initial hearings before the imposition of the TRO, I was represented by Bingham McCutchen. Before imposing the TRO no evidentiary scrutiny or other assessment was made by the Court regarding whether or not the assets being frozen were tainted or untainted. The TRO was imposed on a blanket basis and it covered the totality of my assets, leaving me effectively indigent. Because I had to rescind Bingham McCutchen's representation, I was not informed about how to continue pursuit of any carve-out for legal fees that may have been offered by this Honorable Court at the time. For all intent and purposes, even though Bingham McCutchen's withdrawal did not take effect immediately, I had no counsel representing me in the period between the imposition of the TRO on January 28, 2011 and Attorney John Gleason's appearance in the case several days later. It is my belief that, under the principles espoused in Luis v. U.S., 578 US – No. 14-419 – 2016 this Honorable District Court should not have imposed the TRO and offered a

carve out, but should have instead first held a *Monsanto* hearing to determine whether there were untainted assets that should be excluded from the TRO for purposes of appointment of counsel. As soon as the Court failed to pursue that course of action and instead imposed the blanket TRO, on January 28, 2011, the structural deprivation of counsel under *Luis* was complete.

7. With respect to events which took place after the imposition of the TRO, they are a result of the same constitutional violation derived from the TRO itself. Nevertheless, I must clarify that I did not borrow any funds from Mr. Rodolfo Carlstein-Reyes. Mr. Rodolfo Carlstein-Reyes was in no way involved with any of the matters described by the Court in the Rulings. I continue to assert that I was compelled by counsel in the constitutionally-defective Criminal Matter to resort to my Fifth Amendment Rights at the hearing regarding violations of the TRO, instead of properly defending myself against the Receiver's erroneous allegations. For all of the foregoing, I disagree with this Honorable Court's portrayal of events with respect to that issue.

8. Court-appointed Counsel, under the principles of *Luis*, is not considered a defendant's counsel of choice. I disagree with the Court's position that the violation of my rights can continue because the court in the Criminal Matter has offered to appoint counsel to represent me. That offer, even if accepted by me, will not cure the *Luis* Sixth Amendment violation derived from the TRO at inception of the process.

I respectfully request that this Honorable Court consider the issues listed herein as supportive of the merits of this appeal if the same is considered Interlocutory in nature.

**Prayer for Relief**

WHEREBY, based on the above, I respectfully request that this Court:

1. Take Notice of my Appeal of the Ruling and file the same before the United States Court of Appeals for the Second Circuit; and,

2. Extend to this new appellate process the *In Forma Pauperis* status already granted for the Ongoing Appeals;

Given at Fairton, on August 10, 2017

Francisco Illarramendi, Pro-se
Federal Reg ID: 20402-014
FCI – Fairton Camp
Post Office Box 420
Fairton, NJ  08320

CERTIFICATE OF SERVICE

I, Francisco Illarramendi, hereby certify that on August 10, 2017, the foregoing was served by United States First Class Mail on all parties to the litigation (if any) that do not receive notification from the Court's Electronic Notification System.

Francisco Illarramendi, Pro Se

Francisco Illarramendi
Inmate N° 20402-014
Federal Correctional Institution Fairton
P.O. Box 420
Fairton, NJ 08320



SOUTH JERSEY
11 AUG 20

⇔20402-014⇔
Clerk Of Ct District Court
Case 3:11-Cv-00078-Jba
141 Church ST
Richard C. Lee Courthouse
NEW Haven, CT 06510
United States

06510-203064