UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Securities and Exchange Commission,
    *Plaintiff*,

v.                                              Civil No. 3:11cv78 (JBA)

Francisco Illarramendi *et al.*,
    *Defendants.*

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY OF RULINGS [DOC. # 1085]

On April 13, 2017, the SEC's motion for summary judgment was granted [Doc. # 1062] and Defendant Francisco Illarramendi's motion to stay all current proceedings and orders [Doc. # 1049], was denied [Doc. # 1063]. On May 24, 2017, Final Judgment [Doc. # 1072] implementing the Summary Judgment Ruling was entered and Illarramendi sought stay of this final judgment on June 12, 2017 [Doc. # 1077]. Although the SEC had previously opposed Illarramendi's earlier request for stay of the summary judgment ruling on May 25, 2017 [Doc. # 1073], it filed nothing in response to Illarramendi's subsequent motion to stay final judgment. On July 14, 2017 [Doc. # 1084] the Court granted the motion for stay of final judgment absent objection.

Immediately thereafter, the SEC moved for reconsideration of this grant of stay of final judgment against Illarramendi pending appeal of the summary judgment and final judgment

1

rulings, explaining its failure to oppose as "due to an oversight by trial counsel", an error for which "the Commission sincerely apologizes." (Mem. Law in Supp. of Pl.'s Mot. for Reconsideration [Doc. # 1085-1] at 2). The SEC recognizes the strict standard for granting motions for reconsideration but urges that the standard has been met by the need to prevent manifest injustice, incorporating the legal precedent it had presented in opposition to Illarramendi's first stay motion, which it presented to argue that Illarramendi's motions for stay pending appeal fail all four prongs of the test in *In re World Trade Center Disaster Site Litig.*, 503 F3d 167, 170 (2d Cir. 2007).

The SEC maintains that Illarramendi is unlikely to succeed on the merits of his appeal, that he will not be irreparably (as opposed to financially) harmed without a stay given his status as a federal inmate, and that the public's interest favors allowing the SEC to expeditiously pursue its judgment collection efforts on behalf of defrauded investors. It earlier recognized that the fact that significant payments had already been made by the Receiver reduced the risk of "substantial" injury to investors while awaiting appeal outcome. (*See* Pl.'s Opp'n to Mot. for Stay [Doc. # 1073] at 5.)

In opposing the SEC's motion for reconsideration, Mr. Illarramendi argues that the only intervening change of controlling law is one that *favors* a stay: *Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017). *Kokesh*, however, does not impact Illarramendi's liability, only the statutes of limitations applicable to the disgorgement remedy ordered.

Notwithstanding Mr. Illarramendi's belief in his likelihood of success on his various appeals, his sworn testimony in this case—which was a major basis for the summary judgment ruling and earlier denial of stay [Doc. # 1063]—remains central, and illustrates the manifest injustice which may result if actions to provide remedial measures for the benefit of defrauded investors are delayed awaiting the outcome of Mr. Illarramendi's numerous appeals.

Accordingly, the SEC's motion for reconsideration [Doc. # 1085] is granted and the stay of the final judgment is lifted.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of February 2018.