UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff,*<br><br>    v.<br><br>FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC AND MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC,<br>    *Defendants.*<br>    and<br>HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT, LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, MKEI SOLAR, LP,<br>    *Relief Defendants,*<br>    and<br>RAMON A. ILLARRAMENDI,<br>    *Claimant.* | Civil No. 3:11cv78 (JBA) |

**RULING ON CLAIMANT RAMON ILLARRAMENDI'S MOTION FOR RECONSIDERATION AND TO INFORM THE RECORD [DOC. # 1124]**

Claimant, non-party Ramon Illarramendi ("RAI") moves for reconsideration of the Court's order [Doc. # 1121] dated March 1, 2018 affirming the Receiver's denial of the two creditor claims submitted by RAI as part of the Court-approved distribution plan and process. As "newly discovered evidence" RAI relies on a civil complaint filed in the U.S. District Court for the Southern District of Texas on February 16, 2018, alleging RICO, Sherman Act, Robinson-Patman

1

Act and Texas Free Enterprise and Antitrust Act violations against the defendants, including former PDVSA officials, reciting allegations of spurned bribe demands and consequent losses of sales by the plaintiffs in Venezuela's oil and gas markets.

RAI contends that these allegations and the evidence on which they are based demonstrate that PDVSA submitted its creditor claims to the Receiver in this case with unclean hands, and that such allegations should "influence [the Court's] view with respect to the PDVSA Claim and to the validity of my claim," bemoaning the "blind eye" of this court, the Second Circuit, the Receiver, the Plaintiff and the Government. (RAI Mot. at 4). As he and his son, Defendant Francisco Illarramendi, have repeatedly but unsuccessfully urged previously, a "properly corroborated" PDVSA claim would show its invalidity, leaving additional assets to be distributed to the remaining claimants.

RAI's assertions regarding the invalidity of PDVSA's claim are simply not relevant grounds for reconsideration of the Ruling denying RAI's claims. Moreover, RAI does not meet the standards for a motion for reconsideration set forth in *Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995), because by his reference to the allegations in *Harvest Natural Resources, Inc., et al v. Juan Jose Mendoza Garcia, et al,* Case Number: 4:18-cv-00483 (S.D. Tex., Houston Div.), he does not present any previously overlooked <u>controlling</u> decisions or data. Similarly, RAI has not presented any new document which did not exist or could not have been presented in RAI's record opposing the Receiver's motion. Lastly, none of the matters presented for reconsideration relate to

RAI's unsuccessful claim for distribution to reflect his asserted ownership interest.

Accordingly, RAI's motion for reconsideration must be, and is, denied.

IT IS SO ORDERED.

\_\_\_\_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of March 2018.