UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Securities and Exchange Commission,<br>    *Plaintiff,*<br><br>v.<br><br>Francisco Illarramendi, Highview Point Partners, LLC and Michael Kenwood Capital Management, LLC,<br>    *Defendants.*<br>    *and*<br>Highview Point Master Fund, Ltd., Highview Point Offshore, Ltd., Highview Point, LP, Michael Kenwood Asset Management, LLC, MK Energy and Infrastructure, LLC, MKEI Solar, LP,<br>    *Relief Defendants,*<br>    *and*<br>Ramon A. Illarramendi,<br>    *Claimant.* | Civil No. 3:11cv78 (JBA) |

**RULING ON FRANCISCO ILLARRAMENDI'S EMERGENCY MOTION FOR TEMPORARY INJUNCTION OR STAY OF COURT'S GRANT OF SUMMARY JUDGMENT AND ORDERS DERIVED THEREOF AND OPPOSITION TO PLAINTIFF'S REQUEST FOR DISTRIBUTION OF ESCROW FUNDS [DOC. # 1120]**

Defendant Francisco Illarramendi seeks to stay the effect and impact of the Summary Judgment [Doc. # 1062] and related Final Judgment entered against him [Doc. # 1072] including the SEC's current efforts to apply funds held in escrow by the Receiver to satisfy that judgment against him (Commission's Mot. to Apply Funds Held in Escrow by the Receiver to Illarramendi's Final J. and to Distribute Those Funds Pursuant to the Ct.'s Approved Distribution Plan [Doc. #

1118]). Defendant also sought a similar emergency stay in the Second Circuit (Appx. A to Mot. Stay), which the Court of Appeals has denied. (Order Denying Mot. Stay, *SEC v. Illarramendi*, No. 17-1506 (2d Cir. March 5, 2018), Doc. # 152.)[1] Defendant further opposes the SEC's Motion because he believes that PDVSA is the only potential beneficiary of enforcement of the disgorgement component of the summary judgment, reprising his arguments on why PDVSA's claim for investor losses should have been rejected. That argument has been rejected by the Court and will not be revisited. (*See, e.g.*, Rulings on Receiver's Mot. Approval of Subsequent Distribution and Establishment of Third Subsequent Distribution Date and Defendant's Mot. Deny Receiver's Proposed Third Subsequent Distribution [Doc. # 1053], Ruling Denying Mot. Stay of Distributions [Doc. # 1005], Ruling on Def.'s Mots. Stay Execution of and to Extend Deadline to Obj. to Receiver's Distribution Plan [Doc. # 921], Order Granting Receiver's Mot. Establish Claim Administration Procedures [Doc. # 800].)

While the SEC conceptualizes Defendant's motion as one to reconsider the Court's lifting of the stay on enforcement of the summary judgment, such that it argues that it is untimely and fails to meet the grounds for reconsideration, the Court reads his motion differently. Defendant seeks "prudential relief" in the interest of justice to either stay the summary judgment or to deny the SEC's Motion to Distribute. However, the Second Circuit cases that Defendant cites do not

---

[1] The Second Circuit similarly denied the concurrently-filed Motion to Stay on the same day in Defendant's two other currently-pending civil appeals.

support his contention that a stay should be granted on prudential grounds separate and apart from the legal standard governing a stay application, discussed below. Rather, the cited cases reference the fact that district courts and the Court of Appeals may issue temporary stays pending full consideration of a motion for stay. *See, e.g., In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir. 2007) (noting that "an applications judge granted a temporary stay pending panel consideration of the stay motion."). Here, however, the Second Circuit has already rejected Defendant's stay motion on its merits, as described above. And Defendant makes no showing that a stay application is warranted here, on prudential or any other grounds.

Defendant's arguments in support of a request for a stay do not differ substantially from his arguments in support of the same requested relief to the Second Circuit, and the Court will join the Second Circuit in denying the requested relief. Defendant's request for a stay fails to meet the requisite standard. The four factors courts consider when determining whether to grant a stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012). Defendant has made no showing of likelihood of success on the merits of his appeal, made no claim of any injury other than a claimed monetary harm, failed to address whether issuance of a stay may substantially harm other interested parties, and has failed to demonstrate that the public interest

3

lies in an issuance of a stay.

As to Defendant's related "Opposition to Plaintiff's Request for Distribution of Escrow Funds," he views a grant of the SEC's motion to be a premature enforcement of the summary judgment without the finality of appellate review. Notwithstanding Defendant's bitterness that the stay of summary judgment he obtained was lifted several months later (instead of being denied *ab initio*), the SEC has full authority to proceed to satisfy the summary judgment. Defendant urges that he anticipates that his conviction will be overturned by grant of his habeas petition such that "my assets would be considered fully untainted and not subject to any disgorgement" and a grant of the SEC's Motion to Apply Escrow Funds would result in Defendant having been "disgorged of untainted assets."

The appellate action thus far and the record on summary judgment render Defendant's optimistic future scenario unrealistic and provides no basis for denying the SEC's motion. *See, e.g., S.E.C. v. Michael Kenwood Capital Mgmt., LLC*, 703 F. App'x 39, 41 (2d Cir. 2017) (affirming this Court's Fourth Distribution Order); *U.S. v. Illarramendi*, 677 F. App'x 30 (2d Cir. 2017) (affirming order of restitution imposed by district court in criminal case); *U.S. v. Illarramendi*, 642 F. App'x 64, 65 (2d Cir. 2016) (affirming sentence in criminal case).

Accordingly, Defendant's Emergency Motion for Temporary Injunction or Stay of Court's Grant of Summary Judgment and Orders Derived Thereof and Opposition to Plaintiff's Request for Distribution of Escrow Funds is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of March 2018.