UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> *Plaintiff,* <br><br> *v.* <br><br> FRANCISCO ILLARRAMENDI, HIGHVIEW POINT PARTNERS, LLC and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, <br><br> *Defendants,* <br><br> *and* <br><br> HIGHVIEW POINT MASTER FUND, LTD., HIGHVIEW POINT OFFSHORE, LTD., HIGHVIEW POINT, LP, MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, <br><br> *Relief Defendants.* | Civil No. 3:11CV78 (JBA) <br><br><br> June 4, 2019 |

**RULING ON MOTION REQUESTING AN ORDER OF DISTRIBUTION TO PAY
RESIDUAL CLAIM AMOUNTS OF NON-PDVSA CLASS 4 CLAIMANTS
[DOC. # 1146]**

Self-represented Defendant Francisco Illarramendi seeks modification of certain terms of

the Plan of Distribution and issuance of an order of distribution to pay residual claim amounts of

non-PDVSA Class 4 Claimants pursuant to Fed. R. Civ. P. 60. (Mot. for Order of Distribution

[Doc. # 1146].)  The Receiver opposes Defendant's motion. (Opp'n to Mot. for Order of

Distribution [Doc. # 1147].) The Court presumes the parties' familiarity with the background and

history of this action.

The Receiver's Fifteenth Interim Accounting Report represents that as of December 31, 2015, the distributions reflected a 92% recovery for Class 4 Claimants, which is the maximum to which they are entitled under the Receiver's Distribution Plan.  (Ex. A to Fifteenth Interim Status Report [Doc. # 1155]; Opp'n to Mot. for Order of Distribution at 2.)

Defendant's purported purpose for his motion is "strictly for the purpose of ensuring that Receivership Assets are fairly distributed" to valid Claimants.  He calculates that the Receiver holds sufficient funds to pay 100% of non-PDVSA Class 4 Claimants, but that this cash is currently sitting "idle." (Mot. for Order of Distribution at 2, 9.)

In opposition, the Receiver describes the approved Plan's "'waterfall' distribution scheme" allowing full satisfaction of the claims of Class 1, 2 and 3 creditors, capping the General Unsecured Class 4 claims at 92%.  Class 4A (in kind contribution claims) may receive up to 100% distribution for all allowed claims. While Defendant has previously filed numerous objections to the various asset distributions, (*see, e.g.*, [Doc. ## 994, 1016]), he never objected to this Plan, or the Receiver's claims valuation, nor did any Class 4 creditors.  The Court approved the Plan, ([Doc. # 941]), and ruled thereafter that Defendant does not have prudential standing for his challenges to its provisions or to distributions made under the Plan on behalf of the Class 4 creditors, ([Doc. # 1005]).

Since the approved Plan contemplated that the Class 4A claimants would receive the remaining assets after all other distributions are completed and the Receiver's costs and wind-up expenses were paid, Defendant's notion that "idle" assets exist in the Receivership which can be used to pay Class 4 claimants 100% is inaccurate and provides no support for his requested modification.  Similarly, his statute of limitations and PDVSA valuation arguments have been

previously considered and found to lack merit, (*see* [Doc. ## 800, 921, 1005, 1053, 1116]), and will

not be reconsidered here.

For the foregoing reasons, Defendant's Motion Requesting an Order of Distribution to Pay

Residual Claim Amounts of Non-PDVSA Class 4 Claimants [Doc. # 1146] is denied.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of June 2019.

3